UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ENCOMPASS INSURANCE COMPANY OF MASSACHUSETTS,<br><br>      Plaintiff,<br><br>vs.<br><br>JOSEPH D. GIAMPA, FREDERICK T. GIAMPA, ADVANCED SPINE CENTERS, INC. D/B/A FIRST SPINE REHAB, FUTURE MANAGEMENT CORPORATION, EDWARD KENNEDY, BRIAN J. CULLINEY, D.C. AND JENNIFER McCONNELL, D.C.<br><br>      Defendants. | CIVIL ACTION NO.: |

**PLAINTIFF'S EX PARTE MOTION FOR ATTACHMENT OF REAL PROPERTY**

The plaintiff, Encompass Insurance Company of Massachusetts (hereinafter "Encompass"), pursuant to Fed. R. Civ. P. 64, and the applicable provisions of Rule 4.1 Mass. R. Civ. P., respectfully requests that this Court enter an Ex Parte Order approving the attachment of any and all real estate standing in the name of or in which the defendants, Joseph D. Giampa, Frederick T. Giampa, Advanced Spine Centers, Inc. d/b/a First Spine Rehab, Future Management Corporation, Edward Kennedy, Brian Culliney and Jennifer McConnell hold any interest up to the amount of ONE MILLION EIGHT HUNDRED SEVENTY SIX THOUSAND ONE HUNDRED FIFTY EIGHT DOLLARS ($1,876,158.00) including but not limited to the following real estate:

### A. Joseph Giampa

| Property | Purchase Price | Current Owner | Identified Encumbrances | Mortgage Holder | Date of Mortgage | 2005 Assessment |
|---|---|---|---|---|---|---|
| 24 Bird Street, Walpole, MA | $240,000 | Joseph Giampa | $175,525 | MERGS | 3/24/05 | $325,000 |
| 181 East Street, Walpole, MA | $270,000 | Joseph Giampa | $243,000 | Washington Mutual | 9/23/03 | $310,000 |
| 222 East Street, Walpole, MA | $240,000 | Jos. & Martha Giampa | $168,000 | First Mortgage Trust | 8/22/00 | $308,600 |
| | | | $280,800 | First Federal Savings | 8/9/01 | |
| 231 East Street, Walpole, MA | $202,000 | Joseph Giampa | $243,300 | Washington Mutual | 12/2/03 | $307,600 |
| 238 East Street, Walpole, MA | $270,000.00 | East Street Realty Trust (Jos. & Martha Giampa) | $350,000 | Walpole Cooperative | 7/15/03 | $540,000 |
| 108 Sycamore St., New Bedford, MA | $113,900.00 | Joseph Giampa | | | | $193,900 |
| 68 Foster St., New Bedford, MA | $141,000.00 | Joseph Giampa | $98,700 | First Federal | 10/11/01 | $210,300 |
| | | | $28,200 | Cabrera | 10/11/01 | |
| 29 Howard Street, Brockton, MA | $312,000.00 | Joseph Giampa | $280,800 | First Federal | 8/8/01 | $448,000 |

### B. Frederick Giampa

| Property | Purchase Price | Current Owner | Identified Encumbrances | Mortgage Holder | Date of Mortgage | 2005 Assessment |
|---|---|---|---|---|---|---|
| 9 Glen Hill Road, Sharon, MA | $555,000.00 | Frederick T. Giampa | $150,000 | Fleet Bank | 6/14/02 | $825,000 |
| | | | $300,000 | Citizen's Bank | 10/20/03 | |
| 9 R Glen Hill Road, Sharon, MA | $15,000.00 | Frederick T. Giampa | - | - | - | $11,200 |

### C. Edward Kennedy

| Property | Purchase Price | Current Owner/Beneficiary | Identified Beneficiary | Identified Encumbrances | Mortgage Holder | Date of Mortgage | Value |
|---|---|---|---|---|---|---|---|
| 13 Kidder Road, Chelmsford | $450,000 | 13 Kidder Road Real Estate Trust | Edward & James Kennedy | $568,657 | Salem Five Cents Savings Bank | 5/14/2005 | $1,500,000 |

2

### D. Brian J. Culliney

| Property | Purchase Price | Owner | Identified Encumbrance | Mortgage Holder | Date of Encumbrance | 2004 Assessment |
|---|---|---|---|---|---|---|
| 3 Kayla Drive, Westford, MA | $232,254 | Brian J. & Nancy A. Culliney | $185,000 | Lowell Co-Op | 7/16/96 | $485,400 |
| | | | $170,000 | Citizen's Bank | 4/19/03 | |

