UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ENCOMPASS INSURANCE COMPANY OF MASSACHUSETTS,<br><br>Plaintiff,<br><br>vs.<br><br>JOSEPH D. GIAMPA, FREDERICK T. GIAMPA, ADVANCED SPINE CENTERS, INC. d/b/a FIRST SPINE REHAB, FUTURE MANAGEMENT CORPORATION, EDWARD KENNEDY, BRIAN J. CULLINEY, D.C. and JENNIFER McCONNELL, D.C.<br><br>Defendants. | CIVIL ACTION NO.:<br><br>05 - 11693 RCL |

**AFFIDAVIT OF MICHAEL V. FRUSTACI, D.C. IN SUPPORT OF PLAINTIFF'S EX PARTE MOTION FOR ATTACHMENT OF REAL PROPERTY AND EX PARTE MOTION FOR ATTACHMENT BY TRUSTEE PROCESS**

I, Michael V. Frustaci, D.C., hereby do depose and state upon personal knowledge as follows:

1. I have been retained by Encompass Insurance Company to provide an opinion regarding the chiropractic services and chiropractic billing practices employed by First Spine Rehab. A true and accurate copy of my Curriculum Vitae is annexed hereto as Exhibit 1 and incorporated herein by reference.

2. I am a 1989 graduate of Life Chiropractic College.

3. I am a fully licensed chiropractic physician in Massachusetts.

4. I am a member of the Massachusetts Board of Registration of Chiropractors.

5. I have presented lectures in the field of chiropractic including:

"Chiropractic & Chiropractic Manipulation," Tufts University School of Medicine (December 1996)

Chiropractic Workshop: *Implications for Clinical Practice*, Harvard Medical School Department of Continuing Education (March 1997)

"Alternative Medicine," Medical Grand Rounds Newton-Wellesley Hospital (March 1997)

"The Six Sigma Approach to Combating Insurance Fraud," State Task Force on Automobile Insurance Reform (November 2004)

6. As part of my medical record review for Encompass, I was provided with the complete claims file in connection with Encompass claimants who had purportedly received chiropractic or other medically-related treatment, testing and/or supplies from First Spine.

7. I received each of the claimant files and all corresponding medical records and medical invoices to determine (1) the nature, extent and severity or the injury alleged, (2) the factual circumstances allegedly precipitating the reported injury(ies), (3) the propriety of the medical treatment allegedly rendered by First Spine, and (4) the propriety of medical bills issued in connection with the First Spine treatment.

8. To the best of my knowledge, the medical records and related documentation together with the entire claims file I reviewed pertaining to each of the Encompass/First Spine claimants were copies of legitimate records from the existing Encompass Insurance Company claim file.

9. My review of the aforementioned claimant files reveals a pattern and practice of excessive, unwarranted chiropractic treatment and excessive medical billing by First Spine exemplified by, but not limited to, the following:

      a. Creating and submitting inaccurate, inadequate and inappropriate documentation;

b.  Rendering treatment which exceeds the type, quality and/or amount of the documented and clinically reasonable chiropractic needs of the patient;

c.  Rendering a recipe of treatment absent any individualized medical decision making;

d.  Rendering treatment which is unrelated to the severity of the diagnosed, or reasonably suspected, injury or condition incurred by the patient;

e.  Rendering treatment which is provided solely for the purpose of enabling the patient to incur medical treatment expenses in excess of the tort threshold established by Mass. Gen. Laws ch. 231, §6D;

f.  Billing for services which were not performed and/or overstating the amount of time spent evaluating and/or treating patients;

g.  Billing that exceeds reasonable fees for such services in the clinic's geographic area;

h.  Submitting invoices containing charges that amount to overutilization of practice;

i.  Submitting invoices containing charges for examinations which are based on a level of coding which is not consistent with the patient's medical history, subjective and objective clinical findings concerning the patient which were made at the time of the visit, the complexity of the clinical decision-making involved in the diagnosis and/or treatment of the patient, or the nature of the care provided to the patient;

j.  Submitting invoices containing charges for treatments, procedures or services were not fully rendered, or were not rendered as represented by the charging chiropractor;

k.  Submitting treatment notes and invoices containing charges for excessive and improper use of supportive procedures and therapies;

l.  Submitting invoices and treatment records for treatment of minors that wholly exceed reasonable and necessary treatment parameters;

m.  No functional outcome/clear goal outline/no changes in treatment in response to patient progress;

n.  Every patient disabled when presenting at the office and disability continues without differentiation to individual patient's injury, age, employment, etc.;

   o. Submitting treatment records documenting patients' disability when presenting at clinic through discharge without differentiation to individual patient's injury, age, employment and other relevant factors.

   p. Authoring incomplete and misleading reports to insurance companies indicating false positive orthopedic tests without description or appropriate qualification.

10. The findings and opinions expressed above in the foregoing paragraphs are based upon a reasonable degree of medical certainty within my profession and field of expertise of chiropractic.

4

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 12 DAY OF AUGUST, 2005.

_____
Michael V. Frustaci, D.C.

# CURRICULUM VITAE

Michael V. Frustaci, DC

### Education

| | |
|---|---|
| 1981 | Duke University |
| 1986 | New York Institute of Technology |
| 1989 | Life Chiropractic College |

### State License

| | |
|---|---|
| 1989 | Massachusetts |

### Practice Experience

| | |
|---|---|
| 1990 - 1992 | Associate, Newton Center Chiropractic |
| 1992 - 2005 | Private Practice |
| 1995 - 1998 | Spaulding & Newton-Wellesley Hospital Rehab Center |

### Consultant Experience

| | |
|---|---|
| 1994 - 1998 | Independent Chiropractic Examiner, Northeast Medical Evaluations |
| 1994 - 1995 | Interqual, Inc., Workers' Compensation Guidelines |
| 1998 - 2005 | Independent Chiropractic Examiner, Expert Review, Inc. |

### Lectures

| | |
|---|---|
| Dec 1996 | "Chiropractic & Chiropractic Manipulation"<br>Tufts University School of Medicine |
| Mar 1997 | Chiropractic Workshop: *Implications for Clinical Practice*<br>Harvard Medical School Dept. of Continuing Education |
| Mar 1997 | "Alternative Medicine" Medical Grand Rounds<br>Newton-Wellesley Hospital |
| Nov 2004 | "The Six Sigma Approach to Combating Insurance Fraud"<br>State Task Force on Automobile Insurance Reform |

### Professional Organizations

| | |
|---|---|
| 1995 - 2001 | Boston Benevolent Chiropractic Clinic |
| 1992 - 2002 | Massachusetts Chiropractic Society |
| 2004 - 2007 | Massachusetts Board of Registration of Chiropractors |

### Publicly Elected Positions

| | |
|---|---|
| 2001 - 2002 | Planning Board, Town of Sutton (3 Year Term) |
| 2002 - 2005 | Board of Selectmen, Town of Sutton (3 Year Term), Chairman 2004 - 2005 |

### Misc

| | |
|---|---|
| 2002 - 2004 | Varsity Baseball, Assistant Coach, Sutton High School |
| 2005 | Varsity Softball, Head Coach, Sutton High School |