UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Encompass Insurance Company of Massachusetts,<br><br>    Plaintiff,<br><br>v.<br><br>Joseph D. Giampa, Frederick T. Giampa, Advanced Spine Centers, Inc. d/b/a/ First Spine Rehab, Future Management Corporation, Edward Kennedy, Brian J. Culliney, D.C. and Jennifer McConnell, D.C.<br>    Defendants. | CIVIL ACTION NO. 05-11693-RCL |

## DEFENDANT BRIAN J. CULLINEY'S EMERGENCY MOTION TO DISSOLVE EX PARTE ATTACHMENT OF REAL PROPERTY AND MEMORANDUM IN SUPPORT

The defendant Brian J. Culliney ("Culliney") brings this motion pursuant to Mass.R.Civ.P. 4.1(g) to dissolve the attachment of his property, located at 3 Kayla Drive, Westford, MA. Culliney is an employee of Advanced Spine Centers Inc. d/b/a/ First Spine Rehab, and the plaintiff has brought a Complaint against Culliney and a number of other defendants. The claims against Culliney allege violations of G.L. c. 93A, civil conspiracy, fraud, and intentional interference with advantageous business and contractual relationships and requesting monetary damages.

Pursuant to F.R.C.P. 64, attachment of real property is "for the purpose of securing satisfaction of the judgment ultimately to be entered in the action [is] available under the circumstances and in the manner provided by the law of the state in which the district court is

663102_1

1

held." Pursuant to Mass.R.Civ.P. 4.1(f), ex parte attachment may be allowed if the court finds that

> "there is a reasonable likelihood that the plaintiff will recover judgment in an amount equal to or greater than the amount of the attachment over and above any liability insurance known or reasonably believed to be available, and that either (i) the person of the defendant is not subject to the jurisdiction of the court in the action, or (ii) there is a clear danger that the defendant if notified in advance of attachment of the property will convey it, remove it from the state or will conceal it, or (iii) there is immediate danger that the defendant will damage or destroy the property to be attached."

"[T]he central question on the motion for approval of attachment is whether plaintiffs are likely to prevail on the merits and obtain damages in the necessary amount." *International Ass'n of Bridge, Structural and Ornamental Iron Workers, Shopmen's Local Union 501 v. Burtman Iron Works, Inc.*, 164 F.R.D. 305, 306 (D.Mass.1995)(citations omitted).

"In order to dissolve the attachment the defendant initially has the burden of presenting testimony or affidavits that challenge the grounds for the attachment." *Id.* "The burden then shifts back to the plaintiff to justify the imposition of an attachment as if the plaintiff had sought a hearing on the motion rather than proceeded in an *ex parte* fashion." *Aetna Cas. and Sur. Co. v. Rodco Autobody*, 138 F.R.D. 328, 332 (D.Mass.1991).

### Background

Counsel for the plaintiff previously brought suit against Culliney, in *Metropolitan Property and Casualty Insurance Company v. Phamara Uong, et al.*, U.S.D.C. Docket No. 98-CV-11185-RCL and was involved in *Metropolitan Property and Casualty Insurance Company v. Brian J. Culliney*, U.S. Bankruptcy Court, Adversary Proceeding No. 99-4262-JFQ (the "World Family cases"). In these actions, Metropolitan sought to recover over $2 million against Culliney. That case settled for $4,000.

663102_1

2

Also, in *Yim, et al. v. Walker, et al, Lowell District Court*, Civil Action No. 11-CV-0038, counsel for the plaintiff deposed Culliney, and during the deposition asked Culliney questions about the World Family cases, which were settled, forcing Culliney's counsel to move for a protective order. *See* attached Affidavit of Brian J. Culliney (Affidavit).

On July 12, 2005, long before the plaintiff filed its Motion for Ex Parte Attachment, Culliney and his wife executed a Purchase and Sale Agreement ("P&S") to sell the attached property. On July 19, 2005, Culliney and his wife entered a P&S to purchase property located at 3 Gifford Drive, Westford, Massachusetts. The closing on both properties is schedule to occur on Monday, August 22, 2005. *See* attached Affidavit.

