IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ENCOMPASS INSURANCE COMPANY OF MASSACHUSETTS,<br><br>         Plaintiff<br><br>v.<br><br>JOSEPH D. GIAMPA, FREDERICK T. GIAMPA ADVANCED SPINE CENTERS, INC. d/b/a FIRST SPINE REHAB, FUTURE MANAGEMENT CORPORATION, FUTURE MANAGEMENT BUSINESS TRUST, EDWARD KENNEDY, BRIAN J. CULLINEY, D.C., and JENNIFER McCONNELL, D.C.<br><br>         Defendants. | Case No. 05-11693 RCL |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS JOSEPH D. GIAMPA AND FREDERICK T. GIAMPA'S MOTION TO DISSOLVE EX PARTE ATTACHMENTS OF REAL PROPERTY

Now come the Defendants Joseph D. Giampa and Frederick T. Giampa and respectfully move this Honorable Court to dissolve the ex parte attachments on real estate issued on August 16, 2005.

On August 16, 2005 the Plaintiff Encompass Insurance Company (hereinafter referred to as "Encompass") moved, ex parte, for real estate attachments on thirteen (13) separate properties owned by the Defendants in this action. The assessed values of the thirteen (13) properties, as indicated by the Plaintiffs own submission, amount to $5,771,000.00.

As will be further discussed below, Encompass' Complaint is entirely devoid of merit, and there is no likelihood of the Plaintiff prevailing in this matter. Plaintiff's Complaint is rife with conclusory allegations in complete disregard of the heightened pleading requirements of Civil RICO jurisprudence and Fed. R. Civ. P. 9(b).

In addition it should be noted that Plaintiff has failed to articulate any basis for moving and securing the attachments in an ex parte fashion.[1]

## I. RELEVANT BACKGROUND

Advanced Spine Centers, Inc. (hereinafter "ASC") is a Massachusetts Corporation owned and operated by Joseph D. Giampa and Fredrick T. Giampa. See Affidavit of Joseph D. Giampa at ¶5. Both Joseph D. Giampa and Frederick T. Giampa are duly licensed to practice chiropractic medicine by the Commonwealth of Massachusetts. See Affidavit of Joseph D. Giampa at ¶6. ASC operates chiropractic facilities in various municipalities throughout Massachusetts. See Affidavit of Joseph D. Giampa at ¶7.

Encompass commenced the instant action by the filing of a seven (7) Count Complaint alleging:

1. Violation of 18 U.S.C. 1962 (c)

2. Violation of 18 U.S.C. 1962 (c) Innocent Victim Enterprise

3. Violation of 18 U.S.C. 1962 (d)

4. M.G.L.c.93(a) – Massachusetts Consumer Protection Act

5. Massachusetts Common Law Civil Conspiracy

---

[1] In Encompass' Memorandum of Law in Support of Ex Parte Motion for Attachment of Real Property and Ex Parte Motion for Attachment by Trustee Process, Plaintiff states that it has made a sufficient showing of exigent circumstances permitting ex parte relief by stating that one (1) of the thirteen (13) properties sought to be attached is scheduled for sale by the Receiver appointed in Kennedy v. Kennedy, Middlesex Superior Court C.A. No. 05-01458, one defendant (Edward Kennedy) has relocated outside of Massachusetts, and an unnamed co-conspirator has filed a Bankruptcy Petition. Other than generic references to the allegations of the Complaint there is no other reference to any activity of the moving defendants to warrant ex parte relief.

      6.     Massachusetts Common Law Fraud and

      7.     Intentional Interference With Advantageous Business and Contractual Relations.

By way of its Complaint, Encompass seeks to be reimbursed for every dollar paid out on every PIP claim submitted where patients were treated by ASC. By implication, Encompass is asserting that not one of the **four hundred ninety-five (495)** payments made by Encompass between 01/09/98 and 05/14/04 was the result of actual and necessary chiropractic care rendered. See Exhibit 2 of the Plaintiff's Complaint.

A significant portion of the Complaint in this action mirrors a Complaint filed by Edward Kennedy against his brother James Kennedy in an action styled Edward D. Kennedy, et al. v. James Kennedy, et al., Middlesex Superior Court Civil Action No. 05-01458. A copy of the Complaint is attached to Plaintiff's Complaint. James Kennedy has repeatedly denied the allegations of Edward Kennedy in this matter as well as a related Adversarial Proceeding in the Bankruptcy case styled In re: James Kennedy, US Bankruptcy Court, Massachusetts District (Worcester), 05-43405. As set forth in the Affidavit of James Kennedy, attached hereto, Edward Kennedy's assertins in the Complaint are baseless invective and were not persuasive to either the Superior Court or the bankruptcy Court. See Affidavit of James Kennedy paragraphs 1-9.

