UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ENCOMPASS INSURANCE COMPANY OF MASSACHUSETTS,<br><br>   Plaintiff,<br><br>v.<br><br>JOSEPH D. GIAMPA, FREDERICK T. GIAMPA, ADVANCED SPINE CENTERS, INC. d/b/a FIRST SPINE REHAB, FUTURE MANAGEMENT CORPORATION, FUTURE MANAGEMENT BUSINESS TRUST, EDWARD KENNEDY, BRIAN J. CULLINEY, D.C. and JENNIFER MCCONNELL, D.C.,<br><br>   Defendants. | Case No. 05-11693 RCL |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS BRIAN J. CULLINEY, D.C. AND
JENNIFER MCCONNELL, D.C.'S MOTION TO DISMISS**

This memorandum of law is respectfully submitted by the defendants Brian J. Culliney, D.C. ("Culliney") and Jennifer McConnell, D.C. ("McConnell") in support of their Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6), 8(a) and 9(b).

INTRODUCTION

In a 30-page, 140-paragraph, fully indexed complaint far more substantial in its form than descriptive in its substance, Plaintiff alleges that eight named defendants (along with numerous other unidentified persons) did act in concert, conspire against, and defraud Plaintiff by submitting to Plaintiff, and fraudulently inducing Plaintiff to pay, invoices for chiropractic treatments either not medically necessary or not actually

provided (the "Complaint"). With respect to Culliney and McConnell, the Complaint alleges causes of action pursuant to M.G.L. c. 93A, and under common law theories of fraud, civil conspiracy and intentional interference with business and contractual relationships. Despite its heft, however, and the extensive six-month investigation upon which it purports to be founded, the Complaint fails to state a claim upon which relief can be granted for even one of its claims against Culliney and McConnell.

## STANDARD FOR DISMISSAL

Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) is required whenever "the facts alleged, taken as true, do not justify recovery." Doyle v. Hasbro, 103 F.3d 186, 190 (1st Cir. 1996). Despite the sometimes cavalier attitude of plaintiffs, this pleading requirement is "not entirely a toothless tiger". The Dartmouth Review v. Dartmouth College, 889 F.2 13, 16 (1st Cir. 1989). "The threshold [for stating a claim] may be low, but it is real and it is the plaintiff's burden to take the step which brings his case safely into the next phase of the litigation." Gooley v. Mobile Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988).

In order to survive this Motion to Dismiss, Plaintiff must be found to have set forth with respect to each of its claims "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery." Id. at 515. Although all reasonable and natural inferences must be made in Plaintiff's favor, the Court need not accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996). This is particularly true since this is a case "in which fraud lies at the core of the action." Lopez v. Bulova Watch Co., Inc.,

582 F. Supp. 755, 766 (D.R.I. 1984). Under these circumstances, Plaintiff's pleading requirement is heightened pursuant to Federal Rule of Civil Procedure 9(b).

## ARGUMENT

Plaintiff's Complaint, flush with general averments and conclusory statements of wrongdoing perpetrated by the defendants as a monolithic group, is entirely lacking when it comes to the specific factual allegations and delineation necessary to support any one of its claims against Culliney and McConnell. As a result, each and every one of these claims must be dismissed as a matter of law.

A. PLAINTIFF'S CLAIMS AGAINST CULLINEY AND MCCONNELL FOR FRAUD, CIVIL CONSPIRACY AND UNDER CHAPTER 93A MUST BE DISMISSED FOR FAILURE TO SATISFY THE PLEADING REQUIREMENTS OF F.R.C.P. 9(b).

Federal Rule of Civil Procedure 9(b) requires that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity". This particularity requirement of Rule 9(b) serves three important purposes: "(1) to place the defendants on notice and enable them to prepare meaningful responses; (2) to preclude the use of a groundless fraud claim as a pretext to discovering a wrong or as a 'strike suit'; and (3) to safeguard defendants from frivolous charges which might damage their reputations." New England Data Services, Inc. v. Becher, 829 F.2d 286, 289 (1st Cir. 1987). The First Circuit "strictly applies the particularity requirements of Rule 9(b)." Bio-Vita, Ltd. v. Rausch, 759 F. Supp. 33, 37 (1991).

