UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ENCOMPASS INSURANCE COMPANY, )
)
vs. )
) Case No 05-11693-RCL
)
JOSEPH D. GIAMPA, et. al., )
)
Defendants. )

## RECEIVER'S ANSWER TO SUMMONS TO TRUSTEE and RESERVATION OF JURISDICTIONAL OBJECTION

Donald Lassman, as Receiver of 13 Kidder Road Realty Trust, First Health Products, Inc and Robert T. Kennedy Inc., d/b/a Kennedy Professional Supply, (collectively the "Entities") pursuant to an Order of Kenneth J. Fishman, Justice of the Middlesex Superior Court dated May 13, 2005, hereby files this response to the Summons to Trustee and answers as follows:

1. The Receiver is not presently in possession of any goods, effects or credits of Joseph D. Giampa, Fred Giampa, Advanced Spine Centers, First Spine Rehab., Future Mgt. Corp, Brian Culliney or Jennifer McConnell.
2. The Receiver is not presently in possession of any goods, effects or credits of Ed Kennedy, except to the extent that he is serving as the Receiver of the Entities. The status of the Receivership is more fully described in the Second Receiver's Report dated June 14, 2005, a copy of which is attached hereto. The Receiver would update the Second Receiver's Report by stating as follows: (a) The assets of Robert T. Kennedy, Inc. will be sold at Public Auction on September 13, 2005 at 11:00 a.m. at the business premises by the Paul Saperstein Co., Inc., auctioneers; and (b) a Purchase and Sale Agreement for the sale of the real property owned by 13 Kidder Road Realty Trust has been signed by all parties and a closing is scheduled to take place on October 7, 2005. The Purchase Price recited in the P&S is $1,500,000.00.
3. The Receiver agreed to accept Service of the Summons to Trustee. However, mindful of the fact that his role in this matter is solely the result of an Order of Appointment entered by the Massachusetts Superior Court, the Receiver reserves the right to contest the jurisdiction of this Court over the actions of the Receiver in the fulfillment of his obligations under the Receivership Order.

      Signed under the pains and penalties of perjury this 7th day of September 2005.

                                                Donald R. Lassman, Receiver
                                                P.O. Box 920385
                                                Needham, MA 02492
                                                781-455-8400

COMMONWEALTH OF MASSACHUSETTS

**MIDDLESEX, ss.**
SUPERIOR COURT
C.A. NO. MICV05-1458

)
EDWARD D. KENNEDY, individually )
and as beneficiary of 13 KIDDER ROAD )
REALTY TRUST, and derivatively, on )
Behalf of the Corporation FIRST )
HEALTH PRODUCTS, INC. and )
ROBERT T. KENNEDY, INC., d/b/a/ )
Kennedy Professional Supply, )
      Plaintiffs, )
)
JAMES KENNEDY, individually and as )
Trustee of 13 KIDDER ROAD REALTY )
TRUST; and ENTERPRISE BANK )
AND TRUST COMPANY, )
      Defendants. )
)

[stamp: FILED IN THE OFFICE OF THE CLERK OF THE COURTS — JUN 17 2005 — Edward J. Sullivan]

## SECOND RECEIVER'S REPORT and SUBMISSION OF BILLING STATEMENT FOR THE PERIOD ENDING MAY 31, 2005

In accordance with paragraph 3 of this Court's Order appointing Donald Lassman as Receiver of 13 Kidder Road Realty Trust, First Health Products, Inc and Robert T. Kennedy Inc., d/b/a Kennedy Professional Supply, (collectively the "Entities") Mr. Lassman hereby files this Second Report which supplements his first Report dated May 26, 2005.

