UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ENCOMPASS INSURANCE COMPANY OF MASSACHUSETTS,<br><br>        Plaintiff,<br><br>    vs.<br><br>JOSEPH D. GIAMPA, FREDERICK T. GIAMPA, ADVANCED SPINE CENTERS, INC. D/B/A FIRST SPINE REHAB, FUTURE MANAGEMENT CORPORATION, EDWARD KENNEDY, BRIAN J. CULLINEY, D.C. AND JENNIFER MCCONNELL, D.C.<br><br>        Defendants. | CIVIL ACTION NO.: 05-11693 RCL |

**ASSENTED TO MOTION FOR LEAVE TO FILE SINGLE OPPOSITION AND MEMORANDUM OF REASONS IN SUPPORT OF OPPOSITION IN EXCESS OF TWENTY (20) PAGES TO DEFENDANTS' MOTIONS TO DISMISS**

**I.   INTRODUCTION**

Now comes the plaintiff, Encompass Insurance Company (hereinafter "Encompass") and respectfully requests leave of the Court to file its Opposition and Memorandum of Reasons in Support of Opposition to the motions to dismiss filed by defendants, Joseph D. Giampa, Frederick T. Giampa, Advanced Spine Centers, Inc. d/b/a First Spine Rehab, and Future Management Corporation, Brian Culliney and Jennifer McConnell, in excess of the twenty (20) page limit set pursuant to Local Rule 7.1(B)(4).

**II.   BACKGROUND AND RELEVANT PROCEDURAL HISTORY**

On August 16, 2005, Encompass filed its Complaint, alleging that the defendants Joseph D. Giampa, Frederick T. Giampa, Advanced Spine Centers, Inc. d/b/a First Spine Rehab, and Future Management Corporation, Brian Culliney and Jennifer McConnell,

engaged in a scheme to defraud Encompass by creating and submitting false medical documentation in connection with the alleged medical treatment of Encompass claimants.

On September 6, 2005, Joseph D. Giampa, Frederick T. Giampa, Advanced Spine Centers, Inc. d/b/a First Spine Rehab, and Future Management Corporation (hereinafter "Giampa defendants") filed a motion to dismiss in which they raised five (5) substantive arguments.  Also, on September 6, 2005, Brian Culliney and Jennifer McConnell (hereinafter "Culliney defendants") filed a motion to dismiss in which they raised multiple procedural and substantive arguments (some of which overlap arguments raised by the Giampa defendants) concerning the sufficiency of Encompass's Complaint. Encompass's opposition to the defendants' motions to dismiss is due on Tuesday, September 20, 2005.

### III.    REASONS IN SUPPORT OF THIS REQUEST OF EXTENSION

For the reasons outlined below, Encompass respectfully requests that the Court grant Encompass leave to file a memorandum in excess of the 20 page limit imposed by Local Rule 7.1(B)(4):

- the primary arguments defendants advance in support of their motions to dismiss concern (a) the sufficiency of Encompass's allegations regarding the particularity required by each cause of action alleged in Encompass's complaint; and (b) the statute of limitations;

- whereas several of the issues raised in each motion substantially overlap, filing a single opposition will eliminate the need for unnecessary redundancy, but the expanded page limit will allow for full exploration of each challenge (primary and collateral) raised by the defendants;

- the issues raised by Encompass in its Complaint and the issues raised by the defendants in their motions to dismiss are legally and factually complex;

- each of the issues raised requires legal analysis and is factually driven, requiring citation to and explanation of the factual support for Encompass's claims; and

- the requested enlargement will not result in any additional-page windfall to Encompass. The Giampa defendants and Culliney defendants have filed separate motions to dismiss. Pursuant to Local Rule 7.1(B)(4), Encompass is entitled to file oppositions (to each motion) up to twenty pages in length. Whereas some of the issues raised in defendants' motion to dismiss are similar in nature, Encompass seeks to file a single opposition addressing the issues raised by the Giampa and Culliney defendants in one memorandum. Encompass's collective opposition will assist the Court in consideration of similar issues raised by the defendants' motions and will promote judicial economy whereas Encompass will be able, in one document, to address, clarify and/or refute erroneous, factual/legal/procedural assertions raised in both motions.

In light of the draconian nature of the relief defendants' request -- dismissal of Encompass's claims -- Encompass will be prejudiced if it is not permitted to explore fully each of the challenges raised in the defendants' motions to dismiss. Moreover, this can be better accomplished in a single, unified brief in which Encompass can develop fully the analysis required of all issues raised by the defendants and will better assist the court in resolving the issues presented.

**IV.   CERTIFICATION**

Undersigned counsel certifies pursuant to Local Rule 7.1(A)(2) that the parties have conferred in good faith and that all moving and opposing parties assent to the relief requested herein.

For all of the foregoing reasons, Encompass respectfully requests that the Court grant Encompass leave to file a Single Opposition and Memorandum of Reasons in Support of Opposition to defendants' motions to dismiss up to forty (40) pages.

                                                Respectfully Submitted
*Encompass Insurance Company,*
By its Attorneys,

/s/ Nathan A. Tilden
_____
Richard D. King, Jr., BBO No. 638142
Nathan A. Tilden, BBO No. 647076
SMITH & BRINK, P.C.
122 Quincy Shore Drive
Quincy, MA  02171
Dated:  September 15, 2005      Tel:  (617) 770-2214