UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ENCOMPASS INSURANCE COMPANY OF MASSACHUSETTS, <br><br> Plaintiff, <br><br> vs. <br><br> JOSEPH D. GIAMPA, FREDERICK T. GIAMPA, ADVANCED SPINE CENTERS, INC. d/b/a FIRST SPINE & REHAB, FUTURE MANAGEMENT CORPORATION, EDWARD KENNEDY, BRIAN J. CULLINEY and JENNIFER McCONNELL <br><br> Defendants. | CIVIL ACTION NO.: 05-11693 RCL |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

The plaintiff, Encompass Insurance Company of Massachusetts (hereinafter

"Encompass") by its attorneys, Smith & Brink, P.C. alleges as follows:

**TABLE OF CONTENTS**

I.     INTRODUCTION……. ................................................................................... 1

II.    THE PARTIES ........................................................................................... 2

    A.   Plaintiff............................................................................................... 2

    B.   Defendants........................................................................................... 2

III.   JURISDICTION AND VENUE .................................................................. 3

IV.    FACTUAL ALLEGATIONS REGARDING CREATION AND ACTIVITIES OF
      FUTURE MANAGEMENT  ....................................................................... 3

V.     FACTUAL ALLEGATIONS REGARDING FALSE MEDICAL BILLING
      SCHEME ................................................................................................... 10

    A.   Exemplar Claims............................................................................... 18

        1.   Punlork Sar Claims .................................................................. 18

        2.   Chareth Rath Claims ................................................................ 22

        3.   Den Tith Claim........................................................................ 24

        4.   Sam Nang Ngeth Claims .......................................................... 25

        5.   Ramon Perez Claims ................................................................ 27

        6.   Chhang Kong Claims ............................................................... 29

        7.   Sokean Phlong Claims ............................................................. 31

        8.   Sally Kong Claims ................................................................... 32

        9.   Chinda Kruth Claims ............................................................... 34

        10. Nguon Kosal Claims ................................................................ 35

        11. Sandy Mac Claims ................................................................... 37

        12. Tim Oeun Claim....................................................................... 40

    B.   Additional Claim-Specific Fraudulent Conduct............................. 42

VI.    SPECIFIC ALLEGATIONS OF MAIL FRAUD
      RACKETEERING ACTIVITY ................................................................. 43

VII.    SPECIFIC ALLEGATIONS REGARDING GIAMPA CHIROPRACTORS AND
KENNEDY BROTHERS CONTROL OF THE CORPORATE ENTERPRISES 45

VIII.    DAMAGES .................................................................................................. 48

IX.    CAUSES OF ACTION ....................................................................... 49

COUNT I
Violations of 18 U.S.C. §1962(c) .......................................................... 49

COUNT II
Innocent Victim Enterprise Violation of 18 U.S.C. §1962(c) .............................. 52

COUNT III
Violation of 18 U.S.C. § 1962(d) .......................................................... 55

COUNT IV
Mass. Gen. Laws Ch. 93A .................................................................. 53

COUNT V
Civil Conspiracy .......................................................................... 55

COUNT VI
Fraud ....................................................................................... 56

COUNT VII
Intentional Interference With Advantageous Business
And Contractual Relationships ............................................................ 57

X.    DEMAND FOR RELIEF ..................................................................... 58

I.    **INTRODUCTION**

1.    This is a case about chiropractors, Frederick and Joseph Giampa (hereinafter "Giampa chiropractors"), working in concert with their employees (Chiropractors Brian Culliney and Jennifer McConnell) and other business associates (Edward Kennedy and James Kennedy), who engaged in a scheme to defraud insurance companies, including Encompass Insurance Company of Massachusetts (hereinafter "Encompass") by creating and submitting false, fraudulent and inflated chiropractic invoices containing excessive charges (hereinafter "false medical documentation") through the U.S. Mail and demanding payment for excessive and/or non-existent and/or unwarranted chiropractic treatment through their chiropractic clinic First Spine & Rehab.

2.    By this pleading, Encompass brings claims against the named defendants seeking injunctive relief and money damages for (1) violations of the Federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1962(c)-(d), (2) violations of Mass. Gen. Laws ch. 93A, §11; (3) civil conspiracy; (4) fraud; and (5) intentional interference with advantageous business relationships.

3.    All of the acts and omissions of the defendants described throughout this Complaint were undertaken intentionally.

4.    The defendants' insurance fraud scheme was designed to and did, in fact, result in the payment of automobile insurance contract proceeds from Encompass to the defendants.

5.    In each claim detailed throughout this Complaint, an Encompass automobile insurance contract was the platform upon which defendants perpetrated their fraudulent scheme.

1

6.     The defendants knew that the patients referred to in this Complaint were insured pursuant to automobile insurance policies issued by Encompass.

## II.     <u>THE PARTIES</u>

A.     <u>Plaintiff</u>

7.     Encompass Insurance Company of Massachusetts is a Massachusetts corporation duly authorized to carry on and do business in the Commonwealth of Massachusetts.

8.     Prior to 2005, Encompass wrote Massachusetts automobile policies through Boston Old Colony Insurance Company.

9.     Boston Old Colony was at all relevant times a Massachusetts corporation duly authorized to carry on and do business in the Commonwealth of Massachusetts.

10.     At all relevant times and in connection with all of the claims detailed herein, Encompass and Boston Old Colony were writing Encompass risk policies and will be referred to throughout the remainder of this Complaint as "Encompass."

B.     <u>Defendants</u>

11.     At all relevant times, Frederick Giampa was a resident of the Commonwealth of Massachusetts.

12.     At all relevant times, Joseph Giampa was a resident of the Commonwealth of Massachusetts.

13.     At all relevant times, Edward Kennedy was a resident of the Commonwealth of Massachusetts.

14.     Advanced Spine Centers, Inc. d/b/a First Spine & Rehab (hereinafter "First Spine"), is a Massachusetts corporation duly licensed to carry on the business of

chiropractic services with its principal place of business (for purposes of this Complaint) located at 410 School Street, Lowell, Massachusetts.

15.     Future Management Corporation (hereinafter "Future Management") is a Massachusetts corporation with a principal office address of 73 Princeton Street, North Chelmsford, Massachusetts.  Future Management owns a chain of chiropractic offices (including First Spine) in various states, many of which are in Massachusetts.

16.     Brian Culliney is a resident of the Commonwealth of Massachusetts, who at all relevant times practiced chiropractic at First Spine.

17.     Jennifer McConnell is a resident of the Commonwealth of Massachusetts, who at all relevant times practiced chiropractic at First Spine.

## III.     JURISDICTION AND VENUE

18.     Jurisdiction over this action is conferred upon this Court by 28 U.S.C. §§1331, 18 U.S.C. §1962(c)-(d), 18 U.S.C. §1964.  Supplemental jurisdiction over the state law claims is proper under 28 U.S.C. §1367.

19.     The vast majority of the wrongful acts known to Encompass as alleged herein with particularity were carried out within the Commonwealth of Massachusetts.

20.     Venue is proper under 28 U.S.C. §1391(c).

## IV.     FACTUAL ALLEGATIONS REGARDING CREATION AND ACTIVITIES OF FUTURE MANAGEMENT

21.     James Kennedy is the brother of Edward Kennedy.

22.     Edward Kennedy and James Kennedy (hereinafter collectively referred to as "the Kennedy Brothers") are the sole shareholders, officers and directors of Robert T. Kennedy, Inc. d/b/a Kennedy Professional Supply ("Kennedy Supply"), a business

engaged in the sale of durable medical goods to chiropractic clinics and other similarly situated enterprises.

23.    On May 19, 2005, James Kennedy filed a Chapter 11 Bankruptcy Petition (#05-43405) in the United States Bankruptcy Court, District of Massachusetts (Worcester).

24.    Encompass reserves its right to seek relief from the Automatic Stay, 11 U.S.C. §362, in the bankruptcy forum and move to add James Kennedy as a party to this action.

25.    Through Kennedy Supply, Edward Kennedy developed substantial business contacts in the chiropractic industry.

26.    Thereafter, Edward Kennedy decided to open medical offices to provide chiropractic services to the public.

27.    Edward Kennedy contacted Joseph Giampa, a longtime friend who Edward Kennedy knew to be a licensed chiropractor in Massachusetts, for the purpose of becoming a partner in the new business venture.

28.    The new business, Future Management Corporation was formally organized in February 1997.

29.    The Giampa chiropractors and Kennedy Brothers own and/or operate in excess of fifty (50) chiropractic and physical therapy clinics including:

- Advanced Spine Center
  3 North Beacon Street
  Allston, MA 02134

- Associated Health Care Group
  150 Stanford Street
  Boston, MA 02114

- Attleboro Chiropractic Health Ctr.
  3 Mill Street
  Attleboro, MA 02703

- United Physical Therapy
  150 Stanford Street
  Boston, MA 02114

4

- Physical Rehab. Group
  1515-17 Washington Street
  Boston, MA 02118

- Brockton Spine & Rehab
  365 Westgate Drive, Suite 3-4
  Brockton, MA 02301

- Allied Physical Therapy
  778 Broadway
  Chelsea, MA 02150

- First Spine & Rehab
  835 Dorchester Avenue
  Dorchester, MA 02125

- Excel Physical Therapy
  19 Stoughton Street
  Dorchester, MA 02125

- Back & Neck Treatment
  948 Bennington Street
  East Boston, MA 02128

- Therapy & Rehab Service
  50 Meridan Street
  East Boston, MA 02128

- First Choice Chiropractic
  & Rehab
  125 Rodman Street
  Fall River, MA 02723

- Advanced Spine Centers
  395 Main Street, Unit B
  Falmouth, MA 02540

- First Spine & Rehab
  320 Water Street
  Fitchburg, MA 01420

- Back & Neck Treatment
  158 Concord Street
  Framingham, MA 01701

- Alves Chiropractic Centers
  8 Crossroads Drive
  Freetown, MA 02717

- Haverhill Spine & Rehab
  5-7 Dudley Street
  Haverhill, MA 01830

- First Spine & Rehab
  252 Maple Street
  Holyoke, MA 01040

- Advanced Spine Centers
  278 Pitchers Way
  Hyannis, MA 02601

- Excel Physical Therapy
  1225 River Street
  Hyde Park, MA 02136

- Advanced Spine Centers
  420 Common Street
  Lawrence, MA 01840

- United Physical Therapy
  420 Common Street, Suite 102
  Lawrence, MA 01840

- First Spine & Rehab
  410 School Street
  Lowell, MA

- United Physical Therapy
  642 Gorham Street
  Lowell, MA 01852

- First Spine & Rehab
  760 Western Avenue
  Lynn, MA 01905

- Associated Health Care Group
  180 Exchange Street
  Malden, MA 02148

5

- First Spine & Rehab
  180 Exchange Street
  Malden, MA 02148

- United Physical Therapy
  180 Exchange Street
  Malden, MA 02148

- Mattapoisett Chiropractic
  109 Fairhaven Road, Suite D
  Mattapoisett, MA 02739

- United Physical Therapy
  109 Fairhaven Road, Suite E
  Mattapoisett, MA 02739

- Methuen Spine & Rehab
  30 Hampshire Street
  Methuen, MA 01844

- First Choice Chiropractic &
  Rehab
  94 Allen Street
  Methuen, MA 01844

- Alves Chiropractic Centers
  2834 Acushnet Avenue
  New Bedford, MA 02745

- Back & Neck Treatment
  935 Washington Street
  Norwood, MA 02062

- United Physical Therapy
  243 Church Street
  Pembroke, MA 02359

- First Spine & Rehab
  1212 Hancock Street
  Quincy, MA 02169

- Randolph Spine & Rehab
  326 North Main Street, Suite 11
  Randolph, MA 02368

- Advanced Spine Centers
  37 Roxbury Street
  Roxbury, MA 02119

- Salem Chiropractic Assoc.
  72 Washington Street
  Salem, MA 01970

- Physical Rehab. Group
  149A Highland Avenue
  Somerville, MA 02143

- Advanced Spine Centers
  553-555 Main Street
  W. Springfield, MA 01089

- First Spine & Rehab
  438 Chestnut Street
  Springfield, MA 01107

- United Physical Therapy
  442 Chestnut Street
  Springfield, MA 01103

- Taunton Chiropractic & Rehab
  80-86 Main Street
  Taunton, MA 02780

- Advanced Spine Centers
  248 Moody Street
  Waltham, MA 02453

- Wareham Spine & Rehab
  45 Main Street, Unit C3
  Wareham, MA 02571

- Advanced Spine Centers
  563-555 Main Street
  W. Springfield, MA 01089

- Advanced Spine Centers
  90 Madison Street
  Worcester, MA 01606

29.    Hereinafter, the aforementioned clinics will be collectively referred to as "the Giampa clinics."

30.    Initially, the Giampa chiropractors and Kennedy Brothers agreed that Future Management would have three shareholders, Edward Kennedy (25%), James Kennedy (25%) and Joseph Giampa (50%).  Later, Frederick Giampa was granted 19% of Future Management stock.

31.    The creation of Future Management was also intended to benefit Kennedy Supply's business, as Kennedy Supply was to be Future Management's primary distributor of medical and chiropractic equipment and supplies.

32.    By September 2003, Future Management expanded from one (1) office in Lawrence, Massachusetts to over sixty (60) offices throughout New England and across the United States, including Florida, Oklahoma, Connecticut, Rhode Island, South Carolina, New Hampshire, Pennsylvania, Illinois and Virginia.

33.    In addition, Edward Kennedy and James Kennedy formed First Health, a sister corporation to Kennedy Supply, for the purpose of managing and handling various aspects of Kennedy Supply's business including, but not limited to, administering Kennedy Supply's payroll.

34.    As Future Management grew, the principals created a hierarchy by appointing their top lieutenants as "Team Leaders."

35.    Defendant Brian Culliney is a "Team Leader" and one of the highest paid employees of Future Management.

36.    By virtue of his status as a Team Leader, defendant Culliney possessed supervisory oversight of the First Spine Lowell clinic as well as other Giampa/Kennedy clinics in Massachusetts.

37.    As part of his function as a Team Leader and marketer for the Lowell First Spine clinic, it was Culliney's practice to issue cold-call letters soliciting patients for First Spine.

38.    Upon presentation to the clinic, recruited patients receive instruction regarding the processing of their claim through the insurance company, and that the patient would be paid if s/he pursued a claim with an attorney.

39.    Edward Kennedy has accused James Kennedy of using Kennedy Supply Corporation to enable Future Management to fraudulently borrow hundreds of thousands of dollars from various lending entities under the guise that Future Management Corporation was "purchasing" chiropractic equipment from Kennedy Supply.

40.    In addition, James Kennedy transferred money from Kennedy Supply to Future Management to pay for Future Management's payment of illegal/runner referrals to the Giampa clinics across Massachusetts.

41.    James Kennedy was aware that the Massachusetts legislature criminalized the use of "runners" at Mass. Gen. Laws ch. 266 § 111C.

42.    The Massachusetts Code of Regulations 233 C.M.R. 4.12, governing chiropractors, prohibits referral fees.

43.    Kennedy Supply monies were provided to Future Management Corporation to pay runners for "referral" of patients, including upon information and belief Encompass claimants, to First Spine.

44.     In the parlance of Future Management, illegal runner referral payments were referred to as "marketing" and/or "promotion" expenses.

45.     Payment of improper patient referral fees were not documented in Future Management records.

46.     The identity of outside employee (independent contractor) runners is not known to Encompass at this time, with the exception of Stephanie Vinas.

47.     Ms. Vinas is a former patient of Brian Culliney who is paid to recruit patients for the Lowell First Spine Clinic.

48.     In addition to Ms. Vinas, other improper, unfair and deceptive referral fees were made by the defendants in the form of "marketing" and/or "promotion" payments through Future Management payroll (and off-payroll) accounts payable to employees and outsiders for referral of patients to Giampa/Kennedy clinics including the Lowell First Spine Clinic.

49.     Illegal patient referral fees were paid at a rate of $100.00 per patient.

50.     If a claimant also agreed to submit to attorney representation to pursue his/her claim, the referring party was paid an additional $100.00.

51.     The payment of runner kickbacks represents an intentionally unfair and deceptive business practice.

52.     Payment of improper referral fees by the defendants was not disclosed to Encompass.

53.     None of the chiropractic records and/or bills created by defendants and caused to be mailed via the U.S. Mail to Encompass referenced the payment of secret runner referral kickbacks.

54.     The payment of runner kickbacks (i.e. referral fees) encourages fraudulent automobile insurance claims.

55.     Upon information and belief, runner kickbacks inflated the chiropractic invoices First Spine submitted to Encompass as alleged herein at Exhibits 1 and 3.

## V.     FACTUAL ALLEGATIONS REGARDING FALSE MEDICAL BILLING SCHEME

56.     The defendants successfully executed their fraudulent scheme through the Giampa clinics (including First Spine) they created, operated and controlled.

57.     Culliney and McConnell purportedly provided chiropractic treatment to 163 of the 196 patients contained in Exhibits 1 and 3.

58.     McConnell and Culliney had oversight regarding all treatment allegedly provided to First Spine Lowell clinic patients including all patients identified in Exhibits 1 and 3.

59.     The medical documentation created and submitted by First Spine under the direction, supervision and control of the defendants, Frederick Giampa, Joseph Giampa, Edward Kennedy, Brian Culliney and Jennifer McConnell, was created in connection with reported motor vehicle accidents and shared most -- if not all -- of the following common denominators:

- ◆ patients complained only of soft tissue injury;

- ◆ multiple claimants of varying age in the insured vehicle with each claimant receiving substantially  identical diagnoses and treatment;

- ◆ the patients routinely did not receive treatment at any other non-affiliated medical facility;

- First Spine routinely treated the same patient(s) for multiple accidents. In some cases reference to prior treatment at First Spine (or previous automobile accidents) was omitted from the patients' medical record;

- the vehicles involved in the reported accidents sustained little or no damage, even though First Spine billed thousands of dollars in treatment;

- patients advanced minimal (and in most claims no) lost wage claims despite the fact that they purportedly received disability ratings (regardless of the patient's age or occupation) from First Spine; and

- bills for treatment invariably exceeded bills submitted by other chiropractic facilities providing treatment to accident victims in the same geographic area.

60. In Massachusetts, chiropractors are licensed and monitored by the Massachusetts Board of Chiropractors.

61. Massachusetts chiropractors are further regulated pursuant to the Massachusetts Code of Regulations, promulgated by the Board of Chiropractors.

62. The defendants engaged in a systematic pattern and practice of unlawful acts in violation of the Board of Chiropractor Regulations codified at 233 CMR 4.00-4.15. Such violations include, but are not limited to, the following:

a. Creating and submitting inaccurate, inadequate and inappropriate documentation;

11

b.     Rendering treatment which exceeds the type, quality and/or amount of the documented and clinically reasonable chiropractic needs of the patient;

c.     Rendering a recipe of treatment absent any individualized medical decision making;

d.     Rendering treatment which is unrelated to the severity of the diagnosed, or reasonably suspected, injury or condition incurred by the patient;

e.     Rendering treatment which is provided solely for the purpose of enabling the patient to incur medical treatment expenses in excess of the tort threshold established by Mass. Gen. Laws ch. 231, §6D;

f.     Billing for services which were not performed and/or overstating the amount of time spent evaluating and/or treating patients;

g.     Billing that exceeds reasonable fees for such services;

h.     Submitting invoices containing charges that amount to overutilization of practice;

i.     Submitting invoices containing charges for examinations which are based on a level of coding which is not consistent with the patient's medical history, subjective and objective clinical findings concerning the patient which were made at the time of the visit, the complexity of the clinical decision-making involved in the diagnosis and/or treatment of the patient, or the nature of the care provided to the patient;

j.    Submitting invoices containing charges for treatments, procedures or services which were not rendered, were not fully rendered, or were not rendered as represented by treating chiropractor;

k.    Submitting treatment notes and invoices containing charges for excessive and improper use of supportive procedures and therapies;

l.    Submitting invoices and treatment records for treatment of minors that wholly exceed reasonable and necessary treatment parameters;

m.    Submitting treatment records documenting patients' disability when presenting at clinic through discharge without differentiation to individual patient's injury, age, employment and other relevant factors; and

n.    Authoring incomplete and misleading reports to insurance companies indicating false positive orthopedic tests without description or appropriate qualification.

63.    The chart annexed hereto as Exhibit 1, and incorporated by reference herein as if set forth in its entirety, outlines defendants' claim-specific fraudulent conduct and details the specific nature of the misrepresentation(s) and/or other fraudulent content advanced by or on behalf of defendants with respect to each claim plead. Unless noted to the contrary, an indication that particular fraudulent conduct/content and/or representation was found in connection with a particular claimant is deemed to run through the totality of that patient's medical documentation (e.g., a finding that defendants violated Massachusetts law by "rendering a recipe of treatment absent any

individualized medical decision making" — see Exhibit 1 — should be construed as alleging such wrongful conduct at the time of each record and invoice advanced in connection with the treatment allegedly rendered to the identified patients).

64.    In connection with each of the patients identified in Exhibit 1, the defendants created and submitted false medical documentation to Encompass (and others including First Spine patient attorneys who, in turn, sent the false medical documentation to Encompass) through the U.S. Mail demanding payment pursuant to Mass. Gen. Laws ch. 90, §34M and the Standard Massachusetts Automobile Policy.

65.    All of the medical bills advanced by First Spine contained Current Procedural Terminology Codes (hereinafter "CPT Codes").

66.    CPT Codes are published annually by the American Medical Association (hereinafter "AMA") to facilitate the efficient processing of medical charges by insurance carriers and other private and governmental health care payors.

67.    By including CPT Codes on their bills, First Spine represented to Encompass that the modalities listed on the bill were performed in a manner required by the AMA's guidelines.

68.    By creating medical bills that include CPT Codes, then causing such invoices to be mailed to Encompass, the defendants were representing that the invoiced treatment modalities had been performed in conformity with the AMA's CPT Code guidelines.

69.    Many of the bills prepared and submitted by First Spine, under the defendants' supervision and control, were submitted under improper and/or deceptive CPT Codes.

70.     First Spine engaged in CPT upcoding in connection with the alleged

treatment of patients for which Encompass became responsible. See Exhibit 1.  By way

of example, First Spine customarily billed Encompass for a patient's initial office visit

under CPT Code 99205 (or 99204).  The criteria developed by the AMA to properly

assign a CPT Code to medical billing invoices include the components illustrated in the

chart below.

| | HISTORY | EXAMINATION | MEDICAL DECISION MAKING | FACE TO FACE TIME |
|---|---|---|---|---|
| **99201** | Problem focused | Problem focused | Straight forward | 10 minutes |
| **99202** | Expanded problem focused | Expanded problem focused | Straight forward | 20 minutes |
| **99203** | Detailed | Detailed | Low complexity | 30 minutes |
| **99204** | Comprehensive | Comprehensive | Moderate complexity | 45 minutes |
| **99205** | Comprehensive | Comprehensive | High complexity | 60 minutes |

The factors considered to determine the "complexity" of medical decision making in

arriving at a proper CPT Code assignment include:

| | NUMBER OF DIAGNOSES OR MANAGEMENT OPTIONS | AMOUNT AND/OR COMPLEXITY OF DATA TO BE REVIEWED | RISK OF COMPLICATIONS AND/OR MORBIDITY OR MORTALITY |
|---|---|---|---|
| **Straight forward medical decision making (CPT Code 99201-99202)** | Minimal | Minimal or none | Minimal |
| **Low complexity medical decision making (CPT Code 99203)** | Limited | Limited | Low |
| | **NUMBER OF DIAGNOSES OR MANAGEMENT OPTIONS** | **AMOUNT AND/OR COMPLEXITY OF DATA TO BE REVIEWED** | **RISK OF COMPLICATIONS AND/OR MORBIDITY OR MORTALITY** |
| **Moderate complexity medical decision making** | Multiple | Moderate | Moderate |

| (CPT Code 99204) | | | |
|---|---|---|---|
| **High complexity medical decision making (CPT Code 99205)** | Extensive | Extensive | High |

71.     Accordingly, to warrant a medical bill demanding payment for CPT Code 99205, the injury/condition would necessarily require:

    a.   a <u>high</u> risk of mortality, morbidity and/or complications;

    b.   extensive diagnoses and review of complex data; and

    c.   the defendants to: 1) obtain <u>comprehensive</u> patient histories; 2) conduct <u>comprehensive</u> examinations; and 3) evaluate a patient (face-to-face) interaction for approximately 60 minutes.

72.     Team leader defendant Brian Culliney has boasted that he has "treated" as many as two hundred (200) patients in a single First Spine Lowell clinic business day.

73.     The defendants operating through First Spine made material misrepresentations of fact and engaged in intentionally unfair and deceptive business practices by creating and mailing through the U.S. Mail, medical bills that included CPT Codes for treatment modalities that were not performed or were not performed consistent with the AMA's CPT requirements.

74.     The medical invoices created by the defendants were generated at Future Management's headquarters in Chelmsford, Massachusetts and were not reviewed for accuracy by the alleged treating chiropractor.

