UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETS

---

ENCOMPASS INSURANCE COMPANY OF
MASSACHUSETS,

      Plaintiff,

  v.                                                              Case No. 05-11693 RCL

JOSEPH D. GIAMPA, FREDERICK T. GIAMPA,
ADVANCED SPINE CENTERS, INC. d/b/a
FIRST SPINE REHAB, FUTURE
MANAGEMENT CORPORATION,
FUTURE MANAGEMENT BUSINESS TRUST,
EDWARD KENNEDY, BRIAN J. CULLINEY,
D.C., and JENNIFER McCONNELL, D.C.

      Defendants.

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS JOSEPH D.
GIAMPA, FREDERICK T. GIAMPA, ADVANCED SPINE CENTERS, INC. d/b/a
FIRST SPINE REHAB, EDWARD KENNEDY AND FUTURE MANAGEMENT
CORPORATON'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED
COMPLAINT  PURSUANT TO FED.R.CIV. P.12(b)(6) and 9(b)**


| | |
|---|---|
| Matthew J. Conroy (BBO# 566928) | Jeffrey J. Phillips (BBO# 398480) |
| Katherine L. Kurtz (BBO # 658026) | Daniel S. Treger (BBO# 562147) |
| BELESI & CONROY, P.C. | PHILLIPS & ANGLEY |
| 114 Waltham Street | One Bowdoin Square |
| Lexington, Massachusetts 02421 | Boston, MA 02114 |
| (781) 862-8060 | (617) 367-8787 |

## PRELIMINARY STATEMENT

This memorandum of law is respectfully submitted on behalf of Defendants Joseph D. Giampa, Frederick T. Giampa, Advanced Spine Centers d/b/a First Spine Rehab, Edward Kennedy and Future Management Corporation (hereinafter "The Moving Defendants) pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure, in support of their Motion to Dismiss Plaintiff's First Amended Complaint filed in the Action <u>Encompass Insurance Company of Massachusetts v. Joseph D. Giampa et als.</u>, Civil Action No. 05-11693.

Plaintiff, Encompass Insurance Company of Massachusetts (hereinafter "Encompass") have filed an Amended Complaint[1] containing seven (7) causes of action:

1. Violation of 18 U.S.C. 1962 (c)

2. Violation of 18 U.S.C. 1962 (c) Innocent Victim Enterprise

3. Violation of 18 U.S.C. 1962 (d)

4. M.G.L.c.93(a) – Massachusetts Consumer Protection Act

5. Massachusetts Common Law Civil Conspiracy

6. Massachusetts Common Law Fraud and

7. Intentional Interference With Advantageous Business and Contractual Relations.

---

[1] Plaintiffs initiated this action by filing a Complaint on August 16, 2005. The Defendants Joseph D. Giampa, Frederick T. Giampa, Advanced Spine Centers, Inc. and Future Management Corporation filed a Motion to Dismiss on September 06, 2005 (ECF Doc. # 40 & 41). On September 30, 2005 Plaintiffs filed the First Amended Complaint.

## **FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) STANDARD**

The standard of review for a Motion to Dismiss for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) has been well established by Conley v. Gibson, 355 U.S. 41 (1957).  The Court, in ruling on such a motion, must dismiss a cause of action where "it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief." *Id.* at 45-46.

For the purposes of the motion, the Court must accept as true all factual allegations in the complaint, and draw all reasonable inferences in favor of the nonmoving party. Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 51 (1st Cir.1990).  The Court need not, however, recognize "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating the Complaint's allegations. *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996).

If, after drawing all reasonable inferences in favor of the nonmoving party and disregarding all conclusory allegations and bald assertions of fact, the pleading fails to state allegations sufficient to support the elements of the claims asserted, then the causes of action must be dismissed.

As such, the Plaintiff's Amended Complaint must be dismissed in its entirety, as a matter of law, as all seven causes of action fail to state claims upon which relief may be granted.

