UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ENCOMPASS INSURANCE COMPANY OF MASSACHUSETTS, ) ) ) ) Plaintiff, ) ) v. ) ) JOSEPH D. GIAMPA, FREDERICK T. ) GIAMPA, ADVANCED SPINE CENTERS, INC. ) d/b/a FIRST SPINE REHAB, FUTURE ) MANAGEMENT CORPORATION, FUTURE ) MANAGEMENT BUSINESS TRUST, EDWARD ) KENNEDY, BRIAN J. CULLINEY, D.C. and ) JENNIFER MCCONNELL, D.C., ) ) Defendants. ) ) | Case No. 05-11693 RCL |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS
BRIAN J. CULLINEY, D.C. AND JENNIFER MCCONNELL, D.C.'S
<u>MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT</u>**

This memorandum of law is respectfully submitted by the defendants Brian J. Culliney, D.C. ("Culliney") and Jennifer McConnell, D.C. ("McConnell") in support of their Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6), 9(b) and 8(a).

<u>INTRODUCTION</u>

Is bigger always better? In this case, the answer is a resounding "no". Plaintiff's original complaint spanned some 30 pages and 140 paragraphs, came fully equipped with a table of contents, and purported to be the product of an extensive 6-month investigation. While impressive in its size, however, the original complaint was entirely lacking in substance, particularly as it related to Culliney and McConnell whom it mentioned,

respectively, in but two places -- the caption and the introductory paragraphs identifying the parties.  Accordingly, all of the defendants filed, or intended to file, motions to dismiss the original complaint in its entirety.  Upon receiving the filed motions to dismiss, Plaintiff requested and received from the defendants their agreement to withdraw their respective motions in order to allow Plaintiff the opportunity to amend the complaint once as a matter of right.

Plaintiff has since amended the complaint.  Like its predecessor, the amended complaint has size, consuming 61 pages with 374 paragraphs of allegations suggesting that the eight named defendants (along with numerous other unidentified persons) acted in concert, conspired against, and defrauded Plaintiff by submitting to Plaintiff, and fraudulently inducing Plaintiff to pay, invoices for chiropractic treatment either not medically necessary or not actually provided.  Like its predecessor, the amended complaint alleges causes of action against Culliney and McConnell pursuant to M.G.L. c. 93A, and under common law theories of fraud, civil conspiracy and intentional interference with business and contractual relationships.  And, like its predecessor, the amended complaint completely fails to state any claim upon which relief may be granted against Culliney or McConnell.

STANDARD FOR DISMISSAL

Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) is required whenever "the facts alleged, taken as true, do not justify recovery."  Doyle v. Hasbro, 103 F.3d 186, 190 (1st Cir. 1996).  Despite the sometimes cavalier attitude of plaintiffs, this pleading requirement is "not entirely a toothless tiger".  The Dartmouth Review v. Dartmouth College, 889 F.2d 13, 16 (1st Cir. 1989).  "The threshold [for stating a claim]

may be low, but it is real and it is the plaintiff's burden to take the step which brings his case safely into the next phase of the litigation." Gooley v. Mobile Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988). In order to survive this motion to dismiss, Plaintiff must be found to have set forth with respect to each of its claims "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery." Id. at 515. Although all reasonable and natural inferences must be made in Plaintiff's favor, the Court need not accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996).

Those of Plaintiff's claims based upon fraud are also subject to the heightened pleading requirement of Federal Rule of Civil Procedure 9(b). "Rule 9(b) sets a demanding standard in order to minimize the chance that a plaintiff with a largely groundless claim will bring suit and conduct extensive discovery in the hopes of obtaining an increased settlement, rather than in the hopes that the process will reveal relevant evidence." Gross v. Summa Four, 93 F.3d 987, 991 (1st Cir 1996).

