UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ENCOMPASS INSURANCE COMPANY OF MASSACHUSETTS, ) ) ) Plaintiff, ) ) v. ) ) JOSEPH D. GIAMPA, FREDERICK T. ) GIAMPA, ADVANCED SPINE CENTERS, INC. ) d/b/a FIRST SPINE REHAB, FUTURE ) MANAGEMENT CORPORATION, FUTURE ) MANAGEMENT BUSINESS TRUST, EDWARD ) KENNEDY, BRIAN J. CULLINEY, D.C. and ) JENNIFER MCCONNELL, D.C., ) ) Defendants. ) ) | Case No. 05-11693 RCL |

**DEFENDANTS' MOTION FOR EXTENSION OF TIME TO
RESPOND TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Now come the defendants Joseph D. Giampa, Frederick T. Giampa, Advanced Spine Centers, Inc. d/b/a First Spine Rehab, Future Management Corporation, Future Management Business Trust, Edward Kennedy, Brian J. Culliney, D.C., and Jennifer McConnell, D.C. (collectively, "Defendants") and hereby request that this Honorable Court extend the time within which Defendants may respond to Plaintiff's Second Amended Complaint (by motion, answer or otherwise) until and including Thursday, August 24, 2006. In support of their motion, Defendants state as follows:

**Procedural Background**

1. Plaintiff commenced this action on August 16, 2005, by filing and serving, among other pleadings, a Complaint, Ex Parte Motion for Attachment of Real Property, and Ex Parte

Motion for Attachment by Trustee Process.

2.  On September 6, 2005, within the time specified by F.R.C.P. 12 and without any extension, the defendants filed two separate motions to dismiss; one on behalf of Joseph D. Giampa, Frederick T. Giampa, Advanced Spine Centers, Inc. d/b/a First Spine Rehab, Future Management Corporation, and Future Management Business Trust (the "First Spine Defendants"), and the other on behalf of Brian J. Culliney, D.C. and Jennifer McConnell, D.C. (the "Chiropractor Defendants").[1] Each motion to dismiss sought dismissal of all counts of the Complaint as against the defendants on whose behalf it was filed.[2]

3.  Initially, Plaintiff appeared poised to oppose these motions, and, on September 14, 2005, filed an emergency motion for leave to file a consolidated pleading of up to forty pages in opposition to the defendants' motions to dismiss. Plaintiff did not first confer with the defendants before filing its emergency motion, which the defendants did not oppose.

4.  Immediately thereafter, Plaintiff apparently decided not to oppose the defendants' motions to dismiss, but instead to file a First Amended Complaint. In furtherance of this decision, Plaintiff sought and received from Defendants their agreement to withdraw the previously filed motions to dismiss and allow Plaintiff to first file its First Amended Complaint.[3]

5.  On September 30, 2005, Plaintiff filed its First Amended Complaint, which was 61 pages and contained 374 paragraphs of allegations.

6.  On October 18, 2005, within the time specified by F.R.C.P. 12 and without any

---

[1] In addition, Joseph Giampa, Frederick Giampa and Brian Culliney had previously been forced to file and argue on August 18, 2005 emergency motions to dissolve certain real estate attachments granted pursuant to Plaintiff's ex parte motion.

[2] As of that date, the remaining defendant, Edward Kennedy, was not yet represented by counsel.

[3] This agreement (which included Edward Kennedy, who had since retained counsel) is reflected in the Notice of Filing First Amended Complaint and Withdrawal of Motions to Dismiss Without Prejudice filed by Plaintiff on September 16, 2005.

extension, the First Spine Defendants and Edward Kennedy filed a joint motion to dismiss Plaintiff's First Amended Complaint.  On November 1, 2005, pursuant to a two-week extension agreed to by Plaintiff, the Chiropractor Defendants filed a motion to dismiss Plaintiff's First Amended Complaint.  The parties agreement regarding this two week extension, along with Defendants' contemporaneous agreement to allow Plaintiff to file a single consolidated opposition to Defendants' motions to dismiss by November 21, 2005, is reflected in the Stipulation filed by the parties on October 21, 2005.

7.     On November 21, 2005, Plaintiff's filed their consolidated opposition to Defendants' motions to dismiss.

8.     On June 5, 2006, the Court heard argument from all parties on Defendants' motions to dismiss and dismissed Counts I and II (RICO violations) and Count VI (Fraud) of Plaintiff's First Amended Complaint.  As part of its ruling, the Court initially ordered that Plaintiff be allowed ten (10) days to amend its First Amended Complaint with respect to the dismissed counts.  However, in response to Plaintiff's request, the Court extended this period of time to thirty (30) days.

9.     On July 5, 2006, Plaintiff filed its Second Amended Complaint, which is 150 pages, contains 802 paragraphs of allegations, and is accompanied by an additional 30 pages of detailed tables and charts attached as exhibits.

**Defendants Request for Extension**

10.     Pursuant to F.R.C.P. 12, Defendants have until July 25, 2006, to respond to Plaintiff's Second Amended Complaint.  On July 20, 2006, Defendants jointly requested that Plaintiff agree to a twenty-one (21) day extension of time within which Defendants might respond to Plaintiff's Second Amended Complaint.  Having always extended the utmost courtesy

3

to Plaintiff in response to its various requests, Defendants reasonably expected to receive in return a commensurate level of cooperation.

11.     Surprisingly, Plaintiff denied Defendants' request, stating only that "Encompass filed suit against your client on August 16, 2005.  Accordingly, I am unable to assent to your request for an extension."  A true and accurate copy of Plaintiff's letter, dated June 20, 2006, is attached hereto as <u>Exhibit A</u>.

