UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ENCOMPASS INSURANCE COMPANY OF MASSACHUSETTS, <br><br> Plaintiff, <br><br> v. <br><br> JOSEPH D. GIAMPA, FREDERICK T. GIAMPA, ADVANCED SPINE CENTERS, INC. d/b/a FIRST SPINE REHAB, FUTURE MANAGEMENT CORPORATION, FUTURE MANAGEMENT BUSINESS TRUST, EDWARD KENNEDY, BRIAN J. CULLINEY, D.C. and JENNIFER MCCONNELL, D.C., <br><br> Defendants. | Case No. 05-11693 RCL |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' JOINT
MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

    *"[A] charge of fraud is regarded as something more serious than a rhetorical embellishment, and if a man puts his case on that ground, he must maintain it on that ground or lose it."*

-Chief Justice Oliver Wendell Holmes[1]

    The obvious principle underlying this well-known admonition by Chief Justice Holmes is that an allegation of fraud carries with it a suggestion of depravity so harmful as to impose upon anyone who would make it an obligation not to do so inappropriately. This principle is clearly reflected in the requirements of Fed. R. Civ. P. 9(b), and was clearly echoed by this Court during the July 5, 2006 hearing on the defendants' motions to dismiss Plaintiff's First Amended Complaint.[2] Notwithstanding this abundance of

---

[1] Nichols v. Rosenfeld, 181 Mass. 525, 525 (1902).
[2] The Court stated "fraud is a pretty awful thing to say about somebody. So when there is an allegation of fraud you ought to be able to see precisely what it is they're claiming so you'll know

guidance – which ultimately included the Court all but drawing Plaintiff a roadmap for pleading fraud to the Court's satisfaction – Plaintiff has yet again failed to plead with the requisite degree of particularity as against any defendant a claim of fraud, conspiracy to commit fraud, substantive RICO violation, or conspiracy to violate RICO.

Consequently, the Court should dismiss with prejudice as against each of the defendants Count I (Violation of 18 U.S.C. § 1962(c)), Count II (Violation of 18 U.S.C. § 1962(c) – Innocent Victim Enterprise), Count III (Violation of 18 U.S.C. § 1962(d)), Count V (Common Law Conspiracy) and VI (Common Law Fraud) of Plaintiff's Second Amended Complaint.

## ARGUMENT

In response to Plaintiff's Second Amended Complaint – a pleading that rivals the Yellow Pages in its heft and density – there is surprising little that needs to be said. The Court, after ruling that Plaintiff had failed to allege fraud with particularity in its First Amended Complaint, drew the line of demarcation quite clearly. Conclusory allegations regarding the creation of "inaccurate, inadequate, [and] inappropriate documentation" are clearly insufficient. (Transcript, p. 31, l. 5.) Rule 9(b) "requires that you explain what it is you think is fraudulent about the representation." (Transcript, p. 32, l. 5-7.) "If you say that a record is exaggerated or a bill is excessive, you need to say why it is excessive in the way that I've described it to you. You need to say -- to use my example, somebody had a neck sprain and was treated for a compound fracture." (Transcript, p. 48, l. 6-12.)

Clearly, what the Court required was an increase in the *specificity* of Plaintiff's allegations. What Plaintiff has provided in response, however, is nothing more than an

---

whether this is a good claim or a bad claim." Transcript of June 5, 2006 Motion Hearing ("Transcript"), p. 10, l. 23 – p. 11, l. 1; See select pages at Exhibit A.

immoderate increase in the *volume* of the very same general and conclusory allegations that the Court has already found wanting. In light of these circumstances, and to avoid further burdening the Court, the defendants have chosen not to trample ground already covered, and to instead merely provide appropriate authority on the two issues down to which this stage of the case can been distilled: (1) whether Plaintiff has again failed to plead fraud with particularity; and (2) whether Rule 9(b) applies to allegations of conspiracy to commit fraud and/or to violate RICO. The answer in both instances is a resounding and unequivocal "Yes".

### A. Plaintiff Has Failed to Allege Fraud with Particularity.

Federal Rule of Civil Procedure 9(b) requires that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." This particularity requirement of Rule 9(b) serves three important purposes: "(1) to place the defendants on notice and enable them to prepare meaningful responses; (2) to preclude the use of a groundless fraud claim as a pretext to discovering a wrong or as a 'strike suit'; and (3) *to safeguard defendants from frivolous charges which might damage their reputations*." New England Data Servs, Inc. v. Becher, 829 F.2d 286, 289 (1st Cir. 1987)(emphasis added). The First Circuit "strictly applies the particularity requirements of Rule 9(b)." Bio-Vita, Ltd. v. Rausch, 759 F. Supp. 33, 37 (D. Mass. 1991).

