UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ENCOMPASS INSURANCE COMPANY OF MASSACHUSETTS, | ) ) ) ) |
| Plaintiff/Defendant-in-counterclaim, | ) ) ) |
| v. | ) ) ) |
| JOSEPH D. GIAMPA, FREDERICK T. GIAMPA, ADVANCED SPINE CENTERS, INC. d/b/a FIRST SPINE REHAB, FUTURE MANAGEMENT CORPORATION, FUTURE MANAGEMENT BUSINESS TRUST AND EDWARD KENNEDY, | ) ) ) ) ) ) ) ) Case No. 05-11693 RCL |
| Defendants, | ) ) ) |
| and | ) ) |
| BRIAN J. CULLINEY, D.C. and JENNIFER MCCONNELL, D.C., | ) ) ) ) |
| Defendants/Plaintiffs-in-counterclaim. | ) ) |

**COUNTERCLAIM OF DEFENDANTS**
**BRIAN J. CULLINEY AND JENNIFER MCCONNELL**

For their counterclaim, defendants Brian J. Culliney and Jennifer McConnell state as follows:

**Parties**

1.     Counterclaim Plaintiff Brian J. Culliney ("Culliney") is a resident of Westford, Massachusetts.

2.     Counterclaim Plaintiff Jennifer McConnell ("McConnell") is a resident of Dedham, Massachusetts.

3. Counterclaim Defendant Encompass Insurance Company of Massachusetts ("Encompass") is, on information and belief, a Massachusetts corporation with a regular place of business in Quincy, Massachusetts.

### Jurisdiction and Venue

4. Jurisdiction over this compulsory counterclaim is conferred on the Court by 28 U.S.C. §1367.

5. Venue in this district is proper pursuant to 28 U.S.C. §1391(c).

### Facts Common To All Counts

6. On or about August 16, 2005, Encompass initiated the present action in which it named Culliney and McConnell as individual defendants.

7. On or about August 18, 2005, Encompass issued a press release (the "Press Release") in which it named Culliney and McConnell as defendants in a "$1.8 million dollar fraud lawsuit." A true and accurate copy of the Press Release is attached hereto as Exhibit A.

8. By this statement (which refers to the present action), the Press Release grossly exaggerated both the nature of this case and the amount in controversy.

9. Encompass intentionally engaged in this gross exaggeration with the intent and effect of damaging the reputations of McConnell, Culliney and the remaining defendants to this action (or damaging them to a far greater extent than would have occurred had Encompass accurately described the lawsuit).

10. Moreover, because Encompass filed the present action without any good faith basis for its allegations, it was reckless in issuing the Press Release at all.

11. The Press Release was published by at least one trade publication and was also picked up by Reuters, Yahoo Business, Business Wire, and Insurance NewsNet.

## COUNT I – DEFAMATION AND LIBEL

12. Culliney and McConnell repeat and reallege the allegations of the above-numbered paragraphs as if set forth in full herein.

13. In issuing the Press Release, Encompass communicated defamatory statements about Culliney and McConnell to third parties.

14. The statements made by Encompass were of the type which could and would be reasonably expected to damage Culliney and McConnell's professional reputations in the community.

15. Encompass was reckless and/or negligent in issuing the Press Release.

16. Culliney and McConnell have suffered damages as a result of the defamatory press release issued by Encompass.

## COUNT II – INTENTIONAL INTERFERENCE WITH BUSINESS RELATIONS
(Future Management Corporation and Advanced Spine Centers, Inc.)

17. Culliney and McConnell repeat and reallege the allegations of the above-numbered paragraphs as if set forth in full herein.

18. Culliney and McConnell each have advantageous business relationships with Future Management Corporation ("Future Management") and Advanced Spine Centers, Inc. ("First Spine").

19. By publishing a defamatory press release, Encompass has caused the performance of the agreements between Culliney and McConnell on the one hand and Future Management and First Spine on the other to be more expensive.

20. This interference by Encompass is wrongful in means and/or motive.

21. Culliney and McConnell have suffered damages as a result of the interference by Encompass with their contractual relations.

### COUNT III – INTENTIONAL INTERFERENCE WITH BUSINESS RELATIONS
**(Patients and Insurers)**

22. Culliney and McConnell repeat and reallege the allegations of the above-numbered paragraphs as if set forth in full herein.

23. Culliney and McConnell each have or had advantageous business relationships with their patients, with prospective patients, and with insurance companies other than Encompass.

24. By issuing a defamatory press release, Encompass has, on information and belief, interfered with the business relationships between Culliney and McConnell and their patients, prospective patients, and other insurers.

25. By issuing a defamatory press release, Encompass has caused the business relationships between Culliney and McConnell, and their patients, prospective patients, and other insurers to be more expensive.

26. This interference by Encompass is wrongful in means and/or motive.

27. Culliney and McConnell have suffered damages as a result of this interference by Encompass with their contractual relations.

### COUNT IV – VIOLATION OF G.L. c. 93A

28. Culliney and McConnell repeat and reallege the allegations of the above-numbered paragraphs as if set forth in full herein.

29. At all times relevant to this matter, the parties were all engaged in trade or commerce as defined by G.L. c. 93A.

30. By issuing a defamatory press release concerning the present lawsuit, Encompass has engaged in unfair and deceptive acts or practices.

31. The acts and practices complained of took place primarily and substantially within the Commonwealth of Massachusetts and were done knowingly and willfully.

32. Culliney and McConnell have suffered damages as a result of these violations by Encompass of G.L. c. 93A.

### COUNT V – VIOLATION OF THE LANHAM ACT, 15 U.S.C. §1125(a)

33. Culliney and McConnell repeat and reallege the allegations of the above-numbered paragraphs as if set forth in full herein.

