UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ENCOMPASS INSURANCE COMPANY OF MASSACHUSETTS, | ) ) ) ) | |
| Plaintiff-Counterclaim Defendant, | ) ) | |
| v. | ) ) | |
| JOSEPH D. GIAMPA, FREDERICK T. GIAMPA, ADVANCED SPINE CENTERS, INC. d/b/a FIRST SPINE REHAB, FUTURE MANAGEMENT CORPORATION, FUTURE MANAGEMENT BUSINESS TRUST, EDWARD KENNEDY, BRIAN J. CULLINEY, D.C. and JENNIFER MCCONNELL, D.C., | ) ) ) ) ) ) ) ) | Case No. 05-11693 RCL |
| Defendants. | ) ) | |
| JOSEPH D. GIAMPA, FREDERICK T. GIAMPA, ADVANCED SPINE CENTERS, INC., | ) ) ) | |
| Third Party Plaintiffs | ) ) | |
| V. | ) ) | |
| ALLSTATE INSURANCE COMPANY, | ) ) | |
| Third Party Defendant | ) ) | |

**COUNTERCLAIM OF DEFENDANTS JOSEPH D. GIAMPA,
FREDERICK T. GIAMPA AND ADVANCED SPINE CENTERS, INC. and
<u>THIRD PARTY COMPLAINT AGAINST ALLSTATE INSURANCE COMPANY</u>**

As and for their counterclaim and Third Party Complaint, Defendants Joseph D.

Giampa, Frederick T. Giampa and Advanced Spine Centers, Inc. state as follows:

**Parties**

1. Counterclaim and Third Party Plaintiff Joseph D. Giampa is an individual residing in the Commonwealth of Massachusetts.

2. Counterclaim and Third Party Plaintiff Frederick T. Giampa is an individual residing in the Commonwealth of Massachusetts.

3. Counterclaim and Third Party Plaintiff Advanced Spine Centers, Inc. is a duly licensed and incorporated professional corporation with a principal place of business in the Commonwealth of Massachusetts.

4. Counterclaim Defendant Encompass Insurance Company of Massachusetts ("Encompass") is a Massachusetts Corporation with a regular place of business in Quincy, Massachusetts and a wholly owned subsidiary of Allstate Insurance Company.

5. Third Party Defendant Allstate Insurance Company ("Allstate") is a Delaware Corporation with its principal place of business in Northbrook, Illinois.

**Jurisdiction and Venue**

4. Jurisdiction over this compulsory counterclaim is conferred on the Court by 28 U.S.C. §1367.

6. Venue in this District is proper pursuant to 28 U.S.C. §1391(c).

**Facts Common To All Counts**

6. On or about August 16, 2005, Encompass initiated the present action, naming Frederick T. Giampa, Joseph D. Giampa and Advanced Spine Centers, Inc., as defendants[1].

7. Prior to initiating the present action, Encompass undertook an extensive investigation, including witness interviews and extensive document review[2].

8. Following this investigation, Encompass filed its complaint (the "Complaint"), which contains one hundred forty (140) paragraphs of allegations, and carries with it a table of contents.

9. Despite the lengthy pleading, Encompass fails to detail any specific instance of fraudulent conduct on the part of Advanced Spine Centers, Inc., Frederick T. Giampa or Joseph D. Giampa.

11. On information and belief, Encompass failed to detail a single instance of fraud because their investigation failed to reveal fraudulent conduct on the part of the Counterclaim/Third party Plaintiffs.

12. On information and belief, despite having no good faith basis to do so, Encompass initiated process against Joseph D. Giampa, Frederick T. Giampa and Advanced Spine centers, Inc. by the filing of the present action and the filing of real estate attachments against their property.

---

[1] Encompass named Advanced Spine Centers, Inc. d/b/a First Spine Rehab and also named Edward Kennedy, Future Management Corporation, Future Management Business Trust, Brian Culliney, D.C. and Jennifer McConnell, D.C.

[2] On page 7 of Plaintiff's Memorandum of Law in Support of Ex Parte Motions for Real Estate Attachments, counsel states that "[t]his suit is the result of a long and expensive investigation[.]"  In addition, page 2 paragraph 11of the Affidavit of Michael Bruno submitted in support of the aforementioned Motion states, in part "hundred[s] of closed and open claims files were analyzed, field investigation and in-person interviews were conducted."

