UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ENCOMPASS INSURANCE COMPANY OF MASSACHUSETTS,  )<br>)<br>Plaintiff/Defendant-in-Counterclaim,  )<br>)<br>v.  )<br>)<br>JOSEPH D. GIAMPA, FREDERICK T. )<br>GIAMPA, ADVANCED SPINE CENTERS, INC. )<br>d/b/a FIRST SPINE REHAB, FUTURE )<br>MANAGEMENT CORPORATION, FUTURE )<br>MANAGEMENT BUSINESS TRUST, EDWARD )<br>KENNEDY, BRIAN J. CULLINEY, D.C. and )<br>JENNIFER MCCONNELL, D.C., )<br>)<br>Defendants.  ) | Case No. 05-11693 RCL |

## EMERGENCY MOTION FOR PROTECTIVE ORDER

Now come the defendants Brian J. Culliney ("Culliney") and Jennifer McConnell ("McConnell") (together, "Defendants"), pursuant to Fed. R. Civ. P. 26(c), and hereby request that this Honorable Court: (1) enter a protective order extending the time within which Defendants may respond to Plaintiff's written discovery until and including Monday, April 16, 2007, (2) assess against Plaintiff the reasonable attorney's fees and costs incurred by Defendants in filing and arguing this motion.

In support of their motion, Defendants state as follows:

**Procedural History**

1. On January 16, 2007, the Court entered an electronic order in this matter adopting a schedule for pretrial proceedings. Among the deadlines included in the Court's scheduling order were a February 15, 2007 deadline for the exchange of

automatic disclosures, and a November 13, 2007 deadline for the completion of fact discovery.

2. On January 26, 2007, Plaintiff served upon counsel for Defendants a discovery package including: (a) Plaintiff's First Request for Production of Documents and First Set of Interrogatories to Culliney, and (b) Plaintiff's First Request for Admissions, First Request for Production of Documents, and First Set of Interrogatories to McConnell.

3. In violation of Local Rule 26.1(C) and without first seeking leave of Court, Plaintiff included forty-seven (47) separately numbered requests in its First Request for Admissions to McConnell. Moreover, contrary to Local Rule 26.2(A), Plaintiff served all of the described written discovery upon Defendants without first serving its automatic disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

4. Four days later, on January 30, 2007, Plaintiff noticed eighteen (18) depositions, all scheduled to take place on or before April 5, 2007. As was the case with its written discovery, Plaintiff again completely disregarded the clear limitations set forth in Local Rule 26.1(C) without seeking leave of Court.

5. On February 6, 2007, Plaintiff finally served its automatic disclosures.

6. Since filing its automatic disclosures, Plaintiff has noticed an additional four (4) keeper of records depositions and two Rule 30(b)(6) depositions, all for dates in March 2007.

7. Pursuant to Local Rule 26.2(A) and Fed. R. Civ. P. 33, 34 and 36, Defendants' responses to Plaintiff's written discovery are due by March 8, 2007 (30 days following Plaintiff's service of its automatic disclosures).

      8.      On February 28, 2007, counsel for Defendants filed an Emergency Motion to Withdraw from this matter (Docket Entry 98) based upon a long-standing failure to pay counsel's legal fees.

      9.      On March 1, 2007, counsel for Defendants left a voicemail for Plaintiff's counsel requesting that Defendants be allowed a reasonable extension of time to retain substitute counsel and thereafter respond to Plaintiff's written discovery. When Plaintiff failed to respond to Defendants' request by 8:30 p.m. on Friday, March 2, 2007, counsel for Defendants sent a follow-up email again requesting a reasonable extension of time.

      10.      In response, by email dated March 5, 2007, Plaintiff's counsel replied "We are not authorized to grant an extension in this case. Thank you." A true and accurate copy of the email exchange between Plaintiff's and Defendants' counsel is attached hereto as <u>Exhibit A</u>.

