UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ENCOMPASS INSURANCE COMPANY OF MASSACHUSETTS,<br><br>       Plaintiff,<br><br>   vs.<br><br>JOSEPH D. GIAMPA, FREDERICK T. GIAMPA, ADVANCED SPINE CENTERS, INC., d/b/a FIRST SPINE REHAB, FUTURE MANAGEMENT CORPORATION, FUTURE MANAGEMENT BUSINESS TRUST, EDWARD KENNEDY, BRIAN J. CULLINEY, D.C. and JENNIFER McCONNELL, D.C.<br><br>       Defendants. | Civil Action No. 1:05-cv-11693-RCL |

**PLAINTIFF'S OPPOSITION TO EMERGENCY MOTION FOR PROTECTIVE ORDER**

**I.     INTRODUCTION**

NOW COMES the plaintiff, Encompass Insurance Company of Massachusetts (hereinafter "Encompass") and submits the within memorandum in opposition to defendants', Brian J. Culliney (hereinafter "Culliney") and Jennifer McConnell (hereinafter "McConnell") (hereinafter collectively "defendants"), Emergency Motion for Protective Order. Encompass respectfully requests that this Honorable Court enter an Order:

1. **DENYING** defendants' Emergency Motion for Protective Order; and

2. **DENYING** defendants' request for attorney's fees and costs.

In support of its opposition, Encompass avers as follows:

**II.     FACT DISCOVERY IS SET TO CLOSE ON NOVEMBER 13, 2007**

In their Motion, defendants claim that Encompass is somehow acting in derogation of its responsibilities set forth under this Court's January 16, 2007 electronic order regarding pretrial proceedings. Encompass—endeavoring to complete the required factual discovery by this

1

Court's November 13, 2007 deadline—has recently served upon defendants numerous requests for written and oral discovery.

The parties' Rule 26(f) report clearly contemplates extensive discovery in this matter. In fact, the parties agreed that discovery was necessary on the following subjects:

1. Liability and damages regarding plaintiff's claims;
2. Liability and damages regarding defendants' potential counterclaims and cross claims; and
3. Affirmative Defenses.

Notably, defendants' Motion acknowledges the magnitude of the factual discovery required in this case. According to defendants, Encompass' Complaint is "a monstrous document consuming 153 pages with 802 paragraphs of allegations and accompanied by 30 pages of detailed tables and charts attached as exhibits." Defendants' Motion at p. 3. In light of the numerous issues raised by its Complaint, Encompass has been diligently working to complete <u>all</u> factual discovery by the deadlines set forth by this Court. Encompass denies that it has violated any aspect of this Court's January 16, 2007 electronic order.

### III. **ENCOMPASS HAS ENGAGED IN NO WRONGDOING BY REFUSING TO GRANT REQUESTED DISCOVERY EXTENSIONS**

Encompass filed its Complaint against the above-captioned defendants in August, 2005. Until this Court's January, 2007 Order, the parties were unable to conduct any meaningful discovery regarding the allegations set forth in their respective pleadings. Encompass is actively pursuing discovery in this matter as many witnesses have left the jurisdiction since the filing of this matter - - August 2005. Moreover, Encompass is acting to prevent the further waning of witness memories by obtaining discovery under its current strategy. To date, only two (2) of the depositions scheduled by Encompass have gone forward. Notably, both of these depositions were not completed and have been suspended to reconvene at a later date. Moreover, seven (7)

of the depositions scheduled by Encompass have not gone forward. In these cases, without justification or excuse, the prospective deponents have not appeared for their duly scheduled depositions.

The parties' Rule 26(f) Report, submitted to and discussed with Judge Lindsay during a chamber's conference on January 11, 2007, contemplates numerous depositions in this matter. Specifically, plaintiff stated its intention to depose the following categories of witnesses:

- Principal Defendants;
- First Spine patients;
- Keeper of Record Depositions;
- First Spine employees and former employees;
- Defendants' business associates; and
- Expert witnesses.

The defendants have expressed their intent to depose the following categories of witnesses:

- Encompass SIU Investigators;
- First Spine patients;
- First Spine former employees;
- Plainif's 30(b)(6) designee(s);
- Third-party contractors and consultants used in plaintiff's investigation;
- Employees and/or 30(b)(6) designee(s) of Allstate;
- Individuals and parties similarly situated to the defendants against whom plaintiff and/or Allstate has threatened and/or filed similar litigation; and
- Expert witnesses.

