UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ENCOMPASS INSURANCE COMPANY OF MASSACHUSETTS,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>JOSEPH D. GIAMPA, FREDERICK T. GIAMPA, ADVANCED SPINE CENTERS, INC., d/b/a FIRST SPINE REHAB, FUTURE MANAGEMENT CORPORATION, FUTURE MANAGEMENT BUSINESS TRUST, EDWARD KENNEDY, BRIAN J. CULLINEY, D.C. and JENNIFER McCONNELL, D.C.<br><br>　　　　Defendants. | Civil Action No. 1:05-cv-11693-RCL |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL DEPOSITION OF LISETTE SIERRA**

**I.　INTRODUCTION**

This case is brought pursuant to Title 18 U.S.C. §1962, Racketeer Influenced and Corrupt Organizations Act, Mass. Gen. Laws, ch. 93A, the Massachusetts Consumer Protection Act, and Massachusetts common law of fraud and civil conspiracy. The defendants acting in concert participated in a concealed, evolving and continuous scheme and conspiracy to defraud Encompass.

The objective of defendants' fraud scheme was to illegally obtain money from the plaintiff through the submission of false medical records and bills (hereinafter "false medical documentation") in connection with alleged motor vehicle accidents. The defendants collected substantial sums of money as payment in connection with such false medical documentation referencing alleged chiropractic treatment that was never rendered and/or was unnecessary, excessive and unrelated to covered claims. The

defendants successfully executed this scheme to defraud by creating and submitting such false medical documentation to Encompass and others by way of the U.S. Mail.

Encompass has alleged that part of defendants' insurance fraud scheme involved the referral of patients to a cabal of personal injury attorneys, including the Law Office of Dana Rosencranz. In its Complaint, Encompass alleges that the various Future Management clinics provided patients with so-called V.I.P. cards that entitle the patients to receive a discount on "professional" fees. Encompass' investigation has revealed that Future Management employees were paid additional referral monies if the patient agreed to a referral to an attorney.

In its effort to develop relevant, admissible evidence regarding this matter, Encompass noticed the depositions of numerous former Future Management employees and other associated persons. The deposition of Lisette Sierra, a former Dana Rosencraz paralegal, was noticed for March 16, 2007, at 10:00 a.m. at Smith & Brink, P.C. in Quincy, Massachusetts. A copy of the Deposition Notice, Deposition Subpoena and Return of Service is annexed hereto at Exhibit A. Pursuant to Fed. R. Civ. P. 45, a deposition subpoena was served upon Ms. Sierra on March 2, 2007 at her last and usual place of abode in Dorchester, MA.

Without notice, justification or excuse, Ms. Sierra failed to appear for her duly scheduled deposition on March 16, 2007. When contacted to confirm her appearance at deposition, Ms. Sierra hung up the phone on a representative from plaintiff's counsel's office. Ms. Sierra has not sought a protective order to block this deposition.

## II. THIS COURT SHOULD COMPEL LISETTE SIERRA TO APPEAR FOR A DEPOSITION

Encompass hereby requests that this Honorable Court enter an Order compelling the appearance of Ms. Sierra for deposition. Fed. R. Civ. P. 26(b)(1) provides:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).

The sworn, oral testimony of Ms. Sierra is reasonably calculated to lead to the discovery of admissible evidence in the instant action. The instant litigation involves allegations of insurance fraud, specifically that defendants engaged in a pattern of over-utilization of treatment resulting in the submission, via the U.S. Mail, of excessive medical bills to Encompass. Included in plaintiff's Complaint are allegations that defendants referred their patients to a "preferred" group of personal injury attorneys, including Dana Rosencranz. Moreover, defendants' patients and employees were impermissibly provided incentives if a Future Management patient chose to be represented by a particular attorney

Encompass maintains that the deposition testimony of Ms. Sierra will reveal relevant, material evidence regarding the allegations set forth in plaintiff's Complaint.

Encompass' investigation has revealed that Ms. Sierra was employed as a paralegal by Attorney Rosencranz during the time period at issue in this lawsuit. The deposition testimony of defendants' own employees indicates that Ms. Sierra was often present at defendants' clinics for the purpose of meeting with prospective clients. See Deposition of Sokah Dy, Volume I at p. 158, annexed hereto at Exhibit B; Deposition of Phally Samith, Volume I at p. 28, annexed hereto at Exhibit C. Encompass now seeks the deposition testimony of Ms. Sierra to obtain relevant, admissible evidence regarding her role in the referral of Future Management patients to Attorney Rosencranz. Regrettably, Encompass has been forced to resort to judicial intervention to secure the deposition testimony of Ms. Sierra. Without an Order compelling her appearance, Ms. Sierra will continue to evade plaintiff's proper attempts to obtain her sworn, oral testimony.