### E. Jennifer McConnell

| Property | Purchase Price | Owner | Identified Encumbrance | Mortgage Holder | Date of Encumbrance | 2004 Assessment |
|---|---|---|---|---|---|---|
| 403 High Street, Dedham, MA | $175,000 | Anthony Piscitelli & Jennifer McConnell | $169,750 | Arrow Mortgage | 10/23/98 | $306,000 |
| | | | $37,000 | East West | 3/28/00 | |

Encompass has learned that the 13 Kidder Road, Chelmsford, MA, property is held in trust. See Michael Bruno Affidavit ¶64 and Deed and Trust documents annexed thereto at Tab 12; a copy of which is filed herewith. The trust documents indicate that Edward and James Kennedy are the settlors of the trust. The beneficiaries of the trusts are unnamed and unknown at this time. Encompass has identified Edward Kennedy as a beneficiary. See Michael Bruno Affidavit ¶65 and documents annexed thereto at Tab 15.

Encompass has learned that the property located at 238 East Street, Walpole, MA is held in the East Street Realty Trust. See Michael Bruno Affidavit ¶64 and Deed and Trust documents annexed thereto at Tab 6. The trust documents indicate that Joseph and Martha Giampa are the trustees of the East Street Realty Trust. The beneficiaries of the trusts are unnamed and unknown at this time.

Encompass has learned that defendants may have an interest in additional property held in the Giampa Family Realty Trust. See Deed and Trust documents annexed hereto at Tab 1. The trust documents indicate that Thomas Giampa and Marie

Giampa are the trustees of the Giampa Family Realty Trust. The named beneficiaries of the Giampa Family Realty Trust include Joseph Giampa and Frederick Giampa.

Encompass is entitled to attach the foregoing property held in trust (up to the interest held by Edward Kennedy with respect to 13 Kidder Road Property; Joseph Giampa with respect to 238 East Street Property; Joseph Giampa and Frederick Giampa with respect to any property held by Giampa Family Realty Trust) under the circumstances. See Nile v. Nile, 432 Mass. 390 (2000) (trust property subject to claims of creditors where trust was revocable and settlor was trustee and sole beneficiary); Arlington Trust Co. v. Caimi, 414 Mass. 839 (1993) (where the owner of property declares himself trustee for persons to be selected by him, the selection to be wholly within his control, no trust is created and the settlor continues to hold the property for his own benefit); State Street Bank & Trust Co. v. Reiser, 7 Mass.App.Ct. 633 (1979) (beneficiaries' creditors may reach the trust assets where beneficiaries have "untrammeled" power of direction over trust property). Accordingly, in light of the exigent circumstances in this case and Encompass's cognizable interest in not notifying defendants of its intention to attach their assets, this Court should grant Encompass' Motion for Ex Parte Attachment.

Encompass has filed a civil action against the defendants asserting claims under, inter alia, Title 18 U.S.C. §1962, et. seq., Mass. Gen. Laws ch. 93A, civil conspiracy and common-law and requests applicable equitable remedies. The plaintiff seeks actual compensatory damages in the amount of SIX HUNDRED TWENTY-FIVE THOUSAND THREE HUNDRED EIGHTY-SIX DOLLARS ($625,386.00) trebled pursuant to 18

U.S.C. §1964 and Mass. Gen. Laws ch. 93A, together with reasonable attorneys' fees and costs of this suit.

The fraudulent activities of the defendants are described in the plaintiff's Complaint as well as the Affidavits of Michael Bruno and Michael Frustaci, D.C. As the Complaint and Affidavits demonstrate, there is a reasonable likelihood that the plaintiff will recover Judgment, including interest and costs, in an amount equal to or greater than the amount of the Attachment sought by the plaintiff.

The Judgment sought by Encompass is not the result of an ordinary contract dispute or tort injury. Encompass' damages are the result of the defendants' knowing participation and conspiracy to defraud Encompass. The defendants' scheme has resulted in payment by Encompass of substantial sums of money based upon the defendants' false claims.

Encompass has no knowledge of the existence of any liability insurance available to satisfy any Judgment against the defendants in this action. (See Certificate of No Liability Insurance filed herewith). Encompass has no reason to believe that any liability insurance will be available to satisfy a Judgment in this matter as the Complaint alleges intentional, fraudulent conduct.

As further grounds for this Motion, Encompass respectfully directs the Court's attention to the accompanying Memorandum of Law in Support of the Plaintiff's Ex Parte Motion for Attachment of Real Property and Ex Parte Motion for Attachment by Trustee Process.

WHEREFORE, because the defendants, as conspirators will be liable, individually, jointly and severally with one another should the plaintiff prevail, and

because there is a reasonable likelihood that the plaintiff will recover Judgment, including interest and costs, in an amount in excess of the Attachment requested herein, along with the absence of any available liability insurance, the plaintiff respectfully requests that this Court enter an Order approving the Attachment of Real Property on any real estate standing in which the defendants hold an interest, up to ONE MILLION EIGHT HUNDRED SEVENTY SIX THOUSAND ONE HUNDRED FIFTY EIGHT DOLLARS ($1,876,158.00).