### A. There is no Likelihood of Success on the Merits.

The underpinning of all the plaintiff's claims against Culliney in the Complaint is fraud; thus, if the fraud claim collapses, the other claims collapse as well. Pursuant to F.R.C.P. 9(b), fraud must be pleaded with particularity. The plaintiff fails to plead fraud with particularity with respect to Culliney. Instead, in the Complaint and the supporting Affidavits the plaintiff makes non-specific, amorphous, and confusing allegations against Culliney.

Because the plaintiff failed to plead fraud with particularity, his fraud claim and his other claims, which are based on the fraud claim, will fail. Consequently, there is no reasonable likelihood that the plaintiff's complaint will succeed on the merits, and the plaintiff is not reasonably likely to recover a judgment against Culliney, who is merely an employ and who committed no wrongdoing, in an amount equal to or greater than the amount of the attachment. See Affidaivit.

### B. The Plaintiff may not Attach Culliney's Property as well as the Property of the Other Defendants, because he will be Oversecured.

Pursuant to G.L. c. 223, § 42A,

> "In an action or suit for an amount which is liquidated or ascertainable by calculation, no attachment by trustee process or otherwise shall be made for a larger sum than the amount of the claim and such additional amount as is reasonably necessary to include interest thereon and costs likely to be taxed in the action."

Here, the court granted the plaintiff's motion to attach for a maximum amount of $625,386. Culliney's property is worth $485,400, and the plaintiff has identified millions of dollars' worth in additional properties in his Motion for Ex Parte Attachment. Thus, even though the plaintiff's claims have no likelihood of success against Culliney, there is no risk that, even without Culliney's property, the plaintiff's claims will not be secured because the plaintiff has identified millions of dollars in real estate to attach. In fact, assuming the plaintiff succeeds in attaching the property of the other defendants, he will be absurdly oversecured in violation of G.L. c. 223, § 42A.

### C. The Balance of Equities Weighs in Favor of Dissolving the Attachment.

If the attachment of Culliney's property is not dissolved, Culliney will incur harm that far outweighs the benefits to plaintiff of the attachment. Culliney is planning to close on the sale of the attached property on Monday, August 22nd, and if he does not close on that day he will 1) lose the $41,000 deposit he has put down on the home he is planning to purchase after selling his current home, the attached property; 2) lose the locked-in interest rate for the mortgage on his new home; and 3) he will be placed at risk for an action for specific performance against him by both the buyer of his old home and the seller of his new home, in which case he would left without a home and minus $41,000. *See* attached Affidavit. Moreover, because the attachment

was ex parte, Culliney had no opportunity to attempt to delay the closing or otherwise accommodate the attachment order.

The fact that Culliney will close on the sale of the attached property on Monday, August 22nd does not come within the "clear danger" of conveyance standard set forth in Mass.R.Civ.P. 4.1(f). Culliney is not conveying the property because of the attachment; Culliney planned to do so before the attachment was put into place, and it would be inequitable to impose severe harm and damages on Culliney through this ex parte attachment.

Finally, if the attachment of Culliney's property is not dissolved, then two innocent parties, i.e., the buyer of Culliney's current home, the attached property, and the seller of Culliney's new home, will be harmed in that proposed transactions to sell and to buy a home will be interrupted and possibly prevented. Moreover, both innocent parties will be forced to incur transactional costs such as attorneys' fees as they determine how best to protect their own rights.

## CONCLUSION

For the foregoing reasons, Culliney requests that the Court dissolve the attachment of his property.

Respectfully submitted,
**Brian J. Culliney,**
By its attorneys,

_/s/ Thomas J. Mango_
Thomas J. Mango BBO No. 633249
Autumn W. Smith BBO No. 657418
**RUBIN and RUDMAN LLP**
50 Rowes Wharf
Boston, MA 02110
(617) 330-7000

Dated: August 19, 2005

663102_1

## CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail/by hand, electronic filing and email

Date: 8/19/05  _/s/ Thomas J. Mango_

5