## II.    STANDARD FOR DISSOLUTION OF EX PARTE ATTACHMENTS

Prejudgment attachments are governed by "the law of the state in which the district court is held[.]" Fed.R.Civ.P. 64; see also Aetna Cas. & Sur. Co. v. Rodco Autobody, 138 F.R.D. 328, 331 (D. Mass. 1991). At any hearing on a motion to dissolve an attachment, "the plaintiff shall have the burden of justifying any finding in the ex parte

order which the defendant has challenged by affidavit." Mass.R.Civ.P. 4.1(g) and 4.2(h) (emphasis supplied). Plaintiff must demonstrate to the Court it has a reasonable likelihood of success on the merits and recovering a judgment against the defendant "in an amount equal to or greater than the amount of the attachment[.]" Aetna Cas., 138 F.R.D. at 331-32. In addition, it is well settled procedure that an attachment "may not exceed the amount likely to be recovered in the action in which the attachment is approved." Opolski v. Michaud, 1195 U.S. Dist. LEXIS 11204, at 3 (D. Mass. 1994). Furthermore, under M.G.L.c. 223 § 114, if

> It is found that the action is one to recover for an amount which is liquidated or ascertainable by calculation, and the attachment is for a larger sum than the amount of the claim and such additional amount as is reasonably necessary to include interest thereon and costs likely to be taxed in the action, ... the court shall reduce or dissolve the attachment...
>
> M.G.L. c.223 § 114

In the instant action, the Plaintiff's Complaint, for the reasons set forth below, will not survive the anticipated Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b).

### III.   PLAINTIFF'S DEFECTIVE COMPLAINT

Each of the counts advanced by the Plaintiff in the Complaint (other than Count IV – M.G.L.c.93a and Count VII – Intentional Interference with Advantageous Business and Contractual Relationships) are subject to the heightened pleading requirements of Fed.R.Civ.P. 9(b). It is well settled pleading practice in Civil RICO actions that "particular care is required to balance the liberality of the Civil Rules with the necessity of preventing abusive or vexatious treatment of defendants." Miranda v. Ponce Fed. Bank, 948 F.2d 41, 44 (1st Cir. 1991). "Civil RICO is an unusually potent weapon – the

4

litigation equivalent of a thermonuclear device. The very pendency of a RICO suit can be stigmatizing and its consummation can be costly." *Id.* The First Circuit has instructed that "courts should strive to flush out frivolous [civil] RICO allegations at an early stage of the litigation." Figueroa Ruiz v. Alegria, 896 F.2d 645, 650 (1st Cir. 1990). The Complaint advanced by the Plaintiffs is precisely the type of frivolous action sought to be addressed by the First Circuit in Figueroa.

The Complaint in this matter fails in four (4) separate ways:

### a. *Statute of Limitations*

Although the RICO statute did not contain a statute of limitation for civil or criminal prosecutions when it was enacted in 1970, the Supreme Court in 1987 held that Civil RICO claims are governed by a four (4) year statute of limitations. See Agency Holding Corp. v. Malley-Duff & Assocs., Inc., 483 U.S. 143, 107 S.Ct. 2759, 97 L.Ed. 2d 121 (1987).

Equally important, the First Circuit has adopted the accrual rule of "injury discovery" to determine when the limitation period commences. See Rodriguez v. Banco Cent., 917 F.2d 664, 665-68 (1st Cir. 1990). Under the "injury discovery" rule, a Plaintiff must commence the action within four (4) years of discovering its injury.

In addition, the RICO claim accrues when the plaintiff discovers the injury, even if he or she has not yet discovered the alleged pattern of racketeering. Hodas v. Sherburne, Powers & Needham, P.C., 938 F.Supp. 60, 63 (D.Mass. 1996).

Plaintiff's Complaint identifies its "injuries" as "Encompass' payments to First Spine in connection with...claims..." See Plaintiff's Complaint ¶ 89 (5). Plaintiff annexes a list of claims and payments made in Exhibit 2 to the Complaint. This list

demonstrates clearly that Plaintiff discovered, or should have discovered, its "injury" as early as January 09, 1998. As the Complaint in this action was filed on August 16, 2005, Plaintiff had to have discovered its "injury" no later than August 16, 2001, more than 3 ½ years after the first claim was paid.