In order to satisfy Rule 9(b), a pleading must specify the time, place and content of each alleged false representation. McGinty v. Beranger Volkswagon, Inc., 633 F.2d 226, 228-29 & n.2 (1st Cir. 1980). The requirements of Rule 9(b) obtain not only to claims of fraud, but also to claims where "fraud lies at the core of the action," See

3

Hayduk v. Lanna, 775 F.2d 441, 443 (1st Cir. 1985), which this Court has interpreted to include both claims of conspiracy to defraud and violations of M.G.L. c. 93A.

    1.    Plaintiff Has Failed to Allege Fraud With Particularity.

In its Complaint, Plaintiff falls well short of the specificity required for a viable fraud claim. The time, place, manner and content of alleged misrepresentations have clearly not been alleged with sufficient particularity to meet the requirements of the rule. See Van Schaick v. Church of Scientology of California, 535 F. Supp. 1125, 1141 (D. Mass. 1982). Indeed, the Complaint fails to specify even one statement made by Culliney or McConnell which it alleges to be false. Instead, the Complaint relies upon repeated general allegations of fraudulent practice by whole groups of the defendants, without identifying any allegedly fraudulent statements or attributing such statements to any specific defendant. These "[m]ere allegations of fraud, corruption or conspiracy, averments to conditions of mind, [and] referrals to plans and schemes are too conclusional to satisfy the particularity requirement, no matter how many times such accusations are repeated." Hayduk, 775 F.2d at 444. This holds true even for allegations made by Plaintiff "on information and belief," or where "the fraud relates to matters particularly within the knowledge of the opposing party." Id.

If Plaintiff is truly aware of fraudulent statements attributable to Culliney or McConnell, the time, place, manner and content of these alleged fraudulent statements must be set out in the Complaint. Because none are, the fraud claim against Culliney and McConnell cannot survive.

2. <u>Plaintiff Has Failed to Allege Civil Conspiracy with Particularity.</u>

In actions alleging "conspiracy to defraud or conceal, the particularity requirement of Rule 9(b) must be met". <u>Hayduk</u>, 775 F.2d at 443. The pleading requirement in this regard was clearly set out by the Court in <u>Van Schiack</u>, where the Court stated that:

> [I]t is necessary to plead fraudulent conspiracy with enough specificity to inform multiple defendants of facts forming the basis of the conspiracy charge. Such allegations must delineate among the defendants as to their participation or responsibilities in making the statements which are the subject of the suit.

535 F. Supp. at 1141 (internal citations omitted).

Despite its identification of 495 payments allegedly induced by a conspiracy to defraud in which, it concludes, Culliney and McConnell actively participated, the Complaint actually mentions Culliney and McConnell, respectively, in but two places – in the caption and in the introductory paragraphs identifying the parties. Beyond this, Culliney and McConnell are not mentioned at all in the Complaint, except in instances where they are lumped together with some or all of the remaining defendants under monolithic definitions of "defendants" or "First Spine chiropractors". The Court explicitly found this technique insufficient to satisfy the heightened requirements of Rule 9(b) in <u>Kadar Corp. v. Milbury</u>, where it stated that:

> [t]hese defendants, while listed by name at the outset of the complaint ... are not thereafter mentioned. To be sure, all 'defendants' as a class are alleged to have taken part in the multi-faceted conspiracy, but nowhere is there so much as a hint as to what, specifically, any of the fourteen are supposed to have done.

549 F.2d 230, 232 (1st Cir. 1997).

The failure of the Complaint to delineate among defendants entirely frustrates the sufficiency of Plaintiff's civil conspiracy claim under Rule 9(b). Plaintiff is required to plead "with sufficient specificity the participation and responsibility of individual defendants for the alleged misrepresentations and or unfair practices delineated." Herring v. Vadala, 670 F. Supp. 1082, 1087 (D. Mass. 1987). See also Kadar Corp., 549 F.2d at 232 (affirming dismissal of one defendant where she was "named only in the caption of the complaint," and "[h]er identification with the alleged conspiracies, and indeed her status generally as an intended defendant, [was] so nebulous as plainly to warrant dismissal"); Lerman v. ITB Management Corp., 58 F.R.D. 153, 156 (D. Mass. 1973)(failure of complaint "to particularize as to each, or for that matter any, of the defendants the activities for which the Plaintiff seeks to hold them accountable" deemed sufficient grounds to allow motion to dismiss)(dicta).