### I. GENERAL INFORMATION

1. Since the filing of the First Receiver's Report, the Receiver has been able to gather additional information, as set forth below, on a number of issues addressed in that Report and further refine his strategy for unwinding the business affairs of James and Edward Kennedy.
    a. The Receiver spoke with Therapeutic Technologies, a company identified by Edward Kennedy as having expressed an interst in acquiring the assets of Robert T. Kennedy, Inc. The Receiver spoke to Jack Burkinshaw of Therapeutic Technologies and requested that he submit a written offer or other expression of interest that set forth the terms and conditions of the acquisition. On June 2, 2005, the Receiver received a phone message from Mr. Burkinshaw wherein he indicated that his company was no longer interested in pursing an acquisition. The Receiver transmitted a letter to Mr. Burkinshaw confirming the

    phone message, a copy of which is attached to this Report as **Exhibit 1**.

b. The Receiver and three members of Paul Saperstein Co., Inc. personally inspected the business premises of Robert T. Kennedy, Inc. and First Health Products, Inc. (collectively the "Entities") on June 6, 2005 so that Saperstein could refine his analysis for a potential auction sale of the Entity's assets. Saperstein has produced a report that states that the gross auction value of the personal property of the Entities, including motor vehicles, was approximately $40,000.00. The letter also describes the costs of sale and repayment of leinholder claims on the motor vehicles. A copy of the Saperstein Report is attached to this Report as **Exhibit 2**.

c. The Receiver received a letter (see **Exhibit 3**) from Mr. James Kennedy's bankruptcy counsel on June 9, 2005 suggesting that, because James Kennedy was not receiving a salary from the Entities, he intended to resign as soon as the State Court lifted the Stay of the Receivership proceedings, but that he would assist with the wind down of the business operations. Counsel for Edward Kennedy has expressed an interest in maintaining the operations of the business in the hope of finding a buyer, preserving the going concern value of the Entities, and avoiding an auction sale of the Entity's assets. With that in mind, the Receiver has spoken to counsel for Edward Kennedy about approving the reinstatement of Mr. James Kennedy's salary at the pre-receivership rate of $2,000.00 per week, and also requested that James Kennedy's bankruptcy inquire as to whether Mr. Kennedy would be willing to continue working if his salary were reinstated. The Receiver has also asked counsel for each of the Kennedy's to provide his with the names of business brokers that may be familiar with businesses of the kind owned by the Kennedys so that the parties may inquire if there may be additional interested in an acquisition of the Entities. The parties and the Receiver continue to seek an amicable resolution of these complex issues.

d. On June 13, 2005, the Receiver presented his Motion seeking on Order from the Bankruptcy Court lifting the automatic stay so that the Receivership proceeding could move forward. Edward Kennedy opposed the Receiver's lift stay Motion and James Kennedy supported the Motion. The Receiver prevailed at the hearing on the Motion conducted by the Bankruptcy Court and the Bankruptcy Court entered an Order on June 13, 2005 lifting the automatic stay as requested by the Receiver. A copy of the Bankruptcy Court's lift stay Order is attached to this report as **Exhibit 4.**

e. As of June 3, 2005, the latest date for which the Receiver has been provided with the Entities financial records, there were approximately

$200,000.00 in accounts payable and approximately $420,000.00 of collectible receivables[1]

2. The Receiver has incurred fees totaling $7650.00, and expenses totaling $150.00, during the period from an after his appointment in through May 31, 2005 and, in accordance with paragraph 2 of the Receivership Order, hereby submits his bill to this Court for approval. A copy of the Receiver's Bill is attached to this Report as **Exhibit 5**. The Receiver maintains his time in 10ths of an hour and provides a detailed description of his efforts as Receiver for all of the time he has spent on the matter. The Receiver requests that this Court approve the bill so that it may be promptly paid by the Entities.

## II.   DISPOSTION OF REAL ESTATE

3. On May 27, 2005, the Receiver received a letter from Attorney Jeffrey Phillips declining to represent the Trust in connection with the proposed Purchase and Sale Agreement due to a number of potential conflicts. The Receiver spoke to counsel for James Kennedy about alternative suitable replacement counsel and has been in contact with Attorney Ritter, who has indicated that he is willing to serve as counsel to the Trust in connection with the proposed sale of the Trust's real estate. All of the parties to this action have seen a copy of the P&S and continue to support the sale of the real estate as proposed in the P&S, with such modifications, if any, as may be recommended by counsel.

## III.   DISPOSITION OF THE BUSINESS ASSETS

4. The Receiver maintains his recommendation that the assets of the Entities be sold at public auction in conjunction with the sale of the real estate so that the real estate may be delivered to the proposed purchaser in a vacant condition. The Receiver remains interested in pursuing all viable private sale options during the period of time that the Public Auction Sale is being organized but remains mindful of the fact that an extended period of time for marketing the Entities in the hope of capturing the "going concern" value of the Entities may jeopardize the proposed real estate sale.