75.     The defendants altered medical documentation -- such alterations not being relevant to the medical well-being of First Spine patients, but rather to deceive insurers (including Encompass) to better guarantee payment of First Spine claims.

76.     Such medical record alteration is carried out under the direction and control of defendants and other unknown Future Management bookkeeping personnel.

77.     In some cases, Future Management employees under the direction and control of, one or more of the individual defendants, altered and/or created medical records, invoices and health-insurance claim forms with incorrect chiropractor identification (i.e., not the chiropractor who purportedly rendered treatment in a given case) in place of the actual "treating" chiropractors who were otherwise not privileged and/or licensed and/or approved to submit bills in certain instances.

78.     The number of chiropractic modalities allegedly rendered by First Spine in connection with the treatment of each alleged patient guaranteed that a patient's medical bills would exceed the $2,000 tort threshold codified at Mass. Gen. Laws ch. 231, §6D.

79.     First Spine and their runner agents would assist First Spine clinic patients to obtain legal representation to pursue personal injury lawsuits.

80.     At all relevant times, First Spine chiropractors were required to market First Spine services to personal injury attorneys.

81.     First Spine routinely delayed the submission of records and bills to insurers, including Encompass.  (See Exhibit 1).  This tactic thwarted Encompass's opportunity to perform a timely, objective and independent evaluation of (1) the patient's true condition, (2) the necessity of the treatment allegedly rendered, and (3) the reasonableness of the fees charged.

82.     The defendants exaggerated, misrepresented and fabricated reports to claimant attorneys to increase settlement potential.  (See Exhibit 1).

83.    By advancing their bills in this manner, defendants intended that Encompass would rely upon the accuracy of such invoices when evaluating them for payment.

84.    By creating false documentation, First Spine engaged in an ongoing pattern of unfair and deceptive business practices within the meaning of Mass. Gen. Laws ch. 93A.

A.    <u>EXEMPLAR CLAIMS</u>

By way of example only, the following claims illustrate defendants' pattern and practice of creating and submitting false medical documentation to Encompass through the U.S. Mail to obtain insurance proceeds.  In each of the following exemplars, defendants were operating through First Spine (i.e., alleged rendering of chiropractic treatment) and Future Management (i.e., generation and collection of medical invoices). All of the Encompass payments referenced in this Complaint were made in reliance upon the false medical documentation created and advanced by defendants.

1.  <u>Punlork Sar Claims</u>

85.    In connection with Encompass claim no. 03418795, defendants created and submitted false medical documentation in furtherance of seven claimants ranging from 7 years of age to 53 years of age, and advanced under Punlork Sar's automobile insurance policy with Encompass.  See Exhibit 1.

86.    Coincidentally, not only did First Spine treat all the claimants in the vehicle owned and insured by Mr. Sar, First Spine also had the good fortune to allegedly render treatment to the driver of the adverse vehicle, Jorge Diaz.

87.     The subject accident allegedly occurred on February 11, 2001, at 9:00 p.m.

88.     The next day, all seven claimants (from both vehicles) allegedly received the highest complexity CPT-coded exams at First Spine under the direction and supervision of defendants Culliney and McConnell.

89.     The insured vehicle allegedly sustained $900 in damage (parts and labor).

90.     The false medical documentation advanced by First Spine failed to properly document the physical condition of the claimants.

91.     The defendants delayed reexamination of all claimants, regardless of discrepancies in age, physical condition and alleged injury.

92.     The seven-year-old claimant received 32 total dates of alleged chiropractic service amassing medical bills in excess of $3,200.  The 53 year old male driver of the adverse vehicle also received 32 dates of alleged chiropractic treatment and amassed in excess of $3,100 in First Spine medical bills.

93.     Despite the fact that all claimants appeared to have completed and submitted PIP Benefit applications on a timely basis, defendants delayed submission of false medical documentation until the claimants met or exceeded the Massachusetts tort threshold.  See Exhibit 1.

94.     First Spine medical records indicate that the adverse operator claimant had no relevant prior medical history.  However, Encompass's investigation revealed a similar prior loss(es).

95.     On about March 8, 2002, Encompass received through the U.S. Mail First Spine false medical documentation in connection with treatment allegedly rendered to Punlork Sar.

96.     On about March 11, 2001, Encompass received through the U.S. Mail First Spine false medical documentation in connection with treatment allegedly rendered to Sambath Bo.

97.     On about June 6, 2001, Encompass received through the U.S. Mail First Spine false medical documentation in connection with treatment allegedly rendered to Lysabad Bo.

98.     On about June 6, 2001, Encompass received through the U.S. Mail First Spine false medical documentation in connection with treatment allegedly rendered to Samban Bo.

99.     On about May 24, 2001, Encompass received through the U.S. Mail First Spine false medical documentation in connection with treatment allegedly rendered to Samentha Mao.

100.    On about October 22, 2001, Encompass received through the U.S. Mail First Spine false medical documentation in connection with treatment allegedly rendered to Sambun Sar.

101.    On September 3, 2002, November 5, 2002 and October 14, 2004, letters were sent by lawyers on behalf of First Spine to Encompass demanding payment in connection with chiropractic treatment allegedly rendered arising from the Punlork Sar collision.

102.    Encompass remitted payment by check via the U.S. Mail on June 15, 2001, in the amount of $1,818, for treatment allegedly related to Lysabad Bo.

103.    Encompass remitted payment by check via the U.S. Mail on July 16, 2001, in the amount of $2,105 for treatment allegedly related to Sambun Sar.

104.    Encompass remitted payment by check via the U.S. Mail on June 15, 2001, in the amount of $1,973 for treatment allegedly related to Sambun Sar.

105.    Encompass remitted payment by check via the U.S. Mail on June 19, 2001, in the amount of $1,150 for treatment allegedly related to Samentha Mao.

106.    Encompass remitted payment by check via the U.S. Mail on June 15, 2001, in the amount of $2,053 for treatment allegedly related to Samentha Mao.

107.    Encompass remitted payment by check via the U.S. Mail on June 19, 2001, in the amount of $2,220 for treatment allegedly related to Samban Bo.

108.    Encompass remitted payment by check via the U.S. Mail on June 15, 2001, in the amount of $1,878 for treatment allegedly related to Samban Bo.

109.    Encompass remitted payment by check via the U.S. Mail on June 21, 2001, in the amount of $1,400 for treatment allegedly related to Sambath Bo.

110.    Encompass remitted payment by check via the U.S. Mail on June 21, 2001, in the amount of $1,795 for treatment allegedly related to Lysabad Bo.

111.    Encompass remitted payment by check via the U.S. Mail on June 15, 2001, in the amount of $1,958 for treatment allegedly related to Sambath Bo.

112.    Encompass remitted payment by check via the U.S. Mail on June 15, 2001, in the amount of $1,968 for treatment allegedly related to Punlork Sar.

113.    Encompass remitted payment by check via the U.S. Mail on July 16, 2001, in the amount of $1,170 for treatment allegedly related to Punlork Sar.

114.    Encompass remitted payment by check via the U.S. Mail on July 19, 2001, in the amount of $450 for treatment allegedly related to Punlork Sar.

115.    In addition, Encompass paid $4,700 to Jorge Diaz in settlement of his alleged third-party tort claim, supported in significant part on the basis of fraudulent medicals Diaz allegedly incurred through First Spine.

2.  Chareth Rath Claims

116.     In connection with Encompass claim no. 03513997, defendants created and submitted false medical documentation in furtherance of five claims advanced under Chareth Rath's automobile insurance policy with Encompass.  See Exhibit 1.

117.    The claimants, ranging from 11 years of age to 42 years of age, purportedly received chiropractic treatment at First Spine from defendants McConnell and Culliney.

118.    Accident data revealed that the alleged automobile collision resulted in less than $200 damage.

119.    The October 27, 2003 accident was alleged to have occurred at 11:50 p.m., and all five claimants presented to First Spine on October 28, 2003.

120.    All five claimants received the exact same initial evaluation and follow-up treatment for approximately 48 appointments over the course of 125 days.

121.    First Spine delayed reexamination of all five claimants until they had all received excessive treatment.

122.    In furtherance of its investigation and evaluation of the claim presented, Encompass requested that the five claimants submit to an examination under oath pursuant to the express terms of the policy contract under which they sought benefits. All of the claimants failed to appear for their duly scheduled examinations under oath.

123.    On November 24, 2003, June 17, 2004, August 13, 2004, July 22, 2004, and March 3, 2005, Encompass received through the U.S. Mail false medical documentation created by defendants in connection with Vongdeyan Khiasoth's claim.

124.    On June 4, 2004, Encompass paid Vongdeyane Khiasoth's medical bills in the amount of $867 remitted by check through the U.S. Mail.

125.    On November 24, 2003, and June 24, 2004, Encompass received false medical documentation created by defendants in connection with the treatment allegedly rendered to Kristina Rath through the U.S. Mail.

126.    On June 1, 2004, Encompass paid Kristina Rath's medical bills in the amount of $862, remitted by check through the U.S. Mail.

127.    On November 24, 2003, Encompass received false medical documentation through the U.S. Mail in connection with the treatment allegedly rendered to Kan Peov.

128.    Encompass paid Kan Peov's medical bills in the amount of $862, by check through the U.S. Mail on or about June 1, 2004.

129.    Encompass received false medical documentation through the U.S. Mail on February 18, 2004, and June 17, 2004, in connection with the treatment allegedly rendered to Saleen Phan.

130.    Encompass paid Saleen Phan's medical bills in the amount of $2,302, submitted by check through the U.S. Mail on or about June 4, 2004.

3. <u>Den Tith Claim</u>

131.    In connection with Encompass claim no. 03486642, defendants created false medical documentation in connection with chiropractic treatment arising from an alleged October 16, 2002, automobile accident.  See Exhibit 1.

132.    The accident allegedly occurred at 7:40 a.m., following which the insured's vehicle was towed from the accident scene.

133.    Den Tith presented to First Spine later that morning, complaining of pain in four (4) regions of his body.

134.    Tith purportedly received chiropractic treatment administered by and/or supervised by defendants McConnell and Culliney.

135.    Later on the date of the alleged accident, (and <u>after</u> allegedly commencing chiropractic treatment), Mr. Tith was referred back to the hospital by First Spine to undergo x-rays.

136.    First Spine generated records and invoices containing excessive CPT-coded billing.

137.    Thereafter, Mr. Tith returned to First Spine on forty-four (44) occasions over the course of 105 days, amassing medical charges in excess of $4,700.

138.    Although Mr. Tith's insurance benefit application was submitted one day following the alleged loss, First Spine delayed submission of Tith's medical bills until Tith reached the Massachusetts tort threshold.

139.    Encompass received First Spine-created false medical documentation through the U.S. Mail on October 17, 2002, December 27, 2002, January 27, 2003, and February 11, 2003.

24

140.    Encompass remitted payments by check in the amount of $440 on January 29, 2003, $115 on March 24, 2003, $440 on January 15, 2003, $2,270 on January 31, 2003, and $1,015 on March 6, 2003, $1,435 on March 24, 2003, which payments traveled through the U.S. Mail.

4.  Sam Nang Ngeth Claims

141.    In connection with Encompass claim no. 03468665, defendants created false medical documentation in connection with chiropractic treatment arising from chiropractic allegedly rendered to Encompass's insured and claimants Sitha Mam and Sitha Ngeth for injuries purportedly attributable to a motor vehicle accident on March 15, 2005.  See Exhibit 1.

142.    All three of the teenage claimants reportedly presented to First Spine on March 19, 2002.

143.    Although accident report data indicated that none of the claimants were seat-belted at the time of the alleged collision, First Spine records indicate that all claimants were restrained at impact.

144.    Accident report data indicates that the collision was a front-end impact caused by a second vehicle.  First Spine records indicated that the injuries resulted from a rear-end impact.

145.    According to First Spine documentation, all claimants complained of pain/injury in three-four body parts.

146.    First Spine generated records and invoices with excessive CPT-coded bills in connection with all claimants.

147.    Defendants delayed reexamination for an identical period of time in connection with each of the claimants

148.    The claimants purportedly received treatment on 47-49 separate appointments over 120 days, with each claimant amassing First Spine medical bills in excess of $4,700.

149.    The Lowell Police Report indicates there were no injuries resulting from the alleged collision.

150.    All the claimants were deemed <u>totally</u> <u>disabled</u> at the time of their presentment to First Spine, despite the fact that none of the claimants were employed full time, if at all.

151.    Submission of First Spine treatment records and invoices to Encompass was delayed by 6 months following the loss, until the claimants exceeded the Massachusetts tort threshold.

152.    On September 30, 2002, First Spine false medical documentation was submitted through the U.S. Mail to Encompass in connection with treatment allegedly rendered to Sitha Ngeth and Sitha Mam.

153.    On November 2, 2002, First Spine records and invoices concerning treatment purportedly rendered to Sammy Ngeth, were submitted through the U.S. Mail to Encompass.

154.    By mailing a check on or about April 3, 2003, Encompass paid $4,894 in connection with treatment purportedly rendered to Sitha Mam,.

155.    By mailing a check on December 29, 2003, Encompass paid $423 in connection with treatment purportedly rendered to Sitha Ngeth.

156.    By mailing a check on April 3, 2003, Encompass paid $4,431 in connection with treatment purportedly rendered to Sitha Ngeth.

157.    By mailing a check on April 9, 2003, Encompass paid $4,754 in connection with treatment purportedly rendered to Sam Nang Ngeth.

     5.    Ramon Perez Claims

158.    In connection with Encompass claim no. 03532767, defendants created false medical documentation in connection with chiropractic treatment arising from a January 10, 2004, motor vehicle collision.  See Exhibit 1.

159.    The claimants ranged in age from 8 to 51.

160.    Three of the four claimants were minors at the time of the accident.

161.    All claimants presented to First Spine within 3 days of the alleged accident.

162.    All claimants received the same CPT-level treatment modalities.

163.    All claimants' reevaluations were delayed for an identical period of time.

164.    First Spine delayed submission of medical bills to Encompass until all claimants exceeded the Massachusetts tort threshold.

165.    The treatment purportedly rendered to each claimant was supervised by McConnell and Culliney.

166.    On April 16, 2004 and April 30, 2004, Encompass received through the U.S. Mail medical records and bills in connection with treatment allegedly rendered to Alma Carrasquillo.

167.    On April 15, 2004, April 16, 2004 and April 27, 2004, Encompass received through the U.S. Mail medical records and bills in connection with treatment allegedly rendered to Anthony Arias.

168.    On March 22, 2004, March 30, 2004, April 16, 2004 and April 30, 2004, Encompass received through the U.S. Mail medical records and bills in connection with treatment allegedly rendered to Dimitri Molena.

169.    On March 15, 2004, March 30, 2004, April 16, 2004 and April 30, 2004, Encompass received through the U.S. Mail medical records and bills in connection with treatment allegedly rendered to Roberto Delvalle.

170.    Encompass paid First Spine's bills in the amount of $1,740 on April 12, 2004, in connection with the treatment allegedly rendered to Roberto Delvalle, which payment traveled through the U.S. Mail.

171.    Encompass paid First Spine's bills in the amount of $2,525 on April 12, 2004, in connection with the treatment allegedly rendered to Dimitri Molena, which payment traveled through the U.S. Mail.

172.    Encompass paid First Spine's bills in the amount of $1,740 on October 13, 2004, in connection with the treatment allegedly rendered to Roberto Delvalle, which payment traveled through the U.S. Mail.

173.    Encompass paid First Spine's bills in the amount of $2,385 on April 12, 2004, in connection with the treatment allegedly rendered to Alma Carrasquillo, which payment traveled through the U.S. Mail.

6. <u>Chhang Kong Claims</u>

174.    In connection with Encompass claim no. 03465736, defendants created and submitted false medical documentation in furtherance of three claims allegedly attributable to a June 4, 2002, automobile collision.  See Exhibit 1.

175.    Each of the claimants, ranging in age from 20 to 64 years of age, allegedly complained of pain/injury in five (5) body parts.

176.    The vehicle involved in the alleged collision sustained minimal damage.

177.    The medical records created by the defendants failed to document the mechanism of injury.

178.    First Spine medical records indicate that all claimants received excessive CPT-coded initial evaluations.

179.    <u>Following</u> commencement of treatment, all three claimants were referred by First Spine to obtain x-rays.

180.    The medical records created by the defendants, through First Spine, contained false information regarding prior medical history/condition of the claimants.

181.    All claimants received identical treatment on at least forty-five (45) separate visits, amassing First Spine medicals in excess of $4,800 per claimant.

182.    On August 16, 2002, August 23, 2002, October 7, 2002, and October 25, 2002, Encompass received through the U.S. Mail First Spine false medical documentation demanding payment for treatment allegedly rendered to Chhang Kong.

183.    On August 16, 2002, August 23, 2002, October 7, 2002, and October 25, 2002, Encompass received through the U.S. Mail First Spine false medical documentation demanding payment for treatment allegedly rendered to Chanda Kong.

184.    On July 16, 2002, July 22, 2002, August 16, 2002, September 9, 2002, and October 15, 2002, Encompass received through the U.S. Mail First Spine false medical documentation demanding payment for treatment allegedly rendered to Chhang Kong.

185.    On July 16, 2002, August 15, 2002, and October 29, 2002, Encompass received through the U.S. Mail First Spine false medical documentation demanding payment for treatment allegedly rendered to Phala Phoun.

186.    Encompass remitted payment through the U.S. Mail on September 11, 2002, in the amount of $1,725 for treatment allegedly rendered to Phala Phoun.

187.    Encompass remitted payment through the U.S. Mail on September 6, 2002, in the amount of $2,456 for treatment allegedly rendered to Chhang Kang.

188.    Encompass remitted payment through the U.S. Mail on September 20, 2002, in the amount of $1,045 for treatment allegedly rendered to Chhang Kang.

189.    Encompass remitted payment through the U.S. Mail on December 31, 2002, in the amount of $1,281 for treatment allegedly rendered to Chanda Kong.

190.    Encompass remitted payment through the U.S. Mail on September 20, 2002, in the amount of $1,521 for treatment allegedly rendered to Phala Phoun.

191.    Encompass remitted payment through the U.S. Mail on December 31, 2002, in the amount of $1,890 for treatment allegedly rendered to Chanda Kong.

192.    Encompass remitted payment through the U.S. Mail on January 14, 2003, in the amount of $1,135 for treatment allegedly rendered to Chhang Kang.

193.    Encompass remitted payment through the U.S. Mail on January 14, 2003, in the amount of $1,195 for treatment allegedly rendered to Chanda Kong.

194.    Encompass remitted payment through the U.S. Mail on February 26, 2004, in the amount of $530 for treatment allegedly rendered to Chanda Kong.

7. Sokean Phlong Claims

195.    In connection with Encompass claim no. 03483838, defendants created and submitted false medical documentation in furtherance of two claims (claimants age 5 and 27) made under Sokean Phlong's automobile insurance policy with Encompass. See Exhibit 1.

196.    Following an alleged collision on February 14, 2003, the claimants presented to First Spine where they each received identical evaluations and subsequent medical treatment administered and/or supervised by defendants Culliney and McConnell.

197.    First Spine delayed reevaluation of both claimants for an identical period of 18 dates of service.

198.    Incredibly, the five-year-old male claimant purportedly received 26 dates of service under the chiropractic supervision of chiropractors McConnell and Culliney during which he allegedly received treatment and modalities including electric muscle stimulation and a "thermal-agent".

199.    The defendants delayed submission of medical records and bills in connection with Phlong and Oeur until both claimants met or exceeded the Massachusetts tort threshold.

200.    The medical records advanced by defendants indicate that Phlong was totally disabled despite the fact that she reported in her application for insurance benefits that she sustained no lost wages or missed any time from work.

201.     Encompass received via the U.S. Mail on May 20, 2003, and October 7, 2003, false medical documentation created by the defendants in connection with Sokean Phlong's claim.

202.     Encompass received false medical documentation created by defendants through First Spine, via the U.S. Mail on April 7, 2003, April 22, 2003, February 26, 2004, and March 10, 2004, in connection with Brandon Oeur's claim.

203.     Encompass paid Brandon Oeur's First Spine medical bills on May 14, 2003, in the amount of $1,795.

204.     Encompass paid Brandon Oeur's First Spine medical bills on April 19, 2004, in the amount of $1,083.

205.     Encompass paid Sokean Phlong First Spine medical bills on April 21, 2003, in the amount of $2,000.

206.     Encompass paid Sokean Phlong First Spine medical bills on June 11, 2003, in the amount of $102.

207.     Encompass paid Sokean Phlong First Spine medical bills on November 6, 2003, in the amount of $1,465.

8. <u>Sally Kong Claims</u>

208.     In connection with Encompass claim no. 03481235, defendants created and submitted false medical documentation in furtherance of two claims made under Sally Kong's automobile insurance policy with Encompass.  See Exhibit 1.

209.     Both claimants (age 32, 33) alleged personal injury arising from a November 27, 2002, automobile accident, which resulted in total property damage of $258

210.    Both claimants presented to First Spine where they received identical evaluations and were then referred to the hospital emergency room for x-rays.

211.    First Spine medical records failed to document the mechanism of injury.

212.    The police report indicates that there were no injured parties in either vehicle.

213.    Each claimant received nearly identical treatment over the course of at least forty-six (46) dates of service.

214.    Both claimants were declared totally disabled.

215.    The chiropractic care allegedly rendered in connection with both claimants was administered or overseen by defendants Culliney and McConnell.

216.    First Spine medical records falsely indicate that both claimants had negative prior medical/injury history.

217.    The defendants delayed submission of the claimants' medical records and bills until each claimant had met or exceeded the Massachusetts tort threshold.

218.    False medical documentation in connection with treatment allegedly rendered to Sally Kong was forwarded to Encompass through the U.S. Mail on January 17, 2003, January 27, 2003, April 21, 2003, May 12, 2003, June 4, 2003 and June 13, 2003.

219.    False medical documentation in connection with treatment allegedly rendered to Chinda Kruth was forwarded to Encompass through the U.S. Mail on January 27, 2003, October 21, 2004, December 31, 2004, and February 9, 2005.

220.    Encompass submitted payment of Sally Kong's medical bills through the U.S. Mail on February 17, 2003, in the amount of $1,910.

33

221.    Encompass submitted payment of Sally Kong's medical bills through the U.S. Mail on June 20, 2003, in the amount of $295.

### 9. Chinda Kruth Claims

222.    In connection with Encompass claim no. 03456762, defendants created and submitted false medical documentation in furtherance of two claims made under Chinda Kruth's (see Sally Kong Claims, supra) automobile insurance policy with Encompass. See Exhibit 1.

223.    On September 6, 2001, Pamela Nou and Saroeun Hou were allegedly injured while traveling in Kruth's vehicle, which sustained $300 total damage.

224.    Medical records created by First Spine failed to document the mechanism of alleged injury.

225.    Subsequently, both claimants presented to First Spine within 4 days of the alleged accident complaining of pain/injury in five (5) areas of their bodies.

226.    Claimants received identical treatment over the course of 47 separate dates of service, each amassing First Spine medical bills in excess of $4,600.

227.    The defendants delayed reevaluation of each claimant for an identical period of 18 days of treatment.

228.    The claimants managed to submit applications for insurance benefits within one week of the alleged loss. First Spine, however, delayed submission of medical bills and records until each claimant had nearly met the Massachusetts tort threshold.

229.    The chiropractic treatment allegedly rendered to both claimants was administered and/or supervised by defendants Culliney and McConnell.

230.    The false medical documentation created by the defendants in connection with Pamela Nou's claim was received by Encompass through the U.S. Mail on December18, 2002, December 31, 2002, January 6, 2003, January 21, 200, January 27, 2003, and March 8, 2004.

231.    The false medical documentation created by the defendants in connection with Hou's claim was received by Encompass through the U.S. Mail on July 12, 2002, August 12, 2002, October 18, 2002, March 9, 2004, and October 22, 2004.

232.    Encompass paid Saroeun Hou's medical bills of $2,789 by check through the U.S. Mail on January 30, 2002.

233.    Encompass paid Pamela Hou's medical bills of $973 by check through the U.S. Mail on March 7, 2002.

10.    Nguon Kosal Claims

234.    In connection with Encompass claim no. 03381790, defendants created and submitted false medical documentation in furtherance of four claims advanced under Nguon Kosal's automobile insurance policy with Encompass.  See Exhibit 1.

235.    Following a minimal-impact accident, all four claimants presented to First Spine.

236.    The police report indicates that no person involved in the accident sustained physical injury.  Notwithstanding, all four claimants reportedly received the highest CPT-coded evaluation--CPT 99205-- at First Spine.

237.    First Spine records, indicated that all claimants complained of pain/injury in four (4) regions of their bodies.

238.    The defendants delayed reevaluation of each claimant for an identical period of service.

239.    All claimants receive 50-51 dates of chiropractic service.

240.    First Spine documents provide that each claimant was totally disabled for 2-3 weeks.

241.    First Spine delayed submission of medical records and bills demanding insurance payments until all claimants had well exceeded the Massachusetts tort threshold

242.    On April 19, 1999, May 3, 1999, and May 20, 1999, Encompass received through the U.S. Mail false medical documentation created by the defendants in connection with treatment allegedly rendered to Nguon Kosal.