## ARGUMENT

**I. PLAINTIFF'S AMENDED COMPLAINT IS DEFECTIVE AS A MATTER OF LAW AND MUST BE DISMISSED**

Each of the counts advanced by the Plaintiff in the Amended Complaint (other than Count IV – M.G.L.c.93a and Count VII – Intentional Interference with Advantageous Business and Contractual Relationships) are subject to the heightened pleading requirements of Fed.R.Civ.P. 9(b). It is well settled pleading practice in Civil RICO actions that "particular care is required to balance the liberality of the Civil Rules with the necessity of preventing abusive or vexatious treatment of defendants." Miranda v. Ponce Fed. Bank, 948 F.2d 41, 44 (1st Cir. 1991). "Civil RICO is an unusually potent weapon – the litigation equivalent of a thermonuclear device. The very pendency of a RICO suit can be stigmatizing, and its consummation can be costly." *Id.* The First Circuit has instructed that "courts should strive to flush out frivolous [civil] RICO allegations at an early stage of the litigation." Figueroa Ruiz v. Alegria, 896 F.2d 645, 650 (1st Cir. 1990). The Amended Complaint advanced by the Plaintiff is precisely the type of frivolous action sought to be addressed by the First Circuit in Figueroa.

The Amended Complaint in this matter fails in five (5) distinct ways:

**A. Plaintiff Fails to Plead with Sufficient Particularity**

A Civil RICO claim based on fraud is governed by Fed.R.Civ.P. 9(b) and must be pled with particularity. Doyle v. Hasbro, Inc., 103 F.3d 186, 194 (1st Cir. 1996)(finding it "well established" that heightened pleading requirements for fraud

4

applies equally in RICO cases); see also Efron v. Embassy Suites (P.R.) Inc. 223 F.3d 12 (1st Cir. 2000).  The degree of specificity [in RICO cases] is no more nor less than…required in general fraud and securities cases." Doyle, 103 F.3d at 194.  "Rule 9 requires a specification of the time, place and content of an alleged false representation[.]"  Doyle at 194, quoting McGinty v. Beranger Volkswagon, Inc., 633 F.2d 226, 228 (1st Cir. 1980).

"Mere allegations of fraud, corruption or conspiracy, averments to conditions of mind, or referrals to plans and schemes are too conclusional to satisfy the particularity requirement, no matter how many times such allegations are repeated." Doyle at 194, quoting Hayduk v. Lanna, 775 F.2d 441, 444 (1st Cir. 1985).

The Amended Complaint in this matter is replete with conclusory statements of fraud and the "fraudulent scheme."  The Amended Complaint generically identifies three alleged activities of the Defendants to substantiate the "fraudulent scheme":

   a.   The use of runners[2];

   b.   Submitting invoices for services which were never rendered[3]; and

   c.   Submitting invoices not in conformity with the AMA's CPT Code Guidelines[4].

Encompass fails the plead any of the above activities with the specificity required by Rule 9.  Plaintiff is obligated to allege with specificity the time place and manner of these activities.  Rather than making reference to any specific invoice and

---

[2] See Plaintiff's Amended Complaint at paragraphs 40-55
[3] See Plaintiff's Amended Complaint at paragraph 62(f) and 62(j)
[4] See Plaintiff's Amended Complaint at paragraphs 65-73

5

demonstrating the fraudulent nature of the submission, Plaintiff simply states the conclusion that the Defendants engaged in fraudulent conduct.

Plaintiff ineffectively attempts to cure the deficiencies from the original Complaint by adding "Exemplar Claims".  Over the course of 204 paragraphs and 24 pages, Plaintiff purports to list claims submitted and payments made in relation to 10 groups of claims handled by Encompass.  Despite the length of the allegations, none of the "examples" contain facts which would support the specificity requirement of 9(b).  Plaintiff simply describes the treatment and payments and makes the conclusory leap to describe it as a "pattern and practice of creating and submitting false medical documentation[5]".  Not once does Plaintiff offer evidence of the documentation being "false".