## ARGUMENT

I.   PLAINTIFF'S CLAIMS AGAINST CULLINEY AND MCCONNELL FOR FRAUD, CIVIL CONSPIRACY AND UNDER CHAPTER 93A MUST BE DISMISSED FOR FAILURE TO SATISFY THE HEIGHTENED PLEADING REQUIREMENTS OF F.R.C.P. 9(b).

Federal Rule of Civil Procedure 9(b) requires that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." This particularity requirement of Rule 9(b) serves three important purposes: "(1) to place the defendants on notice and enable them to prepare meaningful responses; (2) to preclude the use of a groundless fraud claim as a pretext to discovering a wrong or as a 'strike suit'; and (3) to safeguard defendants from frivolous charges which

3

might damage their reputations." New England Data Servs, Inc. v. Becher, 829 F.2d 286, 289 (1st Cir. 1987). The First Circuit "strictly applies the particularity requirements of Rule 9(b)." Bio-Vita, Ltd. v. Rausch, 759 F. Supp. 33, 37 (D. Mass. 1991).

In order to satisfy Rule 9(b), a pleader must specify the individual responsible for, and the time, place and content of, each alleged misrepresentation. McGinty v. Beranger Volkswagon, Inc., 633 F.2d 226, 228-29 & n.2 (1st Cir. 1980). The requirements of Rule 9(b) apply not only to claims of fraud, but also to claims where "fraud lies at the core of the action," Hayduk v. Lanna, 775 F.2d 441, 443 (1st Cir. 1985), which this Court has interpreted to include both claims of conspiracy to defraud and violations of M.G.L. c. 93A. See id. (Rule 9(b) applies to allegations of conspiracy to defraud or conceal); Wayne Inv., Inc. v. Gulf Oil Corp., 739 F.2d 11, 12 (1st Cir. 1984)(alleged violation of M.G.L. c. 93A must satisfy the heightened pleading requirements of Rule 9(b)).

    A.    The Allegations Specifying Culliney and McConnell.

Unlike the original complaint, the amended complaint mentions Culliney and McConnell more than twice. However, the repeated mention of Culliney and McConnell does nothing, by itself, to remedy the pleading deficiencies that plagued Plaintiff's original complaint. A proper analysis of whether the amended complaint is any more viable than its predecessor requires that the Court parse from the amended complaint any allegations specifying Culliney and McConnell, and then measure those allegations against the heightened pleading requirements of Rule 9(b).

While such an analysis might pose a significant challenge if performed while sifting through the hundreds of paragraphs which comprise the amended complaint, attempting to mentally tie together the sporadic mentions of Culliney and McConnell, it

4

can be performed with relative ease once the allegations directed specifically at these defendants are laid bare. Therefore, for the Court's convenience, the paragraphs of the amended complaint containing allegations specifically directed at Culliney and McConnell have been scrupulously synopsized (where not rendered verbatim) under their original headings below.

I.   **INTRODUCTION**

¶ 1   The Giampa chiropractors, working in concert with Culliney and McConnell, among others, allegedly engaged in a scheme to defraud insurance companies, including Encompass, by creating and submitting false, fraudulent and inflated chiropractic invoices containing excessive charges ("false medical documentation") and demanding payment for excessive and/or non-existent and/or unwarranted chiropractic treatment.

II.   **THE PARTIES**

¶¶ 16-17   Culliney and McConnell are identified as party defendants.

IV.   **FACTUAL ALLEGATIONS REGARDING CREATION AND ACTIVITIES OF FUTURE MANAGEMENT**

¶¶ 35-37   Culliney is a "Team Leader" and one of the highest paid employees of Future Management. As a Team Leader, Culliney possessed supervisory oversight of more than one of Future Management's more than 50 chiropractic and physical therapy clinics, and performed certain marketing activities on behalf of First Spine, including the issuance of cold-call letters seeking patients for First Spine.

¶¶ 46-47   Stephanie Vinas, an alleged runner paid to recruit patients for the Lowell First Spine Clinic, is a former patient of Culliney.