12.     Though cryptically stated, Plaintiff's sole reason for denying Defendants' request for extension appears to be its dissatisfaction with the procedural posture of this matter.  Ironically, any delay in the progress of this action has resulted solely from Plaintiff's repeated failure to adequately plead its case (first in its own estimation, and then in the estimation of the Court).

13.     Defendants require a reasonable extension of time within which to evaluate Plaintiff's Second Amended Complaint and to determine whether renewal of their motions to dismiss (in whole or in part) is warranted.  If it is not warranted, the interests of all parties and the Court are best served by allowing Defendants sufficient opportunity to reach and act upon that conclusion.  If renewed motions to dismiss are warranted, Defendants are entitled to a reasonable opportunity to sift through Plaintiffs' mammoth pleading and assemble their best arguments.

14.     Moreover, even if Defendants determine not to renew their motions to dismiss, they will nonetheless be required to undertake the substantial task of filing answers to the 802 paragraphs of Plaintiff's Second Amended Complaint.

15.     Plaintiff would not be prejudiced by Defendants receiving a reasonable extension of time, and has certainly availed itself of Defendants' frequent cooperation in the past.

Conversely, Defendants would be substantially and unfairly prejudiced if they are forced to file by July 25, 2006 responses to Plaintiff's Second Amended Complaint.

16.     It would certainly be reasonable for Defendants to seek their attorneys' fees in connection with this motion, it having been required solely as the result of Plaintiff's shockingly discourteous conduct.  Instead, however, Defendants request only that they be allowed a thirty (30) day extension of time, until and including August 24, 2006, to respond to Plaintiff's Second Amended Complaint.

WHEREFORE, the defendants Joseph D. Giampa, Frederick T. Giampa, Advanced Spine Centers, Inc. d/b/a First Spine Rehab, Future Management Corporation, Future Management Business Trust, Edward Kennedy, Brian J. Culliney, D.C., and Jennifer McConnell, D.C. hereby request that this Honorable Court extend the time within which they may respond (by motion, answer or otherwise) to Plaintiff's Second Amended Complaint until and including Thursday, August 24, 2006.

| | |
|---|---|
| Respectfully Submitted,<br>*Joseph D. Giampa, Frederick T. Giampa, Advanced Spine Centers, Inc. d/b/a First Spine, and Future Management Corporation*<br>By their Attorneys,<br><br>/s/ Matthew J. Conroy<br>_____<br>Mathew J. Conroy (BBO# 566928)<br>Kathleen L. Kurtz (BBO# 658026)<br>Belesi & Conroy<br>114 Waltham Street<br>Lexington, MA 02421<br>(781) 862-8060 | Respectfully Submitted<br>*Brian Culliney and Jennifer McConnell*<br>By their Attorney,<br><br>/s/ Thomas M. Ciampa<br>_____<br>Thomas M. Ciampa (BBO#566898)<br>Ciampa & Associates<br>20 Park Plaza, Suite 804<br>Boston, MA 02116<br>(617) 742-5955 |

Respectfully Submitted
*Edward Kennedy*
By his Attorneys,

 /s/ Daniel Treger
_____
Jeffrey Phillips (BBO# 398480)
Daniel Treger (BBO# 562147)
Phillips & Angley
One Bowdoin Square
Boston, MA 02114
(617) 367-8787

## Certificate of Service

I hereby certify that a true copy of the above document filed through the ECF system pursuant to Local Rule 5.4 was sent on this day electronically and by first-class mail to the attorney of record for each other party.

___/s/ Thomas M. Ciampa____

Nathan A. Tilden, Esquire
ntilden@smithbrink.com

**SMITH & BRINK, P.C.**
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

122 QUINCY SHORE DRIVE
SECOND FLOOR
**QUINCY, MASSACHUSETTS 02171**

TELEPHONE: (617) 770-2214
FAX: (617) 774-1714
www.SmithBrink.com

**SPRINGFIELD OFFICE**
191 CHESTNUT STREET
SUITE 3D
SPRINGFIELD, MA 01103
TELEPHONE: (413) 746-8122
FAX: (413) 781-6290

**DANVERS OFFICE**
99 ROSEWOOD DRIVE
UNIT 240
DANVERS, MA 01923
TELEPHONE: (978) 646-9114
FAX: (978) 646-9264

**PROVIDENCE OFFICE**
ONE STATE STREET
SUITE 400
PROVIDENCE, RI 02908
TELEPHONE: (401) 351-9970
FAX: (401) 274-6218

July 20, 2006

**VIA EMAIL, FACSIMILE & FIRST CLASS MAIL**
Daniel Treger, Esquire
Phillips & Angley
One Bowdoin Square
Boston, Massachusetts 02114

RE: Encompass Insurance Company of Massachusetts v. Joseph D. Giampa, Frederick T. Giampa, Advanced Spine Centers, Inc. d/b/a First Spine Rehab, Future Management Corporation, Edward Kennedy, Brian J. Culliney, D.C. and Jennifer McConnell, D.C.
USDC Docket No. 05-11693 RCL
**Our File No.:   1075-0521**

Dear Attorney Treger:

I am in receipt of your July 19, 2006 correspondence requesting a 21 day extension to respond to Plaintiff's Second Amended Complaint. As you know, Encompass filed suit against your client on August 16, 2005. Accordingly, I am unable to assent to your request for an extension.

Kindly direct all future correspondence to Richard D. King, Jr. and/or me. Thank you for your courtesy and attention to the foregoing.

Very truly yours,

Nathan A. Tilden

NAT/ac