In order to satisfy Rule 9(b), Plaintiff must specify the individual responsible for, and the time, place and content of, each alleged misrepresentation. McGinty v. Beranger Volkswagon, Inc., 633 F.2d 226, 228-29 & n.2 (1st Cir. 1980). In addition, "[Plaintiff] must also say, at the very least, how any such statements materially affected the

3

plaintiff's decision …." Wajda v. R.J. Reynolds Tobacco Co., 103 F. Supp. 2d 29, 33 (D. Mass 2000). Even assuming, *arguendo*, that it is incumbent upon the defendants to review the medical records and bills described by Plaintiff – a dubious assumption at best – Plaintiff has failed to describe with the requisite particularity even one alleged misrepresentation by any of the defendants. Instead, Plaintiff's Second Amended Complaint overwhelms with general and conclusory allegations of "false medical documentation" and "excessive treatment". What Plaintiff fails to address, however, is *how* the medical documentation is "false" and h*ow* the treatment is "excessive," factual averments clearly required by Rule 9(b) and explicitly requested by this Court.

>    As the Court made clear in Petricca Dev. Ltd. Pshp. v. Pioneer Dev. Co.:
>
>    … general and conclusory averments, in the absence of identifying individual actors or *specific misrepresentations as placed in the context of* time, location or *falsity of factual content*, fail to set forth a sustainable cause of action for fraud or deceit in accordance with the heightened pleading standard of Fed. R. Civ. P. 9(b).

1996 U.S. Dist. LEXIS 22381, *8 (D. Mass. Dec. 11, 1996), aff'd, 214 F.3d 216 (1st Cir. 2000)(emphasis added). See also Gross v. Summa Four, 93 F.3d 987, 996 (1st Cir 1996)("a general allegation that the practices at issue resulted in false report of company earnings is not a sufficiently particular claim of misrepresentation to satisfy Rule 9(b)")(internal quotations omitted); Baghdady v. Sachs, 1983 U.S. Dist. LEXIS 14095, *5 (D. Mass. Sept. 2, 1983)("Rather, the complaint set forth only that [defendant] made continuous misrepresentations regarding various general subject matters. This is insufficient to meet the requirements of Rule 9(b).").

Plaintiff's Second Amended Complaint clearly fails to allege a single instance of fraud with the particularity required by Rule 9(b).[3] As a result, Counts I, II and VI must be dismissed as against all of the defendants.

### B. Rule 9(b) Applies to Allegations of Conspiracy to Commit Fraud and to Violate RICO.

In Hayduk v. Lanna, 775 F.2d 441 (1st Cir. 1985), the First Circuit made crystal clear that the requirements of Rule 9(b) apply not only to allegations of fraud, but also to allegations of *conspiracy to commit fraud.* The Hayduk Court, in rejecting the argument made by plaintiffs-appellants that their conspiracy claims should be governed by the less stringent requirements of Rule 8, unequivocally stated that "in actions alleging conspiracy to defraud or conceal, the particularity requirements of Rule 9(b) must be met." Id. at 443. See also Wajda, 103 F. Supp. 2d at 31 ("Pleadings which portray a conspiracy to defraud or conceal may not be painted in broad strokes; they must state the factual foundations of that claim with particularity")(citing Fed. R. Civ. P. 9(b)); Herring v. Vadala, 670 F. Supp. 1082, 1086 (D. Mass. 1987)(dismissing claim of civil conspiracy to defraud for failure to comply with Fed. R. Civ. P. 9(b)).