34. Encompass has made false and misleading representations of fact in commercial advertising and promotion.

35. Encompass's misrepresentations and false statements were and are material, in that they are likely to influence consumers' purchasing decisions.

36. Encompass's misrepresentations and false statements have actually deceived, will continue to actually deceive, and have the tendency to deceive a substantial segment of those who have seen the false statements and misrepresentations.

37. Encompass's placed the false and misleading statements into interstate commerce.

38. Encompass's conduct violated and continues to violate the Lanham Act, 15 U.S.C. §§1125(a).

39. Culliney and McConnell have suffered actual damages as a result of Encompass's conduct.

**WHEREFORE**, counterclaim plaintiffs Culliney and McConnell pray for the following relief:

1. That the Court enter judgment in favor of Culliney and McConnell on all Counts of this Counterclaim;

2. That the Court award Culliney and McConnell their actual damages, statutory damages, costs, expenses, and attorney's fees;

3. That the Court award Culliney and McConnell multiple damages, costs, and attorney's fees pursuant to G.L. c. 93A and the Lanham Act;

4. That the Court order Encompass to issue a press release retracting any and all misrepresentations in its earlier, defamatory press release;

5. That the Court order Encompass to purchase advertising in major trade journals and with each publication which published the original defamatory press release retracting any and all misrepresentations in its earlier, defamatory press release; and

6. That the Court award such other relief as it deems just and proper.

**A TRIAL BY JURY IS DEMANDED ON ALL COUNTS SO TRIABLE.**

Respectfully submitted,

BRIAN J. CULLINEY and JENNIFER MCCONNELL

By their attorney,

 /s/ Thomas M. Ciampa
_____
Thomas M. Ciampa (BBO# 566898)
Ciampa & Associates
20 Park Plaza, Suite 804
Boston, MA 02116
(617) 742-5955

Dated: December 13, 2006

**Certificate of Service**

I hereby certify that this document filed through the ECF system pursuant to Local Rule 5.4 will be sent electronically to all other parties.

___/s/ Thomas M. Ciampa____



# NEWS

**FOR IMMEDIATE RELEASE**

Contact:   Bill Mellander
           (847) 402-5600

### Boston Area Chiropractors Named In Million-Dollar Fraud Case

LOWELL, Mass., August 18, 2005 --- Owners and employees of First Spine and Rehab, a Lowell Massachusetts chiropractic clinic, have been named as defendants in a $1.8 million fraud lawsuit --- the result of a six-month investigation led by Encompass Insurance Company of Massachusetts.

According to court documents, Joseph Giampa, Frederick Giampa and Edward Kennedy are accused of violating the Racketeer Influenced and Corrupt Organizations Act (RICO), the Massachusetts Consumer Protection Act and engaging in common law fraud and civil conspiracy.

Encompass filed suit in the U.S. District Court for the District of Massachusetts against the Giampas, Kennedy, as well as Brian Culliney, Jennifer McConnell, the company First Spine and Rehab of Lowell and Future Management Corporation.

According to the suit, the Giampas and other chiropractors in the Lowell clinic allegedly "engaged in a scheme to defraud insurance companies, including Encompass Insurance by submitting false, fraudulent and inflated chiropractic invoices containing excessive charges" and "demanding payment for excessive and/or non-existent and/or unwarranted chiropractic treatment through their chiropractic clinic."

Court documents say the Giampas are chiropractors who operate First Spine and Rehab in Lowell as well as more than 60 other clinics throughout New England and across the United States, including Florida, Oklahoma, Connecticut, Rhode Island, South Carolina, New Hampshire, Pennsylvania, Illinois and Virginia.

Special Investigators for Allstate Insurance Company, which operates Encompass Insurance, led the investigation. Encompass is represented by the law firm of Smith & Brink, P.C. in Quincy.

"Insurance fraud is not a victimless crime – it costs consumers thousands of dollars every year through higher premiums," said Edward Moran, Allstate assistant vice-president for Special Investigations. "Encompass and the other Allstate companies are committed to providing competitively priced products to our customers -- fighting fraud is essential to that commitment."

-more-

# NEWS

page 2

Since 2001, Allstate companies have received more than $55 million in court judgments. Moran states, "these judgments against criminals range from individuals to sophisticated organized crime syndicates." In addition to financial victories, Allstate and Encompass SIU work closely with local, state, and federal authorities for criminal investigation and prosecution – resulting in arrests around the country, taking criminals off the street.

Insurance industry estimates put the overall yearly price tag for fraud at more than $80 billion dollars.

Encompass Insurance is a division of The Allstate Corporation (NYSE: ALL) devoted exclusively to independent agents, selling automobile, homeowner and related insurance to one million customers through a network of more than 2,700 independent insurance agents. Allstate is the exclusive administrator of Encompass personal automobile and home insurance policies issued by the insurance affiliates of CNA Financial Corporation.

The Allstate Corporation is the nation's largest publicly held personal lines insurer. Widely known through the "You're In Good Hands With Allstate®" slogan, Allstate helps individuals in approximately 17 million households protect what they have today and better prepare for tomorrow through approximately 13,600 exclusive agencies and financial professionals in the U.S. and Canada. Customers can access Allstate products and services such as auto insurance and homeowners insurance through Allstate agencies, or in select states at allstate.com and 1-800 Allstate®. Encompass[SM] and Deerbrook® Insurance brand property and casualty products are sold exclusively through independent agents. Allstate Financial Group provides life insurance, supplemental accident and health insurance, annuity, banking and retirement products designed for individual, institutional and worksite customers that are distributed through Allstate agencies, independent agencies, financial institutions and broker-dealers.

###