13. On or about August 18, 2005, Encompass through its parent company Allstate issued a press release in which it named Joseph D. Giampa, Frederick T. Giampa and Advanced Spine Centers, Inc. as defendants in a "million dollar fraud case." See Exhibit A.

14. The press release, like the Complaint in this case, clearly implies that the "six month investigation" conducted by Encompass produced evidence that Joseph D. Giampa, Frederick T. Giampa and Advanced Spine Centers, Inc. committed fraud.

15. Encompass's press release was published by at least one trade publication and was also picked up by Reuters, Yahoo Business, Business Wire, BestWire, Insurance NewsNet, and InsuranceFraud.org. See Exhibit B.

**COUNT I – ABUSE OF PROCESS**

16. Joseph D. Giampa, Frederick T. Giampa and Advanced Spine Centers, Inc. repeat and restate the allegations contained in paragraphs 1-15 as if each allegation were fully and separately repeated and restated herein.

17. Encompass used process against Joseph D. Giampa, Frederick T. Giampa and Advanced Spine Centers, Inc. including the filing of the present action and the filing of real estate attachments against their property.

18. Encompass initiated such process despite its knowledge that it had no reasonable basis in fact or law to do so.

19. On information and belief, Encompass initiated process for one or more ulterior motives, including, but not limited to, (a) improperly pressuring Joseph D. Giampa, Frederick T. Giampa and Advanced Spine Centers, Inc. to cooperate in the

prosecution of this case against the other defendants; (b) improperly pressuring the Defendants by interfering with their business relationships with one another; (c) improperly pressuring Joseph D. Giampa, Frederick T. Giampa and Advanced Spine Centers, Inc. by interfering with their business relationships with their patients, prospective patients, and other insurers; (d) improperly pressuring Joseph D. Giampa, Frederick T. Giampa and Advanced Spine Centers, Inc. into offering their patients less than the full range of care options necessary and available through the use of this frivolous litigation; (e) sending a message to other care providers that if they offer their patients the full range of care options necessary and available that they too will be subjected to frivolous litigation; (f) improperly pressuring Joseph D. Giampa, Frederick T. Giampa and Advanced Spine Centers, Inc. to settle with the Plaintiff by causing them to incur (or fear incurring) legal fees in the defense of a baseless action; (g) improperly pressuring Joseph D. Giampa and Frederick T. Giampa to settle with the Plaintiff by improperly encumbering their homes and (h) improperly pressuring Advanced Spine Centers, Inc. to settle or forego prosecution of current and future PIP claims against Encompass.

20.    Joseph D. Giampa, Frederick T. Giampa and Advanced Spine Centers, Inc. have suffered damages as a result of Encompass's abuse of process including, but not limited to, damage to their professional reputations, costs, and attorney's fees.

**COUNT II – INTENTIONAL INTERFERENCE WITH BUSINESS RELATIONS**

21.    Joseph D. Giampa, Frederick T. Giampa and Advanced Spine Centers, Inc. repeat and restate the allegations contained in paragraphs 1-20 as if each allegation were fully and separately repeated and restated herein.

22. Advanced Spine Centers, Inc. has advantageous business relationships with its professional employees including co-defendants Brian Culliney and Jennifer McConnell.

23. By initiating the present frivolous lawsuit, Encompass has caused the performance of the agreement between Culliney and McConnell and Advanced Spine Centers, Inc. to be more expensive.

24. Encompass's interference is wrongful in means and/or motive.

25. Advanced Spine Centers, Inc. has suffered damages as a result of Encompass's interference with its contractual relations.

## COUNT III – INTENTIONAL INTERFERENCE WITH BUSINESS RELATIONS (PATIENTS AND INSURERS)

26. Joseph D. Giampa, Frederick T. Giampa and Advanced Spine Centers, Inc. repeat and restate the allegations contained in paragraphs 1-25 as if each allegation were fully and separately repeated and restated herein.

27. Joseph D. Giampa, Frederick T. Giampa and Advanced Spine Centers, Inc. each have advantageous business relationships with their patients, with prospective patients, and with insurance companies other than Encompass.

28. By initiating the present frivolous lawsuit, and issuing a defamatory press release about the lawsuit, Encompass and Allstate have, on information and belief, interfered with the business relationships between Joseph D. Giampa, Frederick T. Giampa and Advanced Spine Centers, Inc., and their patients, prospective patients, and other insurers.