**<u>Request for Extension</u>**

      11.      Unfortunately, and quite remarkably, the parties have been here once before. On July 20, 2006, the defendants in this matter jointly requested an additional twenty-one (21) days to respond to Plaintiff's Second Amended Complaint, a monstrous document consuming 153 pages with 802 paragraphs of allegations and accompanied by 30 pages of detailed tables and charts attached as exhibits. In similar fashion, Plaintiff denied this earlier request, stating only that "Encompass filed suit against your client on August 16, 2005. Accordingly, I am unable to assent to your request for an extension." A true and accurate copy of the defendants' request and Plaintiff's denial is attached hereto as <u>Exhibit B</u>.

12. Only after the defendants had filed their Motion for Extension of Time to Respond to Plaintiff's Second Amended Complaint (Docket Entry 76) did Plaintiff relent and agree to the requested extension.

13. The defendants as a group have extended Plaintiff every extension and courtesy that it has requested. Indeed, as recently as January 5, 2007, the defendants agreed to extend by more than six (6) weeks the deadline for Plaintiff to respond to the defendants' respective counterclaims. (See Docket Entry 92.)

14. Moreover, there remain nine (9) full months of discovery, and significant questions as to how that time will be filled since Plaintiff has already noticed more than twice as many depositions as it is entitled to conduct without leave of Court, all scheduled to take place during the next thirty (30) days.

15. Plaintiff would not be prejudiced or even inconvenienced if the Court were to grant this motion. Indeed, the only interest that Plaintiff would seem to have in denying Defendants' request is to use the denial in combination with Plaintiffs' oppressive deposition schedule and the potential withdrawal of Defendants' counsel to gain some unfair advantage over Defendants.

16. Conversely, Defendants would be substantially prejudiced if not allowed the opportunity to consult with their successor counsel (if any) before responding to Plaintiff's written discovery.

17. This is the second time that Plaintiff has forced some or all of the defendants to seek Court intervention where none should have been necessary. Given the level of the discourtesy, Defendants request that the Court not only allow the requested

protective order, but also assess against Plaintiff the attorney's fees and costs incurred by Defendants in filing and arguing this motion.

WHEREFORE, the defendants Brian J. Culliney and Jenifer McConnell hereby request that this Honorable Court: (1) enter a protective order extending the time within which Defendants may respond to Plaintiff's written discovery until and including Monday, April 16, 2007, and (2) assess against Plaintiff the reasonable attorney's fees and costs incurred by Defendants in filing and arguing this motion.

                Respectfully submitted,

                BRIAN J. CULLINEY and
                JENNIFER MCCONNELL

                By their attorney,

                /s/ Thomas M. Ciampa
                _____
                Thomas M. Ciampa (BBO# 566898)
                Ciampa & Associates
                20 Park Plaza, Suite 804
                Boston, MA 02116
                (617) 742-5955

Dated: March 5, 2007

**Certificate of Service**

I, Thomas M. Ciampa, hereby certify that on this 5th day of March, 2007, this document was filed through the CM/ECF and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                ___/s/ Thomas M. Ciampa____

## Thomas Ciampa

**From:** Nathan Tilden [NTilden@smithbrink.com]
**Sent:** Monday, March 05, 2007 8:00 AM
**To:** Thomas Ciampa
**Cc:** Richard King
**Subject:** RE: Extension of Time

We are not authorized to grant an extension in this case. Thank you

---

**From:** Thomas Ciampa [mailto:tciampa@ciampalaw.com]
**Sent:** Friday, March 02, 2007 8:30 PM
**To:** Nathan Tilden
**Subject:** Extension of Time

Nate:

I am following up on my voicemail of yesterday during which I requested an intermediate two-week extension through and including March 22, 2007 for Brian Culliney and Jennifer McConnell to respond to Plaintiff's written discovery (document requests, interrogatories, and requests for admissions as applicable). I say "intermediate" because I assume that whoever succeeds me as counsel will require a certain amount of time to come up to speed on the case and fashion appropriate discovery responses. For the time being, I seek only to preserve my clients' rights during the transition.

If I have not heard back from you by the end of business on Monday, I will assume that Encompass has no objection to the requested extension.

Thank you, and have a good weekend.