Based on the foregoing, there can be no reasonable debate that a proper (and previously agreed upon) course of discovery will require numerous depositions. In fact, the parties contemplated the need for numerous depositions in this matter when drafting their Rule 26(f)

Report. The parties specifically provided that each would request leave of Court to take more than ten (10) oral depositions. As stated above, Encompass has, to date, only taken two (2) depositions, both of which were not completed. In order to complete the necessary discovery, Encompass will seek leave of this Court to take more than ten (10) oral depositions. Encompass vigorously denies that its conduct regarding discovery in this matter warrants an award of fees and costs as prayed for in defendants' Motion.

IV.     **DEFENDANTS HAVE ENGAGED IN A PATTERN OF DISCOVERY ABUSE**

The following chronicles the pattern of discovery abuses perpetrated by defendants in this matter:

| **DATE** | **ISSUE(S)** |
| --- | --- |
| 02/12/07 | Cancelled deposition of Phally Samith (2/13/07 deposition). |
| 02/15/07 | Sokha Dy appears for deposition. Deposition is not completed and the parties agreed to suspend despite numerous requests for no new dates. |
| 02/15/07 | Cancelled deposition of Doris Ortiz scheduled to commence on 02/16/07 |
| 02/15/07 | Jeffrey Phillips asked for extension on voluntary disclosure. Request granted by plaintiff's counsel. |
| 02/15/07 | Thomas Ciampa asked for extension on voluntary disclosure. Request granted by plaintiff's counsel. |
| 02/16/07 | Phally Samith appears for deposition. Deposition is not completed and the parties agreed to suspend despite numerous requests for no new dates. |
| 02/19/07 | Matthew Conroy agreed to accept service of subpoenas regarding Future Management employees. Plaintiff's counsel issued deposition notice to Attorney Conroy regarding Kim Kong with a request to advise plaintiff's counsel if he would not accept service on witness' behalf. Plaintiff's counsel notified by Attorney Conroy at 3:00 p.m.—on eve of Kong's deposition—inquiring whether plaintiff had good service on Kong because Attorney Conroy could not locate the witness as she was no longer employed by Future Management. As a result, Kong duly scheduled deposition for 2/20/07 was cancelled. |

| | |
|---|---|
| 02/19/07 | Deposition of Mercedes Rosado scheduled for 2/22/07 cancelled by Attorney Conroy via telephone. |
| 02/20/07 | Received email correspondence from Attorney Conroy indicating that he cannot accept service on behalf of: (1) Kim Kong; (2) Nadine Morin; (3) Darla Tarpey; (4) Celinet Morton; and (5) Amanda Ferullo. |
| 02/20/07 | Defendants, Culliney and McConnell, served defective initial disclosures, clearly insufficient under any reading of Fed. R. Civ. P. 26(a)(1). |
| 02/27/07 | Amanda Ferullo failed to appear for her duly scheduled deposition despite being served at her last and usual place of abode. |
| 02/28/07 | Defendants, Culliney and McConnell, seek two (2) week extension on discovery because of withdrawal of Attorney Ciampa as counsel. |
| 03/05/07 | Plaintiff's counsel received Responses to Request for Admissions of Joseph Giampa and Frederick Giampa containing defective and evasive statements to avoid admitting established facts. |
| 03/05/07 | Attorney Conroy sent after-hours e-mail cancelling deposition of Melissa Mehigan. |
| 03/06/07 | Attorney Conroy cancelled the deposition of Rebecca Morales. |

In addition to the above-referenced discovery abuses, all defendants have also provided insufficient initial disclosures required under Fed. R. Civ. P. 26(a)(1). Moreover, all parties (except Culliney and McConnell who are seeking the instant extension) have filed wholly insufficient discovery responses.

V. **CONCLUSION**

WHEREFORE, for all the foregoing reasons, plaintiff, Encompass Insurance Company of Massachusetts, respectfully requests that this Honorable Court enter an Order:

1. **DENYING** defendants' Emergency Motion for Protective Order; and

    2. **DENYING** defendants' request for attorney's fees and costs

                                    Respectfully submitted,
                                    *Encompass Insurance Company,*
                                    By its attorneys,

                                    /s/ Richard D. King, Jr.
                                    _____
                                    Richard D. King, Jr., BBO#638142
                                    Nathan A. Tilden, BBO#647076
                                    SMITH & BRINK, P.C.
                                    122 Quincy Shore Drive
                                    Quincy, Massachusetts 02171
Dated: March 7, 2007                   (617) 770-2214

## Certificate of Service

    I, Richard D. King, Jr., hereby certify that on this 7th day of March, 2007, this document was filed through the CM/ECF and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                    ____/s/ Richard D. King, Jr._____