### III.    CONCLUSION

WHEREFORE, the plaintiff, Encompass Insurance Company hereby request that this Honorable Court enter an Order COMPELLING Lisette Sierra to appear for deposition within ten (10) days of this Order.

Respectfully submitted,
*Encompass Insurance Company*,
By its attorneys,

/s/ Richard D. King, Jr.

Richard D. King, Jr., BBO#638142
Nathan A. Tilden, BBO#647076
Michael W. Whitcher, BBO#663451
SMITH & BRINK, P.C.
122 Quincy Shore Drive
Quincy, Massachusetts 02171
(617) 770-2214

Dated: April 6, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

ENCOMPASS INSURANCE COMPANY OF
MASSACHUSETTS,

    Plaintiff-Counterclaim Defendant,

vs.

JOSEPH D. GIAMPA, FREDERICK T. GIAMPA,
ADVANCED SPINE CENTERS, INC. d/b/a FIRST
SPINE REHAB, FUTURE MANAGEMENT
CORPORATION, FUTURE MANAGEMENT
BUSINESS TRUST, EDWARD KENNEDY, BRIAN J.
CULLINEY, D.C. and JENNIFER McCONNELL, D.C.

    Defendants-Counterclaim Plaintiffs.

---

CIVIL ACTION NO.: 05-11693 RCL

## NOTICE OF TAKING DEPOSITION

**To:**

Thomas M. Ciampa
Ciampa & Associates
20 Park Plaza, Suite 804
Boston, MA 02108

Jeffrey J. Phillips
Daniel Treger
Phillips & Angley
One Bowdoin Square
Boston, MA 02114

Matthew J. Conroy
Belesi, Donovan & Conroy, P.C. Suite 400
1225 Franklin Ave.
Garden City, NY 11530

Katherine L. Kurtz
Belesi, Donovan & Conroy, P.C.
114 Waltham Street, Suite 25
Lexington, MA 02420

Jay B. Kesten
Seyfarth Shaw LLP
Two Seaport Lane
Suite 300
Boston, MA 02210

    Please take notice that at **10:00 am** on **Friday, March 16, 2007**, at the offices of **Smith & Brink, P.C., 122 Quincy Shore Drive, Quincy, Massachusetts 02171**, the plaintiff, Encompass Insurance Company, by its attorneys, will take the deposition upon oral examination of the witness, **Lisette Sierra, 78 Belden Street, Apt. 2, Dorchester, MA 02125,** pursuant to the applicable provisions of the Federal Rules of Civil Procedure, before a Notary Public or before some other officer authorized by law to administer oaths.

    The oral examination will continue from day to day until completed. You are involved to attend and cross-examine.

The Plaintiff,<br>
Encompass Insurance Company,<br>
By its Attorneys,<br>
<br>
_____<br>
Richard D. King, Jr. (BBO #638142)<br>
Nathan A. Tilden (BBO #647076)<br>
SMITH & BRINK, P.C.<br>
122 Quincy Shore Drive<br>
Quincy, MA 02171<br>
(617) 770-2214

Dated: March 1, 2007

42

OAO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

### SUBPOENA IN A CIVIL CASE

Encompass Insurance Company of Massachusetts
    Plaintiff-Counterclaim Defendant,

v.

Joseph D. Giampa, Frederick T. Giampa, Advanced
Spine Centers Inc. d/b/a First Spine Rehab, Future
Management Corporation, Future Management
Business Trust, Edward Kennedy, Brian J. Culliney, D.C. and
Jennifer McConnell, D.C.
    Defendants-Counterclaim Plaintiffs.

CASE NO: ¹ 05-11693 RCL

*A TRUE COPY ATTEST
DAVID D. AYLES, PROCESS SERVER
AND DISINTERESTED PERSON*

TO: Lisette Sierra
    78 Belden Street, Apt. 2
    Dorchester, MA 02125

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| Law Offices of Smith & Brink PC, 122 Quincy Shore Drive, Quincy, MA 02171 | Friday, March 16, 2007 10:00 AM |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)    DATE 3/1/07

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Richard D. King, Jr., Smith & Brink PC, 122 Quincy Shore Drive, Quincy, MA 02171 (617) 770-2214

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

¹ If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
| --- | --- | --- |
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
| --- | --- |

| SERVED BY (PRINT NAME) | TITLE |
| --- | --- |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
              DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.