Respectfully Submitted
*Encompass Insurance Company*,
By its Attorneys,

_____
Richard D. King, Jr.
BBO No.: 638142
Nathan A. Tilden
BBO No.: 647076
David O. Brink
BBO No.: 547370
SMITH & BRINK, P.C.
122 Quincy Shore Drive
Quincy, MA 02171
Tel: (617) 770-2214

Dated: August 16, 2005

423

DECLARATION OF TRUST

OF THE

GIAMPA FAMILY REALTY TRUST

To Be Recorded in the Norfolk County Registry of Deeds.

This DECLARATION OF TRUST is made this 28th day of January, 1986, by the Settlors, THOMAS D. GIAMPA and MARIE R. GIAMPA, both of Norwood, County of Norfolk, Massachusetts, hereinafter referred to as the "Trustees".

The Trustees declare that they and their successors in trust will hold any and all property that may be transferred to them as Trustees hereunder for the purposes set forth in this Declaration of Trust. The aforesaid property shall be referred to as the "Trust Property" in this instrument.

1. This Trust hereby established shall be referred to as the

   GIAMPA FAMILY REALTY TRUST

2. The said Trustees, in their capacity, shall be designated as far as practicable, Trustees of the Giampa Family Realty Trust and, under said name, shall, as far as practicable, conduct all business and execute all instruments necessary to the performance of this Trust.

3. The Trustees shall hold the Trust Property for the benefit of the following beneficiaries:

   Joseph D. Giampa, Annette G. (Giampa) perez, Rosemarie A. Giampa, Frederick T. Giampa, and Maurine E. Giampa.

RECEIVED RECORDED 1986 FEB 18 PM 1: 40

424

4. The Trustees are authroized and empowered to hold, invest, and administer the funds of the Trust created hereunder, as a single fund for the purpose of management and administration. The determination of the Trustees on any accounting or other problems therefrom shall be final and conclusive.

5. (a) In the event of the death, resignation of incapacity of either of the Trustees, the surviving Co-Trustee shall be the sole Trustee.

(b) Any Trustee may resign his/her trust by an instrument in writing and acknowledged by him/her, and such instrument shall be recorded in the Norfolk County Registry of Deeds.

(c) Upon the death of a Trustee, a death certificate shall be recorded in said Registry of Deeds.

(d) In the event that any Trustee should become incapable or unable to serve as Trustee, an Affidavit, duly sworn before any Notary Public in the Commonwealth of Massachusetts or without the Commonwealth by any person legally empowered to take oaths, made by any duly licensed medical doctor setting forth that it is his/her opinion that the said Trustee is unable or incapable of serving as Trustee and duly recorded in said Registry of Deeds and said Affidavit, recorded as aforesaid, shall be conclusive evidence of the inablility or incapacity of said Trustee to serve.

6. The Trustees shall have the entire control and management of the trust property to the same extent as if they were the absolute owners, free of the trust. Without limiting the generality of the foregoing, the Trustees shall also have the following powers:

(a) They shall have power to purchase or otherwise acquire such real or personal property as they deem expedient, and in the exercise

-2-

of this power, may take investments, and hold property which ordinarily would not be considered suitable for Trustees, to sell and exchange any interest in real or personal property held by them for cash or for any other consideration and upon such terms and conditions as they may deem advisable; to borrow money and mortgage or pledge any part of the trust assets and to issue bonds, notes, or other evidences of indebtedness upon such terms and conditions as they think proper; to lend money with or without security; to execute as Lessors or Lessees leases for any term including terms expiring after the termination of the trust; and to pay all expenses or other charges and obligations incurred in the administration of this Trust or the assets thereof.

(b) They shall have the power to employ, elect, appoint, and remove employees, accountants, attorneys, and other agents and from time to time to delegate any or all of their powers to such employees or agents as they may deem proper. The Trustees shall not be liable for the act or neglect of any employee, agent, accountant, attorney or other person so appointed, employed or designated.

(c) With respect to any real property held by the Trustees, they shall have authority to remove, repair, rebuild or construct any buildings and make such other improvements as they deem expedient; to develop and subdivide real estate.

(d) They may prosecute, compromise, submit to arbitration or abandon any claim or dispute involving the trust property and pay all debts, expenses, or claims against them upon such evidence as they may deem proper.

(e) The Trustees shall not be required to give bond, security, or surety in any form in relation to this trust.

426

(f) They may execute, acknowledge, and deliver all necessary and proper contracts, deeds, mortgages, and other instruments whether or not under seal, incident to any of their powers, rights and discretion.