Although Plaintiff ineffectively attempts to excuse its delay in filing more than three years past the limitation period by baldly asserting that the defendants "intentionally concealed the fraudulent billing scheme from Encompass," there is simply no factual support for such allegations. It is well settled that in order to invoke the doctrine of equitable tolling a plaintiff must prove three (3) elements:

1. wrongful concealment of their actions by the defendant;

2. failure of the plaintiff to discover operative facts that are the basis of his cause of action within the limitations period; and

3. plaintiff's due diligence in discovery of the facts.

See Berkson v. Del Monte Corp., 743 F.2d 53, 55 (1st Cir. 1984).

In addition, the defendant must have concealed so much that the plaintiff cannot reasonably have discovered a cause of action through his own diligent inquiry. Hodas, 938 F.Supp. at 64-65.

Given the level of inquiry involved in any PIP claim adjustment process[2], it is inconceivable that the Plaintiff could not have discovered the alleged scheme described in its Complaint prior to August 16, 2001.

---

[2] It is customary practice in the claims procedure for the Insurance Carriers to request a multitude of documentation relating to any particular claim including the Chiropractors notes, the sign in sheets which every patient of ASC signed prior to treatment. See Affidavit of Brian J. Culliney at ¶ 6. It should be noted that Old Colony Insurance Co., Plaintiff's predecessor, and the entity to which the majority of these claims were submitted, consistently investigated claims and requested documentation from ASC prior to August 16, 2001. See Affidavit of Joseph D. Giampa at ¶10.

### b.   *Failure to Plead with Particularity*

A Civil RICO claim based on fraud is governed by Fed.R.Civ.P. 9(b) and must be pled with particularity. Doyle v. Hasbro, Inc., 103 F.3d 186, 194 (1st Cir. 1996)(finding it "well established" that heightened pleading requirements for fraud applies equally in RICO cases). The degree of specificity [in RICO cases] is no more nor less than…required in general fraud and securities cases." Doyle, 103 F.3d at 194. "Rule 9 requires a specification of the time, place and content of an alleged false representation[.]" Doyle at 194, quoting McGinty v. Beranger Volkswagon, Inc., 633 F.2d 226, 228 (1st Cir. 1980).

Mere allegations of fraud, corruption or conspiracy, averments to conditions of mind, or referrals to plans and schemes are too conclusional to satisfy the particularity requirement, no matter how many times such allegations are repeated." Doyle at 194, quoting Hayduk v. Lanna, 775 F.2d 441, 444 (1st Cir. 1985).

The Complaint in this matter is replete with conclusory statements of fraud and the "fraudulent scheme." The Complaint generically identifies three alleged activities of the defendants to substantiate the "fraudulent scheme":

  a. The use of runners[3];

  b. Submitting invoices for services which were never rendered[4]; and

  c. Submitting invoices not in conformity with the AMA's CPT Code Guidelines[5].

Encompass fails the plead any of the above activities with the specificity required

---

[3] See Plaintiff's Complaint at paragraphs 36-44
[4] See Plaintiff's Complaint at paragraph 49(j)
[5] See Plaintiff's Complaint at paragraphs 52-55

7

by Rule 9. Plaintiff is obligated to allege with specificity the time place and manner of these activities. Rather than making reference to any specific invoice, and demonstrating the fraudulent nature of the submission, Plaintiff simply states the conclusion that the defendants engaged in fraudulent conduct.

It would be expected that where the use of "runners" is alleged, at least one (1) specific instance and evidence thereof would be stated in pleading. Clearly, if the Plaintiff was in possession of such information, it would be in the Complaint.

Likewise, if the Plaintiff had evidence that a patient was not treated for services which were billed to the plaintiff, the Complaint would contain a quote from a patient's Examination Under Oath. Such evidence simply doesn't exist.

Similarly, Plaintiff concludes that the billing of ASC was not in conformity with the AMA's CPT Codes, yet Plaintiff fails to identify how or attach a single invoice as evidence. The evidence simply doesn't exist. As further proof that the Plaintiff commenced this action with insufficient proof to sufficiently allege or prove the fraud allegations, the Court need look no further than the following section addressing the myriad of allegations made "upon information and belief."

*c.*   ***Upon Information and Belief***

There are no less than sixteen (16) instances in the Plaintiff's Complaint where the basis of the RICO scheme are alleged "upon information and belief.[6]" Incredibly, paragraph 64 of the Complaint states:

> Unless otherwise pled to the contrary, upon information and belief, all documents, notes, reports, health insurance claim forms, medical diagnoses, CPT Code tally sheets, referrals, letters and requests for payments in connection with the insurance claims referenced throughout this pleading traveled through the U.S. Mail.