Plaintiff may not, as it has done, employ a "vague and conclusory sweep of all of the defendants into one conspiracy without specifying what action each defendant took." Herring, 670 F. Supp. at 1087. Instead, it must specify the particular acts undertaken and attribute them to particular defendants.

Because the Complaint fails to identify which acts of the alleged conspiracy, if any, are attributable to Culliney or McConnell, the civil conspiracy claim against Culliney and McConnell cannot survive.

3. <u>Plaintiff Has Failed to Allege a Ch. 93A Violation with Particularity.</u>

A claim of unfair or deceptive business practices pursuant to M.G.L. c. 93A must also satisfy the heightened pleading requirements of Rule 9(b). See Wayne Inv., Inc. v. Gulf Oil Corp., 739 F.2d 11, 12 (1st Cir. 1984)(affirming this Court's dismissal of a

Chapter 93A claim for failure to comply with Rule 9(b)); See also Bio-Vita, 759 F. Supp. at 37 (noting that "defendants' ch. 93A claim also fails to comply with the particularity requirements of Rule 9(b)")(dicta).

For the reasons described above in Sections A.1 and A.2 of this Memorandum, the Chapter 93A claim against Culliney and McConnell cannot survive.

      B.      PLAINTIFF HAS FAILED TO ALLEGE A *PRIMA FACIE* CASE FOR INTENTIONAL INTERFERENCE WITH ADVANTAGEOUS BUSINESS AND CONTRACTUAL RELATIONSHIPS.

The Restatement (Second) of Torts represents the law of Massachusetts with regard to a claim of intentional interference with contractual relations. Sharif v. Steele, 431 Mass. 365, 369 n.7 (2000). That rule states that:

> One who intentionally and improperly interferes with the performance of a contract (except a contract to marry) between another and a third person, by preventing the other from performing the contract or causing his performance to be more expensive or burdensome, is subject to liability to the other for the pecuniary loss resulting to him.

Restatement (Second) of Torts § 766A. Thus, in order to state such a claim, Plaintiff must allege: "(1) the existence of a contract or a business relationship with contemplated economic benefit; (2) knowledge by Culliney/McConnell of the contract or business relationship; (3) intentional interference with the contract or business relationship by Culliney/McConnell for an improper purpose or by improper means; and (4) damages." Swanset Development Corp. v. City of Taunton, 423 Mass. 390, 397 (1996).

While not subject to the heightened pleading requirements of Rule 9(b), Plaintiff's Count VII must nonetheless satisfy the conditions of Federal Rule of Civil Procedure 8(a). Rule 8(a) requires that each cause of action be supported by "a short and plain statement of the claim showing that the pleader is entitled to relief." This Plaintiff has

7

not done. Indeed, Plaintiff has failed to allege the business relationship or relationships that are the subject of its claim against Culliney and McConnell, facts upon which it would be reasonable to conclude that Culliney and McConnell knew of such relationships, or the acts by which Culliney and McConnell are alleged to have interfered with these relationships.

Because Plaintiff has not provided Culliney or McConnell with an adequate basis to defend, or even understand, the claim of intentional interference with advantageous business and contractual relationships directed against them, this claim cannot survive.

## CONCLUSION

For the foregoing reasons, Defendants Brian J. Culliney, D.C. and Jennifer McConnell, D.C. respectfully request that this Honorable Court dismiss Counts IV through VII of the Complaint as against them with prejudice.

Respectfully submitted,

BRIAN J. CULLINEY, D.C. and
JENNIFER MCCONNELL, D.C.

By their attorney,

Thomas M. Ciampa (BBO# 566898)
Ciampa & Associates
45 Bromfield Street, Suite 200
Boston, MA 02108
(617) 742-5955

Dated: September 6, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of September, 2005, a copy of the foregoing Memorandum of Law in Support of Defendants Brian J. Culliney, D.C. and Jennifer McConnell, D.C.'s Motion to Dismiss was served by first-class mail, postage prepaid, upon counsel of record for all other parties.

*Thomas Ciampa*
Thomas M. Ciampa