WHEREFORE, the Receiver respectfully requests that the Court accept this Report and grant such other and further relief as the Court deems just and proper.

---

[1] The Entities receivables per their books and records total approximately $520,000.00. According to the Entity's bookkeeper, Maria King, approximately $100,000.00 of the receivables are uncollectible.

Dated: June 14, 2005                                Respectfully submitted,

                                                    _____
                                                    Donald R. Lassman, Receiver
                                                    P.O. Box 920385
                                                    Needham, MA 02492
                                                    781-455-8400

LAW OFFICE
# DONALD R. LASSMAN

POST OFFICE BOX 920385
NEEDHAM, MASSACHUSETTS 02492

TELEPHONE 781.455
FACSIMILE 781.455
DON@LASSMANLA

June 8, 2005

Therapeutic Technologies
10 Industrial Drive
Suite 15
Windham, NH 03087
Attn: Jack Burkinshaw

<u>Re: Robert T. Kennedy, Inc., d/b/a Kennedy Professional Supply</u>

Dear Mr. Burkinshaw:

Thank you for taking the time to speak to me last week about Kennedy Professional Supply. This letter acknowledges my receipt of your voice mail **message of Thursday June 2, 2005** wherein you stated that, after having a meeting that **morning with** the principals at your company that would be involved in the transaction, **Therapeutic Technologies would not** be making an offer.

Please advise immediately if anything set forth in this letter is inaccurate.

Very truly yours,

Donald R. Lassman

Exhibit II



# Saperstein
AUCTIONEERS & APPRAISERS

06-08-2005

Donald Lassman
PO Box 920385
Needham, MA 02492

Re: Kennedy Supply
13 Kidder Rd., Chelmsford, MA

Dear Donald,

After our visit to the above named I feel that if we were to run an auction on the premises of the items that we have determined would be available for sale than we could generate in the range of $20,000.00. In addition we feel the vehicles would generate in the range of $15,000.00 to $20,000.00 total with no consideration if monies are owed. This value includes the trailer. The breakdown is $1500.00 for the trailer, and $8,000.00 to $9,000.00 per vehicle. We anticipate costs to be as follows:

- An amount not to exceed $1,000.00 for labor due to the work that will be necessary to prepare the site for a "reasonable and commercial" sale from its' present condition and to oversee the checkout of sold items for what will be an extended time due to the inventory needing to be out before the shelving can be dismantled.
- An amount not to exceed $2000.00 for advertising to include but not be limited to local newspaper ads, a direct notice mailer and the Internet.
- We will charge 7.5% for a commission against the gross proceeds and an additional 10% buyer premium to be collected from the purchasers and retained by Pesco.

If you have any questions, please do not hesitate to contact me at your convenience.

Very truly yours,
Paul E. Saperstein Co., Inc.

Michael Saperstein
Mes

617/227-6553 Main
781/767-9686 Fax
144 Centre Street
Holbrook, MA 02343-1011
www.pesco.com

Exhibit 2

# MIRICK O'CONNELL
### ATTORNEYS AT LAW

MIRICK O'CONNELL DEMALLIE & LOUGEE, LLP

Direct Line 508-860-1402
cedavine@modl.com

June 6, 2005

**VIA FACSIMILE**

Donald R. Lassman, Esq.
Box 920385
Needham, MA 02492

    Re: James J. Kennedy, Debtor
        Chapter 11, Case No. 05-43405-JBR

Dear Don:

    As you are aware, prior to your appointment as Receiver of Robert T. Kennedy, Inc. and First Health Products, Inc. (together "Kennedy Supply"), James Kennedy was an employee and officer of Kennedy Supply. Mr. Kennedy essentially ran the day-to-day operations of Kennedy Supply and also served as its primary salesperson. For his services, Mr. Kennedy received a salary of $2,000 per week.

    Subsequent to your appointment as Receiver, Mr. Kennedy requested that you approve payment of his salary in the amount of $2,000 per week on a going forward basis. You have declined to approve payment of his salary and, therefore, Mr. Kennedy informed you that he is not interested in continuing his employment relationship with Kennedy Supply.