243.    On March 19, 1999, May 17, 1999, and December 30, 1999, Encompass received through the U.S. Mail false medical documentation created by the defendants in connection with treatment allegedly rendered to Prak Sok Cheath.

244.    On March 15, 1999, April 5, 1999, May 3, 1999, March 6, 2003, and March 10, 2003, Encompass received through the U.S. Mail false medical documentation created by the defendants in connection with treatment allegedly rendered to Suphala Chum.

245.    On March 15, 1999, May 3, 1999, May 5, 1999, and May 19, 1999, Encompass received through the U.S. Mail false medical documentation created by the defendants in connection with treatment allegedly rendered to Sophaly Chum.

246.    Encompass remitted payment through the U.S. Mail on February 17, 2000, in the amount of $1,833 for Prak Sok Cheeth's First Spine medicals.

247.    Encompass remitted payment through the U.S. Mail on March 30, 1999, in the amount of $2,212 for Prak Sok Cheeth's First Spine medicals.

248.    Encompass remitted payment through the U.S. Mail on November 27, 2001, in the amount of $1,558 for Suphala Chum's First Spine medicals.

249.    Encompass remitted payment through the U.S. Mail on November 27, 2001, in the amount of $2,236 for Suphala Chum's First Spine medicals.

250.    Encompass remitted payment through the U.S. Mail on March 30, 1999, in the amount of $1,847 for Suphala Chum's First Spine medicals.

251.    Encompass remitted payment through the U.S. Mail on March 30, 1999, in the amount of $1,579 for Suphala Chum's First Spine medicals.

### 11.    Sandy Mac Claims

252.    In connection with Encompass claim no. 03425232, the defendants created and advanced false medical documentation in support of four claims allegedly arising in connection with an April 25, 1999, collision under Sandy Mac's automobile insurance policy with Encompass.  See Exhibit 1.

253.    The four claimants were minors ranging from 7 years of age to 12 years of age.

254.    All four child claimants were restrained rear-seat passengers in the insured's 1989 Toyota Camry.

255.    Total cost of repairs to the insured vehicle as a result of this minimal impact was $335.

256.    According to the Police Report, there were no injuries apparent or reported at the accident scene.  However, an operator's report submitted in support of these claims indicated that all 4 children and 2 adult passengers sustained injury.

257.    All four (4) minor claimants first presented to First Spine and commenced chiropractic treatment from defendant Culliney sixty-five (65) days after the alleged accident.

258.    Medical records generated by the defendants indicate that all 4 minor claimants complained of pain/injury in three (3) areas of their bodies.

259.    Despite the fact (1) that this was a minimal impact accident, and (2) that all of the claimants reported for "treatment" more than 2 months post-accident, each claimant received the highest level of complexity evaluation (CPT code 99205) according to First Spine medical documentation.

260.    The defendants delayed reevaluation of each of the 4 minor claimants until at least the 18th day of service.

261.    Each claimant allegedly received treatment on at least twenty-eight (28) chiropractic appointments.

262.    Incredibly, two of these minor claimants were declared totally disabled as a result of the loss.

263.    The defendants delayed submission of medical records and bills to Encompass until all claimants met or exceeded the Massachusetts tort threshold.

264.    Encompass received via the U.S. Mail false medical documentation created by the defendants by letters dated September 7, 1999, September 20, 1999,

October 4, 1999 and October 18, 1999, in connection with chiropractic treatment allegedly rendered to Naravouth Mac.

265.    Encompass received via the U.S. Mail false medical documentation created by the defendants by letters dated September 7, 1999, October 4, 1999 and October 18, 1999, in connection with chiropractic treatment allegedly rendered to Emmy Vann.

266.    Encompass received via the U.S. Mail, false medical documentation created by defendants by letters dated September 7, 1999, and September 20, 1999, in connection with chiropractic treatment allegedly rendered to Sandy Mac.

267.    Encompass received via the U.S. Mail false medical documentation created by defendants by letters dated September 7, 1999, September 20, 1999, and December 13, 1999, in connection with chiropractic treatment allegedly rendered to Norayuti Nak.

268.    Encompass remitted payment via the U.S. Mail on February 16, 2000, in the amount of $150 for treatment allegedly rendered to Naravouth Mac.

269.    Encompass remitted payment via the U.S. Mail on February 16, 2000, in the amount of $150 for treatment allegedly rendered to Enny Vann.

270.    Encompass remitted payment via the U.S. Mail on June 26, 2000, in the amount of $3,073 for treatment allegedly rendered to Norayuti Nak.

271.    Encompass remitted payment via the U.S. Mail on February 16, 2000, in the amount of $150 for treatment allegedly rendered to Sandy Mak.

272.    Encompass remitted payment via the U.S. Mail on June 26, 2000, in the amount of $1,866 for treatment allegedly rendered to Sandy Mak.

273.    Encompass remitted payment via the U.S. Mail on June 26, 2000, in the amount of $3,023 for treatment allegedly rendered to Enny Vann.

274.    Encompass remitted payment via the U.S. Mail on June 26, 2000, in the amount of $2,763 for treatment allegedly rendered to Naravouth Mac.

                12.    Tim Oeun Claim

275.    In connection with Encompass claim no. 03457313, defendants created and advanced false medical documentation for the claim made pursuant to Tim Oeun's automobile insurance policy with Encompass.  See Exhibit 1.

276.    Mr. Oeun is alleged to have sustained severe personal injury in a minor automobile accident, following which he reported to First Spine complaining of pain and injury in five (5) body regions.

277.    According to medical documentation created and advanced by defendants, Mr. Oeun was subjected to an initial examination and was declared totally disabled for (9) days.

278.    Mr. Oeun was "discharged" on his 18th visit to First Spine (contrary to the pattern of nearly every other First Spine automobile accident patient).

279.    Further investigation revealed that on the day following his "discharge," Mr. Oeun was involved in a subsequent automobile accident on October 30, 2001 (for which he commenced yet another round of treatment at First Spine).

280.    Despite treatment records (for the initial accident) indicating that Mr. Oeun's treatment frequency reduced as he progressed through treatment, Oeun actually received (or at least First Spine demanded payment in connection with) a treatment

frequency of at least 3 times a week through the entirety of his alleged First Spine care related to claim no. 03457313.

281.    Therefore, Oeun was treating and complaining of significant discomfort as of his eighteenth visit, but was discharged in order to allow Oeun to commence a new regimen of treatment in connection with the October 30, 2001 loss.

282.    Mr. Oeun subsequently returned to First Spine in connection with yet another alleged motor vehicle accident occurring on October 13, 2004.

283.    False medical documentation created and advanced by defendants was received by Encompass through U.S. Mail on January 18, 2002.

284.    Encompass remitted payment via the U.S. Mail on September 12, 2002, in the amount of $472.

285.    Encompass remitted payment via the U.S. Mail on February 25, 2003 in the amount of $1,315.

286.    Mr. Oeun has been involved in and/or advanced auto insurance claims in connection with approximately ten automobile accidents.

287.    In connection with nearly every accident, Mr. Oeun obtained treatment from defendant Culliney (or at least from a facility with which Culliney was associated).

288.    Specifically, in connection with two automobile accident claims advanced in August 1994 and October 1996, Mr. Oeun purportedly received chiropractic treatment at World Family Chiropractic, Culliney's former employer.  Defendant Culliney was later named as a defendant in a civil racketeering action brought in U.S. District Court (Massachusetts) against World Family Chiropractic.

289.    Another former World Family Chiropractic employee, Socha Dy, followed Culliney and is currently employed by First Spine.  At her deposition in the World Family case, Ms. Dy invoked her privilege against self-incrimination in response to all material questions.

B.    ADDITIONAL CLAIM-SPECIFIC FRAUDULENT CONDUCT

290.    Information provided by First Spine patients Melinda Phauk, Channara Phauk, Veda Phauk, Johnny Phauk, Chantha Phauk, Teveg Phauk, Jacriya Phauk, Dika Phauk and Chanaette Phauk in connection with an automobile collision reportedly occurring on November 3, 2003 (claim no. 03513995), revealed evidence of (1) treatment not rendered, (2) treatment rendered for injuries not complained of, and (3) treatment not related to the injury (heat therapy).

291.    Information provided by First Spine patient Diane Melo in connection with an automobile collision reportedly occurring on December 8, 2003 (claim no. 03493502), revealed evidence of over utilization of treatment.

292.    Information provided by First Spine patients, Marina Non, Mith Non, Rada Non, Chanley Non and Savet Non in connection with an automobile collision reportedly occurring on July 14, 2004 (claim no. 03544179), revealed evidence of improper/illegal kickbacks paid to claimants in the form of shopping gift certificates and casino gift certificates.

293.    Information provided by First Spine patients, Nghlem Danh, Rosayadar Danh, Phirrun So and Jenifer Soneiga Hell in connection with an automobile collision reportedly occurring on September 4, 2004 (claim no. 03547961), revealed evidence of

(1) treatment not rendered; (2) illegal kickbacks; and (3) treatment not related to injury alleged.

## VI.  SPECIFIC ALLEGATIONS OF MAIL FRAUD RACKETEERING ACTIVITY

294.    The defendants created, prepared and processed false medical documentation and intentionally violated the laws of the United States by, devising and intending to devise schemes to defraud and obtain money and property by means of false and fraudulent pretenses in representations, and by placing or causing to be placed, in a post office and/or authorized depository for mail matter, things to be sent and delivered by the United States Postal Service, in violation of 18 U.S.C. §1341 (mail fraud) for the purpose of executing such fraudulent schemes and attempting to do so.

295.    Unless otherwise pled to the contrary, all documents, notes, reports, health insurance claim forms, medical diagnoses, CPT Code tally sheets, referrals, letters and request for payments in connection with the insurance claims referenced throughout this pleading traveled through the U.S. Mail.

296.    In the case of documents generated in connection with Encompass claimants from the First Spine Lowell clinic, the medical records began as treatment (S.O.A.P.) notes that were mailed and/or faxed from the Lowell facility to Future Management headquarters in Chelmsford, Massachusetts.  Thereafter, the corresponding medical invoice was generated.

297.    Subsequently, the invoices wholly generated at Future Management headquarters were combined with medical narrative records and mailed from Future Management headquarters to (1) insurance companies (including Encompass) as well as, (2) patients' personal injury counsel.

298.    Accordingly, the alleged treating chiropractors did not confirm the accuracy of the amounts billed in connection with treatment purportedly rendered and, concomitantly, the amounts were not premised upon the actual level of service rendered but, instead, were preordained in every case including those cases for which Encompass seeks damages in this lawsuit.

299.    Every automobile insurance claim detailed within, involved at least one use of the U.S. Mail, including the mailing of, among other things, the notice of claim, initial policies, insurance payments, claims settlement checks and the return of the cancelled settlement drafts to the financial institution(s) from which the draft(s) were drawn, as well as return of settlement draft duplicates to the insurance carrier's home office for filing.

300.    Moreover, each claim identified herein, involved at least one mailing since policy documents are issued through the mail at the inception of the policy.  In addition, negotiated checks are always returned to Encompass via the U.S. Mail.

301.    The defendants either personally used the mails to further the fraudulent scheme by causing fraudulent medical bills and records to be mailed to Encompass and/or counsel for claimants and/or acted with knowledge that the use of the mails would follow in the ordinary course of business.

302.    The defendants knew that their offices, a patient, a claimant, an insurance carrier, patient's attorney, other medical provider or the plaintiff would use the mails in connection with each of the fraudulent claims, including issuing payments based upon defendants' fraudulent documentation.

44

303.    Encompass estimates that the defendants' fraudulent medical billing scheme generated hundreds of mailings.  A table highlighting selected examples of mail fraud from the First Spine files is annexed hereto as Exhibit 2.

304.    The defendants' fraudulent scheme went undetected until Encompass had sustained substantial financial injury.  The nature of defendants' fraudulent scheme was self-concealing by its very nature -- false medical reports and false invoices appearing legitimate on their face.

305.    The defendants intentionally concealed the fraudulent medical billing scheme from Encompass.

306.    Upon defendants' first notice of Encompass's outside investigation (beginning approximately in May-June 2005), defendants instructed Future Management employees to execute confidentiality agreements regarding their knowledge of defendants' business  activities, including the conduct alleged in this complaint.

## VII.    SPECIFIC ALLEGATIONS REGARDING GIAMPA CHIROPRACTORS AND KENNEDY BROTHERS CONTROL OF THE ENTERPRISES

307.    The Giampa chiropractors and the Kennedy Brothers are the alter egos of First Spine, Kennedy Supply, Future Management, and the Giampa clinics (hereinafter collectively referred to as "Defendant Entities").

308.    Through the Giampa chiropractors' and Kennedy Brothers' direction and control of the Defendant Entities, they substantively disregarded their corporate forms.

309.    Since the Giampa chiropractors' and Kennedy Brothers' identity is indistinguishable from the Defendant Entities, they are subject to individual liability.

310.    In every case in which First Spine patients were provided with unreasonable, unnecessary and excessive chiropractic treatment and/or when false

medical documentation was created at First Spine, the Giampa chiropractors and Kennedy Brothers supervised and/or directed the chiropractors in connection with such treatments and tests.

311.    At all material times, the employees of First Spine were under the direction and control of the Giampa chiropractors and Kennedy Brothers.

312.    First Spine chiropractors were required by the Giampa chiropractors and Kennedy Brothers to follow a strict treatment protocol without deviation.

313.    Accordingly, First Spine chiropractors, under the direction and control of the Giampa chiropractors and Kennedy Brothers, exercised no independent medical decision making with respect to treatment of automobile accident patients.

314.    First Spine followed identical, pre-ordained assessments and therapy protocols and used virtually identical treatment and billing forms in connection with most every patient.

315.    First Spine issued and sought payment for identical durable medical supply packages to auto accident claimants, regardless of need and/or the type, nature and severity of injury allegedly sustained.

316.    By way of example, Encompass conducted a statement under oath of Phally Samith, an Encompass insured and current employee of First Spine, in connection with a November 23, 2003, automobile collision.  Samith testified that:

- each First Spine patient receives an identical recipe of treatment regardless of the type, nature and extent of alleged injury;

- First Spine provides each patient with an identical package of durable medical goods (biofreeze, ice pack, and neck collar) regardless of the type, nature and extent of the injury; and

- unlicensed employees of First Spine provided chiropractic therapies to First Spine patients/Encompass claimants.

317. The Giampa chiropractors and Kennedy Brothers controlled and directed all management and financial decisions of First Spine.

318. The defendants engaged in collection practices on behalf of First Spine knowing that the chiropractic services in connection with which collection was sought were in violation of 233 CMR 4.00-4.15, and that the alleged treatment rendered by chiropractors was either, or a combination of not warranted, not rendered, unreasonable, unnecessary and excessive, and, therefore, that the bills submitted for such services were unfair and deceptive.

319. The Giampa chiropractors and Kennedy Brothers are vicariously liable for the conduct of the defendant Entities and the conduct of the employees and agents (including chiropractors and chiropractic aides) thereof.

320. Upon information and belief, First Spine is nominally capitalized.

321. Upon information and belief, corporate record keeping is insufficient with regard to intra and inter corporate records.

322. Upon information and belief, the Defendant Entities' intertwined financial transactions violates accepted corporate practices for corporations in good standing pursuant to Massachusetts law.

323.    Upon information and belief, First Spine maintains inadequate record keeping regarding financial transactions between the Giampa clinics.

324.    Upon information and belief, the Giampa chiropractors and Kennedy Brothers created First Spine not to heal injured persons but to pursue their insurance fraud schemes, which involved issuing to Encompass false, fraudulent and excessive medical bills to obtain money to which they were not entitled.

## VIII.    **DAMAGES**

325.    The pattern of fraudulent conduct by the defendants injured Encompass in its business and property by reason of the aforesaid violations of state and federal law. Although it is not necessary for Encompass to calculate damages with specificity at this stage in the litigation, and Encompass's damages continue to accrue, Encompass's injury includes, but is not limited to, compensatory damages for:

(1)    the deprivation of Encompass' ability to conduct its insurance businesses on the basis of true, accurate, and complete assessments of legitimate, compensable claims;

(2)    the loss of funds paid for false and fraudulent (whether wholly fictitious or grossly inflated) bills for services, which funds, in part, enabled the defendants to continue secretly its pattern of illegal activities and enhance its ability to harm further Encompass' business by and through the operation of the fraudulent enterprise;

(3)    settlement payments to claimants in third-party, bodily-injury claims and first-party, uninsured motorist claims (to the extent such payments were based upon defendants' fraudulent medical documentation and billing);

48

(4)     payments on judgments in third-party cases where plaintiff was obligated to pay bodily-injury tort awards (or uninsured motorist awards) that were artificially and falsely inflated (or based entirely upon) defendants' false medical documentation;

(5)     the expenses incurred to review, adjust, investigate, litigate and pay the false and fraudulent claims created by the defendants and supported defendants' operation of enterprises through a pattern of illegal activity;

(6)     the past and continuing financial burden incurred by Encompass (including other insurance carriers) to establish and carry out systems and policies to detect false, fraudulent, and inflated claims; and

(7)     payments in connection with first-party claims in excess of $600,000.00, the exact amount to be determined at trial. The table annexed hereto as Exhibit 3 and incorporated herein identifies Encompass' payments to First Spine in connection with first party claims determined to be fraudulent as of the filing of this Complaint.

## IX.    CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF 18 U.S.C. §1962(c)
### (Against Frederick Giampa, Joseph Giampa, Edward Kennedy)

326.    Encompass realleges, repleads and incorporates by reference all paragraphs set forth above as if fully set forth herein.

327.    In connection with each of the claims identified in plaintiff's Complaint, the Giampa chiropractors and Kennedy Brothers (hereinafter "Count I Defendants") intentionally caused to be prepared and mailed false, fraudulent, and/or misleading

49

documentation, false medical documentation in connection with Encompass insurance claims, in furtherance of their scheme to defraud.

328.    The Count I Defendants employed one or more mailings to demand and/or receive payment on certain dates, including but not limited to, those dates referenced above.

329.    Among other things, medical billing invoices, medical reports, applications for insurance and premium checks were routinely delivered to Encompass through the U.S. Mail.  Policies of insurance were delivered to First Spine patients through the U.S. Mail.  Medical reports and invoices were delivered to Encompass through the U.S. Mail.  Payments to First Spine traveled via the U.S. Mail.

330.    As documented above, Count I Defendants repeatedly and intentionally submitted false and inflated bills, reports, and other documents to Encompass for medical expenses and/or services that were never rendered, were excessive, were not reasonable, were not necessary, and/or were of  little to no therapeutic value to the patients, to collect payment from Encompass under the personal injury protection benefits portion of the Standard Massachusetts Automobile Policy of Insurance and Mass. Gen. Laws ch. §34A and §34M.

331.    As a result of and in reasonable reliance upon these misleading documents and misrepresentations, Encompass by their agents and employees issued drafts to First Spine for the benefit of Count I Defendants that would not otherwise have been paid.

332.    The Count I Defendants' pattern of fraudulent claims, each appearing legitimate on its face, also prevented Encompass from discovering the fraudulent scheme for a long period of time enabling them to continue without being detected.

333.    The acts set forth above constitute indictable offenses pursuant to 18 U.S.C. §1341 (mail fraud).

334.    By filing numerous fraudulent claims in an ongoing scheme, the Count I Defendants engaged in a pattern of racketeering activity within the meaning of 18 U.S.C. §1962(c).

335.    The activities alleged in this case had the direct effect of causing funds to be transferred from Encompass to First Spine for the benefit of the Count I Defendants.

336.    Encompass is in the business of writing insurance and paying claims in the Commonwealth.  Insurance fraud schemes practiced here and elsewhere have a deleterious impact on Encompass' overall financial well-being and adversely affect insurance rates.

337.    Each of the Giampa clinics, including First Spine, constitutes enterprises engaged in, and the activities of which affect interstate commerce.

338.    Future Management Corporation is an enterprise engaged in, and the activities of which effect interstate commerce.

339.    The Count I Defendants associated with the foregoing enterprises and participated directly and indirectly in the conduct of each through a pattern of racketeering activities.

340.    Encompass is a "person" as defined by 18 U.S.C. §1961(3), injured in its business or property by reason of the Count I Defendants' conduct.

341.    The Count I Defendants' conduct in violation of 18 U.S.C. §1962(c) was the direct and proximate cause of Encompass' injury.

342.    By virtue of the Count I Defendants' violations of 18 U.S.C. §1962(c), Encompass is entitled to recover from them three times the damages sustained by reason of the claims submitted by them, and others acting in concert with them, together with the costs of suit, including reasonable attorney's fees.

### COUNT II
### INNOCENT VICTIM ENTERPRISE VIOLATION OF 18 U.S.C. §1962(c)
### (Against Joseph Giampa, Frederick Giampa, and Edward Kennedy)

343.    Encompass realleges, repleads and incorporates by reference all paragraphs set forth above as if fully set forth herein.

344.    Encompass is an enterprise engaged in, and the activities of which affect, interstate commerce.

345.    The Count II Defendants associated with Encompass by directing the activities of First Spine and the employees thereof who purported to treat auto accident claimants, and thereafter, working in concert, submitted false and fraudulent bills to Encompass or others to whom Encompass became liable with the intent that Encompass rely upon such false invoices and pay money to or for the benefit of the defendants pursuant to automobile insurance policies.

346.    In violation of 18 U.S.C. §1962(c), the defendants by acting with purpose to cause Encompass to make payments on false claims victimized Encompass by participating in its affairs directly or indirectly through a pattern of racketeering activity, including on at least two or more occasions within a ten (10) year period, using the U.S. Mail to further their insurance fraud schemes.

347.    Encompass has been injured in its business and property in violation of 18 U.S.C. §1962(c).

348.    The defendants' conduct in violation of 18 U.S.C. §1962(c) was the direct and proximate cause of Encompass' injury.

349.    By virtue of the defendants' violations of 18 U.S.C. §1962(c) Encompass is entitled to recover three times the damages sustained by reason of the claims submitted by the defendants, together with the costs of suit, including reasonable attorney's fees.

## COUNT III
### VIOLATION 18 U.S.C. § 1962 (d)
**(Against Joseph Giampa, Frederick Giampa, and Edward Kennedy)**

350.    Encompass realleges, repleads and incorporates by reference all paragraphs set forth above as if fully set forth herein.

351.    The Count III Defendants conspired with one another to violate 18 U.S.C. §1962 (c) and thereby violated 18 U.S.C. §1962 (d).

352.    As a result of this conspiratorial conduct, Encompass has been injured in its business and property.

353.    By virtue of the Count III Defendants' violations of 18 U.S.C. § 1962 (d), Encompass is entitled to recover from each of the defendants identified, three times the damages sustained by reason of the claims submitted by the defendants, and others acting in concert with them, together with the costs of suit, including reasonable attorney's fees.

## COUNT IV
### Mass. Gen. Laws Ch. 93A
**(Against All Defendants)**

354.    Encompass realleges, repleads and incorporates by reference all paragraphs set forth above as if fully set forth herein.

355.    Section 2(a) of the Massachusetts Consumer Protection Act, Massachusetts General Laws Chapter 93A provides, that "unfair methods of competition

53

and/or unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."

356.    At all times relevant hereto, the defendants were engaged in trade or commerce within the Commonwealth of Massachusetts.

357.    The conduct alleged throughout this Complaint occurred primarily in Massachusetts.

358.    As documented above, the defendants repeatedly and intentionally submitted false and inflated bills, reports, and other documents to Encompass for medical expenses and/or services that were never rendered, were excessive, were not reasonable, were not necessary, and/or were of little or no therapeutic value to the patients, to collect payment from Encompass under the personal injury protection benefits portion of the Standard Massachusetts Automobile Policy of Insurance and Mass. Gen. Laws ch. §34A and §34M.

359.    The acts and omissions of the defendants in furtherance of their scheme to defraud Encompass including, but not limited to, the conduct alleged above, constitute intentionally unfair and deceptive business practices as proscribed by Mass. Gen. Laws ch. 93A, and those regulations promulgated by the Office of the Attorney General for the Commonwealth of Massachusetts pursuant thereto.

360.    The defendants' intentionally unfair and deceptive acts and practices in trade or commerce caused Encompass to suffer great harm.

361.    Whereas the defendants' illegal conduct forced Encompass to incur attorneys fees, such fees constitute a loss of money or property, and are recoverable pursuant to Mass. Gen. Laws ch. 93A.

362.    As a result of the above-described intentionally fraudulent acts and practices, Encompass sustained injury and economic damages including, but not limited to: (1) all monies paid to First Spine, in reliance on false and fraudulent chiropractic bills; (2) cost of investigating the underlying PIP claims; and (3) the cost of defending this action (including all attorneys fees, expert witness expenses and court costs).

363.    The defendants' actions described herein were performed intentionally. Accordingly, Encompass is entitled to multiple damages, costs and attorneys fees.