Similarly, it would be expected that where the use of "runners[6]" is alleged, at least one (1) specific instance and evidence thereof would be stated in pleading.  Clearly, if the Plaintiff was in possession of such information, it would be in the Amended Complaint.  Yet, Plaintiff offers nothing more than a bald assertion with no basis in fact whatsoever.

Plaintiff attempts to identify Stephanie Vinas as a "runner" in paragraph 46-48 yet nowhere does the Plaintiff describe or detail any transaction which would constitute evidence or sufficient pleading of the illegal use of a runner.

---

[5] See Plaintiff's Amended Complaint at paragraph 84-85
[6] It should be noted that the statute referenced in Plaintiff's Amended Complaint (G.L.c.266 111C) does not bar all referral fees but only those where a provider intends to "fraudulently obtain benefits" or "fraudulently assert a claim".

Likewise, if the Plaintiff had evidence that a patient was not treated for services which were billed to the Plaintiff, the pleading would contain a quote from a patient's Examination Under Oath. Such evidence simply doesn't exist. Despite the voluminous quantity of allegations, the Plaintiff has failed to demonstrate any supported conclusions. The Amended Complaint is replete with factual and legal conclusions with no supporting evidence.

Similarly, Plaintiff concludes that the billing of ASC was not in conformity with the AMA's CPT Codes, yet Plaintiff fails to identify how or attach a single invoice as evidence. The evidence simply doesn't exist. As further proof that the Plaintiff commenced this action with insufficient proof to sufficiently allege or prove the fraud allegations, the Court need look no further than the following section addressing the myriad of allegations made "upon information and belief."

## B. Plaintiff's Allegations Based Upon Information and Belief

Plaintiff's original pleading contained no less than sixteen (16) instances where the basis of the RICO scheme was alleged "upon information and belief.[7]" Incredibly, Plaintiff appears to have discovered facts upon which it now relies to state the same allegations as facts subject to the requirements of Rule 11. Despite the fact that the six (6) month investigation by Plaintiff's Special Investigative Unit failed to reveal facts to support such conclusions, Plaintiff apparently has derived such information between August 16, 2005 (the date of the original complaint) and September 30, 2005.

---

[7] See Plaintiff's Complaint at paragraphs 39, 44, 46, 54, 57, 58, 64, 75, 76, 80, 81, 84, 85, 86, 87, and 88.

Despite the absence of the caveat "upon information and belief", the Plaintiff again fails to delineate facts to support the bare conclusions asserted in the Amended Complaint.

**C.    Plaintiff has Failed to Adequately Plead "Enterprise" under 18 U.S.C. 1962 (c)**

Under 1962(c), the "person" who engages in the alleged pattern of racketeering activity must be an entity separate and distinct from the "enterprise" in order to state a viable claim. <u>Odishelidze v. Aetna Life & Cas. Co.</u>, 853 F.2d 21, 23-24 (1st Cir. 1988). Failure to identify the enterprise, distinct from a named defendant, is fatal under RICO pleading standards. <u>Doyle</u>, 103 F.3d at 191. Yet, Plaintiff clearly identifies the alleged "enterprises" as Defendants First Spine and Future Management Corporation. (Refer to Amended Complaint, paragraphs 337-338). Plaintiff in no way describes how these "enterprises" operate as entities that are independent and distinct from the Defendants accused of participating in the pattern of racketeering. Such an abject failure to identify a distinct enterprise insulated a defendant from liability in <u>Schofield v. First Commodity Corp. of Boston</u>, 793 F.2d 28, 29-30 (1st Cir.1986), where the court held that "… It is only a person, or one associated with an enterprise, not the enterprise itself, who can violate the provisions of the section." <u>Schofield</u> at 31, quoting <u>Van Schaick v. Church of Scientology of California</u>, 535 F.Supp. 1125, 1136 (D.Mass.1982). See also <u>Arzuaga-Collazo v. Oriental Federal Sav. Bank</u>, 913 F.2d 5, 6 (1st Cir.1990)

Plaintiff in this case, although the language of the statute is recited in the individually numbered counts, has failed to identify or describe with any particularity a separate and distinct enterprise.