V.   **FACTUAL ALLEGATIONS REGARDING FALSE MEDICAL BILLING SCHEME**

¶¶ 57-59   Culliney and McConnell purportedly provided chiropractic treatment to 163 of the 196 patients listed in Exhibits 1 and 3, and had oversight regarding all treatment allegedly provided to the First Spine Lowell Clinic patients identified in Exhibits 1 and 3. The medical documentation created and submitted by First Spine under the direction, supervision and control of Culliney and McConnell, among others, was created in connection with motor vehicle accidents and shared most -- if not all-- of a list of characteristics which, in Encompass's view, collectively suggest excessive treatment or billing practices by First Spine.

¶ 72         Culliney has boasted that he has "treated" as many as two hundred (200) patients in a single First Spine Lowell Clinic business day.

    A.    EXEMPLAR CLAIMS[1]

        1.    Punlork Sar Claims

¶¶ 85, 87-88         In connection with Encompass clam no. 03418795, seven claimants "allegedly received the highest complexity CPT-coded exams at First Spine under the direction and supervision of Culliney and McConnell" in connection with a February 11, 2001 automobile accident.

        2.    Chareth Rath Claims

¶¶ 116-119         In connection with Encompass claim no. 03513997, five claimants "purportedly received chiropractic treatment at First Spine from defendants McConnell and Culliney" in connection with an October 27, 2003 automobile accident.

        3.    Den Tith Claim

¶¶ 131, 134         In connection with Encompass claim no. 03486642, a single claimant "purportedly received chiropractic treatment administered by and/or supervised by defendants McConnell and Culliney" in connection with an October 16, 2002 automobile accident.

        5.    Ramon Perez Claims

¶¶ 158, 160, 165         In connection with Encompass claim no. 03532767, four claimants purportedly received treatment supervised by Culliney and McConnell in connection with a January 10, 2004 automobile accident.

---

[1] Each Exemplar Claim includes an allegation that "defendants created false medical documentation" in connection with the claim, as well as a reference to Exhibit 1, a legend-based matrix setting forth on a claim-by-claim basis (including certain Exemplar Claims) 15 general treatment and billing practices alleged to be evident in documentation presumably submitted by First Spine. The treatment practices alleged (and presumably directed at Culliney and McConnell) include:

    a.    Rendering treatment which exceeds the type, quality and/or amount of the documented and clinically reasonable chiropractic needs of the patient;
    b.    Rendering a recipe of treatment absent any individualized medical decision making;
    c.    Rendering treatment which is unrelated to the diagnoses, or reasonably suspected injury or condition incurred by the patient;
    d.    Rendering treatment which is provided solely for the purpose of enabling the patient to incur medical treatment expenses in excess of the tort threshold established by Mass. Gen. Laws ch. 231, § 6D.

6

       7.     <u>Sokean Phlong Claims</u>

¶¶ 195-96     In connection with Encompass claim no. 03483838, two claimants "received identical evaluations and subsequent medical treatment administered and/or supervised by Culliney and McConnell" in connection with a February 14, 2003 automobile accident.

¶ 198     One of these claimants "purportedly received 26 dates of service under the chiropractic supervision of chiropractors McConnell and Culliney during which he allegedly received treatment and modalities including electric muscle stimulation and a 'thermal agent'".

       8.     <u>Sally Kong Claims</u>

¶¶ 208-209, 215     In connection with Encompass claim no. 03481235, two claimants allegedly received chiropractic care "administered or overseen by defendants Culliney and McConnell" in connection with a November 27, 2002 automobile accident.

       9.     <u>Chinda Kruth Claims</u>

¶¶ 222-23, 229     In connection with Encompass claim no. 03456762, two claimants allegedly received chiropractic treatment "administered and/or supervised by defendants Culliney and McConnell" in connection with a September 6, 2001 automobile accident.