Likewise, there is no viable rationale behind Rule 9(b) which would allow a Plaintiff who is unable to plead a substantive RICO violation to maintain a 1962(d) action based upon allegations of a conspiracy to engage in the acts which he is unable to plead effectively in prior counts. Although the First Circuit has not directly addressed the issue, other courts have held that conspiracy to violate RICO under 1962(d) is subject to

---

[3] Indeed, it is not entirely clear that Plaintiff has even met its burden of alleging all of the elements of a prima facie case of fraud as against any of the defendants. "To prove fraud, the plaintiff must show (1) a misrepresentation of a material fact; (2) the misrepresentation was made with knowledge of its falsity; (3) the defendant intended the plaintiff rely upon the misrepresentation; and (4) the plaintiff relied upon it to his damage." Herring v. Vadala, 670 F. Supp. 1082, 1086 (D. Mass. 1987).

the pleading requirements of Rule 9(b).  See Frymire v. Peat, Marwick, Mitchell & Co., 657 F. Supp. 889, 896 (N.D. Ill. 1987); Brooks v. Bank of Boulder, 891 F. Supp. 1469, 1479 (D. Colo. 1995)( "A RICO conspiracy must be aimed at a substantive RICO violation.")(citing Schroder v. Volcker, 864 F.2d 97, 98 (10th Cir. 1988)) and ("[A] conspiracy claim must fail where the substantive claims are themselves deficient.") (citing Condict v. Condict 826 F.2d 923, 927 (10th Cir. 1987)).

      Plaintiff's allegations of conspiracy to commit fraud and conspiracy to violate RICO clearly fail to meet the particularity requirement of Rule 9(b).  As a result, Counts III and V must be dismissed as against all of the defendants.

## CONCLUSION

Plaintiff is represented by able and experienced counsel, and has now availed itself of three attempts to plead its claims -- the latest of which consumes 153 pages and 804 paragraphs of allegations. If Plaintiff could plead the requisite elements of its fraud and conspiracy-based claims, it certainly would have done so by now. For this reason, the Court should dismiss <u>with</u> <u>prejudice</u> Counts I, II, III, V, and VI of Plaintiff's Second Amended Complaint.

| | |
|---|---|
| Respectfully Submitted,<br>*Joseph D. Giampa, Frederick T. Giampa,*<br>*Advanced Spine Centers, Inc. d/b/a First*<br>*Spine, and Future Management*<br>*Corporation*<br>By their Attorneys,<br><br>  /s/ Matthew J. Conroy<br>_____<br>Mathew J. Conroy (BBO# 566928)<br>Kathleen L. Kurtz (BBO# 658026)<br>Belesi & Conroy<br>114 Waltham Street<br>Lexington, MA 02421<br>(781) 862-8060 | Respectfully Submitted<br>*Brian Culliney and Jennifer McConnell*<br>By their Attorney,<br><br>   /s/ Thomas M. Ciampa<br>_____<br>Thomas M. Ciampa (BBO#566898)<br>Ciampa & Associates<br>20 Park Plaza, Suite 804<br>Boston, MA 02116<br>(617) 742-5955<br><br>Respectfully Submitted<br>*Edward Kennedy*<br>By his Attorneys,<br><br>   /s/ Jeffrey Phillips<br>_____<br>Jeffrey Phillips (BBO# 398480)<br>Daniel Treger (BBO# 562147)<br>Phillips & Angley<br>One Bowdoin Square<br>Boston, MA 02114<br>(617) 367-8787 |

Dated:  August 25, 2006

### Certificate of Service

I hereby certify that a true copy of the above document filed through the ECF system pursuant to Local Rule 5.4 was sent on this 25th day of August, 2006, electronically and by first-class mail to the attorney of record for each other party.