29. By initiating the present frivolous lawsuit, and issuing a defamatory press release about the lawsuit, Encompass and Allstate have caused the business relationships between Joseph D. Giampa, Frederick T. Giampa and Advanced Spine Centers, Inc., and their patients, prospective patients, and other insurers to be more expensive.

30. Encompass and Allstate's interference is wrongful in means and/or motive.

31. Joseph D. Giampa, Frederick T. Giampa and Advanced Spine Centers, Inc. have suffered damages as a result of Encompass and Allstate's interference with their contractual relations.

## COUNT IV – DEFAMATION AND LIBEL

32. Joseph D. Giampa, Frederick T. Giampa and Advanced Spine Centers, Inc. repeat and restate the allegations contained in paragraphs 1-31 as if each allegation were fully and separately repeated and restated herein.

33. In issuing its press release, Allstate and Encompass communicated defamatory information about Joseph D. Giampa, Frederick T. Giampa and Advanced Spine Centers, Inc. to third parties.

34. Allstate and Encompass's statements were of the type which could and would be reasonably expected to damage Joseph D. Giampa, Frederick T. Giampa and Advanced Spine Centers, Inc.'s professional reputation in the community.

35. Allstate and Encompass were negligent in issuing their press release.

36. Joseph D. Giampa, Frederick T. Giampa and Advanced Spine Centers, Inc. have suffered damages as a result of Allstate and Encompass's defamatory press release.

### **COUNT V – VIOLATION OF G.L. c. 93A**

37. Joseph D. Giampa, Frederick T. Giampa and Advanced Spine Centers, Inc. repeat and restate the allegations contained in paragraphs 1-36 as if each allegation were fully and separately repeated and restated herein.

38. The parties are all engaged in business of commerce as defined by G.L. c. 93A.

39. By filing a frivolous lawsuit and attaching Joseph D. Giampa and Frederick T. Giampa's personal residences, all for ulterior motives, Encompass has engaged in unfair and deceptive acts or practices.

40. By issuing a defamatory press release concerning the present lawsuit, Encompass has engaged in unfair and deceptive acts or practices.

41. The acts and practices complained of took place primarily and substantially within the Commonwealth of Massachusetts.

42. Joseph D. Giampa, Frederick T. Giampa have suffered damages as a result of Encompass's violations of G.L. c. 93A.

**WHEREFORE**, Counterclaim/Third Party Plaintiffs Joseph D. Giampa, Frederick T. Giampa and Advanced Spine Centers, Inc., pray for the following relief:

1. That the Court enter judgment in the amount of $1,000,000.00, or such other amount as the Plaintiff may prove at trial, in favor of Counterclaim/Third Party Plaintiffs Joseph D. Giampa, Frederick T. Giampa and Advanced Spine Centers, Inc. on each Count of this Counterclaim;

2. That the Court enter final judgment against Encompass and Allstate and award damages to Joseph D. Giampa, Frederick T. Giampa and Advanced Spine Centers, Inc. on all of the Counts set forth in this Counterclaim in the amount of $1,000,000.00 per count or an amount to be determined at trial;

3. That the Court award Joseph D. Giampa, Frederick T. Giampa and Advanced Spine Centers, Inc. multiple damages, costs, and attorney's fees pursuant to G.L. c. 93A;

4. That the Court order Encompass and Allstate to issue a press release retracting their earlier, defamatory release, and stating specifically that they are not aware of any wrongdoing committed by Joseph D. Giampa, Frederick T. Giampa and Advanced Spine Centers, Inc.;

5. That the Court order Encompass and Allstate to purchase advertising in major trade journals and with each publication which published Encompass and Allstate's original defamatory press release retracting their earlier, defamatory release, and stating specifically that they are not aware of any wrongdoing committed by Joseph D. Giampa, Frederick T. Giampa and Advanced Spine Centers, Inc.; and

6. That the Court award such other and further relief as it deems appropriate.

**A TRIAL BY JURY IS DEMANDED ON ALL COUNTS SO TRIABLE.**

Respectfully submitted,

JOSEPH D. GIAMPA, FREDERICK T. GIAMPA and ADVANCED SPINE CENTERS, INC.

By their attorney,

_____
Matthew J. Conroy (BBO# 566928)
BELESI & CONROY, P.C.
114 Waltham Street
Lexington, Massachusetts 02421
(781) 862-8060

Dated: September 22, 2005