Regards,
Tom

---

Thomas M. Ciampa
Ciampa & Associates
20 Park Plaza, Suite 804
Boston, MA 02116
617-742-5955
617-423-4855 (FAX)

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please contact the sender by reply email and destroy all copies of the original message.

## PHILLIPS & ANGLEY
ATTORNEYS AND COUNSELLORS AT LAW
AN ASSOCIATION OF PROFESSIONAL CORPORATIONS
ONE BOWDOIN SQUARE
BOSTON, MASSACHUSETTS 02114
(617) 367-8787

JEFFREY J. PHILLIPS, P.C.
JEFFREY T. ANGLEY, P.C.
JONATHAN M. FEIGENBAUM*
CHRISTOPHER S. TOLLEY
DANIEL TREGER
STEPHANIE M. SWINFORD
KRISTEN M. PLOETZ

*ALSO ADMITTED IN DC AND CA

TELECOPIER (617) 227-8992

July 19, 2006
BY FAX 617-774-1714
AND MAIL

David O. Brink, Esq.
Smith & Brink PC
122 Quincy Shore Drive
Second Floor
Quincy, MA 02171

Re:  Encompass Insurance Company of Massachusetts
     vs. Joseph D. Giampa, Frederick T. Giampa, Advanced Spine
     Centers, Inc. d/b/a First Spine Rehab, Future Management
     Corporation, Future Management Business Trust,
     Edward Kennedy, Brian J. Culliney, D.C.
     and Jennifer McConnell, D.C.
     United States District Court
     Case No.: 05-11693-RCL

Dear Attorney Brink:

   I am writing on behalf of the defendants to request a 21 day extension to respond to Plaintiff's Second Amended Complaint. Please contact me to discuss this matter further.

   Thank you for your anticipated courtesy in this matter.

                                   Very truly yours,

                                   Daniel Treger

cc:  Thomas Ciampa, Esq. By Fax 617-423-4855 and Mail
     Matthew J. Conroy, Esq. By Fax 516-248-1765 and Mail
     Jeffrey J. Phillips, PC

L:\futm017\smith.17.19.06.wpd

## SMITH & BRINK, P.C.
### ATTORNEYS AT LAW
### A PROFESSIONAL CORPORATION

Nathan A. Tilden, Esquire
ntilden@smithbrink.com

122 QUINCY SHORE DRIVE
SECOND FLOOR
QUINCY, MASSACHUSETTS 02171

TELEPHONE: (617) 770-2214
FAX: (617) 774-1714
www.SmithBrink.com

**SPRINGFIELD OFFICE**
191 CHESTNUT STREET
SUITE 3D
SPRINGFIELD, MA 01103
TELEPHONE: (413) 746-8122
FAX: (413) 781-6290

**DANVERS OFFICE**
99 ROSEWOOD DRIVE
UNIT 240
DANVERS, MA 01923
TELEPHONE: (978) 646-9114
FAX: (978) 646-9264

**PROVIDENCE OFFICE**
ONE STATE STREET
SUITE 400
PROVIDENCE, RI 02908
TELEPHONE: (401) 351-9970
FAX: (401) 274-6218

July 20, 2006

**VIA EMAIL, FACSIMILE & FIRST CLASS MAIL**
Daniel Treger, Esquire
Phillips & Angley
One Bowdoin Square
Boston, Massachusetts 02114

RE:  Encompass Insurance Company of Massachusetts v. Joseph D. Giampa, Frederick T. Giampa, Advanced Spine Centers, Inc. d/b/a First Spine Rehab, Future Management Corporation, Edward Kennedy, Brian J. Culliney, D.C. and Jennifer McConnell, D.C.
USDC Docket No. 05-11693 RCL
**Our File No.:   1075-0521**

Dear Attorney Treger:

I am in receipt of your July 19, 2006 correspondence requesting a 21 day extension to respond to Plaintiff's Second Amended Complaint. As you know, Encompass filed suit against your client on August 16, 2005. Accordingly, I am unable to assent to your request for an extension.

Kindly direct all future correspondence to Richard D. King, Jr. and/or me. Thank you for your courtesy and attention to the foregoing.

Very truly yours,

Nathan A. Tilden

NAT/ac