(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

MARCH 2, 2007

# RETURN OF SERVICE

*I this day summoned the within named* LISETTE SIERRA

*to appear as within directed by delivering to*   (2) ATTEMPTS. COPY LEFT TAPED TO DOOR, SECOND COPY MAILED.

   — *in hand, or*
X  *leaving at last and usual place of abode, to wit:*

No.    78 BELDEN STREET, APT. 2
*in the* DORCHESTER    *District of said* SUFFOLK    *County an attested copy of the subpoena together with* $ 42    *fees for attendance and travel*

| | | |
|---|---|---|
| *Service and travel* | 28 | *it being necessary I actually used a motor vehicle in the distance of* 10 *miles in the service of this process* |
| *Paid Witness* | 42 | |

*Joseph Fallon*
Process Server

Pages: 1-251
Vol. I
Exhibits: 1

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

ENCOMPASS INSURANCE COMPANY )
OF MASSACHUSETTS, )
    Plaintiff-Counterclaim Defendants, )
)
VS. )
)
JOSEPH D. GIAMPA, FREDERICK T. GIAMPA )
ADVANCED SPINE CENTERS, INC. d/b/a )
FIRST SPINE REHAB, FUTURE MANAGEMENT )
CORPORATION, FUTURE MANAGEMENT )
BUSINESS TRUST, EDWARD KENNEDY, BRIAN )
J. CULLINEY, D.C. and JENNIFER )
McCONNELL, D.C. ) Civil Action
    Defendants-Counterclaim Plaintiffs.) No.05-11693RCL
)
JOSEPH D. GIAMPA, FREDERICK T. GIAMPA, )
ADVANCED SPINE CENTERS, INC. )
    Third-Party Plaintiffs )
)
VS. )
)
ALLSTATE INSURANCE COMPANY, )
    Third-Party Defendant )

### DEPOSITION OF SOKHA DY

    A witness called by and on behalf of the Encompass Insurance Company, taken pursuant to the Massachusetts Rules of Civil Procedure, before Jo-Anne M. Golden, a Professional Court Reporter and Notary Public within and for the Commonwealth of Massachusetts, at the Law Offices of Smith & Brink, P.C., 122 Quincy Shore Drive, Quincy, Massachusetts 02171. Commencing on Thursday, February 15, 2007 at 10:18 a.m.

158

| | | |
|---|---|---|
| 1 | Q. | Is there a bathroom in there? |
| 2 | A. | We have two bathrooms. |
| 3 | Q. | And do you have a -- where do you keep all the |
| 4 | | Kennedy supplies there? |
| 5 | A. | We have the drawer, the back drawer and then the |
| 6 | | front on the side next to the -- |
| 7 | Q. | That's all -- we've talked about all the rooms |
| 8 | | now? |
| 9 | A. | Yeah. |
| 10 | Q. | So when Rosencranz or his folks come in from his |
| 11 | | office to speak to a patient or patients, where do |
| 12 | | they meet with the -- |
| 13 | A. | In room two, Dr. Culliney is room one and they |
| 14 | | meet in room two. |
| 15 | Q. | And what's in that room? |
| 16 | A. | Treatment, two tables. |
| 17 | Q. | For adjustments? |
| 18 | A. | Adjustment and that machine therapy there. |
| 19 | Q. | The E-stim? |
| 20 | A. | Yes. |
| 21 | Q. | Anything else? |
| 22 | A. | The scale there. |
| 23 | Q. | Now, do you know who Lisette Sierra (phonetic) is? |
| 24 | A. | Lisette Sierra? |

251

# CERTIFICATE

COMMONWEALTH OF MASSACHUSETTS

COUNTY OF NORFOLK, SS.

                      I, JO-ANNE GOLDEN, a Professional Court Reporter and Notary Public in and for the Commonwealth of Massachusetts, do hereby certify that the foregoing Deposition of SOKHA DY was taken before me on February 15, 2007. The said witness was duly sworn before the commencement of her testimony; that the said testimony was taken audiographically by myself and then transcribed under my direction. To the best of my knowledge, the within transcript is a complete, true and accurate record of said Deposition.

                      I am not connected by blood or marriage with any of the said parties, nor interested directly or indirectly in the matter in controversy.

                      In witness whereof, I have hereunto set my hand and Notary Seal this 23rd day of February, 2007.