(g) They shall have power to open one or more accounts at one or more banks, endorse checks, drafts, moneys and other instruments for deposit, and to sign checks and drafts. All funds on deposit in any bank in the name of the Trust may be withdrawn by the Trustees, or if authorized in writing, by any person.

(h) All Agreements, obligations, instruments, papers and actions by or in the name and behalf of this Trust may be made, incurred, executed, signed or taken by or in the name and benefit of the Trust and shall, in such cases and in such manner as the Trustees deem advisable, expressly exempt the Trustees and Beneficiaries from personal liability and expressly provide that the Trust Property alone shall be liable thereunder or by reason thereof.

7. The Beneficiaries under this Trust are stated in Paragraph No. 3, provided however, in the event of the death of any Beneficiary before the termination of this trust, then in that event, the issue of the deceased Beneficiary shall be entitled to his or her interest, but in the event that the deceased Beneficiary shall die without issue, then his or her interest shall terminate and the surviving Beneficiaries shall be entitled to the deceased beneficiary's share proportionately. The interest of any beneficiary in the Trust or Trust Property shall be that of a beneficiary only and shall entitle the Beneficiary to receive any distributions of income or principal or Trust Property made by the Trustees in their discretion hereunder, and to the Trust Property on the termination

-4-

427

of the Trust, unless said Trust is revoked or otherwise amended by said Trustees. The Beneficiaries hereunder shall have no right or voice in the control or management of the Trust or the Trust Property, and they shall not be construed to be an associate or partner therein or in the Trust itself, but their interest shall be construed strictly as to being beneficiaries only. They shall incur no personal liability because of the conduct of the Trustees or for the acts of the Trustees or relative to any of the Trust Property unless and until the same has been conveyed to them individually as beneficiaries hereunder. The interest of the beneficiaries hereunder, unless and until the same have been paid or distributed unto their hands or names by the trustees, shall not be subject to be reached and applied by any creditor or subject to alienation by the beneficiaries in any mode or manner.

8. At no time shall any Beneficiary have the right to call for petititon, or for any accounting, except in case of a willful default on the part of the Trustees hereunder.

9. Every deed or other conveyance by the Trustees hereunder shall, unless otherwise expressed, convey to the grantee an estate free of all trusts, and no purchaser or mortgagee shall be liable to see to the application of the purchase money or the money lent. No person, firm, association, trust or corporation taking any interest in said property under any deed or other conveyance from the said Trustees, except as herein stated, shall be bound to inquire into the validity, regularity or propriety of the same, or the existence of any circumstances affecting the validity, regularity or propriety thereof.

428

10. The Trustees may pay to the Beneficiaries, in accordance with Paragraph No. 7 above, any income or profits, or make distribution among the Beneficiaries of any uninvested principal or any portion of the principal at any time or times, as the said Trustee shall deem expedient or advisable.

11. For purposes of federal income taxation, this trust shall be interpreted as a "grantor-type" trust with the meaning of Subpart E, Sections 671 through 679 of the Internal Revenue Code, as amended, and it is intended that the income, deductions, and credits shall be reported by the Settlors or the survivor of them, as "Grantor(s)" in accordance with said Code.

12. The Settlors of this Trust, or the survivor of them, shall have the power to amend, add to, or rescind in any particular whatsoever the terms of this Trust, by a written instrument signed by the Settlors (Surviving Settlor) and recorded in the Norfolk County Registry of Deeds.

13. This Trust shall terminate on the death of the last surviving Settlor. At that time, title to the property shall vest in the Trustees nominated and appointed in the Last Will and testament of the last surviving Settlor. In the event that both Settlors die under such circumstances that there is no sufficient evidence to determine the order of deaths, then it shall be presumed that the Settlor, Marie R. Giampa, survived the Settlor, Thomas D. Giampa.

14. No Trustee shall be personally liable for any act, omission, neglect, default, or misconduct or for any cause except for his/her willful misconduct and no trustee shall be liable for his/her failure to exercise good judgment, or for the exercise of poor judgment, or for more money that he/she actually received; but, on the contrary the obligation of

-6-

any Trustee shall be limited to carrying out, in good faith, whatever he/she believes to be his/her duties under this Declaration of Trust.

15. This Trust shall be governed and construed under the laws of the Commonwealth of Massachusetts.

IN WITNESS WHEREOF, there presents have been executed under seal by the Settlors/Trustees on the day and date first above written.

*[signature]* Thomas D. Giampa ) As Settlors
) and Trustees
*[signature]* Marie R. Giampa ) but not
) personally

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS: JANUARY 28, 1986

Then personally appeared the above-named, THOMAS D. GIAMPA, and MARIE R. GIAMPA, and acknowledged the foregoing instrument to be their free act and deed, before me,

*[signature]*
Notary Public

My commission expires: May 5, 1989

-7-