---

[6] See Plaintiff's Complaint at paragraphs 39, 44, 46, 54, 57, 58, 64, 75, 76, 80, 81, 84, 85, 86, 87, and 88.

8

Pleading on information and belief, which this Complaint does throughout the critical factual allegations, is "insufficient to satisfy the particularity requirement unless the Complaint sets forth the facts on which the belief is founded." New England Data Services Inc., 829 F.2d 286, 288 (1st Cir. 1987).

Among the subjects that the Plaintiff has alleged on "information and belief" are the following:

1. the use of runners and any resulting injury to Plaintiff as a result[7];
2. intentional omissions on documents submitted to plaintiff by the defendants[8];
3. submitting invoices not in conformity with AMA's CPT Codes[9];
4. use of the US Mail in furtherance of the scheme to defraud[10];
5. seeking payment for durable medical goods which were medically unnecessary[11];

In addition to failing to adequately plead the fraud based causes of action with the requisite particularity, the Plaintiff engaged in a misguided attempt to bootstrap the deficiencies by covering the 'gaping holes' in the Complaint with bald assertions made "upon information and belief."

Unlike the unsupported and generic allegations of the Plaintiff, the moving defendants have filed affidavits of persons with knowledge of the facts at issue in this case which conclusively establish that the Plaintiff cannot success on this cause of action.

---

[7] See Plaintiff's Complaint at paragraphs 39 and 44
[8] See Plaintiff's Complaint at paragraph 46
[9] See Plaintiff's Complaint at paragraph 54
[10] See Plaintiff's Complaint at paragraph 64
[11] See Plaintiff's Complaint at paragraph 80.

9

d.  *Failure to Adequately Plead "Enterprise" under 18 U.S.C. 1962 (c)*

Under 1962(c), the "person" who engages in the alleged pattern of racketeering activity must be an entity separate and distinct from the "enterprise" in order to state a viable claim. Odishelidze v. Aetna Life & Cas. Co., 853 F.2d 21, 23-24 (1st Cir. 1988). Failure to identify the enterprise, distinct from a named defendant, is fatal under RICO pleading standards. Doyle, 103 F.3d at 191.

Plaintiff is this case, although the language of the statute is recited in the individually numbered counts, has failed to identify or describe with any particularity a separate and distinct enterprise.

Furthermore, the Plaintiff has failed to adequately plead the role of the individual defendants and the underlying facts tying the individuals to the fraudulent acts. Such omissions warranted dismissal in Puerto Rican American Ins. Co. v. Burgos, 283 F.Supp.2d 546, 549-50 (D.P.R. 2003). In a similar vein, the Complaint fails to adequately state the individuals roles in the alleged predicate acts of mail fraud. In Hernandez v. Ballesteros, 333 F.Supp.2d 6, 12 (D.P.R. 2004) the Court dismissed the RICO counts of a Complaint where the "Complaint has left the Court in limbo in where it must speculate when and where...communications took place, who took part in the communications, and what was said by each co-defendant."

## IV.   CONCLUSION[12]

Based upon the foregoing it is evident that there is no likelihood of success on the merits of the Plaintiff's claims. As such the Defendants Joseph D. Giampa and Frederick

---

[12]  It should be noted that the Relief requested by the moving defendants leaves the Plaintiff with an attachment against 13 Kidder Road, Chelmsford, Middlesex County, Massachusetts with a value of $1,500,000.00, in gross excess of the allowed attachment.

10

T. Giampa are entitled to dissolution of the attachments granted against their real estate in this matter. A Proposed Order on Ex Parte Attachments as to Joseph D. Giampa and Frederick T. Giampa is attached hereto.

        Respectfully submitted,
        Joseph D. Giampa and
        Frederick T. Giampa
        By their Attorneys,


        /s/ Matthew J. Conroy
        Matthew J. Conroy (BBO# 566928)
        Katherine L. Kurtz (BBO# 658026)
        BELESI & CONROY, P.C.
        114 Waltham Street
        Lexington, Massachusetts 02421
        (781) 862-8060

dated: 08/18/05

12

## CERTIFICATE OF SERVICE

I, Matthew J. Conroy do hereby certify that true and accurate copy of the foregoing pleading was mailed, United States Mail postage prepaid to all counsel of record in this matter this 19th day of August 2005.

/s/ Matthew J. Conroy
Matthew J. Conroy