    Currently, however, the Middlesex Superior Court has stayed the receivership proceedings pending further direction from the Bankruptcy Court regarding the automatic stay. As a result of the receivership stay, Mr. Kennedy will continue to operate Kennedy Supply in order to preserve the value of the business. As you are aware, the Bankruptcy Court has scheduled a hearing on your Motion for Relief on Monday of next week and we expect that your motion will be granted and the receivership will subsequently be reinstated. We suggest that you seek a hearing before the Middlesex Superior Court for as soon after the hearing on the Motion for Relief, to minimize any delay in your reinstatement. In connection with his short-term management of Kennedy Supply, Mr. Kennedy will pay only ordinary course expenses necessary to preserve the value of the business and he will refrain from paying himself salary during this time.

    Please note that as soon as the receivership is reinstated, Mr. Kennedy's will resign as an employee of Kennedy Supply.

Exhibit B

## MIRICK O'CONNELL

Donald R. Lassman, Esq.
June 9, 2005
Page 2

This will also confirm that pursuant to the First Receivership Report, which you filed with Middlesex Superior Court on May 30, 2005, you have recommended the orderly liquidation of Kennedy Supply. Mr. Kennedy will make himself available to assist with the wind-down process as necessary. Mr. Kennedy's goal is to maximize the value of Kennedy Supply's assets and provide the maximum return for the equity-holders.

Please contact either me or my colleague Joe Baldiga if you have any questions. We will follow up with you again after the Motion for Relief hearing set for Monday of next week.

Thank you.

Very truly yours,

Christine E. Devine /rjc

Christine E. Devine

CED/rjc

Enclosure
cc:    Stephen A. Greenbaum, Esq. (via facsimile)
       Gary W. Cruickshank, Esq. (via facsimile)
       Mr. James Kennedy (via facsimile)
       Joseph H. Baldiga, Esq.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(WESTERN DIVISION)

In re:

JAMES J. KENNEDY,

Debtor.

Chapter 11
Case No. 05-43405-JBR

### ORDER GRANTING MOTION FOR RELIEF FROM STAY BY RECEIVER

Donald Lassman, the receiver (the "Receiver") of the 13 Kidder Road Realty Trust (the "Trust"), First Heath Products, Inc. ("First Health") and Robert T. Kennedy, Inc. ("Kennedy Supply") having filed a Motion for Relief from the Automatic Stay with Assent of Debtor (the "Motion for Relief") on or about June 1, 2005 requesting, pursuant to 11 U.S.C. § 362, that this Court enter an order granting the Receiver relief from the automatic stay to permit the Receiver to re-open a Receivership Proceeding (as defined in the Motion for Relief) before the Middlesex Superior Court; the Debtor having filed the Debtor's Assent to Motion of Receiver for Relief from the Automatic Stay and Proposed Order; due notice and an opportunity to object having been given to all parties requesting notice in this case; and after due deliberation and good and sufficient cause appearing therefore.

IT IS FOUND AND ORDERED THAT:

1. The Motion for Relief is hereby granted;

2. The Receiver is hereby authorized to re-open the Receivership Proceeding ~~for the purpose of liquidating~~ the Trust, First Health, and Kennedy Supply; and

Exhibit 4

{H:\PA\CORP\19945\00001\A0755735.DOC}    6

3. The grant of the relief from the automatic stay provided herein is limited to the Receiver and does not extend to any other person or entity.

4. Distribution of the proceeds of the liquidation of the Trust, First Health, and Kennedy Supply, *after payment of their respective creditors through the* shall be held by the Receiver subject to further order of this Court.

Dated this 13th day of June, 2005.