## COUNT V
## CIVIL CONSPIRACY
### (Against All Defendants)

364.    Encompass realleges, repleads and incorporates by reference all paragraphs set forth above as if fully set forth herein.

365.    The defendants conspired to defraud Encompass, and agreed to combine together to accomplish an unethical, unfair, deceptive, wrongful and illegal purpose. Joining the defendants were certain persons known (including treating chiropractors) and persons unknown to Encompass who, acting with the defendants, caused Encompass to pay for unnecessary and unreasonable medical expenses which the defendants would not have been able to accomplish acting alone.

366.    As a consequence of the above-referenced conspiracy, Encompass was induced to and did make payments to First Spine, in connection with numerous fraudulent medical bills.

367.    Encompass' damages include, but are not limited to:

    a.   Monies paid for medical expenses and services that were not rendered;

b.  Monies paid for medical services and/or expenses that were unwarranted and/or excessive;

c.  Monies paid in settlement of claims based upon fraudulent special damages;  and

d.  Monies paid (labor and resources) to detect and expose the defendants' conspiracy to defraud Encompass.

**COUNT VI**
**FRAUD**
**(Against All Defendants)**

368.    Encompass realleges, repleads and incorporates by reference all paragraphs set forth above as if fully set forth herein.

369.    The defendants' scheme to defraud Encompass was dependant upon a succession of material misrepresentations of fact by the defendants with respect to the injuries allegedly sustained by the patients, medical billing, medical services rendered, the reporting of losses and the evaluation of injuries.

370.    The misrepresentations of fact by the defendants included, but were not limited to, the material misrepresentations of fact made in First Spine medical reports, invoices and collection documentation.

371.    The defendants' representations were false, or required disclosure of additional facts to render the information furnished not misleading.  The misrepresentations were intentionally made by the defendants in furtherance of their scheme to defraud Encompass by submitting fictitious claims for personal injury protection benefits, and bodily injury claims.

56

372.    These misrepresentations were known to be false and were made for the purposes of inducing Encompass to make payments for claims that were not legitimate.

373.    Encompass reasonably relied upon such material misrepresentations to its detriment in paying numerous, unreasonable, unnecessary, inappropriate, non-meritorious bills for medical expenses pursuant to personal injury protection benefits, bodily injury claims and uninsured/underinsured motorist claims.

374.    Encompass' damages include, but are not limited to:

    a.    Monies paid for medical expenses and services that were not rendered;

    b.    Monies paid for medical services and/or expenses that were unwarranted and/or excessive;

    c.    Monies paid in settlement of claims based upon fraudulent special damages; and

    d.    Reimbursement for the fair and reasonable value of the labor and resources expended to detect and expose the defendants' scheme to defraud Encompass.

## COUNT VII
### INTENTIONAL INTERFERENCE WITH ADVANTAGEOUS BUSINESS AND CONTRACTUAL RELATIONSHIPS
### (Against All Defendants)

375.    Encompass realleges, repleads and incorporates by reference all paragraphs set forth above as if fully set forth herein.

376.    By engaging in the intentional insurance fraud scheme alleged throughout this pleading, the defendants, their agents, servants, employees and contractors unlawfully and intentionally interfered with the contractual and advantageous business

relationships between Encompass and numerous insureds, policyholders, claimants and others.

## VII.    DEMAND FOR RELIEF

WHEREFORE, the plaintiff, the Encompass Insurance Company respectfully prays that judgment enter in its favor, as follows:

### COUNT I
### (Violations Of 18 U.S.C. §1962(c))

(a)    AWARD Encompass' actual and consequential damages to be established at trial;

(b)    AWARD Encompass treble damages pursuant to 18 U.S.C. §1964, interests, costs and attorneys' fees; and

(c)    GRANT injunctive relief enjoining the defendants from engaging in the wrongful conduct alleged in the Complaint; and

(d)    GRANT all other relief this Court deems just.

### COUNT II
### (Innocent Victim Enterprise Violation Of 18 U.S.C. §1962(c))

(a)    AWARD Encompass' actual and consequential damages to be established at trial;

(b)    AWARD Encompass treble damages pursuant to 18 U.S.C. §1964, interests, costs and attorneys' fees; and

(c)    GRANT injunctive relief enjoining the defendants from engaging in the wrongful conduct alleged in the Complaint.

## COUNT III
### (Violation 18 U.S.C. § 1962 (d))

(a)  AWARD Encompass' actual and consequential damages to be established at

   trial;

(b)  AWARD Encompass treble damages, interests, costs and reasonable

   attorneys' fees; and

(c)  GRANT injunctive relief enjoining the defendants from engaging in the

   wrongful conduct alleged in the Complaint.

## COUNT IV
### (Mass. Gen. Laws ch. 93A)

(a)    ENJOIN the defendants from preparing and submitting false and

   fraudulent medical records and bills;

(b)    ENJOIN the defendants from altering, destroying and/or removing from

   this Court's jurisdiction any and all documents and materials including,

   but not limited to, medical records, medical invoices, appointment books,

   billing documentation, corporate records, emails, and any other

   documentation (however stored) regarding the allegations and the claims

   alleged in connection with Encompass' Complaint.

(c)    ENJOIN the defendants from conveying, secreting, transferring, selling,

   disposing of, encumbering, destroying, pledging, assigning or in any other

   manner dealing with any and all property, both real and personal,

   wherever located, in which the defendants have any interest without prior

   approval of this Court.

(d)    DIRECT the defendants, their agents , assigns, successors-in-interest (including any bankruptcy trustees) to cease and desist all collection activity regarding Encompass;

(e)    AWARD Encompass its actual damages in an amount to be determined at trial;

(f)    AWARD Encompass its costs, including but not limited to, investigative costs incurred in the detection of defendants' illegal conduct;

(g)    AWARD Encompass its attorneys fees incurred in the prosecution of its Complaint;

(h)    TREBLE the award of damages to Encompass for the defendants' intentional violations of Mass. Gen. Laws ch. 93A;

## COUNT V
**(Civil Conspiracy)**

(a)    AWARD Encompass its actual damages to be determined at trial;

(b)    GRANT any other relief this Court deems just.

## COUNT VI
**(Fraud)**

(a)    AWARD Encompass its actual damages to be determined at trial;

(b)    GRANT any other relief this Court deems just.

## COUNT VII
**(Intentional Interference with Advantageous Business
and Contractual Relationships)**

(a)    AWARD Encompass its actual damages to be determined at trial;

(b)    AWARD Encompass costs and fees and other expenses related to

investigating and defending against the defendants' illegitimate and

abusive use of process;

(c)    GRANT any other relief this Court deems just.

### JURY TRIAL DEMAND

The plaintiff, Encompass Insurance Company, demands a trial by jury on all

issues pled or to be pleaded where Jury Trial lies as a matter of right.

Respectfully submitted,
*Encompass Insurance Company,*
By its attorneys,

/s/ Nathan A. Tilden
_____
Richard D. King, Jr., BBO#638142
Nathan A. Tilden, BBO#647076
SMITH & BRINK, P.C.
122 Quincy Shore Drive
Quincy, Massachusetts 02171
(617) 770-2214

Dated:  September _30, 2005

## Medical Record Evidence Supporting Allegations

| CLAIM NO. | CLAIMANT FIRST NAME | CLAIMANT LAST NAME | DOL | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 03326411 | Hang | Tran | 01/09/98 | X | X | X | X | X | X | X | X | X | X | X |  | X | X | X |
| 03326411 | Nguyet | Nguyen | 01/09/98 | X | X | X | X | X | X | X | X | X | X | X |  | X | X | X |
| 03331518 | Tut | Hok | 09/11/98 | X | X | X | X | X | X | X | X | X | X | X |  | X | X | X |
| 03341477 | Phally | Lang | 10/29/99 | X | X | X | X | X | X | X | X | X | X | X |  | X |  | X |
| 03379614 | Nikki | Kim | 10/21/98 | X | X | X |  | X | X | X | X | X | X | X |  |  | X | X |
| 03381790 | Sokcheath | Park | 12/14/98 | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X |
| 03381790 | Sophalla | Chum | 12/14/98 | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X |
| 03381790 | Sophaly | Chum | 12/14/98 | X | X | X | X | X | X | X | X | X | X | X |  | X | X | X |
| 03391026 | Uyen | Le | 07/26/00 | X | X | X | X | X | X | X | X | X | X | X |  | X | X | X |
| 03402742 | Sacha | Tang | 09/08/00 | X | X | X | X | X | X | X | X | X | X | X |  | X | X | X |
| 03402742 | Viphearea | Srey | 09/08/00 | X | X | X | X | X | X | X | X | X | X | X |  | X | X | X |
| 03402742 | Wilson | Douangchack | 09/08/00 | X | X | X | X | X | X | X | X | X | X | X |  | X | X | X |
| 03408504 | Kevin | Meas | 02/23/01 | X | X | X | X | X | X | X | X | X | X | X | X | X | X |  |
| 03408504 | Samnang | Khut | 02/23/01 | X | X | X | X | X | X | X | X | X | X | X | X | X | X |  |
| 03413857 | Dou | Narith | 08/30/00 | X | X | X | X | X | X | X | X | X | X | X |  | X | X | X |
| 03414660 | Ouk | Ti | 11/01/00 | X | X | X | X | X | X | X | X | X | X | X |  | X | X | X |
| 03415264 | Bin | Suon | 11/18/00 | X | X | X | X | X | X | X | X | X | X | X |  | X | X | X |
| 03415264 | Ngeth | Soeung | 11/18/00 | X | X | X | X | X | X | X | X | X | X | X |  | X | X | X |
| 03415432 | Sarath | Bou | 11/25/00 | X | X | X | X | X | X | X | X | X | X | X |  | X | X | X |

**LEGEND:**

a. Creating and submitting inaccurate, inadequate and inappropriate documentation;

b. Rendering treatment which exceeds the type, quality and/or amount of the documented and clinically reasonable chiropractic needs of the patient;

c. Rendering a recipe of treatment absent any individualized medical decision making;

d. Rendering treatment which is unrelated to the diagnosed, or reasonably suspected, injury or condition incurred by the patient;

e. Rendering treatment which is provided solely for the purpose of enabling the patient to incur medical treatment expenses in excess of the tort threshold established by Mass. Gen. Laws ch. 231, §6D;

f. Billing for services which were not performed and/or overstating the amount of time spent evaluating and/or treating patients;

g. Billing that exceeds reasonable fees for such services in the clinic's geographic area;

h. Submitting invoices containing charges that amount to overutilization of practice;

i. Submitting invoices containing charges for examinations which are based on a level of coding which is not consistent with the patient's medical history, subjective and objective clinical findings concerning the patient which were made at the time of the visit, the complexity of the clinical decision-making involved in the diagnosis and/or treatment of the patient, or the nature of the care provided to the patient;

j. Submitting invoices containing charges for treatments, procedures or services which were not rendered, were not fully rendered, or were not rendered as represented by the charging chiropractor;

k. Submitting treatment notes and invoices containing charges for excessive and improper use of supportive procedures and therapies;

l. Submitting invoices and treatment records for treatment of minors that wholly exceed reasonable and necessary treatment parameters;

m. Authoring false and misleading reports to insurance companies;

n. Delay of 30 days or more in invoice submission to Encompass; and

o. Exaggerated report of patient injury.

**Medical Record Evidence Supporting Allegations**

| CLAIM NO. | CLAIMANT FIRST NAME | CLAIMANT LAST NAME | DOL | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 03415432 | Sarunn | Vorn | 11/25/00 | X | X | X | X | X | X | X | X | X | X | X |  | X | X | X |
| 03415432 | Sophal | Phan | 11/25/00 | X | X | X | X | X | X | X | X | X | X | X |  | X |  | X |
| 03415449 | Roth | Khim | 11/25/00 | X | X | X | X | X | X | X | X | X | X | X |  | X | X | X |
| 03418795 | Lysabad | Bo | 02/11/01 | X | X | X | X | X | X | X | X | X | X | X | X | X | X |  |
| 03418795 | Punlork | Sar | 02/11/01 | X | X | X | X | X | X | X | X | X | X | X | X | X | X |  |
| 03418795 | Samantha | Mao | 02/11/01 | X | X | X | X | X | X | X | X | X | X | X |  | X | X |  |
| 03418795 | Samban | Bo | 02/11/01 | X | X | X | X | X | X | X | X | X | X | X | X | X | X |  |
| 03418795 | Sambath | Bo | 02/11/01 | X | X | X | X | X | X | X | X | X | X | X | X | X | X |  |
| 03418795 | Sambun | Sar | 02/11/01 | X | X | X | X | X | X | X | X | X | X | X | X | X | X |  |
| 03420777 | Oeun | Men | 04/01/01 | X | X | X | X | X | X | X | X | X | X | X |  | X | X | X |
| 03420777 | Sart | Sok | 04/01/01 | X | X | X | X | X | X | X | X | X | X | X |  | X | X | X |
| 03420777 | Khen | Khut | 04/01/01 | X | X | X | X | X | X | X | X | X | X | X |  | X | X | X |
| 03421674 | April | Thanongsinh | 01/08/99 | X |  |  |  |  |  |  |  | X |  |  | X |  |  |  |
| 03425232 | Emmy | Vann | 04/25/99 | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X |
| 03425232 | Naravuth | Mak | 04/25/99 | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X |
| 03425232 | Narayuth | Mak | 04/25/99 | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X |
| 03425232 | Sandy | Mak | 04/25/99 | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X |
| 03440595 | Sarin | Chhay | 06/15/00 | X | X | X | X | X | X | X | X | X | X | X |  | X | X | X |
| 03442397 | Thanh | Som | 02/17/01 | X | X | X | X | X | X | X | X | X | X | X |  | X | X | X |

**LEGEND:**

a. Creating and submitting inaccurate, inadequate and inappropriate documentation;

b. Rendering treatment which exceeds the type, quality and/or amount of the documented and clinically reasonable chiropractic needs of the patient;

c. Rendering a recipe of treatment absent any individualized medical decision making;

d. Rendering treatment which is unrelated to the diagnosed, or reasonably suspected, injury or condition incurred by the patient;

e. Rendering treatment which is provided solely for the purpose of enabling the patient to incur medical treatment expenses in excess of the tort threshold established by Mass. Gen. Laws ch. 231, §6D;

f. Billing for services which were not performed and/or overstating the amount of time spent evaluating and/or treating patients;

g. Billing that exceeds reasonable fees for such services in the clinic's geographic area;

h. Submitting invoices containing charges that amount to overutilization of practice;

i. Submitting invoices containing charges for examinations which are based on a level of coding which is not consistent with the patient's medical history, subjective and objective clinical findings concerning the patient which were made at the time of the visit, the complexity of the clinical decision-making involved in the diagnosis and/or treatment of the patient, or the nature of the care provided to the patient;

j. Submitting invoices containing charges for treatments, procedures or services which were not rendered, were not fully rendered, or were not rendered as represented by the charging chiropractor;

k. Submitting treatment notes and invoices containing charges for excessive and improper use of supportive procedures and therapies;

l. Submitting invoices and treatment records for treatment of minors that wholly exceed reasonable and necessary treatment parameters;

m. Authoring false and misleading reports to insurance companies;

n. Delay of 30 days or more in invoice submission to Encompass; and

o. Exaggerated report of patient injury.

**Medical Record Evidence Supporting Allegations**

| CLAIM NO. | CLAIMANT FIRST NAME | CLAIMANT LAST NAME | DOL | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 03447628 | Samnang | Ngeth | 06/25/00 | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X |
| 03447628 | Veasna | Ngeth | 06/25/00 | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X |
| 03448910 | Muth | Seng | 08/14/01 | X | X | X | X | X | X | X | X | X | X | X |  | X | X | X |
| 03448910 | Sivinary | Seng | 08/14/01 | X | X | X | X | X | X | X | X | X | X | X |  | X | X | X |
| 03448910 | Sunnak | Chiv | 08/14/01 |  |  |  |  |  |  |  |  | X |  |  |  |  | X |  |
| 03448910 | Vandary | Seng | 08/14/01 | X | X | X | X | X | X | X | X | X | X | X |  | X | X | X |
| 03456832 | Dalin | Ou | 09/08/01 | X |  |  | X |  | X | X | X | X | X | X |  | X | X | X |
| 03456832 | Michael | Soum | 09/08/01 | X | X | X |  |  | X | X | X | X | X | X |  | X | X | X |
| 03457313 | Tim | Ouen | 09/22/01 | X | X | X | X |  | X | X | X | X | X | X |  | X | X | X |
| 03457321 | Sunnhak | Chiv | 09/21/01 | X | X | X |  | X | X | X | X | X | X | X |  | X | X | X |
| 03462436 | Ry | Chhaim | 02/13/02 | X | X | X | X | X | X | X | X | X | X | X |  | X |  | X |
| 03462436 | Sar | Chhean | 02/13/02 | X | X | X | X | X | X | X | X | X | X | X |  | X |  | X |
| 03464524 | Jerry | Seng | 04/23/02 | X | X | X | X | X | X | X | X | X | X | X | X | X |  | X |
| 03464524 | Melody | Seng | 04/23/02 | X | X | X | X | X | X | X | X | X | X | X | X | X |  | X |
| 03464524 | Mom | Sok | 04/23/02 | X | X | X | X | X | X | X | X | X | X | X |  | X |  | X |
| 03465736 | Chanda | Kong | 06/04/02 | X | X | X | X | X | X | X | X | X | X | X |  | X |  | X |
| 03465736 | Chhang | Kang | 06/04/02 | X | X | X | X | X | X | X | X | X | X | X |  | X |  | X |
| 03465736 | Phala | Phoun | 06/04/02 | X | X | X | X | X | X | X | X | X | X | X |  | X |  | X |
| 03469203 | At | Ban | 03/29/02 | X | X | X | X | X | X | X | X | X | X | X |  | X |  | X |

**LEGEND:**

a. Creating and submitting inaccurate, inadequate and inappropriate documentation;

b. Rendering treatment which exceeds the type, quality and/or amount of the documented and clinically reasonable chiropractic needs of the patient;

c. Rendering a recipe of treatment absent any individualized medical decision making;

d. Rendering treatment which is unrelated to the diagnosed, or reasonably suspected, injury or condition incurred by the patient;

e. Rendering treatment which is provided solely for the purpose of enabling the patient to incur medical treatment expenses in excess of the tort threshold established by Mass. Gen. Laws ch. 231, §6D;

f. Billing for services which were not performed and/or overstating the amount of time spent evaluating and/or treating patients;

g. Billing that exceeds reasonable fees for such services in the clinic's geographic area;

h. Submitting invoices containing charges that amount to overutilization of practice;

i. Submitting invoices containing charges for examinations which are based on a level of coding which is not consistent with the patient's medical history, subjective and objective clinical findings concerning the patient which were made at the time of the visit, the complexity of the clinical decision-making involved in the diagnosis and/or treatment of the patient, or the nature of the care provided to the patient;

j. Submitting invoices containing charges for treatments, procedures or services which were not rendered, were not fully rendered, or were not rendered as represented by the charging chiropractor;

k. Submitting treatment notes and invoices containing charges for excessive and improper use of supportive procedures and therapies;

l. Submitting invoices and treatment records for treatment of minors that wholly exceed reasonable and necessary treatment parameters;

m. Authoring false and misleading reports to insurance companies;

n. Delay of 30 days or more in invoice submission to Encompass; and

o. Exaggerated report of patient injury.

**Medical Record Evidence Supporting Allegations**

| CLAIM NO. | CLAIMANT FIRST NAME | CLAIMANT LAST NAME | DOL | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 03469203 | Rick (Kimsat) | Ban | 03/29/02 | X | X | X | X | X | X | X | X | X | X | X |  | X |  | X |
| 03469371 | Savan | Vat | 04/04/02 | X | X | X | X | X | X | X | X | X | X | X |  | X |  | X |
| 03470054 | Manila | Panya | 04/19/02 |  |  |  |  | X |  |  |  |  |  |  |  |  |  |  |
| 03470133 | Bunkeath | Meng | 04/19/02 | X | X | X | X | X | X | X | X | X | X | X |  | X |  | X |
| 03470133 | Rochenna | Sim | 04/19/02 | X | X | X | X | X | X | X | X | X | X | X |  | X |  | X |
| 03473966 | Diane | Melo | 07/15/02 | X | X | X | X | X | X | X | X | X | X | X |  | X | X | X |
| 03474153 | Phyrun | Chhim | 07/18/02 | X | X | X | X | X | X | X | X | X | X | X |  | X | X | X |
| 03475016 | Song | Taing | 08/03/02 | X | X | X | X | X | X | X | X | X | X | X |  |  | X | X |
| 03479077 | Khammoune | Panya | 09/07/02 | X | X | X | X | X | X | X | X | X | X | X |  | X | X | X |
| 03479077 | Kongkeo | Phomphipak | 09/07/02 | X | X | X | X | X | X | X | X | X | X | X |  | X | X | X |
| 03480962 | Chea | Theng | 11/18/02 | X | X | X | X | X | X | X | X |  | X | X |  | X | X | X |
| 03481235 | Sally | Kong | 11/27/02 | X | X | X | X | X | X | X | X |  | X | X |  | X | X | X |
| 03481654 | Mao | Ngeth | 12/13/02 | X | X | X | X | X | X | X | X | X | X | X |  | X | X | X |
| 03481654 | Nhoeun | Hem | 12/13/02 | X | X |  | X |  | X | X | X | X | X | X |  | X | X | X |
| 03481722 | Sarom | Him | 12/12/02 |  |  | X |  |  |  |  |  |  |  |  |  |  | X |  |
| 03482803 | Sareth | Veuk | 01/21/03 | X | X | X | X | X | X | X | X |  | X | X |  | X |  | X |
| 03482803 | Thaverei | Veuk | 01/21/03 | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X |
| 03483246 | Phath | Sim | 02/07/03 | X | X | X | X | X | X | X | X |  | X | X |  | X | X | X |
| 03483838 | Brandon | Ouer | 02/14/03 | X | X | X | X | X | X | X | X |  | X | X | X | X | X | X |

**LEGEND:**

a.  Creating and submitting inaccurate, inadequate and inappropriate documentation;

b.  Rendering treatment which exceeds the type, quality and/or amount of the documented and clinically reasonable chiropractic needs of the patient;

c.  Rendering a recipe of treatment absent any individualized medical decision making;

d.  Rendering treatment which is unrelated to the diagnosed, or reasonably suspected, injury or condition incurred by the patient;

e.  Rendering treatment which is provided solely for the purpose of enabling the patient to incur medical treatment expenses in excess of the tort threshold established by Mass. Gen. Laws ch. 231, §6D;

f.  Billing for services which were not performed and/or overstating the amount of time spent evaluating and/or treating patients;

g.  Billing that exceeds reasonable fees for such services in the clinic's geographic area;

h.  Submitting invoices containing charges that amount to overutilization of practice;

i.  Submitting invoices containing charges for examinations which are based on a level of coding which is not consistent with the patient's medical history, subjective and objective clinical findings concerning the patient which were made at the time of the visit, the complexity of the clinical decision-making involved in the diagnosis and/or treatment of the patient, or the nature of the care provided to the patient;

j.  Submitting invoices containing charges for treatments, procedures or services which were not rendered, were not fully rendered, or were not rendered as represented by the charging chiropractor;

k.  Submitting treatment notes and invoices containing charges for excessive and improper use of supportive procedures and therapies;

l.  Submitting invoices and treatment records for treatment of minors that wholly exceed reasonable and necessary treatment parameters;

m.  Authoring false and misleading reports to insurance companies;

n.  Delay of 30 days or more in invoice submission to Encompass; and

o.  Exaggerated report of patient injury.