Furthermore, the Plaintiff has failed to adequately plead the role of the individual Defendants and the underlying facts tying the individuals to the fraudulent acts. Such

8

omissions warranted dismissal in Puerto Rican American Ins. Co. v. Burgos, 283 F.Supp.2d 546, 549-50 (D.P.R. 2003)   There, as in the instant matter, the Plaintiff's claim "merely recites the statutory language under the guise of being a factual allegation" and therefore does not satisfy the heightened  pleading requirements. *Id.* at 549, citing *Feinstein,* 942 F.2d at 42-43.   Plaintiff relies on vague accusations, and continuously restates statutory language in a desperate attempt to establish the Defendants' roles in the alleged fraudulent billing scheme.  Here as in Puerto Rican American Ins. Co. v. Burgos , Plaintiff fails to "…state what role each defendant played in fraudulent conduct, or give dates, contents and circumstances surrounding alleged violation." *Id.* at 549.

In a similar vein, the Amended Complaint fails to adequately state the Defendants roles in the alleged predicate acts of mail fraud.  In Hernandez v. Ballesteros, 333 F.Supp.2d 6, 12 (D.P.R. 2004) the Court dismissed the RICO counts of a Complaint where the "Complaint has left the Court in limbo where it must speculate when and where…communications took place, who took part in the communications, and what was said by each co-defendant."  Plaintiff here relies solely on a list of alleged acts of mail fraud.  (Refer to Plaintiff's Exhibit "1").  A cursory glance at this list reveals that there is not a single instance of "mail fraud" that satisfies all of these requirements.  Further, all that Plaintiff alleges in its Complaint is that the Defendants caused fraudulent medical records or bills to be sent through the mails "…and/or acted with knowledge that the use of the mails would follow in the ordinary course of business."  (Refer to Amended Complaint, paragraphs 299-302).  This allegation is vague and conclusory at best and is clearly not supported by the evidence provided by the Plaintiff.

Plaintiff's attempt to establish facts by the longwinded matrix attached as Exhibit 1 fails to satisfy their burden as the Court must leap to the conclusion that the submissions were in fact false. The Plaintiff gives no detail as to how or why they are false.

### D. Plaintiff has Failed to Adequately Allege a RICO Conspiracy Under 18 U.S.C. 1962(d)

In order to establish a RICO conspiracy under 18 U.S.C. 1961(d), a Plaintiff must allege with the degree of particularity required by Rule 9(b) of the Federal Rules of Civil Procedure, that the Count III Defendants "knowingly joined a conspiracy to violate § 1962(c)" Aetna Cas. Sur. Co. v. P & B Autobody 43 F.3d 1546, (1st Cir. 1994). At the very least, Plaintiff must offer evidence that the Defendants agreed with one another to commit two or more predicate acts. See U.S. v. Boylan 898 F.2d 230 (1st Cir. 1990). Plaintiffs have even failed to meet this most basic threshold. Plaintiffs have offered no factual evidence to support a finding that the Count III Defendants knowingly joined a RICO conspiracy as defined in § 1962(d). Rather, Plaintiffs have stated in a conclusory fashion that the "Count III Defendants conspired with one another to violate 118 U.S.C. § 1962(d)." (Refer to Complaint, paragraph 115). This certainly falls short of the heightened pleading requirements necessary in a RICO cause of action.