      11.     <u>Sandy Mac Claims</u>

¶¶ 252-53, 257     In connection with Encompass claim no. 03425232, four claimants alleging injury from an April 25, 1999 automobile accident "first presented to First Spine and <u>commenced</u> chiropractic treatment from defendant Culliney <u>sixty-five</u> <u>(65)</u> days after the alleged accident." (emphasis in original).

      12.     <u>Tim Oeun Claim</u>

¶¶ 286-87     Tim Oeun has been involved in and/or advanced auto insurance claims in connection with approximately ten automobile accidents and, "[i]n connection with nearly every accident, Mr. Oeun obtained treatment from defendant Culliney (or at least a facility with which Culliney was associated)".

¶ 288     Culliney was once named a defendant in a civil racketeering action brought in the U.S. District Court (Massachusetts) against World Family Chiropractic. Mr. Oeun "purportedly received chiropractic treatment at World Family Chiropractic" in connection with two automobile accident claims advanced in August 1994 and October 1996.

¶ 289     Another former employee of World Family Chiropractic, Socha Dy, "followed Culliney and is currently employed by First Spine. At her deposition in

the World Family case, Ms. Dy invoked her privilege against self-incrimination in response to all material questions."[2]

> B. <u>Plaintiff Has Failed to Allege Fraud With Particularity</u>.

In its amended complaint, Plaintiff falls well short of the specificity required for a viable fraud claim. Plaintiff has failed to allege the speaker, time, place, and content of any alleged misrepresentation. See <u>Rodi v. Southern New Eng. Sch. of Law</u>, 389 F.3d 5, 15 (2004)(The heightened pleading standard of Rule 9(b) is satisfied only by an averment "of the who, what, where, and when of the allegedly false or fraudulent representation")(internal quotations omitted); <u>Equipment & Sys. for Indus., Inc. v. Northmeadows Constr. Co., Inc.</u>, 59 Mass. App. Ct. 931, 931-32 (Mass. App. Ct. 2003)("At a minimum, a plaintiff alleging fraud must particularize the identity of the person(s) making the representation, the contents of the misrepresentation, and where and when it took place").

Indeed, the amended complaint fails to specify even one statement made by Culliney or McConnell which is alleged to be false. Instead, the amended complaint repeatedly makes general allegations that Culliney and/or McConnell administered and/or supervised and/or directed certain chiropractic treatment which was "excessive". This general averment of excessive treatment is plainly insufficient to satisfy the heightened pleading requirements of Rule 9(b). See <u>Gross</u>, 93 F.3d at 996 ("a general allegation that the practices at issue resulted in false report of company earnings is not a sufficiently particular claim of misrepresentation to satisfy Rule 9(b)")(internal quotations omitted). As this Court clearly stated in <u>Petricca Dev. Ltd. Pshp. v. Pioneer Dev. Co.</u>:

---

[2] In addition to being without any probative value, the Plaintiff's allegations in Paragraphs 288 and 289 are wholly inappropriate, clearly intended to prejudice Culliney before the Court, and will be the subject of an imminent motion to strike.

> … general and conclusory averments, in the absence of identifying individual actors or specific misrepresentations as placed in the context of time, location or falsity of factual content, fail to set forth a sustainable cause of action for fraud or deceit in accordance with the heightened pleading standard of Fed. R. Civ. P. 9(b).

1996 U.S. Dist. LEXIS 22381, *8 (D. Mass. Dec. 11, 1996), aff'd, 214 F.3d 216 (1st Cir. 2000). See Baghdady v. Sachs, 1983 U.S. Dist. LEXIS 14095, *5 (D. Mass. Sept. 2, 1983)("Rather, the complaint set forth only that [defendant] made continuous misrepresentations regarding various general subject matters. This is insufficient to meet the requirements of Rule 9(b).").

In addition, Plaintiff has failed to designate which of Culliney or McConnell was the perpetrator of which allegedly fraudulent act. See Rhone v. Energy North, Inc., 790 F. Supp. 353, 361 (D. Mass 1991)("if the complaint involves multiple defendants, then each defendant's role must be particularized with respect to their alleged involvement in the fraud")(internal quotations omitted).