                                             ___/s/ Thomas M. Ciampa____

```
                          June 5  2006 Transcript
0001
   1                  UNITED STATES DISTRICT COURT
                        DISTRICT OF MASSACHUSETTS
   2
   3   _____
   4   ENCOMPASS INSURANCE COMPANY
       OF MASSACHUSETTS,
   5              Plaintiff,        Civil Action No. 05-11693-RCL
   6   V.                           June 5, 2006, 3:17 p.m.
   7   JOSEPH GIAMPA, FREDERICK
       GIAMPA, ADVANCED SPINE
   8   CENTERS, INC, d/b/a FIRST
       SPINE REHAB, FUTURE
   9   MANAGMENT BUSINESS TRUST,
       EDWARD KENNEDY, BRIAN
  10   CULLINEY, D.C. and
       JENNIFER MCCONNELL, D.C.
  11              Defendants.
       _____
  12
  13
  14             TRANSCRIPT OF MOTION HEARING
  15        BEFORE HONORABLE REGINALD C. LINDSAY
  16             UNITED STATES DISTRICT COURT
  17             JOHN J. MOAKLEY U.S. COURTHOUSE
  18                  ONE COURTHOUSE WAY
  19                   BOSTON, MA  02210
  20
  21
  22             DEBRA M. JOYCE, RMR, CRR
                    Official Court Reporter
  23            John J. Moakley U.S. Courthouse
                  1 Courthouse Way, Room 5204
  24                  Boston, MA  02210
                         617-737-4410
  25

0010
   1              MR. CONROY:  With respect to the issue of notice in
   2   and of itself.
   3              THE COURT:  Yes, notice.
   4              MR. CONROY:  Absolutely, I would agree that based
   5   on their list in their tabs I have the names of the patients in
   6   question.  It happens to be every patient that was ever treated
   7   by our clinics for whom bills were submitted to Encompass.  But
   8   the exemplars where it's alleged we did something wrong,
   9   there's no meat on the bone of what we did as being wrong.
  10   It's conclusive.  We did this wrong because it was overbilled.
  11   We did this wrong because they didn't require the treatment.
  12              But my analysis whether we're on notice as it is
  13   the requisite of a particularity to flesh out a complaint that
  14   really doesn't have any meat on the bones, and that's what this
  15   is.
  16              THE COURT:  Where do you -- I know that people say
  17   that you should flesh out the meaning of the complaint, but do
  18   you understand Rule 9 to be more than about notice?
  19              MR. CONROY:  I think that there are cases that
  20   would suggest that it is more than just a matter of notice.
  21   Hayduk would be a good case.
  22              THE COURT:  I understood the law to be, listen,
  23   there could be these -- fraud is a pretty awful thing to say
  24   about somebody.  So when there is an allegation of fraud you
  25   ought to be able to see precisely what it is they're claiming
                                   Page 1
```