                      *Jo-Anne M. Golden*
                      Jo-Anne M. Golden, Notary Public

                      My Commission Expires:
                      December 6, 2007

PLEASE NOTE: THE FOREGOING CERTIFICATION OF THIS TRANSCRIPT DOES NOT APPLY TO ANY REPRODUCTION OF THE SAME BY ANY MEANS UNLESS UNDER THE DIRECT CONTROL AND\OR DIRECTION OF THE CERTIFYING REPORTER.

                      JO-ANNE M. GOLDEN
                      Notary Public
                      My Commission Expires
                      December 6, 2007

*Lee & Associates * Certified Court Reporters * (781) 848-9693*

```
                                        Volume:      I
                                        Pages:   1-145
                                        Exhibits:  None
```

COMMONWEALTH OF MASSACHUSETTS

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

| | |
|---|---|
| ENCOMPASS INSURANCE COMPANY OF MASSACHUSETTS,<br>      Plaintiff—Counterclaim Defendant,<br><br>Vs.<br><br>JOSEPH D. GIAMPA, FREDERICK T. GIAMPA, ADVANCED SPINE CENTERS, INC., d/b/a FIRST SPINE REHAB, FUTURE MANAGEMENT CORPORATION, FUTURE MANAGEMENT BUSINESS TRUST, EDWARD KENNEDY, BRIAN J. CULLINEY, D.C. and JENNIFER MCCONNELL, D.C.<br><br>      Defendants—Counterclaim Plaintiffs, | CA NO.: 05—111693 RCL |

---

| | |
|---|---|
| JOSEPH D. GIAMPA, FREDERICK T. GIAMPA, ADVANCE SPINE CENTERS, INC.<br><br>     Third—Party Plaintiffs<br><br>Vs.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>     Third—Party Defendant. | |

---

### DEPOSITION OF PHALLY SAMITH

A witness called by and on behalf of the Plaintiff—Counterclaim Defendant, pursuant to the Massachusetts Rules of Civil Procedure, before Kathleen M. Mullin, a Certified Court Reporter and Notary Public within and for the Commonwealth of Massachusetts, at the Offices of Smith & Brink, P C, 122 Quincy Shore Drive, Quincy, Massachusetts, commencing on Friday, February 16, 2007 at 10:30 a.m.

| | | |
|---|---|---|
| 1 | Q. | From time to time do attorneys come up and meet |
| 2 | | with patients at First Spine? |
| 3 | A. | His paralegal. |
| 4 | Q. | Attorney Rosencranz's paralegal or some other |
| 5 | | attorney's paralegal? |
| 6 | A. | Attorney Dana Rosencranz paralegal. |
| 7 | Q. | And his paralegal was named what? |
| 8 | A. | Lissette. |
| 9 | Q. | Lissette? |
| 10 | A. | Yes. |
| 11 | Q. | Sierra? |
| 12 | A. | I don't know. |
| 13 | Q. | Is that a female? |
| 14 | A. | Yes. |
| 15 | Q. | Is that the only person that you are aware of from |
| 16 | | Attorney Rosencranz's office that meets patients |
| 17 | | inside First Spine? |
| 18 | A. | Yes. |
| 19 | Q. | When she meets -- it's a female, right? |
| 20 | A. | Yes. |
| 21 | Q. | When she meets with patients does she meet with one |
| 22 | | patient at a time or multiple patients together? |
| 23 | A. | I don't know. |
| 24 | Q. | Well you have seen her meet with patients; correct? |

145

## C E R T I F I C A T E   P A G E

COMMONWEALTH OF MASSACHUSETTS

COUNTY OF NORFOLK, SS

I, Kathleen M. Mullin, a Certified Court Reporter and Notary Public in and for the Commonwealth of Massachusetts, do hereby certify that the foregoing Deposition of **Phally Samith**, was taken before me on February 16, 2007. The said witness was duly sworn before the commencement of her testimony; that the said testimony was taken by me, by the voice writing method and translated into text via speech recognition. To the best of my knowledge, the within transcript is a complete, true and accurate record of said testimony.

I am not connected by blood or marriage with any of the said parties, nor interested directly or indirectly in the matter at hand.

I have hereunto set my hand and Notary Seal this 22nd day of February, 2007.

_____
Kathleen M. Mullin, CVR, Notary Public
My Commission Expires:
June 22, 2012

**THE FOREGOING CERTIFICATION OF THIS TRANSCRIPT DOES NOT APPLY TO ANY REPRODUCTION OF THE SAME BY ANY MEANS UNLESS UNDER THE DIRECT CONTROL AND/OR DIRECTION OF THE CERTIFYING REPORTER.**