*Rece Procee

_____
The Honorable Joel B. Rosenthal
United States Bankruptcy Judge

# LAW OFFICES OF
# DONALD R. LASSMAN

POST OFFICE BOX 920385  
NEEDHAM, MASSACHUSETTS 02492

TELEPHONE 781.4  
FACSIMILE 781.4  
EMAIL DRLESQ@

Invoice submitted to:  
Donald Lassman, Receiver

June 02, 2005

In Reference To:   Kennedy Receivership Proceeding

Professional Services

|  |  |  | Hrs/Rate | Am |
|---|---|---|---|---|
| **Draft** | | | | |
| 5/26/2005 | DRL | Draft<br>Draft and finalize and file First Receiver's Report | 4.80<br>250.00/hr | 1,2( |
|  | DRL | Draft<br>Draft letter to Atty Phillips regarding P&S for real estate and call from Atty Phillips regarding same | 0.80<br>250.00/hr | 2( |
| 5/30/2005 | DRL | Draft<br>draft lift stay motion for Jim Kennedy case in order to proceed with Receivership matter | 2.50<br>250.00/hr | 6: |
| 5/31/2005 | DRL | Draft<br>Draft motion for expedited consideration of lift stay motion for filing in bankruptcy court | 0.70<br>250.00/hr | 1 |
|  |  | SUBTOTAL: | [   8.80 | 2,2( |
| **Meeting** | | | | |
| 5/23/2005 | DRL | Meeting<br>Meeting in Chelmsford to meet with principal of company, interview employees of company and view premises | 6.50<br>250.00/hr | 1,6: |
|  | DRL | Meeting<br>Meeting with Ed Kennedy to discuss case | 1.50<br>250.00/hr | 3 |

Exhibit 5

Donald Lassman, Receiver                                                                                          Page

                                                                                                        Hrs/Rate        A

| Date | | Description | Hrs/Rate | |
|---|---|---|---|---|
| 5/31/2005 | DRL | Meeting<br>Meeting at Kennedy Supply to discuss report and response thereto and discuss lift stay motion and review bills to be paid, accounts payable generally and accounts receivable generally | 4.00<br>250.00/hr | 1,0 |
| | | SUBTOTAL: | [ 12.00 | 3,0 |

Phone call from

| 5/12/2005 | DRL | Phone call from<br>Phone call from clerk and call to counsel regarding receivership appointment in Middlesex County | 0.80<br>250.00/hr | 2 |
| 5/20/2005 | DRL | Phone call from<br>Phone call from counsel to Kennedys regarding receivership appointment and issues to be addressed and scheduling of meetings with the Kennedys | 1.40<br>250.00/hr | 3 |
| 5/23/2005 | DRL | Phone call from<br>Phone call from Jim Kennedy and counsel to Jim Kennedy and Dynatronics VP regarding salary of Jim Kennedy | 0.70<br>250.00/hr | 1 |
| 5/24/2005 | DRL | Phone call from<br>Phone call from broker regarding status of P&S and call from Ed Kennedy with informational requests | 0.40<br>250.00/hr | 1 |
| | DRL | Phone call from<br>Phone call from ed Kennedy | 0.30<br>250.00/hr | |
| 5/25/2005 | DRL | Phone call from<br>Phone call from and to Jim Kennedy's counsel and Ed Kennedy regarding billing approvals and information for potential buyers of company | 1.50<br>250.00/hr | 3 |
| 5/31/2005 | DRL | Phone call from<br>Multiple phone calls from Christine Devine, Steve Greenbaum, Real Estate Broker and Ed Kennedy regarding status of sale of real estate, sale of business and lift stay motion | 1.70<br>250.00/hr | 4 |
| | | SUBTOTAL: | [ 6.80 | 1,7 |

Review

| 5/21/2005 | DRL | Review<br>Review all pleading filed in state court case and P&S for real estate and conduct on-line real estate and UCC searches to try and get a sense for liens, if any, on property of trust and property of corporations | 3.00<br>250.00/hr | 7 |
| | | SUBTOTAL: | [ 3.00 | 7 |

Donald Lassman, Receiver                                                                                Page

|  |  | Hours | Am |
|---|---|---|---|
| For professional services rendered |  | 30.60 | $7,6 |

Additional Charges :

<u>$Filing Fees</u>

| 5/20/2005 | filing fee for lift stay motion |  | 1. |
|---|---|---|---|
|  | SUBTOTAL: |  | [   1 |
|  | Total costs |  | $1 |
|  | Total amount of this bill |  | $7,8 |
|  | Balance due |  | $7,8 |

Timekeeper Summary

| Name | Hours | Rate | Am |
|---|---|---|---|
| Donald R. Lassman | 30.60 | 250.00 | $7,6 |