## Medical Record Evidence Supporting Allegations

| CLAIM NO. | CLAIMANT FIRST NAME | CLAIMANT LAST NAME | DOL | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 03483838 | Sokean | Phlong | 02/14/03 | X | X | X | X | X | X | X | X |  | X | X |  | X | X | X |
| 03485151 | Ron | Phay | 09/16/02 | X | X | X | X | X | X | X | X | X | X | X |  | X |  | X |
| 03485151 | Susie | Soeun | 09/16/02 | X | X | X | X | X | X | X | X | X | X | X |  | X |  | X |
| 03485991 | Ly | Chan | 10/02/02 | X | X | X | X | X | X | X | X |  | X | X |  | X |  | X |
| 03485991 | Pheakdey | Sok | 10/02/02 | X | X | X | X | X | X | X | X |  | X | X |  | X |  | X |
| 03486571 | Lath | Uy | 09/18/02 | X | X | X | X | X | X | X | X | X | X | X |  | X | X | X |
| 03486571 | Sovanna | Uy | 09/18/02 | X | X | X | X | X | X | X | X | X | X | X |  | X | X | X |
| 03486642 | Den | Tith | 10/16/02 | X | X | X | X | X | X | X | X | X | X | X |  | X | X | X |
| 03486647 | Vich | Lam | 10/16/02 | X | X | X | X | X | X | X | X | X | X | X |  | X | X | X |
| 03486795 | Savonn | Yonn | 10/19/02 | X | X | X |  | X | X | X | X | X |  | X |  |  | X |  |
| 03487016 | Diana | Phanthavong | 10/23/02 | X | X | X | X | X | X | X | X | X | X | X |  |  | X | X |
| 03487016 | Rida | Chum | 10/23/02 | X | X | X | X | X | X | X | X | X | X | X |  |  | X | X |
| 03487193 | Sakun | Sam | 10/26/02 | X | X | X | X | X | X | X | X |  | X | X |  | X |  | X |
| 03487193 | Sophannee | Uy | 10/26/02 | X | X | X | X | X | X | X | X |  | X | X |  | X | X | X |
| 03490345 | Rithy | Mao | 12/26/02 | X | X | X | X | X | X | X | X |  | X | X |  | X | X | X |
| 03491088 | Sophannee | Uy | 04/15/03 | X | X | X |  |  |  |  |  |  | X | X |  | X |  | X |
| 03491823 | John | Rom | 05/23/03 | X | X | X | X |  | X |  |  |  | X | X |  | X | X | X |
| 03493502 | Diane | Melo | 12/08/03 | X | X | X | X | X | X | X | X |  | X | X |  | X |  | X |
| 03500338 | Jimmy | Rom | 03/24/03 | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X |

**LEGEND:**

a. Creating and submitting inaccurate, inadequate and inappropriate documentation;

b. Rendering treatment which exceeds the type, quality and/or amount of the documented and clinically reasonable chiropractic needs of the patient;

c. Rendering a recipe of treatment absent any individualized medical decision making;

d. Rendering treatment which is unrelated to the diagnosed, or reasonably suspected, injury or condition incurred by the patient;

e. Rendering treatment which is provided solely for the purpose of enabling the patient to incur medical treatment expenses in excess of the tort threshold established by Mass. Gen. Laws ch. 231, §6D;

f. Billing for services which were not performed and/or overstating the amount of time spent evaluating and/or treating patients;

g. Billing that exceeds reasonable fees for such services in the clinic's geographic area;

h. Submitting invoices containing charges that amount to overutilization of practice;

i. Submitting invoices containing charges for examinations which are based on a level of coding which is not consistent with the patient's medical history, subjective and objective clinical findings concerning the patient which were made at the time of the visit, the complexity of the clinical decision-making involved in the diagnosis and/or treatment of the patient, or the nature of the care provided to the patient;

j. Submitting invoices containing charges for treatments, procedures or services which were not rendered, were not fully rendered, or were not rendered as represented by the charging chiropractor;

k. Submitting treatment notes and invoices containing charges for excessive and improper use of supportive procedures and therapies;

l. Submitting invoices and treatment records for treatment of minors that wholly exceed reasonable and necessary treatment parameters;

m. Authoring false and misleading reports to insurance companies;

n. Delay of 30 days or more in invoice submission to Encompass; and

o. Exaggerated report of patient injury.

## Medical Record Evidence Supporting Allegations

| CLAIM NO. | CLAIMANT FIRST NAME | CLAIMANT LAST NAME | DOL | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 03500338 | John | Rom | 03/24/03 | X | X | X | X | X | X | X | X | X | X | X | | X | X | X |
| 03500338 | Kong | Liv | 03/24/03 | X | X | | X | X | X | X | X | X | X | X | | X | X | X |
| 03500623 | Channak | Phal | 03/28/03 | X | X | X | X | X | X | X | X | | X | X | | X | X | X |
| 03504357 | Channara | Dam | 06/03/03 | X | X | X | X | X | X | X | X | | X | X | X | X | X | X |
| 03504357 | Chantha | Sem | 06/03/03 | X | X | X | X | X | X | X | X | | X | X | X | X | | X |
| 03504357 | Keath | Toch | 06/03/03 | X | X | X | X | X | X | X | X | | X | X | | X | | X |
| 03504357 | Sokkhoeun | Sem | 06/03/03 | X | X | X | X | X | X | X | X | | X | X | | X | | X |
| 03504357 | Sokhon | Sem | 06/03/03 | X | X | X | X | X | X | X | X | | X | X | X | X | | X |
| 03504357 | Sokha | Sem | 06/03/03 | X | X | X | X | X | X | X | X | | X | X | X | X | | X |
| 03504615 | Kimsan | Mom | 06/07/03 | X | X | X | X | X | X | X | X | | X | X | | X | | |
| 03504615 | Vanneck | Chea | 06/07/03 | X | X | X | X | X | X | X | X | | X | X | X | X | X | |
| 03505976 | Keo | Kothpratoum | 06/28/03 | X | X | X | X | X | X | X | X | | X | X | | X | X | X |
| 03505976 | Vanta | Phanthanousinh | 06/28/03 | X | X | X | X | X | X | X | X | | X | X | | X | X | X |
| 03506013 | Sokunthea | Eang | 06/12/03 | X | X | X | X | X | X | X | X | | X | X | | X | X | |
| 03506712 | John | Rom | 07/11/03 | X | X | X | X | X | X | X | X | | X | X | | X | X | X |
| 03506712 | Liv | Kong | 07/11/03 | X | X | X | X | X | X | X | X | | X | X | | X | X | |
| 03508820 | Katherine | Mam | 08/12/03 | X | X | X | X | X | X | X | X | X | X | X | X | X | | |
| 03508820 | Kimsat | Nuth | 08/12/03 | X | X | X | X | X | X | X | X | X | X | X | | X | | X |
| 03508820 | Linda | Nuth | 08/12/03 | X | X | X | X | X | X | X | X | X | X | X | X | X | | X |

**LEGEND:**

a.   Creating and submitting inaccurate, inadequate and inappropriate documentation;

b.   Rendering treatment which exceeds the type, quality and/or amount of the documented and clinically reasonable chiropractic needs of the patient;

c.   Rendering a recipe of treatment absent any individualized medical decision making;

d.   Rendering treatment which is unrelated to the diagnosed, or reasonably suspected, injury or condition incurred by the patient;

e.   Rendering treatment which is provided solely for the purpose of enabling the patient to incur medical treatment expenses in excess of the tort threshold established by Mass. Gen. Laws ch. 231, §6D;

f.   Billing for services which were not performed and/or overstating the amount of time spent evaluating and/or treating patients;

g.   Billing that exceeds reasonable fees for such services in the clinic's geographic area;

h.   Submitting invoices containing charges that amount to overutilization of practice;

i.   Submitting invoices containing charges for examinations which are based on a level of coding which is not consistent with the patient's medical history, subjective and objective clinical findings concerning the patient which were made at the time of the visit, the complexity of the clinical decision-making involved in the diagnosis and/or treatment of the patient, or the nature of the care provided to the patient;

j.   Submitting invoices containing charges for treatments, procedures or services which were not rendered, were not fully rendered, or were not rendered as represented by the charging chiropractor;

k.   Submitting treatment notes and invoices containing charges for excessive and improper use of supportive procedures and therapies;

l.   Submitting invoices and treatment records for treatment of minors that wholly exceed reasonable and necessary treatment parameters;

m.   Authoring false and misleading reports to insurance companies;

n.   Delay of 30 days or more in invoice submission to Encompass; and

o.   Exaggerated report of patient injury.

## Medical Record Evidence Supporting Allegations

| CLAIM NO. | CLAIMANT FIRST NAME | CLAIMANT LAST NAME | DOL | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 03510448 | Kim | Sambath | 07/26/03 | X | X | X | X | X | X | X | X |  | X | X |  | X |  | X |
| 03510448 | Samnang | Sok | 07/26/03 | X | X | X | X | X | X | X | X |  | X | X |  | X | X | X |
| 03510448 | Sophannara | Eang | 07/26/03 | X | X | X | X | X | X | X | X |  | X | X |  | X | X | X |
| 03511086 | Morn | Samith | 09/18/03 | X | X | X | X | X | X | X | X |  | X | X |  | X |  | X |
| 03511086 | Thea | Soun | 09/18/03 | X | X | X | X | X | X | X | X |  | X | X |  | X |  | X |
| 03513997 | Kan | Peov | 10/27/03 | X | X | X | X |  | X |  |  | X | X | X |  | X |  | X |
| 03513997 | Kristina | Rath | 10/27/03 | X | X | X | X | X | X | X | X | X | X | X | X | X |  | X |
| 03513997 | Saleen | Phan | 10/27/03 | X | X | X | X | X | X | X | X | X | X | X |  | X |  | X |
| 03513997 | Vongdeaone | Khiaosoth | 10/27/03 | X | X | X | X | X | X | X | X | X | X | X |  | X |  | X |
| 03513997 | Chareth | Rath | 10/27/03 | X | X | X | X | X | X | X | X | X | X | X |  | X |  | X |
| 03530556 | Ken | Truong | 12/10/03 | X | X | X | X | X | X | X | X |  | X | X |  | X | X | X |
| 03532353 | Pat | Song | 01/03/04 | X | X | X | X | X | X | X | X |  | X | X |  | X |  | X |
| 03532767 | Alma | Carrasquillo | 01/10/04 | X | X | X | X | X | X | X | X |  | X | X |  | X | X | X |
| 03532767 | Demetri | Molina | 01/10/04 | X | X | X | X | X | X | X | X |  | X | X | X | X | X | X |
| 03532767 | Robert | Delavalle | 01/10/04 | X | X | X |  | X | X | X | X |  | X | X |  | X | X | X |
| 03533438 | Michael | Inthabane | 01/19/04 | X | X | X |  | X | X | X | X |  | X | X |  | X | X |  |
| 03536789 | Savy | Vong | 03/16/04 | X | X | X |  | X | X | X | X | X | X | X |  | X |  | X |
| 03540127 | Sam | Sok | 05/14/04 | X | X | X | X | X | X | X | X |  | X | X |  | X |  | X |
| 03374831 | Saroeun | Sim | 07/18/98 | X | X | X | X | X | X | X | X | X | X | X |  | X | X | X |

**LEGEND:**

a.  Creating and submitting inaccurate, inadequate and inappropriate documentation;

b.  Rendering treatment which exceeds the type, quality and/or amount of the documented and clinically reasonable chiropractic needs of the patient;

c.  Rendering a recipe of treatment absent any individualized medical decision making;

d.  Rendering treatment which is unrelated to the diagnosed, or reasonably suspected, injury or condition incurred by the patient;

e.  Rendering treatment which is provided solely for the purpose of enabling the patient to incur medical treatment expenses in excess of the tort threshold established by Mass. Gen. Laws ch. 231, §6D;

f.  Billing for services which were not performed and/or overstating the amount of time spent evaluating and/or treating patients;

g.  Billing that exceeds reasonable fees for such services in the clinic's geographic area;

h.  Submitting invoices containing charges that amount to overutilization of practice;

i.  Submitting invoices containing charges for examinations which are based on a level of coding which is not consistent with the patient's medical history, subjective and objective clinical findings concerning the patient which were made at the time of the visit, the complexity of the clinical decision-making involved in the diagnosis and/or treatment of the patient, or the nature of the care provided to the patient;

j.  Submitting invoices containing charges for treatments, procedures or services which were not rendered, were not fully rendered, or were not rendered as represented by the charging chiropractor;

k.  Submitting treatment notes and invoices containing charges for excessive and improper use of supportive procedures and therapies;

l.  Submitting invoices and treatment records for treatment of minors that wholly exceed reasonable and necessary treatment parameters;

m.  Authoring false and misleading reports to insurance companies;

n.  Delay of 30 days or more in invoice submission to Encompass; and

o.  Exaggerated report of patient injury.

**Medical Record Evidence Supporting Allegations**

| CLAIM NO. | CLAIMANT FIRST NAME | CLAIMANT LAST NAME | DOL | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 03374831 | Saroeut | Roum | 07/18/98 | X | X | X | X | X | X | X | X | X | X | X |  | X | X | X |
| 03374831 | Sendy | Un | 07/18/98 | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X |
| 03374831 | Sokea | Un | 07/18/98 | X | X | X | X | X | X | X | X | X | X | X |  | X | X | X |
| 03382948 | Saroeun | Chhan | 02/02/99 | X | X | X |  | X | X | X | X | X | X | X |  | X | X | X |
| 03392271 | Radet | Yem | 08/29/00 | X | X | X | X | X | X | X | X | X | X | X |  | X | X | X |
| 03403606 | Margarita | Pina | 10/06/00 | X | X | X | X | X | X | X | X | X | X | X |  | X | X | X |
| 03411511 | Sareth | Nuon | 05/22/01 | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X |
| 03414287 | Doeun | Uy | 10/25/00 | X | X | X | X | X | X | X | X | X | X | X |  | X | X | X |
| 03414287 | Knamsing | Khammanivong | 10/25/00 | X | X | X | X | X | X | X | X | X | X | X |  | X | X | X |
| 03415524 | Eath | Keo | 11/26/00 | X | X | X | X | X | X | X | X | X | X | X |  | X | X | X |
| 03415524 | Sophoeun | Kong | 11/26/00 | X | X | X | X | X | X | X | X | X | X | X |  | X | X | X |
| 03415760 | Savy | Moun | 11/26/00 | X | X | X | X | X | X | X | X | X | X | X |  | X | X | X |
| 03417806 | Hoeurn | Men | 01/20/01 | X | X | X | X | X | X | X | X | X | X | X |  | X | X | X |
| 03417806 | Nhem | Ngeth | 01/20/01 | X | X | X | X | X | X | X | X | X | X | X |  | X | X | X |
| 03418926 | Nikki | Kim | 02/13/01 | X | X | X | X | X | X | X | X | X | X | X |  | X | X | X |
| 03419107 | Cang | Keo | 02/18/01 | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X |
| 03419107 | Khawaii | Sok | 02/18/01 | X | X | X | X | X | X | X | X | X | X | X |  | X | X | X |
| 03419107 | Kim | Neang | 02/18/01 | X | X | X | X | X | X | X | X | X | X | X |  | X | X | X |
| 03419107 | Sareth | Heang | 02/18/01 | X | X | X | X | X | X | X | X | X | X | X |  | X | X | X |

**LEGEND:**

a.  Creating and submitting inaccurate, inadequate and inappropriate documentation;

b.  Rendering treatment which exceeds the type, quality and/or amount of the documented and clinically reasonable chiropractic needs of the patient;

c.  Rendering a recipe of treatment absent any individualized medical decision making;

d.  Rendering treatment which is unrelated to the diagnosed, or reasonably suspected, injury or condition incurred by the patient;

e.  Rendering treatment which is provided solely for the purpose of enabling the patient to incur medical treatment expenses in excess of the tort threshold established by Mass. Gen. Laws ch. 231, §6D;

f.  Billing for services which were not performed and/or overstating the amount of time spent evaluating and/or treating patients;

g.  Billing that exceeds reasonable fees for such services in the clinic's geographic area;

h.  Submitting invoices containing charges that amount to overutilization of practice;

i.  Submitting invoices containing charges for examinations which are based on a level of coding which is not consistent with the patient's medical history, subjective and objective clinical findings concerning the patient which were made at the time of the visit, the complexity of the medical decision-making involved in the diagnosis and/or treatment of the patient, or the nature of the care provided to the patient;

j.  Submitting invoices containing charges for treatments, procedures or services which were not rendered, were not fully rendered, or were not rendered as represented by the charging chiropractor;

k.  Submitting treatment notes and invoices containing charges for excessive and improper use of supportive procedures and therapies;

l.  Submitting invoices and treatment records for treatment of minors that wholly exceed reasonable and necessary treatment parameters;

m.  Authoring false and misleading reports to insurance companies;

n.  Delay of 30 days or more in invoice submission to Encompass; and

o.  Exaggerated report of patient injury.

## Medical Record Evidence Supporting Allegations

| CLAIM NO. | CLAIMANT FIRST NAME | CLAIMANT LAST NAME | DOL | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 03420810 | Bin | Real | 04/02/01 | X | X | X | X | X | X | X | X | X | X | X |  | X |  | X |
| 03420810 | Nickie | Phan | 04/02/01 | X | X | X | X | X | X | X | X | X | X | X |  | X |  | X |
| 03425856 | Oeun | Tim | 05/16/99 | X | X | X | X | X | X | X | X | X | X | X |  | X | X | X |
| 03425856 | Timmy | Tim | 05/16/99 | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X |
| 03432698 | Peou | Ing | 11/09/99 | X | X | X | X | X | X | X | X | X | X | X |  | X | X | X |
| 03436611 | Lan | Lim | 02/19/00 | X | X | X |  | X | X | X | X | X | X | X |  | X | X | X |
| 03438972 | Angela | Mejia | 01/14/00 | X | X | X | X | X | X | X | X | X | X | X |  | X |  | X |
| 03438972 | Juan | Disla | 01/14/00 | X | X | X | X | X | X | X | X | X | X | X |  | X |  | X |
| 03439611 | Sokhan | Yang | 05/19/00 | X | X | X | X | X | X | X | X | X | X | X |  | X | X | X |
| 03439668 | Veun | Long | 05/22/00 | X | X | X | X | X | X | X | X | X | X | X |  | X |  | X |
| 03444156 | Anirut | Khuanphat | 03/06/01 | X | X | X | X | X | X | X | X | X | X | X |  | X | X | X |
| 03445147 | Phamaro | Uong | 05/10/01 | X | X | X | X | X | X | X | X | X | X | X |  | X |  | X |
| 03445147 | Sophea | Um | 05/10/01 | X | X | X | X | X | X | X | X | X | X | X |  | X | X | X |
| 03445338 | Phyrun | Chhim | 05/16/01 | X | X | X | X | X | X | X | X | X | X | X |  | X |  | X |
| 03445338 | Ratha | So | 05/16/01 | X | X | X | X | X | X | X | X | X | X | X |  | X |  | X |
| 03445702 | Michael | Pho | 05/28/01 | X | X | X | X | X | X | X | X | X | X | X |  | X | X | X |
| 03448741 | Katie | Duong | 08/06/01 | X | X | X | X | X | X | X | X | X | X | X |  | X | X | X |
| 03449560 | Morn | Samith | 10/05/02 | X | X | X | X | X | X | X | X | X | X | X | X | X |  | X |
| 03456762 | Pamela | Nou | 09/06/01 | X | X | X | X | X | X | X | X | X | X | X |  | X | X | X |

**LEGEND:**

a. Creating and submitting inaccurate, inadequate and inappropriate documentation;

b. Rendering treatment which exceeds the type, quality and/or amount of the documented and clinically reasonable chiropractic needs of the patient;

c. Rendering a recipe of treatment absent any individualized medical decision making;

d. Rendering treatment which is unrelated to the diagnosed, or reasonably suspected, injury or condition incurred by the patient;

e. Rendering treatment which is provided solely for the purpose of enabling the patient to incur medical treatment expenses in excess of the tort threshold established by Mass. Gen. Laws ch. 231, §6D;

f. Billing for services which were not performed and/or overstating the amount of time spent evaluating and/or treating patients;

g. Billing that exceeds reasonable fees for such services in the clinic's geographic area;

h. Submitting invoices containing charges that amount to overutilization of practice;

i. Submitting invoices containing charges for examinations which are based on a level of coding which is not consistent with the patient's medical history, subjective and objective clinical findings concerning the patient which were made at the time of the visit, the complexity of the clinical decision-making involved in the diagnosis and/or treatment of the patient, or the nature of the care provided to the patient;

j. Submitting invoices containing charges for treatments, procedures or services which were not rendered, were not fully rendered, or were not rendered as represented by the charging chiropractor;

k. Submitting treatment notes and invoices containing charges for excessive and improper use of supportive procedures and therapies;

l. Submitting invoices and treatment records for treatment of minors that wholly exceed reasonable and necessary treatment parameters;

m. Authoring false and misleading reports to insurance companies;

n. Delay of 30 days or more in invoice submission to Encompass; and

o. Exaggerated report of patient injury.

**Medical Record Evidence Supporting Allegations**

| CLAIM NO. | CLAIMANT FIRST NAME | CLAIMANT LAST NAME | DOL | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 03456762 | Saroeun | Hou | 09/06/01 | X | X | X | X | X | X | X | X | X | X | X | | X | X | X |
| 03459630 | Hun | Hum | 11/26/01 | | | X | | | | | | | | | | | | |
| 03459630 | Jim | Bun | 11/26/01 | | | X | | | | | | | | | | | | |
| 03459630 | It | Toun | 11/26/01 | | | X | | | | | | | | | | | | |
| 03459630 | Tuy | Pei | 11/26/01 | | | X | | | | | | | | | | | | |
| 03461410 | Bunthy | Chantha | 01/15/02 | X | X | X | | X | X | X | X | X | X | X | | X | | X |
| 03461410 | Sarath | Ros | 01/15/02 | X | | X | | X | X | X | X | X | X | X | | X | | X |
| 03462771 | Nheop | So | 02/24/02 | X | X | X | X | X | X | X | X | X | X | X | | X | | X |
| 03462771 | Paulika | So | 02/24/02 | X | X | X | X | X | X | X | X | X | X | X | X | X | | X |
| 03462771 | Phaectra | So | 02/24/02 | X | X | X | X | X | X | X | X | X | X | X | X | X | | X |
| 03462771 | Savuth | Phan | 02/24/02 | X | X | X | X | X | X | X | X | X | X | X | | X | | X |
| 03462771 | Cheatra | So | 02/24/02 | X | X | X | X | X | X | X | X | X | X | X | X | X | | X |
| 03467194 | Paul | Taylor | 01/30/02 | X | X | X | X | X | X | X | X | X | X | X | | X | | X |
| 03467477 | Chithra | Ung | 02/07/02 | X | X | X | X | X | X | X | X | | X | X | X | X | | X |
| 03467477 | Pholla | Long | 02/07/02 | X | X | X | X | X | X | X | X | X | X | X | | X | | X |
| 03467477 | Samnang | San | 02/07/02 | X | X | X | X | X | X | X | X | X | X | X | | X | | X |
| 03467477 | Sophinnary | Ung | 02/07/02 | X | X | X | X | X | X | X | X | X | X | X | X | X | X | X |
| 03467477 | Volak | Neang | 02/07/02 | X | X | X | X | X | X | X | X | X | X | X | | X | X | X |
| 03468665 | Samnang | Ngeth | 03/15/02 | X | X | X | X | X | X | X | X | X | X | X | | X | | X |

**LEGEND:**

a.    Creating and submitting inaccurate, inadequate and inappropriate documentation;

b.    Rendering treatment which exceeds the type, quality and/or amount of the documented and clinically reasonable chiropractic needs of the patient;

c.    Rendering a recipe of treatment absent any individualized medical decision making;

d.    Rendering treatment which is unrelated to the diagnosed, or reasonably suspected, injury or condition incurred by the patient;

e.    Rendering treatment which is provided solely for the purpose of enabling the patient to incur medical treatment expenses in excess of the tort threshold established by Mass. Gen. Laws ch. 231, §6D;

f.    Billing for services which were not performed and/or overstating the amount of time spent evaluating and/or treating patients;

g.    Billing that exceeds reasonable fees for such services in the clinic's geographic area;

h.    Submitting invoices containing charges that amount to overutilization of practice;

i.    Submitting invoices containing charges for examinations which are based on a level of coding which is not consistent with the patient's medical history, subjective and objective clinical findings concerning the patient which were made at the time of the visit, the complexity of the clinical decision-making involved in the diagnosis and/or treatment of the patient, or the nature of the care provided to the patient;

j.    Submitting invoices containing charges for treatments, procedures or services which were not rendered, were not fully rendered, or were not rendered as represented by the charging chiropractor;

k.    Submitting treatment notes and invoices containing charges for excessive and improper use of supportive procedures and therapies;

l.    Submitting invoices and treatment records for treatment of minors that wholly exceed reasonable and necessary treatment parameters;

m.    Authoring false and misleading reports to insurance companies;

n.    Delay of 30 days or more in invoice submission to Encompass; and

o.    Exaggerated report of patient injury.

**Medical Record Evidence Supporting Allegations**

| CLAIM NO. | CLAIMANT FIRST NAME | CLAIMANT LAST NAME | DOL | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 03468665 | Sitha | Mam | 03/15/02 | X | X | X | X | X | X | X | X | X | X | X | X | X | | X |
| 03468665 | Sitha | Ngeth | 03/15/02 | X | X | X | X | X | X | X | X | X | X | X | X | X | | X |
| 03468725 | Krapomroth | Khim | 03/18/02 | X | X | X | X | X | X | X | X | X | X | X | | X | X | X |
| 03468725 | Phoeun | Sam | 03/18/02 | X | X | X | X | X | X | X | X | X | X | X | | X | X | X |
| 03468725 | Sophay | Porth | 03/18/02 | X | X | X | X | X | X | X | X | X | X | X | | X | | X |
| 03469510 | Sokhan | Bum | 04/07/02 | X | | | | | | | | X | | | | | | |
| 03469757 | Khon | Lay | 04/15/02 | X | X | X | X | X | X | X | X | X | X | X | | X | | X |

**LEGEND:**

a.      Creating and submitting inaccurate, inadequate and inappropriate documentation;

b.      Rendering treatment which exceeds the type, quality and/or amount of the documented and clinically reasonable chiropractic needs of the patient;

c.      Rendering a recipe of treatment absent any individualized medical decision making;

d.      Rendering treatment which is unrelated to the diagnosed, or reasonably suspected, injury or condition incurred by the patient;

e.      Rendering treatment which is provided solely for the purpose of enabling the patient to incur medical treatment expenses in excess of the tort threshold established by Mass. Gen. Laws ch. 231, §6D;

f.      Billing for services which were not performed and/or overstating the amount of time spent evaluating and/or treating patients;

g.      Billing that exceeds reasonable fees for such services in the clinic's geographic area;

h.      Submitting invoices containing charges that amount to overutilization of practice;

i.      Submitting invoices containing charges for examinations which are based on a level of coding which is not consistent with the patient's medical history, subjective and objective clinical findings concerning the patient which were made at the time of the visit, the complexity of the clinical decision-making involved in the diagnosis and/or treatment of the patient, or the nature of the care provided to the patient;

j.      Submitting invoices containing charges for treatments, procedures or services which were not rendered, were not fully rendered, or were not rendered as represented by the charging chiropractor;

k.      Submitting treatment notes and invoices containing charges for excessive and improper use of supportive procedures and therapies;

l.      Submitting invoices and treatment records for treatment of minors that wholly exceed reasonable and necessary treatment parameters;

m.      Authoring false and misleading reports to insurance companies;

n.      Delay of 30 days or more in invoice submission to Encompass; and

o.      Exaggerated report of patient injury.