### E. Plaintiffs RICO Claims Have Been Barred by the Expiration of the Four-Year Statute of Limitations Period

Although the RICO statute did not contain a statute of limitation for civil or criminal prosecutions when it was enacted in 1970, the Supreme Court in 1987 held that Civil RICO claims are governed by a four (4) year statute of limitations. See Agency

Holding Corp. v. Malley-Duff & Assocs., Inc., 483 U.S. 143, 107 S.Ct. 2759, RULE 12(B)(6)"97 L.Ed. 2d 121 (1987).

Equally important, the First Circuit has adopted the accrual rule of "injury discovery" to determine when the limitation period commences. See Rodriguez v. Banco Cent., 917 F.2d 664, 665-68 (1st Cir. 1990). Under the "injury discovery" rule, a Plaintiff must commence the action within four (4) years of discovering its injury.

In addition, the RICO claim accrues when the plaintiff discovers the injury, even if he or she has not yet discovered the alleged pattern of racketeering. Hodas v. Sherburne, Powers & Needham, P.C., 938 F.Supp. 60, 63 (D.Mass. 1996).

Plaintiff's Amended Complaint identifies its "injuries" as "Encompass' payments to First Spine in connection with…claims…" See Plaintiff's Complaint ¶ 325 (7). Plaintiff annexes a list of claims and payments made in Exhibit 3 to the Amended Complaint. This list demonstrates clearly that Plaintiff discovered, or should have discovered, its "injury" as early as January 09, 1998. As the original Complaint in this action was filed on August 16, 2005, Plaintiff had to have discovered its "injury" no later than August 16, 2001, more than 3 ½ years after the first claim was paid.

Although Plaintiff ineffectively attempts to excuse its delay in filing more than three years past the limitation period by baldly asserting that the Defendants "intentionally concealed the fraudulent billing scheme from Encompass," there is simply no factual support for such allegations. It is well settled that in order to invoke the doctrine of equitable tolling a plaintiff must prove three (3) elements:

    1.    wrongful concealment of their actions by the defendant;

    2.    failure of the plaintiff to discover operative facts that are the basis of his cause of action within the limitations period; and

    3.    plaintiff's due diligence in discovery of the facts.

See Berkson v. Del Monte Corp., 743 F.2d 53, 55 (1st Cir. 1984).

In addition, the defendant must have concealed so much that the plaintiff cannot reasonably have discovered a cause of action through his own diligent inquiry. Hodas, 938 F.Supp. at 64-65.

It is well settled that dismissal under 12(b)(6) is appropriate where a statute of limitations defense is apparent from the "face of the pleading." LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir. 1998) (affirming dismissal based on statute of limitations defense where dates included in complaint showed limitations period was exceeded and complaint "failed to sketch a factual predicate that would warrant the application of equitable estoppel" to toll the running of the statute).

## II. PLAINTIFF HAS FAILED TO ESTSABLISH ANY OF THE COMMON LAW CLAIMS

### A. Civil Conspiracy

Massachusetts law recognizes two types of civil conspiracy. The first requires proof of coercion. The second requires proof of a common plan to commit a tortious act. Kurker v. Hill, 44 Mass.App.Ct. 184, 188-89 (1998).

There can be no independent tort for conspiracy except in a situation 'where mere force of numbers acting in unison or other exceptional circumstances may make a wrong.' See Pickett v. Walsh, 192 Mass. 572 (1988). In order to prove an independent tort for

conspiracy upon the basis of 'mere force of numbers acting in unison,' it must be shown that there was some 'peculiar power of coercion of the plaintiff possessed by the defendants in combination which any individual standing in a like relation to the plaintiff would not have had.' Burnham v. Dowd, 217 Mass. 351 (1979)

The most common illustration of such a "conspiracy" is to be found in the combined action of groups of employers or employees, where, through the power of combination, pressure is created and results brought about that differ in kind from anything separate individuals could accomplish. Pickett at 582.

Outside of this and related or similar fields, instances of conspiracy which is in itself an independent tort are rare and should be added to with caution. Fleming v. Dowd, 304 Mass. 46, 50 (1939).