"One of the main purposes of [Rule 9(b)] is to apprise the defendant of the fraudulent claims and of the acts that form the basis of the claim." Hayduk, 775 F.2d at 443. Instead of answering questions, the amended complaint merely raises them. On which occasions was it Culliney who made the allegedly false statement? On which was it McConnell? What was the allegedly false statement? How was it false? What should Culliney and McConnell discern from the legend entry indicating the "[r]endering of treatment which exceeds the type, quality and/or amount of the documented and clinically reasonable chiropractic needs of the patient"? Does it mean that one or more components of the rendered treatment regiment was not necessary, and if so, which

9

components? Or was the treatment regiment entirely appropriate, but continued for longer than necessary? Which was the case for which claimant?[3]

If Plaintiff is truly aware of any specific fraudulent statements attributable to Culliney or McConnell, the speaker, time, place, and content of these alleged fraudulent statements should have been set forth in the amended complaint. Because they were not, the fraud claim against Culliney and McConnell must be dismissed.

### C.   Plaintiff Has Failed to Allege Civil Conspiracy with Particularity.

In actions alleging "conspiracy to defraud or conceal, the particularity requirement of Rule 9(b) must be met". Hayduk, 775 F.2d at 443. The pleading requirement in this regard was clearly set out by the Court in Van Schiack v. Church of Scientology of California, Inc., where the Court stated that:

> [I]t is necessary to plead fraudulent conspiracy with enough specificity to inform multiple defendants of facts forming the basis of the conspiracy charge. Such allegations must delineate among the defendants as to their participation or responsibilities in making the statements which are the subject of the suit.

535 F. Supp. 1125, 1141 (D. Mass. 1982)(internal citations omitted)(emphasis added).

The amended complaint does not specify even a single alleged misrepresentation attributed to either Culliney or McConnell. Furthermore, the general averments relating to the Exemplar Claims are directed in almost every instance against "Culliney and McConnell," without any delineation between the two, and without any suggestion that both were ever responsible for any one alleged act. The Court explicitly found this

---

[3] The amended complaint makes no allegations tying Culliney or McConnell to First Spine billing. In fact, the amended complaint alleges instead that medical invoices were "generated at Future Management's headquarters in Chelmsford, Massachusetts and were not reviewed for accuracy by the treating chiropractor". Amended Complaint, ¶ 74. See also id. at ¶ 297 ( "Subsequently, the invoices wholly generated at Future Management headquarters were combined with medical narratives and mailed from Future Management headquarters to ….").

technique insufficient to satisfy the heightened requirements of Rule 9(b) in Kadar Corp. v. Milbury, where it stated that:

> To be sure, all 'defendants' as a class are alleged to have taken part in the multi-faceted conspiracy, but nowhere is there so much as a hint as to what, specifically, any of the [defendants] are supposed to have done.

549 F.2d 230, 232 (1st Cir. 1997).

The failure of the amended complaint to delineate among defendants entirely frustrates the sufficiency of Plaintiff's civil conspiracy claim under Rule 9(b). Plaintiff is required to plead "with sufficient specificity the participation and responsibility of individual defendants for the alleged misrepresentations and or unfair practices delineated." Herring v. Vadala, 670 F. Supp. 1082, 1087 (D. Mass. 1987). See also Kadar Corp., 549 F.2d at 232 (affirming dismissal of one defendant where she was "named only in the caption of the complaint," and "[h]er identification with the alleged conspiracies, and indeed her status generally as an intended defendant, [was] so nebulous as plainly to warrant dismissal"); Lerman v. ITB Management Corp., 58 F.R.D. 153, 156 (D. Mass. 1973)(failure of complaint "to particularize as to each, or for that matter any, of the defendants the activities for which the Plaintiff seeks to hold them accountable" deemed sufficient grounds to allow motion to dismiss)(dicta).