                              June 5  2006 Transcript
```
0011
 1   so you'll know whether this is a good claim or a bad claim.
 2   And if you take that position, you think there's not enough
 3   here to let you know whether this is a good claim or a bad
 4   claim?
 5              MR. CONROY:   That is --
 6              THE COURT:   As to these 12 exemplars.
 7              MR. CONROY:   After reading the 12 exemplars I still
 8   feel as though it doesn't amount to the requisite particularity
 9   of the fraud of what we did wrong.
10              THE COURT:   Okay.
11              MR. CONROY:   And I base that just on the conclusory
12   nature of the specific items that are alleged to have been done
13   with respect to the billing.
14              THE COURT:   Well, let me ask Mr. King about that.
15   Why shouldn't you be required to say that at least with respect
16   to the 12 exemplars when you say, for example, that somebody
17   was -- that Encompass was overbilled for a particular person,
18   why you shouldn't say with respect to that person why it was
19   overbilled; this person had this injury, he was billed for that
20   injury, and this is why it was overbilled?
21              MR. KING:   Thank you, your Honor.  Let me know if
22   you can't hear me.  I can't hear that well today just because
23   of my voice.  But I think your Honor has hit the nail on the
24   head in the back and forth with Mr. Conroy.  You know, what
25   Mr. Conroy wants essentially is a videotape and proof beyond a


0031
 1   folks on notice
 2              THE COURT:   Let me tell you what my problem is.  I
 3   don't think you change very much by changing a conclusory
 4   allegation from fraud -- by changing the word "fraud" to
 5   creating inaccurate, inadequate, inappropriate documentation.
 6   I think it's the same thing, because what you're saying is it's
 7   inadequate, that's fraud.  And so by saying fraud and then
 8   saying this is what they did, you're substituting one
 9   conclusion for another conclusion.
10              In my view you have to say what's wrong in specific
11   terms this document is inadequate and inappropriate because the
12   following things are missing.  This report of a patient injury
13   is exaggerated because of the following thing.  And I think
14   that's what Rule 9(b) requires of you.
15              Now, I don't know that you need to do that with
16   respect to 196 patients.  I think if you are going to pursue
17   your RICO claim, you can talk about the pattern and you can --
18   all you're talking about -- you can put as many predicate acts
19   as you want.  You don't have to have 196 predicate acts.
20              MR. KING:   Sure.
21              THE COURT:   It's two or more; isn't that right?
22              MR. KING:   Two within ten years, your Honor.
23              THE COURT:   Two within ten years.  That's all you
24   need.  And you can proceed on that basis.  You don't have to
25   have 196.  So I'm not asking you to go and do this with respect
0032
 1   to 196 people.
 2              MR. KING:   How many would your Honor --
 3              THE COURT:   I don't know, I'm not going to give you
 4   a number.  You can do it for 196 people.  I'm suggesting that
 5   that's a pretty large responsibility.  But I think Rule 9(b)
 6   requires that you explain what it is you think is fraudulent
 7   about the representation.  You're saying it's mail fraud.
 8   There is a scheme to defraud.  And the scheme can be described
```

```
                       June 5  2006 Transcript
 9    in those general terms.  But I think if you're going to talk
10    about fraud -- by the way, I think -- this is a criminal
11    statute, mail fraud is a criminal statute.  So if somebody were
12    indicted for mail fraud, it doesn't have to say all of that
13    because the government can establish the scheme by giving the
14    broad outlines of the scheme.
15             Rule 9(b) requires more.  You can outline what the
16    scheme was and give these examples of how the scheme was
17    implemented by saying that with respect to this number of
18    people who came in this is what happened.
19             Now, as I say, it could be 196, it could be some
20    number less than 196; because you don't need all 196 to
21    establish the pattern.
22             So I'm not happy that the fraud has been pleaded
23    with particularity, but I am prepared to let you amend the
24    complaint one more time to add particularity; and I do that
25    because I think you have -- notwithstanding there's some claims

0048
 1    don't want to take the Court's time if that -- your reading is
 2    already insufficient.
 3             THE COURT:  What I am going to say is I think you
 4    in every case in which you are going to proceed you need to
 5    tell us why it is you think there has been that fraud in the
 6    way that I've described it.  If you say that record is
 7    exaggerated or the bill is excessive, you need to say why it is
 8    excessive in the way I've described it to you.  You need to
 9    say -- to use my example, somebody had a neck sprain was
10    treated for a compound --
11             MR. KING:  Understood.
12             THE COURT:   -- fracture.  And you may take as many
13    or as few as you wish, but if you're going to take all 196 of
14    these patients, frankly, I would prefer that you do that in a
15    kind of graphic form as you have done in this chart, in some
16    kind of graphic form that says with respect to X this is what
17    they said and this is what the fact is.  And this is why we say
18    this is fraud and assert that pattern.
19             So I'm going to grant the motion with respect to
20    count one with leave to amend.
21             I need some tabs to find these various counts.
22             MR. KING:  Count two is on 52.
23             THE COURT:  Okay.
24             And count two to the extent that count two alleges
25    a pattern of fraudulent activity.

 1             I'm dismissing counts one and two -- I said three
 2    before, I'm going to leave count three, and I'm going to leave
 3    count five.  But with respect to three and five, the conspiracy
 4    counts, they are subject to any motion the defendants want to
 5    file on the ground that fraud is not pleaded with
 6    particularity; but any briefing on that subject has to deal
 7    with the question of whether you need to plead with
 8    particularity on a conspiracy count.
 9             So only counts one and two --
10             (Discussion off the record.)
11             THE COURT:  I'm sorry, one, two, and six are being
12    dismissed with leave to amend.
13             And, by the way, if you choose to eliminate some
14    counts, that will be good, too.  I know you're pleading
15    everything because you're in this position and it may not be
16    RICO and it may be fraud.  This is the kind of case you plead
17    in the alternative because of the pleading difficulties that
18    you may have with respect to RICO.
                              Page 3
```

```
                            June 5  2006 Transcript
19              MR. KING:  We'll consider that all.
20              THE COURT:  Thirty days from today.  Today is June
21    5th.  July 5th will be 30 days.  So you file a new complaint.
22              MR. KING:  Thank you, your Honor.
23              THE COURT:  I'm sorry I'm not more enlightened
24    about the conspiracy, but I just don't think I have enough to
25    make that determination.  At some point when I have enough, I
0055
 1    will make the determination.
 2              MR. KING:  Thank you, Judge.
 3              MR. CIAMPA:  Thank you.
 4              (Court adjourned at 4:46 p.m.)
 5                       ¡ ¡ ¡ ¡ ¡ ¡ ¡
 6                         CERTIFICATION
 7              I certify that the foregoing is a correct
 8    transcript of the record of proceedings in the above¡entitled
 9    matter to the best of my skill and ability.
10
11
12
13    _____    _____
14    Debra M. Joyce                     Date
15    Official Court Reporter
16
17
18
19
20
21
22
23
24
25
```