**Mail Fraud Chart**

| CLAIM NO. | PATIENT NAME | DATE | FROM | TO | CONTAINS |
|---|---|---|---|---|---|
| 03468725 | Phoeun Sam | 07/23/02 | Geary & Geary | Encompass | Medical Records and Invoices |
| 03468725 | Krapomroth Khim | 07/23/02 | Geary & Geary | Encompass | Medical Records and Invoices |
| 03468725 | Sophay Porth | 07/23/02 | Geary & Geary | Encompass | Medical Records and Invoices |
| 03421674 | April Thanongsinh | 06/29/99 | Thomas Haggard, Esq. | CNA Insurance | Medical Records and Invoices |
| 03447628 | Veasna Ngeth and Sumnang Ngeth | 08/14/01 | Matthew Demaras, Esq. | Encompass | Medical Records and Invoices |
| 03439668 | Veun Long | 11/28/00 | Charles Lonardo, Esq. | CNA Insurance | Medical Records and Invoices |
| 03415449 | Krapomroth Khim | 07/30/01 | Roland Milliard. Esq. | CNA Insurance | Medical Records and Invoices |
| 03418926 | Nikki Kim | 08/07/01 | Louis Haskell, Esq. | Encompass | Invoice |
| 03445338 | Ratha So | 01/30/03 | Ambrose & Ambrose | Encompass | Invoice |
| 03445338 | Ratha So | 09/17/02 | Robert Carnavale, Esq. | Encompass | Medical Records and Invoices |
| 03379614 | Bunreth Ngeth | 11/18/98 | Louis Haskell, Esq. | CNA Insurance | Medical Records and Invoices |
| 03445702 | Michael Pho | 11/06/01 | Roland Milliard. Esq. | Encompass | Medical Records and Invoices |
| 03331518 | Tut Hok | 03/08/04 | Ambrose & Ambrose | Encompass | Medical Records and Invoices |
| 03331518 | Tut Hok | 02/12/99 | Dane Shulman, Esq. | CNA Insurance | Medical Records and Invoices |
| 03374831 | Sokea Un | 12/22/02 | Ambrose & Ambrose | CNA Insurance | Invoice |
| 03414287 | Cham Sing Knamsing | 02/26/01 | William Early, Esq. | CNA Insurance | Medical Records and Invoices |
| 03414287 | Doeun Uy | 02/26/01 | William Early, Esq. | CNA Insurance | Medical Records and Invoices |
| 03439611 | Sokhan Yang | 11/30/00 | Geary & Geary | CNA Insurance | Medical Records and Invoices |
| 03415760 | Savy Moun | 05/17/04 | Ambrose & Ambrose | Encompass | Invoice |
| 03415432 | Sarunn Vorn | 05/24/01 | Dana Rosencranz, Esq. | CNA Insurance | Medical Records and Invoices |
| 03415432 | Sophal Phan | 10/20/04 | First Spine | Encompass | Invoice |
| 03415432 | Sophal Phan | 07/20/01 | Dana Rosencranz, Esq. | CNA Insurance | Medical Records and Invoices |
| 03415432 | Sarath Bou | 06/26/01 | Dana Rosencranz, Esq. | CNA Insurance | Medical Records and Invoices |
| 03417806 | Hoeurn Men | 03/25/04 | Ambrose & Ambrose | Encompass | Invoice |
| 03417806 | Nhem Ngeth | 11/21/01 | William Early, Esq. | CNA Insurance | Medical Records and Invoices |
| 03420777 | Khen Khout | 11/08/04 | Ambrose & Ambrose | Encompass | Invoice |
| 03420777 | Khen Khout | 07/31/01 | Mark Salomone, Esq. | Encompass | Invoice |
| 03382948 | Saroeun Chhan | 05/17/04 | Ambrose & Ambrose | Encompass | Invoice |
| 03382948 | Saroeun Chhan | 10/01/99 | Robert Carnavale, Esq. | CNA Insurance | Invoice |
| 03419107 | Saneth Heang | 03/14/03 | First Spine | Encompass | Invoice |
| 03419107 | Saneth Heang | 11/13/02 | Ambrose & Ambrose | Encompass | Invoice |
| 03419107 | Sareth Heang | 09/05/01 | Donald Green, Esq. | CNA Insurance | Medical Records and Invoices |
| 03419107 | Cang Keo | 08/28/01 | Donald Green, Esq. | CNA Insurance | Medical Records and Invoices |
| 03419107 | Kim Neang | 08/28/01 | Donald Green, Esq. | CNA Insurance | Medical Records and Invoices |
| 03419107 | Khawaii Sok | 08/28/01 | Donald Green, Esq. | CNA Insurance | Medical Records and Invoices |
| 03435147 | Sophea Um | 12/18/01 | Dana Rosencranz, Esq. | Encompass | Medical Records and Invoices |
| 03445147 | Phamaro Uong | 10/19/01 | Dana Rosencranz, Esq. | Encompass | Medical Records and Invoices |
| 03403606 | Margarita Pina | 03/21/01 | First Spine | Encompass | Invoice |
| 03403606 | Margarita Pina | 03/20/01 | Dane Shulman, Esq. | CNA Insurance | Medical Records and Invoices |
| 03414116 | Marguera Sam | 12/14/04 | Ambrose & Ambrose | Encompass | Invoice |

**Mail Fraud Chart**

| CLAIM NO. | PATIENT NAME | DATE | FROM | TO | CONTAINS |
|---|---|---|---|---|---|
| 03414116 | Seak Sam | 12/14/04 | Ambrose & Ambrose | Encompass | Invoice |
| 03415524 | Sophea Um | 04/08/03 | Roland Milliard. Esq. | Encompass | Medical Records and Invoices |
| 03415524 | Eath Keo | 01/22/03 | Roland Milliard. Esq. | Encompass | Medical Records and Invoices |
| 03462436 | Sar Chhean | 11/12/02 | Mark Salomone, Esq. | Encompass | Invoice |
| 03462436 | Sar Chhean | 07/24/02 | Mark Salomone, Esq. | Encompass | Medical Records and Invoices |
| 03467477 | Sophinnary Ung | 11/15/04 | Ambrose & Ambrose | Encompass | Invoice |
| 03467477 | Chithra Ung | 02/18/04 | Ambrose & Ambrose | Encompass | Invoice |
| 03467477 | Pholla Long | 11/18/02 | Ambrose & Ambrose | Encompass | Invoice |
| 03467477 | Samnang San | 02/05/03 | Ambrose & Ambrose | Encompass | Invoice |
| 03467477 | Volak Neang | 02/05/03 | Ambrose & Ambrose | Encompass | Invoice |
| 03467477 | Volak Neang | 08/30/04 | First Spine | Encompass | Invoice |
| 03467477 | Volak Neang | 06/03/02 | Bratton & Springer | Encompass | Medical Records and Invoices |
| 03467477 | Samnang San | 06/28/02 | Bratton & Springer | Encompass | Medical Records and Invoices |
| 03442397 | Thanh Som | 12/24/01 | Dana Rosencranz, Esq. | CNA Insurance | Invoice |
| 03457321 | Sunnhak Chiv | 04/02/03 | Ambrose & Ambrose | Encompass | Invoice |
| 03420810 | Bin Real | 09/09/01 | Danny Chum, Esq. | Encompass | Medical Records |
| 03420810 | Nickie Phan | 08/16/01 | Donahue & Donahue | Encompass | Medical Records and Invoices |
| 03480962 | Chea Taing Theng | 05/01/03 | Joseph Eli LaFreniere, Esq. | Encompass | Medical Records and Invoices |
| 03462436 | Ry Chhaim | 05/09/02 | Mark Salomone, Esq. | Encompass | Invoice |
| 03462436 | Tim Neang | 07/08/02 | Mark Salomone, Esq. | Encompass | Medical Records and Invoices |
| 03449223 | Boeuk Pin | 09/30/02 | Vanthan Un, Esq. | Encompass | Medical Records and Invoices |
| 03493502 | Diane Melo | 10/12/04 | Iannella & Mummolo | Encompass | Invoice |
| 03469510 | Sokhan Bum | 02/10/03 | John King, Esq. | Encompass | Medical Records and Invoices |
| 03444156 | Jaemwimon Phramahaphon | 08/15/01 | Nicholas Andreson, Esq. | Encompass | Medical Records and Invoices |
| 03444156 | Anirut Khuanphat | 08/08/01 | Nicholas Andreson, Esq. | Encompass | Medical Records and Invoices |
| 03438972 | Naim Eng | 06/27/01 | John Buck, Esq. | CNA Insurance | Invoice |
| 03438972 | Santa Dones | 06/29/01 | John Buck, Esq. | CNA Insurance | Invoice |
| 03428972 | Carmen Perez | 06/27/01 | John Buck, Esq. | CNA Insurance | Invoice |
| 03438972 | Juan Disla | 12/09/03 | John Buck, Esq. | CNA Insurance | Invoice |
| 03326411 | Nguyet Ngyuen Hang Tran | 05/26/98 | Louis Haskell, Esq. | CNA Insurance | Medical Records and Invoices |
| 03402742 | Viphearea Srey | 08/02/01 | Howard Swartz, Esq. | CNA Insurance | Invoice |
| 03402742 | Sacha Tang | 05/29/01 | Howard Swartz, Esq. | CNA Insurance | Invoice |
| 03402742 | Wilson Douongchack | 08/29/01 | Howard Swartz, Esq. | CNA Insurance | Medical Records and Invoices |
| 03417018 | Kamsot Kong | 05/24/01 | Dana Rosencranz, Esq. | CNA Insurance | Medical Records and Invoices |
| 03415264 | Ngeth Soeung | 10/14/04 | Ambrose & Ambrose | Encompass | Invoice |
| 03415264 | Bin Soun | 12/02/02 | Ambrose & Ambrose | Encompass | Invoice |
| 03381790 | Sokcheath Park | 05/12/00 | Francis Gaimari, Esq. | CNA Insurance | Medical Records and Invoices |
| 03381790 | Sophaly Chum | 05/10/00 | Francis Gaimari, Esq. | CNA Insurance | Medical Records and Invoices |
| 03381790 | Sophaly Chum | 05/10/00 | Francis Gaimari, Esq. | CNA Insurance | Medical Records and Invoices |
| 03381790 | Kosal Nguon | 05/18/99 | Thomas Elias, Esq. | CNA Insurance | Medical Records and Invoices |

Mail Fraud Chart

| CLAIM NO. | PATIENT NAME | DATE | FROM | TO | CONTAINS |
|-----------|--------------|------|------|-----|----------|
| 03514331 | Chhat Phim | 10/20/04 | First Spine | Encompass | Invoice |
| 03479077 | Kongkeo Phonphiak | 12/04/02 | Ambrose & Ambrose | Encompass | Invoice |
| 03479077 | Khammoune Panya | 11/15/02 | Ambrose & Ambrose | Encompass | Invoice |
| 03465736 | Chhang Kang | 12/16/02 | Ambrose & Ambrose | Encompass | Invoice |
| 03465736 | Chanda Kong | 12/30/02 | Ambrose & Ambrose | Encompass | Invoice |
| 03464181 | Prasan Phumbchan | 05/01/02 | Dana Rosencranz, Esq. | Encompass | Medical Records and Invoices |
| 03456762 | Pamela Nou | 12/18/02 | Ambrose & Ambrose | Encompass | Invoice |
| 03456762 | Saroeun Hou | 12/31/02 | Ambrose & Ambrose | Encompass | Invoice |
| 03456762 | Pamela Nou and Sarouen Hou | 01/22/02 | Samuel Kompouris, Esq. | Encompass | Invoice |
| 03408504 | Samnang Khut | 04/29/02 | Martin McNulty, Esq. | Encompass | Medical Records and Invoices |
| 03408504 | Samnang Khut | 12/16/02 | Ambrose & Ambrose | Encompass | Invoice |
| 03408504 | Kevin Meas | 10/24/01 | Martin McNulty, Esq. | Encompass | Medical Records and Invoices |
| 03491823 | John Rom | 03/09/04 | Mark Salomone, Esq. | Encompass | Medical Records and Invoices |
| 03457313 | Oeun Tim | 01/08/02 | Dana Rosencranz, Esq. | Encompass | Medical Records and Invoices |
| 03506712 | Liv Kong | 11/04/04 | First Spine | Encompass | Invoice |
| 03506712 | John Rom | 01/22/04 | First Spine | Encompass | Invoice |
| 03486795 | Savonn Yonn | 03/25/03 | Dana Rosencranz, Esq. | Encompass | Medical Records and Invoices |
| 03486795 | Savonn Yonn | 01/06/03 | Ambrose & Ambrose | Encompass | Invoice |
| 03500338 | John Rom | 10/16/03 | Mark Salomone, Esq. | Encompass | Medical Records and Invoices |
| 03500338 | Kong Liv | 08/27/03 | Mark Salomone, Esq. | Encompass | Medical Records and Invoices |
| 03500338 | Jimmy Rom | 02/04/04 | Mark Salomone, Esq. | Encompass | Medical Records and Invoices |
| 03530556 | Ken Truong | 04/14/04 | Daniel Kelleher, Esq. | Encompass | Medical Records and Invoices |
| 03532353 | Pat Song | 02/25/05 | Ambrose & Ambrose | Encompass | Invoice |
| 03532353 | Pat Song | 06/16/04 | Mark Salomone, Esq. | Encompass | Medical Records and Invoices |
| 03505976 | Keo Kothpratoum | 06/01/04 | First Spine | Encompass | Invoice |
| 03511086 | Thea Soun | 07/20/04 | Dana Rosencranz, Esq. | Encompass | Medical Records and Invoices |
| 03511086 | Morn Samith | 04/29/04 | Dana Rosencranz, Esq. | Encompass | Medical Records and Invoices |
| 03506013 | Chaly Sibunroeung | 12/18/03 | Dana Rosencranz, Esq. | Encompass | Medical Records and Invoices |
| 03440595 | Sarin Chhay | 10/06/00 | Vanthan Un, Esq. | CNA Insurance | Invoice |
| 03469757 | Dara Lay | 08/28/02 | Mark Ruby, Esq. | Encompass | Medical Records and Invoices |
| 03504357 | Reath Toch | 03/31/04 | First Spine | Encompass | Invoice |
| 03448910 | Sivinary Seng | 10/14/04 | Ambrose & Ambrose | Encompass | Invoice |
| 03504615 | Alexander Men | 11/04/04 | First Spine | Encompass | Invoice |
| 03504615 | Vanneck Chea | 11/03/04 | First Spine | Encompass | Invoice |
| 03504615 | Alexander Men | 02/18/04 | Dana Rosencranz, Esq. | Encompass | Medical Records and Invoices |
| 03504615 | Kimsan Mom | 01/26/04 | Dana Rosencranz, Esq. | Encompass | Medical Records and Invoices |
| 03425856 | Tim Oeun and Timmy Tim | 12/17/99 | James Kutelis, Esq. | CNA Insurance | Medical Records and Invoices |
| 03413857 | Narith Dou | 04/10/01 | Martin McNulty, Esq. | CNA Insurance | Medical Records and Invoices |
| 03491088 | Sophannee Uy | 11/12/03 | Mark Salomone, Esq. | CNA Insurance | Invoice |
| 03449560 | Morn Samith | 05/28/03 | Dana Rosencranz, Esq. | Encompass | Medical Records and Invoices |

**Mail Fraud Chart**

| CLAIM NO. | PATIENT NAME | DATE | FROM | TO | CONTAINS |
|---|---|---|---|---|---|
| 03490345 | Rithy Mao | 03/06/03 | Mark Salomone, Esq. | Encompass | Invoice |
| 03445658 | Tab Lay | 10/02/01 | Dana Rosencranz, Esq. | Encompass | Medical Records and Invoices |
| 03445658 | Pheap Tim | 10/09/01 | Dana Rosencranz, Esq. | Encompass | Medical Records and Invoices |
| 03418795 | Punlork Sar | 10/14/04 | Ambrose & Ambrose | Encompass | Invoice |
| 03418795 | Samatha Mao | 05/24/01 | Dana Rosencranz, Esq. | CNA Insurance | Medical Records and Invoices |
| 03418795 | Sambath Bo | 06/28/01 | Dana Rosencranz, Esq. | CNA Insurance | Medical Records and Invoices |
| 03418795 | Jorge Diaz | 09/21/01 | Vazquez Law Office | Encompass | Medical Records and Invoices |
| 03464524 | Phoeuk Neang | 08/23/02 | Louis Haskell, Esq. | Encompass | Medical Records |
| 03464524 | Jerry Seng | 08/16/02 | Robert Carnavale, Esq. | Encompass | Medical Records and Invoices |
| 03464524 | Melaly Seng | 08/16/02 | Robert Carnavale, Esq. | Encompass | Medical Records and Invoices |
| 03470133 | Rochenna Sim | 10/07/02 | Mark Salomone, Esq. | Encompass | Medical Records and Invoices |
| 03470133 | Bunkeath Meng | 09/23/02 | Mark Salomone, Esq. | Encompass | Medical Records and Invoices |
| 03436611 | Lan Lim | 09/27/00 | Gregory Howard, Esq. | CNA Insurance | Medical Records |
| 03456832 | Dalin Ou | 10/20/04 | First Spine | Encompass | Invoice |
| 03456832 | Dalin Ou | 05/29/02 | Geary & Geary | Encompass | Medical Records and Invoices |
| 03456832 | Dalin Ou | 12/22/02 | Ambrose & Ambrose | Encompass | Invoice |
| 03391026 | Phuong Uyen Le | 02/26/01 | Kafkas Law Offices | CNA Insurance | Medical Records and Invoices |
| 03483838 | Sokean Phlong | 01/23/04 | Broderick Law Firm | Encompass | Medical Records and Invoices |
| 03483838 | Brandon Oeur | 04/14/03 | Thomas Broderick, Esq. | Encompass | Medical Records and Invoices |
| 03473966 | Diane Melo | 09/26/02 | Mark Salomone, Esq. | Encompass | Invoice |
| 03482803 | Sareth Veuk | 07/17/03 | Martin McNulty, Esq. | Encompass | Medical Records and Invoices |
| 03482803 | Thaverei Veuk | 07/17/03 | Martin McNulty, Esq. | Encompass | Medical Records and Invoices |
| 03536789 | Savy Vong | 09/24/04 | Dana Rosencranz, Esq. | Encompass | Medical Records and Invoices |
| 03467194 | Marion Garcia | 10/28/02 | Ambrose & Ambrose | Encompass | Invoice |
| 03467194 | Paul Taylor | 12/03/02 | Ambrose & Ambrose | Encompass | Invoice |
| 03486647 | Vich Lam | 03/08/05 | Ambrose & Ambrose | Encompass | Invoice |
| 03461410 | Sarath Ros | 01/03/05 | Ambrose & Ambrose | Encompass | Invoice |
| 03461410 | Bunthy Chantha | 11/22/02 | Mark Salomone, Esq. | Encompass | Invoice |
| 03481235 | Chinda Kruth | 10/19/04 | First Spine | Encompass | Invoice |
| 03411511 | Sareth Nuon | 07/21/04 | Ambrose & Ambrose | Encompass | Invoice |
| 03411511 | Sareth Nuon and Roeun Kong | 05/03/02 | Louis Haskell, Esq. | Encompass | Medical Records and Invoices |
| 03469203 | Kim Sat (Rick) Ban | 12/11/02 | Ambrose & Ambrose | Encompass | Invoice |
| 03469203 | At Ban | 12/11/02 | Ambrose & Ambrose | Encompass | Invoice |
| 03469203 | At Ban | 08/14/03 | Ambrose & Ambrose | Encompass | Invoice |
| 03469203 | Kim Sat (Rick) Ban | 08/21/03 | Ambrose & Ambrose | Encompass | Invoice |
| 03469203 | At Ban | 11/21/02 | Ambrose & Ambrose | Encompass | Invoice |
| 03469203 | Kim Sa (Rick) Ban | 11/12/02 | Mark Salomone, Esq. | Encompass | Medical Records and Invoices |
| 03469203 | Kim Sat (Rick) Ban | 04/07/03 | Encompass | Mark Salamone, Esq. | Records Review |
| 03469203 | Kim Sat (Rick) Ban | 10/10/02 | Encompass | Mark Salamone, Esq. | Records Review |
| 03469203 | Kim Sat (Rick) Ban | 03/07/03 | Lori Couture, Esq. (Mark E. Salamone | Encompass | Request for Payment |