The two kinds of civil conspiracy have been delineated in the decisions. See Aetna Cas. Sur. Co. v. P & B Autobody, 43 F.3d 1546, 1563-64 (1st Cir. 1994).

The element of coercion has been required if there was no independent basis for imposing tort liability--where the wrong was in the particular combination of the defendants rather than in the tortious nature of the underlying conduct. See, e.g., Neustad v. Employers' Liab. Assur. Corp., 303 Mass. 321, 325 (1939).

However, another form of civil conspiracy, reflected in the Restatement (Second) of Torts Sec. 876 (1979), derives from "concerted action," whereby liability is imposed on one individual for the tort of another. Aetna at 1564. See also Gurney v. Tenney, 197 Mass. 457, 466 (1908); Kyte v. Philip Morris, Inc., 408 Mass. 162, 166 (1990). This form of civil conspiracy rests upon allegations of a 'conspiracy to defraud' which is clearly the Plaintiff's theory in the instant matter.

Although the special pleading requirements of Mass.R.Civ.P. 9(b) are not required under the first form of 'civil conspiracy', i.e. where the conspiracy is based on coersion, such a heightened pleading standard is present where the Complaint alleges a conspiracy to defraud. Hayduk v. Lanna, 775 F.2d 441, 443-444 (1st Cir.1985).

### B.    Fraud

When pleading fraud the circumstances constituting the alleged fraud must be pled with particularity. Mass.R.Civ.P. 9(b). Although conditions of the mind, e.g., malice, intent or knowledge, can be pled generally, see Gabriel v. Borowy, 326 Mass.667, 672 (1951), Rule 9(b) requires that the allegations of fraud must be pleaded with particularity.

The Plaintiff must particularize the content of the misrepresentation and where and when it took place. In addition, the Plaintiff should specify the materiality of the misrepresentation, the reliance thereon and the resulting harm. Equipment & Systems for Industry, Inc. v. Northmeadows Construction Co., Inc., 59 Mass.App.Ct. 931, 931-32 (2003); See also Friedman v. Jablonski, 371 Mass. 482, 488-89 (1976).

As is set forth above with respect to the RICO claims, the Plaintiff has failed to plead the requisite allegations of fraud with particularity. The Plaintiff has not specifically plead the content of the misrepresentation, where and when it took place, nor have they plead the materiality of the misrepresentation, reliance or the resulting harm with specificity.

Such omission is a fatal flaw to the allegations of fraud and as such the Fraud cause of action must be dismissed.

C.     **Massachusetts General Laws Ch. 93a**

**1. Plaintiff's G.L.c.93a Claim is barred by the Statute of Limitations**

The discovery rule operates to toll a limitations period until a prospective plaintiff learns or should have learned that he has been injured by the defendant's conduct. See Taygeta Corp. v. Varian Assocs., Inc., 436 Mass. 217, 229, 763 N.E.2d 1053 (2002).

The rule "may arise in three circumstances: where a misrepresentation concerns a fact that was 'inherently unknowable' to the injured party, where a wrongdoer breached some duty of disclosure, or where a wrongdoer concealed the existence of a cause of action through some affirmative act done with the intent to deceive." Szymanski v. Boston Mutual Life Ins. Co., 56 Mass.App.Ct. 367, 370-71 (2002); quoting from Patsos v. First Albany Corp., 433 Mass. 323, 328, 741 N.E.2d 841 (2001). "[A] cause of action for the redress of an 'inherently unknowable' wrong does not accrue until the plaintiff knew, or in the exercise of reasonable diligence should have known, of the factual basis for a cause of action." Patsos at 329; Pagliuca v. City of Boston, 35 Mass.App.Ct. 820, 824 (1994).