Plaintiff may not, as it has done, employ a "vague and conclusory sweep of all of the defendants into one conspiracy without specifying what action each defendant took." Herring, 670 F. Supp. at 1087. Instead, it must specify the particular acts undertaken and attribute them to particular defendants.

Because the amended complaint does not allege a single misrepresentation with particularity, and because it fails to delineate the participation of Culliney and McConnell

11

in the alleged conspiracy to defraud, the civil conspiracy claim against Culliney and McConnell must be dismissed.

        D.      <u>Plaintiff Has Failed to Allege a Ch. 93A Violation with Particularity.</u>

When based upon allegedly fraudulent statements, claims under M.G.L. c. 93A must also satisfy the heightened pleading requirements of Rule 9(b). See <u>Wayne Inv., Inc. v. Gulf Oil Corp.</u>, 739 F.2d 11, 12 (1st Cir. 1984)(affirming this Court's dismissal of a Chapter 93A claim for failure to comply with Rule 9(b)); <u>See</u> <u>also</u> <u>Bio-Vita</u>, 759 F. Supp. at 37 n.7 (noting that "defendants' ch. 93A claim also fails to comply with the particularity requirements of Rule 9(b)")(dicta).

For all of the reasons described above in Sections 1.A and 1.B of this memorandum, the Chapter 93A claim against Culliney and McConnell must be dismissed.

II.    PLAINTIFF HAS FAILED TO ALLEGE A *PRIMA FACIE* CASE FOR INTENTIONAL INTERFERENCE WITH ADVANTAGEOUS BUSINESS AND CONTRACTUAL RELATIONSHIPS.

The Restatement (Second) of Torts represents the law of Massachusetts with regard to a claim of intentional interference with contractual relations. <u>Sharif v. Steele</u>, 431 Mass. 365, 369 n.7 (2000). That rule states that:

> One who intentionally and improperly interferes with the performance of a contract (except a contract to marry) between another and a third person, by preventing the other from performing the contract or causing his performance to be more expensive or burdensome, is subject to liability to the other for the pecuniary loss resulting to him.

Restatement (Second) of Torts § 766A. Thus, in order to state such a claim, Plaintiff must allege: "(1) the existence of a contract or a business relationship with contemplated economic benefit; (2) knowledge by [Culliney/McConnell] of the contract or business

12

relationship; (3) intentional interference with the contract or business relationship by [Culliney/McConnell] for an improper purpose or by improper means; and (4) damages." Swanset Development Corp. v. City of Taunton, 423 Mass. 390, 397 (1996).

While not subject to the heightened pleading requirements of Rule 9(b), Plaintiff's Count VII must nonetheless satisfy the conditions of Federal Rule of Civil Procedure 8(a). Rule 8(a) requires that each cause of action be supported by "a short and plain statement of the claim showing that the pleader is entitled to relief." This Plaintiff has not done.

Because Plaintiff has not provided Culliney or McConnell with an adequate basis to defend, or even understand, the claim of intentional interference with advantageous business and contractual relationships directed against them, this claim must be dismissed.

CONCLUSION

For the foregoing reasons, Defendants Brian J. Culliney and Jennifer McConnell respectfully request that this Honorable Court dismiss Counts IV through VII of the amended complaint as against them with prejudice.

Respectfully submitted,

BRIAN J. CULLINEY, D.C. and
JENNIFER MCCONNELL, D.C.

By their attorney,

/s/ Thomas M. Ciampa
_____
Thomas M. Ciampa (BBO# 566898)
Ciampa & Associates
45 Bromfield Street, Suite 200
Boston, MA 02108
(617) 742-5955

Dated: November 1, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of November, 2005, a copy of the foregoing was served by first-class mail, postage prepaid, upon counsel of record for all other parties.

/s/ Thomas M. Ciampa
_____
Thomas M. Ciampa