**Mail Fraud Chart**

| CLAIM NO. | PATIENT NAME | DATE | FROM | TO | CONTAINS |
|---|---|---|---|---|---|
| 03469203 | At Ban | 05/29/03 | Mark Salomone, Esq. | Encompass | |
| 03469203 | At Ban | | Lori Couture, Esq. (Mark E. Salamone | Encompass | Lost Wage Check |
| 03469203 | Kim Sat (Rick) Ban | 07/24/02 | Lori Couture, Esq. (Mark E. Salamone | Encompass | PIP Checks |
| 03469203 | Kim Sat (Rick) Ban | 10/10/02 | Encompass | Mark Salamone, Esq. | Records Review |
| 03469203 | Kim Sat (Rick) Ban | 09/25/02 | Mark Salomone, Esq. | Encompass | PIP Application |
| 03469203 | Kim Sat (Rick) Ban | 11/04/02 | Ambrose & Ambrose | Encompass | Invoice for PIP Payments |
| 03469203 | Kim Sat (Rick) Ban | 09/26/02 | ERI Expert Review Incorporated | Encompass | Independent Medical Review |
| 03469203 | Kim Sat (Rick) Ban | 09/30/02 | ERI Expert Review Incorporated | Encompass | Invoice |
| 03469203 | Kim Sat (Rick) Ban | 10/07/02 | Mark Salomone, Esq. | Encompass | PIP Application |
| 03469203 | At Ban | 09/05/02 | Mark Salomone, Esq. | Encompass | Invoices |
| 03469203 | At Ban | 10/10/02 | Encompass | Mark Salamone, Esq. | Medical Records Review |
| 03469203 | At Ban | 11/04/02 | Ambrose & Ambrose | Encompass | Invoice |
| 03469203 | At Ban | 09/26/02 | ERI Expert Review Incorporated | Encompass | Medical Records Review |
| 03469203 | At Ban | 09/30/02 | ERI Expert Review Incorporated | Encompass | Invoice |
| 03396719 | Cynthia Laing | 11/14/01 | Encompass | Law Office of Attorney Robert Ahearn | Request for Payment |
| 03341477 | Phally Lang | on or about 01/09/02 | First Spine and Rehab. | Encompass | Request for Medical Records |
| 03448741 | Katie Duong | on or about 12/31/01 | First Spine and Rehab. | Encompass | Medical Records |
| 03432698 | Peou Ing | 02/08/00 | Medical Records Associates | Gloria Sanford CNA personal Insurance | Medical Records |
| 03475016 | Seng Eam Taing | 12/19/02 | Law Offices of Andrew J. Zaroulis | Encompass | Medical Records |

| CLAIM NUMBER | DOL | AMOUNT PAID | DATE PAID | LAST | FIRST |
|---|---|---|---|---|---|
| 03326411 | 01/09/98 | $975.00 | 06/26/98 | TRAN | HANG |
| 03326411 | 01/09/98 | $970.00 | 06/26/98 | NGUYEN | NGUYET |
| 03331518 | 09/10/98 | $3,896.00 | 12/08/04 | HOK | TUT |
| 03331518 | 09/10/98 | $129.00 | 03/16/99 | HOK | TUT |
| 03341477 | 10/29/99 | $1,068.00 | 03/21/00 | LANG | PHALLY |
| 03341477 | 10/29/99 | $695.00 | 03/20/02 | LANG | PHALLY |
| 03341477 | 10/29/99 | $1,867.00 | 04/23/01 | LANG | PHALLY |
| 03374831 | 07/18/98 | $1,377.00 | 04/02/99 | UN | SENDY |
| 03374831 | 07/18/98 | $665.00 | 04/14/99 | UN | SOKEA |
| 03374831 | 07/18/98 | $2,822.00 | 04/02/99 | UN | SOKEA |
| 03374831 | 07/18/98 | $1,907.00 | 04/14/99 | SIM | SAROEUT |
| 03374831 | 07/18/98 | $1,375.00 | 04/02/99 | SIM | SAROEUT |
| 03374831 | 07/18/98 | $150.00 | 04/14/99 | SIM | SAROEUT |
| 03374831 | 07/18/98 | $2,900.00 | 04/09/88 | ROUM | SAROEUT |
| 03374831 | 07/18/98 | $177.00 | 07/31/02 | ROUM | SAROEUT |
| 03379614 | 10/21/98 | $655.00 | 02/12/99 | NIKKI | KIM |
| 03379614 | 10/21/98 | $465.00 | 02/24/99 | NIKKI | KIM |
| 03381790 | 12/14/98 | $1,579.00 | 03/30/99 | CHUM | SOPHALA |
| 03381790 | 12/14/98 | $2,212.00 | 03/30/99 | PRAK | SOKCHEATH |
| 03381790 | 12/14/98 | $1,847.00 | 03/30/99 | CHUM | SOPHALA |
| 03381790 | 12/14/98 | $1,833.00 | 02/17/00 | PRAK | SOKCHEATH |
| 03381790 | 12/14/98 | $2,236.00 | 11/27/01 | CHUM | SOPHALA |
| 03381790 | 12/14/98 | $1,558.00 | 11/27/01 | CHUM | SOPHALA |
| 03382948 | 02/02/99 | $1,625.00 | 06/08/04 | CHHU | SAROEUN |
| 03382948 | 02/02/99 | $1,625.00 | 11/12/00 | CHHU | SAROEUN |
| 03382948 | 02/02/99 | $2,000.00 | 09/24/99 | CHUU | SAROEN |
| 03382948 | 02/02/99 | $1,625.00 | 01/12/00 | CHUU | SAROEN |
| 03391026 | 07/26/00 | $110.00 | 06/21/01 | PHOUNG | LE |
| 03391026 | 07/26/00 | $110.00 | 02/19/02 | PHOUNG | LE |
| 03391026 | 07/26/00 | $110.00 | 02/19/02 | PHOUNG | LE |
| 03391026 | 07/26/00 | $110.00 | 06/21/01 | PHOUNG | LE |
| 03391026 | 07/26/00 | $3,910.00 | 04/07/01 | PHOUNG | LE |
| 03392271 | 08/29/00 | $1,775.00 | 06/04/01 | YEM | RADET |
| 03402742 | 09/08/00 | $415.00 | 09/26/01 | DUONGCHACK | WILSON |
| 03402742 | 09/08/00 | $415.00 | 09/26/01 | DUONGCHACK | WILSON |
| 03402742 | 09/08/00 | $2,810.00 | 02/19/02 | TANG | SACHA |
| 03402742 | 09/08/00 | $1,585.00 | 09/24/01 | DUONGCHACK | WILSON |
| 03402742 | 09/08/00 | $555.00 | 09/21/01 | DUONGCHACK | WILSON |
| 03402742 | 09/08/00 | $1,130.00 | 08/02/01 | TANG | SACHA |
| 03402742 | 09/08/00 | $190.00 | 05/11/01 | TANG | SACHA |
| 03402742 | 09/08/00 | $950.00 | 05/11/01 | SPEY | VIPHEAREA |
| 03402742 | 09/08/00 | $3,030.00 | 02/28/01 | SPEY | VIPHEAREA |
| 03403606 | 10/06/00 | $150.00 | 05/24/01 | PINA | MARGARITA |
| 03408504 | 02/23/01 | $3,505.00 | 07/23/02 | MEAS | KEVIN |
| 03408504 | 02/23/01 | $2,905.00 | 09/16/02 | KHUT | SAMNANG |
| 03413857 | 08/30/00 | $4,505.00 | 04/11/01 | NARITH | DOU |
| 03414287 | 10/25/00 | $1,816.00 | 02/28/01 | KHANNANIVONGH | KHAMSING |

| CLAIM NUMBER | DOL | AMOUNT PAID | DATE PAID | LAST | FIRST |
|---|---|---|---|---|---|
| 03414287 | 10/25/00 | $1,763.00 | 04/11/01 | UY | DOEUN |
| 03414660 | 11/01/00 | $3,885.00 | 09/27/01 | TI | OUK |
| 03415264 | 11/18/00 | $2,000.00 | 07/16/01 | SOENG | NGETH |
| 03415264 | 11/18/00 | $2,000.00 | 04/10/01 | SUON | BIN |
| 03415432 | 11/25/00 | $330.00 | 03/11/04 | VORN | SARON |
| 03415432 | 11/25/00 | $300.00 | 12/16/04 | PHAN | SOPHAL |
| 03415432 | 11/25/00 | $740.00 | 02/24/03 | PHAN | SOPHAL |
| 03415432 | 11/25/00 | $2,108.00 | 05/30/01 | BOU | SARATH |
| 03415432 | 11/25/00 | $1,993.00 | 05/30/01 | VORN | SARON |
| 03415432 | 11/25/00 | $1,963.00 | 05/30/01 | VORN | SARON |
| 03415432 | 11/25/00 | $2,493.00 | 05/30/01 | PHAN | SOPHAL |
| 03415432 | 11/25/00 | $1,760.00 | 07/16/01 | BOU | SARATH |
| 03415449 | 11/25/00 | $3,508.00 | 09/25/01 | KHIM | RUMCHEK |
| 03415524 | 11/26/00 | $1,218.00 | 04/16/01 | KONG | SOPEUN |
| 03415524 | 11/26/00 | $1,395.00 | 09/25/01 | KEO | EATH |
| 03415524 | 11/26/00 | $2,805.00 | 02/04/02 | KEO | EATH |
| 03415760 | 11/26/00 | $2,028.00 | 05/15/01 | MOUN | SAVY |
| 03415760 | 11/26/00 | $1,765.00 | 12/09/02 | MOUN | SAVY |
| 03417806 | 01/20/01 | $2,420.00 | 05/07/01 | MEN | HOEURN |
| 03417806 | 01/20/01 | $1,455.00 | 07/20/01 | NGETH | NHBEM |
| 03418795 | 02/11/01 | $1,818.00 | 06/15/01 | BO. | LYSABAD |
| 03418795 | 02/11/01 | $2,105.00 | 07/16/01 | SAR | SAMBUN |
| 03418795 | 02/11/01 | $1,973.00 | 06/15/01 | SAR | SAMBUN |
| 03418795 | 02/11/01 | $1,150.00 | 06/19/01 | MAO | SAMENTHA |
| 03418795 | 02/11/01 | $2,053.00 | 06/15/01 | MAO | SAMENTHA |
| 03418795 | 02/11/01 | $2,220.00 | 06/19/01 | BO | SAMBAN |
| 03418795 | 02/11/01 | $1,878.00 | 06/15/01 | BO | SAMBAN |
| 03418795 | 02/11/01 | $1,400.00 | 06/21/01 | BO | SAMBATH |
| 03418795 | 02/11/01 | $1,795.00 | 06/21/01 | BO. | LYSABAD |
| 03418795 | 02/11/01 | $1,958.00 | 06/15/01 | BO | SAMBATH |
| 03418795 | 02/11/01 | $450.00 | 07/19/01 | SAR | PUNLORK |
| 03418795 | 02/11/01 | $1,170.00 | 07/16/01 | SAR | PUNLORK |
| 03418795 | 02/11/01 | $1,968.00 | 06/15/01 | SAR | PUNLORK |
| 03418926 | 02/13/01 | $2,000.00 | 08/02/01 | KIM | NIKKI |
| 03419107 | 02/18/01 | $90.00 | 07/25/03 | SARATH | HEANO |
| 03419107 | 02/18/01 | $444.00 | 07/23/01 | SARATH | HEANO |
| 03419107 | 02/18/01 | $1,631.00 | 07/02/01 | SARATH | HEANO |
| 03419107 | 02/18/01 | $4,250.00 | 08/06/01 | SOK | KHAWAII |
| 03419107 | 02/18/01 | $2,895.00 | 08/06/01 | NEANG | KIM |
| 03419107 | 02/18/01 | $3,765.00 | 08/06/01 | CANG | KEO |
| 03419107 | 02/18/01 | $330.00 | 04/11/02 | SOK | KHAWAII |
| 03419107 | 02/18/01 | $1,615.00 | 04/11/02 | SARATH | HEANO |
| 03419107 | 02/18/01 | $270.00 | 07/17/02 | NEANG | KIM |
| 03419107 | 02/18/01 | $600.00 | 07/02/02 | NEANG | KIM |
| 03420777 | 04/01/01 | $200.00 | 05/24/04 | MEN | OEUN |
| 03420777 | 04/01/01 | $695.00 | 05/24/04 | KHENT | KHEN |
| 03420777 | 04/01/01 | $695.00 | 08/13/01 | KHENT | KHEN |

| CLAIM NUMBER | DOL | AMOUNT PAID | DATE PAID | LAST | FIRST |
|---|---|---|---|---|---|
| 03420777 | 04/01/01 | $2,313.00 | 08/03/01 | KHENT | KHEN |
| 03420777 | 04/01/01 | $2,000.00 | 06/26/01 | MEN | OEUN |
| 03420777 | 04/01/01 | $1,115.00 | 08/21/01 | MEN | OEUN |
| 03420777 | 04/01/01 | $1,010.00 | 08/21/01 | KHENT | KHEN |
| 03420777 | 04/01/01 | $1,115.00 | 08/21/01 | SOK | SART |
| 03420777 | 04/01/01 | $810.00 | 07/23/01 | SOK | SART |
| 03420777 | 04/01/01 | $2,035.00 | 07/03/01 | SOK | SART |
| 03421674 | 01/08/99 | $226.00 | 04/28/99 | THANONGSINH | APRIL |
| 03425232 | 04/25/99 | $150.00 | 02/16/00 | MAK | NARAVUTH |
| 03425232 | 04/25/99 | $2,763.00 | 06/26/00 | MAK | NARAVUTH |
| 03425232 | 04/25/99 | $3,023.00 | 06/26/00 | VANN | EMMY |
| 03425232 | 04/25/99 | $1,866.00 | 06/26/00 | MAK | SANDY |
| 03425232 | 04/25/99 | $150.00 | 02/16/00 | MAK | SANDY |
| 03425232 | 04/25/99 | $3,073.00 | 06/26/00 | NAK | NORAYUTI |
| 03425232 | 04/25/99 | $150.00 | 02/16/00 | VANN | EMMY |
| 03425232 | 04/25/99 | $150.00 | 02/16/00 | MAK | NARAVUTH |
| 03425856 | 05/16/99 | $1,199.00 | 02/02/01 | TIM | OEUN |
| 03425856 | 05/16/99 | $2,000.00 | 06/20/00 | TIM | OEUN |
| 03425856 | 05/16/99 | $2,000.00 | 10/11/00 | TIM | TIMMY |
| 03432698 | 11/09/99 | $960.00 | 07/03/00 | ING | PEOU |
| 03432698 | 11/09/99 | $2,235.00 | 03/17/00 | ING | PEOU |
| 03436611 | 02/20/00 | $2,270.00 | 01/04/01 | LIM | LAN |
| 03436611 | 02/20/00 | $2,000.00 | 05/04/00 | LIM | LAN |
| 03438972 | 01/14/00 | $4,032.00 | 12/19/03 | DISLA | JUAN |
| 03438972 | 01/14/00 | $3,817.00 | 01/20/03 | MEJIA | ANGELA |
| 03439611 | 05/19/00 | $1,387.00 | 01/19/01 | YANG | SOKHAN |
| 03439611 | 05/19/00 | $2,875.00 | 06/06/02 | YANG | SOKHAN |
| 03439668 | 05/22/00 | $75.00 | 03/13/01 | LONG | VEUN |
| 03439668 | 05/22/00 | $1,610.00 | 01/17/01 | LONG | VEUN |
| 03439668 | 05/22/00 | $2,495.00 | 08/22/00 | LONG | VEUN |
| 03439668 | 05/22/00 | $80.00 | 08/22/00 | LONG | VEUN |
| 03440595 | 06/15/00 | $505.00 | 01/04/01 | CHHAY | SARIN |
| 03440595 | 06/15/00 | $420.00 | 11/07/00 | CHHAY | SARIN |
| 03440595 | 06/15/00 | $970.00 | 10/26/00 | CHHAY | SARIN |
| 03440595 | 06/15/00 | $2,350.00 | 10/09/00 | CHHAY | SARIN |
| 03440595 | 06/15/00 | $95.00 | 09/15/00 | CHHAY | SARIN |
| 03442397 | 02/17/01 | $2,000.00 | 06/25/01 | SOM | THANH |
| 03442397 | 02/17/01 | $394.00 | 06/12/02 | SOM | THANH |
| 03442397 | 02/17/01 | $1,880.00 | 02/11/02 | SOM | THANH |
| 03444156 | 03/06/01 | $4,100.00 | 11/28/01 | KHUANPHET | ANIRUT |
| 03445147 | 05/10/01 | $1,870.00 | 12/17/01 | UM | SOPHEA |
| 03445147 | 05/10/01 | $1,652.00 | 11/12/01 | UONG | PHAMARO |
| 03445147 | 05/10/01 | $2,249.00 | 04/08/02 | UM | SOPHEA |
| 03445147 | 05/10/01 | $2,497.00 | 03/20/02 | UONG | PHAMARO |
| 03445338 | 05/16/01 | $4,582.00 | 09/20/02 | SO | RATHA |
| 03445338 | 05/16/01 | $4,547.00 | 08/21/02 | CHHIM | PHYRUM |
| 03445702 | 05/28/01 | $270.00 | 12/11/01 | PHO | MICHAEL |

| CLAIM NUMBER | DOL | AMOUNT PAID | DATE PAID | LAST | FIRST |
|---|---|---|---|---|---|
| 03445702 | 05/28/01 | $3,614.00 | 12/11/01 | PHO | MICHAEL |
| 03447628 | 06/25/00 | $4,101.00 | 11/12/01 | NGETH | VEASHA |
| 03447628 | 06/25/00 | $4,256.00 | 11/12/01 | NGETH | SAMNANG |
| 03448741 | 08/06/01 | $605.00 | 11/16/01 | DOUNG | KATIE |
| 03448741 | 08/06/01 | $2,099.00 | 10/23/01 | DOUNG | KATIE |
| 03448741 | 08/06/01 | $180.00 | 03/29/02 | DOUNG | KATIE |
| 03448741 | 08/06/01 | $257.00 | 04/03/02 | DOUNG | KATIE |
| 03448910 | 08/14/01 | $317.00 | 01/05/04 | SENG | SIVINARY |
| 03448910 | 08/14/01 | $2,119.00 | 10/19/01 | SENG | MUTH |
| 03448910 | 08/14/01 | $1,854.00 | 10/19/01 | CHIV | SUNNAK |
| 03448910 | 08/14/01 | $2,015.00 | 10/19/01 | SENG | SIVINARY |
| 03448910 | 08/14/01 | $2,489.00 | 05/21/02 | SENG | VANDARY |
| 03448910 | 08/14/01 | $434.00 | 04/12/02 | SENG | SIVINARY |
| 03448910 | 08/14/01 | $1,341.00 | 03/04/02 | SENG | SIVINARY |
| 03448910 | 08/14/01 | $1,699.00 | 04/12/02 | SENG | MUTH |
| 03448910 | 08/14/01 | $540.00 | 03/04/02 | SENG | MUTH |
| 03448910 | 08/14/01 | $951.00 | 03/04/02 | SENG | MUTH |
| 03448910 | 08/14/01 | $175.00 | 03/04/02 | CHIV | SUNNAK |
| 03449560 | 10/05/02 | $1,615.00 | 05/01/03 | SAMITH | MORN |
| 03449560 | 10/05/02 | $1,400.00 | 05/05/03 | SAMITH | MORN |
| 03449560 | 10/05/02 | $815.00 | 02/18/03 | SAMITH | MORN |
| 03449560 | 10/05/02 | $530.00 | 07/01/03 | SAMITH | MORN |
| 03456762 | 09/06/01 | $973.00 | 03/07/02 | HOU | SAROEUN |
| 03456762 | 09/06/01 | $2,789.00 | 01/30/02 | HOU | SAROEUN |
| 03456762 | 09/06/01 | $1,614.00 | 01/30/02 | NOU | PAMELA |
| 03456832 | 09/08/01 | $105.00 | 02/28/02 | SOUM | MIKE |
| 03456832 | 09/08/01 | $180.00 | 08/09/02 | OU | DALIN |
| 03456832 | 09/08/01 | $1,717.00 | 04/12/02 | OU | DALIN |
| 03456832 | 09/08/01 | $2,433.00 | 04/01/02 | OU | DALIN |
| 03456832 | 09/08/01 | $2,590.00 | 03/06/02 | SOUM | MIKE |
| 03456832 | 09/08/01 | $1,947.00 | 04/12/02 | SOUM | MIKE |
| 03457313 | 09/22/01 | $1,315.00 | 02/25/03 | OEUM | TIM |
| 03457313 | 09/22/01 | $472.00 | 09/12/02 | OEUN | TIM |
| 03457321 | 09/21/01 | $1,995.00 | 11/07/02 | CHIV | SUNTAK |
| 03461410 | 01/15/02 | $365.00 | 10/13/04 | CHANTHA | BUN |
| 03461410 | 01/15/02 | $486.00 | 10/28/04 | CHANTHA | BUN |
| 03461410 | 01/15/02 | $1,133.00 | 07/21/04 | CHANTHA | BUN |
| 03461410 | 01/15/02 | $693.00 | 11/11/04 | CHANTHA | BUN |
| 03461410 | 01/15/02 | $550.00 | 01/06/03 | CHANTHA | BUN |
| 03461410 | 01/15/02 | $2,000.00 | 04/08/02 | ROS | SARATH |
| 03461410 | 01/15/02 | $2,000.00 | 04/08/02 | CHANTHA | BUNTHY |
| 03462436 | 02/13/02 | $1,805.00 | 08/21/02 | CHHAIM | RY |
| 03462436 | 02/13/02 | $1,620.00 | 08/26/02 | CHHEAN | SAR |
| 03462436 | 02/13/02 | $1,585.00 | 08/21/02 | PIN | BOEUK |
| 03462436 | 02/13/02 | $175.00 | 08/28/02 | CHANTHA | BUNTHY |
| 03464524 | 04/23/02 | $2,000.00 | 05/21/03 | SOK | MON |
| 03464524 | 04/23/02 | $3,733.00 | 11/13/02 | SENG | MELODY |

| CLAIM NUMBER | DOL | AMOUNT PAID | DATE PAID | LAST | FIRST |
|---|---|---|---|---|---|
| 03464524 | 04/23/02 | $3,613.00 | 11/13/02 | SENG | JERRY |
| 03464524 | 04/23/02 | $2,000.00 | 11/13/02 | SOK | MON |
| 03465736 | 06/04/02 | $530.00 | 02/26/04 | KONG | CHANDA |
| 03465736 | 06/04/02 | $1,195.00 | 01/14/03 | PHOUN | PHALA |
| 03465736 | 06/04/02 | $525.00 | 01/14/03 | KONG | CHANDA |
| 03465736 | 06/04/02 | $1,135.00 | 01/14/03 | KANG | CHHANG |
| 03465736 | 06/04/02 | $1,890.00 | 12/31/02 | KONG | CHANDA |
| 03465736 | 06/04/02 | $1,521.00 | 09/20/02 | PHOUN | PHALA |
| 03465736 | 06/04/02 | $1,281.00 | 12/31/02 | KONG | CHANDA |
| 03465736 | 06/04/02 | $1,045.00 | 09/20/02 | KANG | CHHANG |
| 03465736 | 06/04/02 | $2,456.00 | 09/06/02 | KANG | CHHANG |
| 03465736 | 06/04/02 | $1,725.00 | 09/11/02 | PHOUN | PHALA |
| 03467194 | 01/30/02 | $1,178.00 | 05/13/02 | TAYLOR | PAUL |
| 03467194 | 01/30/02 | $1,040.00 | 03/21/02 | TAYLOR | PAUL |
| 03467477 | 02/07/02 | $1,450.00 | 09/06/02 | UNG | CHITHRA |
| 03467477 | 02/07/02 | $1,475.00 | 09/06/02 | LONG | PHOLLA |
| 03467477 | 02/07/02 | $1,560.00 | 09/06/02 | UNG | VOLAK |
| 03467477 | 02/07/02 | $1,025.00 | 09/06/02 | UNG | SOPHINNA |
| 03467477 | 02/07/02 | $1,640.00 | 09/06/02 | SAN | SAMNANG |
| 03468725 | 03/18/02 | $886.00 | 01/02/04 | SOPHAY | PORTH |
| 03468725 | 03/18/02 | $460.00 | 10/22/02 | KRAPOMROTH | KHIM |
| 03468725 | 03/18/02 | $345.00 | 07/24/02 | KRAPOMROTH | KHIM |
| 03468725 | 03/18/02 | $2,030.00 | 07/15/02 | KRAPOMROTH | KHIM |
| 03468725 | 03/18/02 | $1,220.00 | 10/22/02 | SOPHAY | PORTH |
| 03468725 | 03/18/02 | $285.00 | 07/24/02 | SOPHAY | PORTH |
| 03468725 | 03/18/02 | $2,440.00 | 07/15/02 | SOPHAY | PORTH |
| 03468725 | 03/18/02 | $2,000.00 | 07/15/02 | PHOEUN | SAM |
| 03469371 | 04/04/02 | $2,326.00 | 12/06/02 | VAT | SAVANN |
| 03469510 | 04/07/02 | $349.00 | 01/17/03 | BUN | SAKHAN |
| 03469757 | 04/15/02 | $1,290.00 | 04/02/03 | LAY | KHON |
| 03469757 | 04/15/02 | $2,080.00 | 06/03/03 | LAY | KHON |
| 03470133 | 04/20/02 | $1,868.00 | 02/14/03 | MENG | BUNKEA |
| 03470133 | 04/20/02 | $3,101.00 | 08/02/02 | MENG | BUNKEA |
| 03470133 | 04/20/02 | $1,901.00 | 08/02/02 | SIM | ROCKENNA |
| 03473966 | 07/15/02 | $1,782.00 | 11/07/02 | MELO | DIANE |
| 03473966 | 07/15/02 | $1,883.00 | 09/23/02 | MELO | DIANE |
| 03479077 | 09/07/02 | $2,835.00 | 01/13/03 | PANYA | KHANM |
| 03479077 | 09/07/02 | $495.00 | 01/24/03 | PHONPHIPHAK | KONGKEO |
| 03479077 | 09/07/02 | $2,955.00 | 01/13/03 | PHONPHIPHAK | KONGKEO |
| 03479384 | 09/17/02 | $525.00 | 02/27/03 | MEACH | MELINDA |
| 03480962 | 11/18/02 | $2,255.00 | 04/18/03 | THENG | CHEA |
| 03480962 | 11/18/02 | $2,345.00 | 02/05/03 | THENG | CHEA |
| 03481235 | 11/27/02 | $295.00 | 06/20/03 | KONG | SALLY |
| 03481235 | 11/27/02 | $1,910.00 | 02/17/03 | KONG | SALLY |
| 03481722 | 12/12/02 | $480.00 | 07/13/04 | HIM | SARON |
| 03481722 | 12/12/02 | $210.00 | 07/13/04 | HIM | SARON |
| 03481722 | 12/12/02 | $175.00 | 08/25/04 | HIM | SARON |