The plaintiff need not know of "every fact which must eventually be proved in support of the claim." *Id.* Nor is it necessary that the plaintiff know the full extent of his injury; all that is required is that the plaintiff know that some injury has occurred. *Id.*

15

For the same reasons set forth under the RICO section above, the Plaintiff's claims are barred for any alleged damage incurred after August 16, 2002. Of the $625,386.00 alleged to have been suffered in damages by Encompass, $297,789.00 by the Plaintiff's own pleading were incurred prior to August 16, 2002.

To the extent the Plaintiff's G.L.c.93a cause of action survives the Motion to Dismiss for failure to plead with particularity, the Plaintiff is barred from recovery for any injuries sustained prior to August 16, 2002.

2.  **Plaintiff has failed to plead G.L.c. 93a with the heightened pleading requirements of Mass.R.Civ.P. 9(b)**

For the reasons set forth in the Fraud and RICO sections above, the Plaintiff's G.L.c. 93a claim must fail as well for failure to plead with the requisite particularity mandated by Mass.R.Civ.P. 9(b).

The First Circuit affirmed the District Court dismissal of a G.L.c.93a claim for failure to comply with Rule 9(b) in Wayne Inv., Inc. v. Gulf Oil Corp., 739 F.2d 11, 12 (1st Cir. 1984). The instant matter is remarkably similar to the posture of the Wayne case. In Wayne, the District Court (Mazzone, J.) stated that "given the emphasis placed on the federal claims, and the treble damages of the federal claims, as well as the deficiency of the fraud allegations, the common law fraud count should not stand alone in this court." Wayne Inv., Inc,. v. Gulf Oil Corp., 1983 WL 1405, Fed.Sec.L.Rep.P.99,612 (See attached).

D.  **Intentional Interference With Advantageous Business and Contractual Relationships**

16

An action for intentional interference with contract requires that the plaintiff prove the existence of a contract; the intentional interference with the contract by one or more third parties; that such interference was improper in motive or means; and resulting harm to the plaintiff. See Weber v. Community Teamwork, Inc., 434 Mass. 781. 752 N.E.2d 700 (1988).

Clearly dismissal is appropriate for failure to state a claim if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory. Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 52 (1st Cir.1990); *see also* Conley v. Gibson, 355 U.S. 41, 45-48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In making this determination, the Court must accept the well-pled facts of Encompass's complaint as true and indulge every reasonable inference in its favor. *See* Rogan v. Menino, 175 F.3d 75, 77 (1st Cir.1999).

Viewed in its best possible light, despite the lax standard of review, the Plaintiff's cause of action of intentional interference with advantageous business and contractual relationships must fail.  The Plaintiff simply fails to advance a viable theory of recovery under this cause of action.

## CONCLUSION

For the reasons set forth above, the Moving Defendants respectfully request that the Plaintiff's Amended Complaint against them be dismissed in its entirety, and for such other and further relief as this Court deems appropriate, just and proper under the circumstances.

Dated: October 18, 2005

Respectfully submitted,

The Defendants
Joseph D. Giampa
Frederick T. Giampa
Future Management Corp.
Advanced Spine Centers, Inc., d/b/a
First Spine Rehab and
Future Management Business Trust

By their attorneys

/s/ Matthew J. Conroy_____
Matthew J. Conroy (BBO# 566928)
Katherine L. Kurtz (BBO# 658026)
BELESI & CONROY, P.C.
114 Waltham Street
Lexington, Massachusetts 02421
(781) 862-8060

The Defendant
Edward Kennedy

By his attorneys,

/s/ Jeffrey J. Phillips_____
Jeffrey J. Phillips (BBO# 398480)
Daniel S. Treger (BBO# 562147)
PHILLIPS & ANGLEY
One Bowdoin Square
Boston, Massachusetts 02108
(617) 367-8787

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing pleading was served upon all counsel of record by mailing the same U.S. mail, 1st Class, postage prepaid this 18th day of October 2005.

/s/ Matthew J. Conroy<br>Matthew J. Conroy