| CLAIM NUMBER | DOL | AMOUNT PAID | DATE PAID | LAST | FIRST |
|---|---|---|---|---|---|
| 03481722 | 12/12/02 | $1,830.00 | 07/13/04 | HIM | SARON |
| 03482803 | 01/21/03 | $520.00 | 06/25/03 | VEUK | SARETH |
| 03482803 | 01/21/03 | $640.00 | 06/11/03 | VEUK | SARETH |
| 03482803 | 01/21/03 | $2,160.00 | 05/15/03 | VEUK | SARETH |
| 03482803 | 01/21/03 | $550.00 | 05/15/03 | VEUK | SARETH |
| 03482803 | 01/21/03 | $440.00 | 05/15/03 | VEUK | SARETH |
| 03482803 | 01/21/03 | $175.00 | 10/29/03 | VEUK | SARETH |
| 03482803 | 01/21/03 | $310.00 | 05/15/03 | VEUK | SARETH |
| 03482803 | 01/21/03 | $2,155.00 | 03/26/03 | VEUK | THAVERE |
| 03482803 | 01/21/03 | $370.00 | 05/15/03 | VEUK | SARETH |
| 03482803 | 01/21/03 | $315.00 | 07/31/03 | VEUK | SARETH |
| 03482803 | 01/21/03 | $630.00 | 11/11/03 | VEUK | THAVERE |
| 03482803 | 01/21/03 | $328.00 | 07/18/03 | VEUK | THAVERE |
| 03482803 | 01/21/03 | $630.00 | 06/02/03 | VEUK | THAVERE |
| 03482803 | 01/21/03 | $530.00 | 05/15/03 | VEUK | THAVERE |
| 03482803 | 01/21/03 | $460.00 | 05/15/03 | VEUK | THAVERE |
| 03482803 | 01/21/03 | $355.00 | 05/15/03 | VEUK | THAVERE |
| 03482803 | 01/21/03 | $645.00 | 04/07/03 | VEUK | THAVERE |
| 03483838 | 02/14/03 | $1,795.00 | 05/14/03 | OEUR | BRANDO |
| 03483838 | 02/14/03 | $1,465.00 | 11/06/03 | PHLONG | SOKEAN |
| 03483838 | 02/14/03 | $102.00 | 06/11/03 | PHLONG | SOKEAN |
| 03483838 | 02/14/03 | $2,000.00 | 04/21/03 | PHLONG | SOKEAN |
| 03483838 | 02/14/03 | $1,083.00 | 04/19/04 | OEUR | BRANDO |
| 03486647 | 10/16/02 | $2,200.00 | 03/26/03 | LAM | VICH |
| 03486647 | 10/16/02 | $720.00 | 03/26/03 | LAM | VICH |
| 03486647 | 10/16/02 | $370.00 | 03/26/03 | LAM | VICH |
| 03486647 | 10/16/02 | $250.00 | 03/26/03 | LAM | VICH |
| 03486795 | 10/19/02 | $175.00 | 06/24/03 | YONN | SAVONN |
| 03486795 | 10/19/02 | $365.00 | 05/29/03 | YONN | SAVONN |
| 03486795 | 10/19/02 | $2,770.00 | 02/26/03 | YONN | SAVONN |
| 03486795 | 10/19/02 | $440.00 | 02/10/03 | YONN | SAVONN |
| 03486795 | 10/19/02 | $470.00 | 01/24/03 | YONN | SAVONN |
| 03486795 | 10/19/02 | $375.00 | 02/10/03 | YONN | SAVONN |
| 03487016 | 10/23/02 | $645.00 | 05/19/03 | PHANTHAVONG | DIANE |
| 03487016 | 10/23/02 | $465.00 | 02/03/03 | PHANTHAVONG | DIANE |
| 03487016 | 10/23/02 | $895.00 | 02/26/03 | PHANTHAVONG | DIANE |
| 03487016 | 10/23/02 | $1,535.00 | 02/03/03 | PHANTHAVONG | DIANE |
| 03487016 | 10/23/02 | $645.00 | 05/19/03 | CHUM | RIDA |
| 03487016 | 10/23/02 | $1,300.00 | 03/18/03 | CHUM | RIDA |
| 03487016 | 10/23/02 | $710.00 | 02/26/03 | CHUM | RIDA |
| 03487016 | 10/23/02 | $510.00 | 02/03/03 | CHUM | RIDA |
| 03487016 | 10/23/02 | $1,490.00 | 02/03/03 | CHUM | RIDA |
| 03487016 | 10/23/02 | $645.00 | 04/08/03 | PHANTHAVONG | DIANE |
| 03487016 | 10/23/02 | $1,885.00 | 03/11/03 | PHANTHAVONG | DIANE |
| 03487193 | 10/26/02 | $420.00 | 02/04/03 | UY | SOPHANNEE |
| 03487193 | 10/26/02 | $2,040.00 | 01/27/03 | UY | SOPHANNEE |
| 03487193 | 10/26/02 | $365.00 | 06/02/03 | SAM | SAKUN |

| CLAIM NUMBER | DOL | AMOUNT PAID | DATE PAID | LAST | FIRST |
|---|---|---|---|---|---|
| 03487193 | 10/26/02 | $365.00 | 02/04/03 | SAM | SAKUN |
| 03487193 | 10/26/02 | $1,526.00 | 03/27/03 | SAM | SAKUN |
| 03490345 | 12/26/02 | $210.00 | 05/02/03 | MAO | RITHY |
| 03490345 | 12/26/02 | $465.00 | 04/16/03 | MAO | RITHY |
| 03490345 | 12/26/02 | $465.00 | 04/16/03 | MAO | RITHY |
| 03490345 | 12/26/02 | $495.00 | 04/14/03 | MAO | RITHY |
| 03490345 | 12/26/02 | $575.00 | 04/14/03 | MAO | RITHY |
| 03490345 | 12/26/02 | $2,315.00 | 11/08/04 | MAO | RITHY |
| 03491088 | 04/15/03 | $770.00 | 01/22/04 | UY | SOPHANNEE |
| 03491823 | 05/23/03 | $1,362.00 | 10/29/03 | ROM | JOHN |
| 03500338 | 03/24/03 | $210.00 | 07/22/03 | ROM | JIMMY |
| 03500338 | 03/24/03 | $1,705.00 | 10/22/03 | ROM | JIMMY |
| 03500338 | 03/24/03 | $550.00 | 07/17/03 | ROM | JIMMY |
| 03500338 | 03/24/03 | $1,993.00 | 10/13/03 | LIV | KONG |
| 03500338 | 03/24/03 | $350.00 | 10/13/03 | LIV | KONG |
| 03500338 | 03/24/03 | $328.00 | 10/13/03 | LIV | KONG |
| 03500338 | 03/24/03 | $328.00 | 07/22/03 | LIV | KONG |
| 03500338 | 03/24/03 | $400.00 | 07/17/03 | LIV | KONG |
| 03500338 | 03/24/03 | $1,705.00 | 02/19/04 | ROM | JIMMY |
| 03500338 | 03/24/03 | $1,740.00 | 02/25/04 | ROM | JOHN |
| 03500338 | 03/24/03 | $320.00 | 02/25/04 | ROM | JOHN |
| 03500338 | 03/24/03 | $1,740.00 | 03/10/04 | ROM | JOHN |
| 03500338 | 03/24/03 | $320.00 | 03/10/04 | ROM | JOHN |
| 03500623 | 03/28/03 | $24.00 | 12/15/03 | PHAL | CHANNAK |
| 03500623 | 03/28/03 | $1,428.00 | 05/29/03 | PHAL | CHANNAK |
| 03500623 | 03/28/03 | $24.00 | 06/16/04 | PHAL | CHANNAK |
| 03504615 | 06/07/03 | $284.00 | 09/10/03 | CHEA | VANNAK |
| 03504615 | 06/07/03 | $605.00 | 09/05/03 | CHEA | VANNAK |
| 03504615 | 06/07/03 | $1,140.00 | 07/16/03 | KMSAN | MOM |
| 03504615 | 06/07/03 | $252.00 | 09/29/03 | CHEA | VANNAK |
| 03504615 | 06/07/03 | $177.00 | 10/17/03 | CHEA | VANNAK |
| 03504615 | 06/07/03 | $544.00 | 09/22/03 | CHEA | VANNAK |
| 03504615 | 06/07/03 | $420.00 | 11/13/03 | CHEA | VANNAK |
| 03504615 | 06/07/03 | $1,932.00 | 11/10/03 | CHEA | VANNAK |
| 03505976 | 06/28/03 | $1,434.00 | 02/23/04 | KEO | KOTHATOM |
| 03505976 | 06/28/03 | $1,900.00 | 04/14/04 | PHANTHANOUSINH | VANTP |
| 03506013 | 06/12/03 | $2,520.00 | 09/16/04 | EANG | SOKUNTH |
| 03506712 | 07/11/03 | $349.00 | 02/17/04 | LIV | KONG |
| 03506712 | 07/11/03 | $901.00 | 02/17/04 | ROM | JOHN |
| 03506712 | 07/11/03 | $130.00 | 10/03/03 | LIV | KONG |
| 03506712 | 07/11/03 | $1,870.00 | 09/17/03 | LIV | KONG |
| 03506712 | 07/11/03 | $2,000.00 | 09/15/03 | ROM | JOHN |
| 03511086 | 09/18/03 | $277.00 | 01/16/04 | SAMITH | MORIN |
| 03511086 | 09/18/03 | $887.00 | 03/10/04 | SAMITH | MORIN |
| 03511086 | 09/18/03 | $415.00 | 02/19/04 | SAMITH | MORIN |
| 03511086 | 09/18/03 | $277.00 | 01/16/04 | SAMITH | MORIN |
| 03511086 | 09/18/03 | $531.00 | 01/16/04 | SAMITH | MORIN |

| CLAIM NUMBER | DOL | AMOUNT PAID | DATE PAID | LAST | FIRST |
|---|---|---|---|---|---|
| 03511086 | 09/18/03 | $2,830.00 | 10/22/04 | SUON | THEA |
| 03511086 | 09/18/03 | $1,674.00 | 09/22/04 | SUON | THEA |
| 03511086 | 09/18/03 | $1,557.00 | 01/16/04 | SAMITH | MORIN |
| 03530556 | 12/10/03 | $1,016.00 | 04/28/04 | TRUONG | KEN |
| 03530556 | 12/10/03 | $1,123.00 | 04/28/04 | TRUONG | KEN |
| 03530556 | 12/10/03 | $297.00 | 04/28/04 | TRUONG | KEN |
| 03532353 | 01/02/04 | $478.00 | 06/23/04 | SONG | PAT |
| 03536789 | 03/16/04 | $1,057.00 | 12/03/04 | VONG | SAVY |
| 03536789 | 03/16/04 | $278.00 | 12/03/04 | VONG | SAVY |
| 03536789 | 03/16/04 | $665.00 | 07/08/04 | VONG | SAVY |
| 03396719 | 03/12/00 | $2,000.00 | 05/02/00 | LAING | CYNTHIA |
| 03459630 | 11/26/01 | $1,693.00 | 10/10/03 | BUN | JIM |
| 03459630 | 11/26/01 | $1,970.00 | 10/10/03 | PEI | TUY |
| 03459630 | 11/26/01 | $115.00 | 07/26/03 | PEI | TUY |
| 03459630 | 11/26/01 | $1,656.00 | 01/23/03 | IT | TOUN |
| 03459630 | 11/26/01 | $1,465.00 | 01/23/03 | IT | TOUN |
| 03459630 | 11/26/01 | $1,465.00 | 01/29/03 | IT | TOUN |
| 03459630 | 11/26/01 | $1,893.00 | 10/09/03 | HUM | HUN |
| 03459630 | 11/26/01 | $1,475.00 | 04/18/02 | HUM | HUN |
| 03459630 | 11/26/01 | $2,261.00 | 04/18/02 | PEI | TUY |
| 03459630 | 11/26/01 | $1,038.00 | 12/02/02 | IT | TOUN |
| 03459630 | 11/26/01 | $640.00 | 12/02/02 | IT | TOUN |
| 03459630 | 11/26/01 | $77.00 | 05/14/02 | IT | TOUN |
| 03459630 | 11/26/01 | $1,465.00 | 04/15/02 | IT | TOUN |
| 03462771 | 02/24/02 | $1,495.00 | 07/18/02 | PHAN | SAVUTH |
| 03462771 | 02/24/02 | $1,726.00 | 07/18/02 | SO | NHEOP |
| 03462771 | 02/24/02 | $1,975.00 | 07/18/02 | SO | PAULIKA |
| 03462771 | 02/24/02 | $2,356.00 | 07/18/02 | SO | CHERTRA |
| 03462771 | 02/24/02 | $1,735.00 | 07/18/02 | SO | PHAECTRA |
| 03468665 | 03/15/02 | $4,894.00 | 04/03/03 | MAM | SITHA |
| 03468665 | 03/15/02 | $423.00 | 12/29/03 | NGETH | SITHA |
| 03468665 | 03/15/02 | $4,431.00 | 04/03/03 | NGETH | SITHA |
| 03468665 | 03/15/02 | $4,754.00 | 04/09/03 | NGETH | SAMNANG |
| 03469203 | 03/29/02 | $210.00 | 06/19/03 | BAN | KIMSAT |
| 03469203 | 03/29/02 | $1,515.00 | 10/10/02 | BAN | KIMSAT |
| 03469203 | 03/29/02 | $3,351.00 | 07/16/02 | BAN | KIMSAT |
| 03469203 | 03/29/02 | $1,515.00 | 10/10/02 | BAN | AT |
| 03470054 | 04/19/02 | $210.00 | 02/01/03 | PANYA | MANILA |
| 03470054 | 04/19/02 | $280.00 | 01/22/03 | PANYA | MANILA |
| 03470054 | 04/19/02 | $4,411.00 | 12/07/02 | PANYA | MANILA |
| 03474153 | 07/18/02 | $4,794.00 | 01/22/03 | CHHIM | PHYRUN |
| 03475016 | 08/03/02 | $1,145.00 | 02/03/03 | TAING | SONG |
| 03475016 | 08/03/02 | $315.00 | 02/13/03 | TAING | SONG |
| 03475016 | 08/03/02 | $210.00 | 02/03/03 | TAING | SONG |
| 03475016 | 08/03/02 | $220.00 | 01/15/03 | TAING | SONG |
| 03475016 | 08/03/02 | $2,321.00 | 10/07/02 | TAING | SONG |

| CLAIM NUMBER | DOL | AMOUNT PAID | DATE PAID | LAST | FIRST |
|---|---|---|---|---|---|
| 03475016 | 08/03/02 | $580.00 | 12/12/02 | TAING | SONG |
| 03481654 | 12/13/02 | $585.00 | 03/31/03 | HEM | NHOEUN |
| 03481654 | 12/13/02 | $465.00 | 03/31/03 | HEM | NHOEUN |
| 03481654 | 12/13/02 | $255.00 | 04/25/03 | NGETH | MAO |
| 03481654 | 12/13/02 | $2,115.00 | 03/31/03 | NGETH | MAO |
| 03481654 | 12/13/02 | $510.00 | 03/31/03 | HEM | NHOEUN |
| 03481654 | 12/13/02 | $465.00 | 03/31/03 | NGETH | MAO |
| 03481654 | 12/13/02 | $505.00 | 02/26/03 | NGETH | MAO |
| 03483246 | 02/07/03 | $390.00 | 05/15/03 | SIMS | PHATH |
| 03483246 | 02/07/03 | $457.00 | 11/28/03 | SIMS | PHATH |
| 03483246 | 02/07/03 | $1,699.00 | 11/28/03 | SIMS | PHATH |
| 03483246 | 02/07/03 | $534.00 | 11/28/03 | SIMS | PHATH |
| 03483246 | 02/07/03 | $630.00 | 05/23/03 | SIMS | PHATH |
| 03483246 | 02/07/03 | $490.00 | 06/20/03 | SIMS | PHATH |
| 03485151 | 09/16/02 | $470.00 | 05/16/03 | SOEUN | SUSIE |
| 03485151 | 09/16/02 | $140.00 | 02/26/03 | PHAY | RON |
| 03485151 | 09/16/02 | $175.00 | 05/28/03 | SOEUN | SUSIE |
| 03485151 | 09/16/02 | $470.00 | 05/01/03 | SOEUN | SUSIE |
| 03485151 | 09/16/02 | $405.00 | 03/27/03 | SOEUN | SUSIE |
| 03485151 | 09/16/02 | $445.00 | 02/04/03 | SOEUN | SUSIE |
| 03485151 | 09/16/02 | $465.00 | 02/04/03 | SOEUN | SUSIE |
| 03485151 | 09/16/02 | $470.00 | 01/29/03 | SOEUN | SUSIE |
| 03485151 | 09/16/02 | $300.00 | 03/26/03 | PHAY | RON |
| 03485151 | 09/16/02 | $365.00 | 03/26/03 | PHAY | RON |
| 03485151 | 09/16/02 | $105.00 | 03/26/03 | PHAY | RON |
| 03485151 | 09/16/02 | $400.00 | 02/04/03 | PHAY | RON |
| 03485151 | 09/16/02 | $2,320.00 | 02/04/03 | PHAY | RON |
| 03485151 | 09/16/02 | $140.00 | 02/04/03 | PHAY | RON |
| 03485151 | 09/16/02 | $2,040.00 | 02/04/03 | SOEUN | SUSIE |
| 03485151 | 09/16/02 | $575.00 | 02/04/03 | PHAY | RON |
| 03485991 | 10/02/02 | $325.00 | 01/27/03 | SOK | PHEAKLEY |
| 03485991 | 10/02/02 | $210.00 | 02/04/03 | SOK | PHEAKLEY |
| 03485991 | 10/02/02 | $2,615.00 | 02/04/03 | CHAN | LY |
| 03485991 | 10/02/02 | $260.00 | 01/27/03 | SOK | PHEAKLEY |
| 03485991 | 10/02/02 | $190.00 | 02/11/03 | CHAN | LY |
| 03485991 | 10/02/02 | $465.00 | 01/27/03 | CHAN | LY |
| 03485991 | 10/02/02 | $280.00 | 01/27/03 | CHAN | LY |
| 03485991 | 10/02/02 | $420.00 | 08/29/03 | SOK | PHEAKLEY |
| 03485991 | 10/02/02 | $460.00 | 05/08/03 | SOK | PHEAKLEY |
| 03485991 | 10/02/02 | $495.00 | 03/31/03 | SOK | PHEAKLEY |
| 03485991 | 10/02/02 | $260.00 | 03/27/03 | SOK | PHEAKLEY |
| 03485991 | 10/02/02 | $1,920.00 | 02/04/03 | SOK | PHEAKLEY |
| 03485991 | 10/02/02 | $300.00 | 03/27/03 | CHAN | LY |
| 03486571 | 09/18/02 | $235.00 | 02/10/03 | UY | SOVANNA |
| 03486571 | 09/18/02 | $185.00 | 02/10/03 | UY | SOVANNA |
| 03486571 | 09/18/02 | $2,030.00 | 01/24/03 | UY | SOVANNA |
| 03486571 | 09/18/02 | $235.00 | 01/07/03 | UY | SOVANNA |

| CLAIM NUMBER | DOL | AMOUNT PAID | DATE PAID | LAST | FIRST |
|---|---|---|---|---|---|
| 03486571 | 09/18/02 | $1,768.00 | 01/22/03 | UY | LATH |
| 03486642 | 10/16/02 | $440.00 | 01/29/03 | TITH | DEN |
| 03486642 | 10/16/02 | $115.00 | 03/24/03 | TITH | DEN |
| 03486642 | 10/16/02 | $440.00 | 01/15/03 | TITH | DEN |
| 03486642 | 10/16/02 | $2,270.00 | 01/31/03 | TITH | DEN |
| 03486642 | 10/16/02 | $415.00 | 03/24/03 | TITH | DEN |
| 03486642 | 10/16/02 | $600.00 | 03/24/03 | TITH | DEN |
| 03486642 | 10/16/02 | $420.00 | 03/24/03 | TITH | DEN |
| 03493502 | 12/08/03 | $2,000.00 | 10/05/04 | MELO | DIANE |
| 03493502 | 12/08/03 | $837.00 | 12/13/04 | MELO | DIANE |
| 03504357 | 06/03/03 | $177.00 | 11/05/03 | SEM | SOKHON |
| 03504357 | 06/03/03 | $70.00 | 11/21/03 | SEM | SOKHOM |
| 03504357 | 06/03/03 | $371.00 | 09/08/03 | SEM | SOKHON |
| 03504357 | 06/03/03 | $280.00 | 11/13/03 | TOCH | REATH |
| 03504357 | 06/03/03 | $317.00 | 10/30/03 | TOCH | REATH |
| 03504357 | 06/03/03 | $384.00 | 09/23/03 | TOCH | REATH |
| 03504357 | 06/03/03 | $317.00 | 09/08/03 | TOCH | REATH |
| 03504357 | 06/03/03 | $460.00 | 09/02/03 | TOCH | REATH |
| 03504357 | 06/03/03 | $442.00 | 11/11/03 | SEM | SOKHOM |
| 03504357 | 06/03/03 | $430.00 | 10/20/03 | SEM | SOKHOM |
| 03504357 | 06/03/03 | $2,060.00 | 09/02/03 | TOCH | REATH |
| 03504357 | 06/03/03 | $107.00 | 04/27/04 | TOCH | REATH |
| 03504357 | 06/03/03 | $671.00 | 11/08/04 | TOCH | REATH |
| 03504357 | 06/03/03 | $802.00 | 10/25/04 | DAM | CHANNAR |
| 03504357 | 06/03/03 | $1,635.00 | 08/27/03 | SEM | SOKHAN |
| 03504357 | 06/03/03 | $371.00 | 09/23/03 | SEM | SOKHON |
| 03504357 | 06/03/03 | $1,553.00 | 08/27/03 | SEM | CHANTHA |
| 03504357 | 06/03/03 | $214.00 | 12/09/03 | SEM | SAKHOEUI |
| 03504357 | 06/03/03 | $1,880.00 | 11/21/03 | SEM | SAKHOEUI |
| 03504357 | 06/03/03 | $2,447.00 | 11/21/03 | SEM | CHANTHA |
| 03504357 | 06/03/03 | $210.00 | 12/11/03 | DAM | CHANNAR |
| 03504357 | 06/03/03 | $282.00 | 11/13/03 | DAM | CHANNAR |
| 03504357 | 06/03/03 | $140.00 | 10/13/03 | DAM | CHANNAR |
| 03504357 | 06/03/03 | $391.00 | 09/23/03 | DAM | CHANNAR |
| 03504357 | 06/03/03 | $1,860.00 | 09/04/03 | DAM | CHANNAR |
| 03504357 | 06/03/03 | $575.00 | 09/02/03 | DAM | CHANNAR |
| 03504357 | 06/03/03 | $1,540.00 | 11/21/03 | SEM | SOKHAN |
| 03504357 | 06/03/03 | $2,000.00 | 08/27/03 | SEM | SAKHOEUI |
| 03508820 | 08/12/03 | $846.00 | 09/10/04 | NUTH | LINDA |
| 03508820 | 08/12/03 | $610.00 | 07/09/04 | MAM | KATHERINE |
| 03508820 | 08/12/03 | $1,478.00 | 07/09/04 | NUTH | KIM |
| 03508820 | 08/12/03 | $1,080.00 | 09/10/04 | MAM | KATHERINE |
| 03510448 | 07/26/03 | $105.00 | 06/16/04 | SOK | SAMNANG |
| 03510448 | 07/26/03 | $225.00 | 01/30/04 | SAMBATH | KIM |
| 03510448 | 07/26/03 | $225.00 | 08/04/04 | SAMBATH | KIM |
| 03510448 | 07/26/03 | $2,961.00 | 06/16/04 | SAMBATH | KIM |
| 03510448 | 07/26/03 | $441.00 | 11/21/03 | SAMBATH | KIM |

| CLAIM NUMBER | DOL | AMOUNT PAID | DATE PAID | LAST | FIRST |
|---|---|---|---|---|---|
| 03510448 | 07/26/03 | $105.00 | 12/15/03 | SOK | SAMNANG |
| 03510448 | 07/26/03 | $2,961.00 | 12/16/03 | SAMBATH | KIM |
| 03510448 | 07/26/03 | $107.00 | 12/10/03 | EANG | SOPHANNAR |
| 03510448 | 07/26/03 | $321.00 | 11/21/03 | EANG | SOPHANNAR |
| 03510448 | 07/26/03 | $247.00 | 12/10/03 | SOK | SAMNANG |
| 03513997 | 10/27/03 | $2,302.00 | 06/04/04 | PHAN | SALEEN |
| 03513997 | 10/27/03 | $862.00 | 06/01/04 | PEOV | KAN |
| 03513997 | 10/27/03 | $2,287.00 | 06/01/04 | RATH | CHARETH |
| 03513997 | 10/27/03 | $862.00 | 06/01/04 | RATH | KRISTINA |
| 03513997 | 10/27/03 | $867.00 | 06/04/04 | KHIAOSOTH | VONGD |
| 03532767 | 01/10/04 | $1,740.00 | 04/12/04 | DELAVALLE | ROBERT |
| 03532767 | 01/10/04 | $2,525.00 | 04/12/04 | MOLINA | DEMETRI |
| 03532767 | 01/10/04 | $1,740.00 | 10/13/04 | DELAVALLE | ROBERT |
| 03532767 | 01/10/04 | $2,385.00 | 04/12/04 | CARRASQUILLO | ALMA |
| 03533438 | 01/19/04 | $1,310.00 | 03/23/04 | INTHABANE | MICHAEL |
| 03540127 | 05/14/04 | $309.00 | 10/06/04 | SOK | SAM |
| 03540127 | 05/14/04 | $989.00 | 08/18/04 | SOK | SAM |
| 03420810 | 04/02/01 | $205.00 | 10/24/01 | PHAN | NICKIE |
| 03420810 | 04/02/01 | $1,943.00 | 08/16/01 | PHAN | NICKIE |
| 03420810 | 04/02/01 | $1,928.00 | 07/31/01 | REAL | BIN |
| 03420810 | 04/02/01 | $132.00 | 07/31/01 | REAL | BIN |
| 03420810 | 04/02/01 | $1,920.00 | 01/30/02 | REAL | BIN |
|  |  | **$623,086.00** |  |  |  |