UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ENCOMPASS INSURANCE COMPANY OF MASSACHUSETTS,<br><br>Plaintiff,<br><br>vs.<br><br>JOSEPH D. GIAMPA, FREDERICK T. GIAMPA, ADVANCED SPINE CENTERS, INC., d/b/a FIRST SPINE REHAB, FUTURE MANAGEMENT CORPORATION, FUTURE MANAGEMENT BUSINESS TRUST, EDWARD KENNEDY, BRIAN J. CULLINEY, D.C. and JENNIFER McCONNELL, D.C.<br><br>Defendants. | Civil Action No. 1:05-cv-11693-RCL |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL TESTIMONY OF TRACY KENNEDY

### I.   INTRODUCTION

This case is brought pursuant to Title 18 U.S.C. §1962, Racketeer Influenced and Corrupt Organizations Act, Mass. Gen. Laws, ch. 93A, the Massachusetts Consumer Protection Act, and Massachusetts common law of fraud and civil conspiracy.  The defendants, acting in concert, participated in a concealed, evolving and continuous scheme and conspiracy to defraud Encompass.

The objective of defendants' fraud scheme was to illegally obtain money from the plaintiff through the submission of false medical records and bills (hereinafter "false medical documentation") in connection with alleged motor vehicle accidents.  The defendants collected substantial sums of money as payment in connection with such false medical documentation referencing alleged chiropractic treatment that was never rendered and/or was unnecessary, excessive and unrelated to covered claims.  The defendants successfully executed this scheme

to defraud by creating and submitting such false medical documentation to Encompass and others by way of the U.S. Mail.

Encompass has pled and will prove at trial that the Future Management Corporation (hereinafter "FMC") corporate form should be disregarded—and the individual shareholders held personally liable—due to defendants failure to observe corporate formalities. Encompass has alleged that the FMC principals treated FMC as their own personal bank. A portion of defendants' insurance fraud scheme involved the misuse and/or misappropriation of corporate funds by FMC principals and other employees. Upon information and belief, Edward Kennedy—as President of FMC—wrongfully siphoned corporate funds for his own personal use. During Edward Kennedy's tenure as President of FMC, his wife, Tracy Kennedy, served as Administrator. In her last year of employment with FMC, Tracy Kennedy earned approximately $263,000.00 despite having no formal training in medical billing or administration. In or around January 2005, Edward and Tracy Kennedy were terminated from the employ of FMC.

In the wake of their departure, FMC conducted an investigation into the activities of Edward and Tracy Kennedy during their employment with FMC. The investigation revealed that Edward and Tracy Kennedy were reimbursed approximately $276,000.00 for "personal" credit card charges. Moreover, Edward Kennedy solely authorized the purchase (with FMC funds) of a $160,000.00 Mercedes Benz for Tracy Kennedy's use. Furthermore, FMC's investigation revealed that Tracy Kennedy earned approximately $1,020,200.00 in salary from 1997-2003. In a sworn affidavit, FMC principal, Joseph Giampa, claimed Tracy Kennedy's salary was "unconscionable" given her duties, skills and lack of training.

In its effort to develop relevant, admissible evidence regarding Tracy Kennedy's role in the administration and function of Future Management, Encompass noticed the deposition of Tracy Kennedy. The deposition of Tracy Kennedy was noticed for March 21, 2007, at 10:00 a.m. at Smith & Brink, P.C. in Quincy, Massachusetts. A copy of the Deposition Notice, Deposition Subpoena and Return of Service is annexed hereto at Exhibit A.

On March 21, 2007, Tracy Kennedy appeared at plaintiff's counsel's office for deposition. At deposition, Tracy Kennedy (on the advice of counsel) refused to testify regarding <u>any</u> communication between her and her then-husband, Edward Kennedy. Tracy Kennedy's counsel repeatedly invoked the privilege for confidential marital communication as grounds to block plaintiff's attempts to discover relevant, material evidence regarding the allegations set forth in its Complaint. The deposition of Tracy Kennedy was suspended because plaintiff's counsel was unable to conclude the deposition without Tracy Kennedy's testimony on relevant, material matters, including her dealings with Edward Kennedy within the context of their employment with FMC.

## II.  STANDARD OF REVIEW

Encompass hereby requests that this Honorable Court enter an Order compelling the testimony of Tracy Kennedy. Fed. R. Civ. P. 26(b)(1) provides:

> ***Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party***, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1) (emphasis added).

Moreover, Fed. R. Civ. P. 37 provides:

> If a deponent fails to answers a questions propounded or submitted under Rules 30 or 31…the discovering party may move for an order compelling an answer, or designation, or order an inspection in accordance with the request.

Fed. R. Civ. P. 37(a)(2)(B).

Tracy Kennedy should be compelled to appear and answer questions regarding her role in FMC and any and all conversations between her and then FMC president Edward Kennedy regarding their roles in the management and administration of FMC. Encompass maintains that Tracy Kennedy (through counsel) wrongfully invoked the privilege regarding confidential martial communications to block plaintiff's efforts at discovery evidence germane to the allegations set forth in plaintiff's Complaint.

### III. TRACY KENNEDY SHOULD BE COMPELLED TO TESTIFY REGARDING CONVERSATIONS WITH EDWARD KENNEDY

Similar to many testimonial privileges, the so-called "marital communications privilege" has exceptions. United States v. Mavroules, 813 F. Supp. 115, 119 (D. Mass. 1993). Courts have held that the martial communication privilege does not apply in situations "where the communications are made at a time when both the husband and wife are jointly engaged in criminal activity." Id. (citations omitted). Moreover, the marital privilege has been held not to apply to business communications between a husband and wife where they are jointly engaged in a business. See G-Fours, Inc. v. Miele, 496 F.2d 809, 812-13 (2nd Cir. 1974) (holding that, under NY law, the marital privilege does not apply where husband and wife conversations dealt with business matters).

4

Under Massachusetts law, evidence of conversations between marital partners is disqualified as incompetent. See Mass. Gen. Laws ch. 233, § 20. However, there are situations where evidence of martial communications may be introduced as evidence without triggering the application of the "marital privilege." In Massachusetts, business communications "between spouses acting solely in the capacity of employer and employee are not protected conversations under Mass. Gen. Laws ch. 223, § 20." Anderson v. Barrera, No. 94-3934-E, 1997 Mass. Super LEXIS 531, *6-7 (Mass. Super. Ct. Feb. 1997). In Anderson, the plaintiff, in a medical malpractice action, moved to compel the defendant doctor's ex-wife's testimony regarding conversations that the ex-wife had with the doctor regarding the care and treatment of the plaintiff. Id. at *1-2. At the time of the conversations, the witness was married to the defendant and was also employed as a nurse working for the defendant doctor. Id. At deposition regarding the defendant's care of the plaintiff, the witness/ex-wife (upon advice of counsel) refused to answers any questions regarding conversations between her and the defendant doctor concerning the care and treatment rendered to the plaintiff. Id. The witness refused to testify to these conversations on grounds that she was disqualified by marriage from answering any questions regarding conversations with her then-husband. Id.

In Anderson, the court granted the plaintiff's motion to compel the testimony of the defendant's ex-wife regarding conversations concerning the care and treatment of the plaintiff. 1997 Mass. Super. LEXIS at *6-7. In rendering its decision, the court looked to jurisdictions outside Massachusetts to determine the existence of exceptions to the marital privilege. In doing so, the court found that other jurisdictions do not disqualify communications that relate

to "ordinary business transactions" on grounds that such communications are not made "in reliance upon or induced by the marital relationship." Id. at *4 (citing G-Fours, Inc., 496 F.2d at 811).

In allowing the plaintiff's motion to compel the testimony of the defendant's ex-wife, the Anderson court reasoned:

> [B]usiness communications between spouses acting solely in the capacity of employer and employee are not protected conversation under G.L. c. 233, 20. The court relies on the fact that when a conversation occurs in such circumstances, the marital relationship is only incidental to the employer-employee relationship. The two speakers, acting in their professional capacities, do not fit the terms "husband and wife" in an important sense. Moreover, excluding conversations made in an employer-employee relationship would not further most of the policy reasons behind the statute. Therefore, G.L. c. 233, 20 does not disqualify purely business conversations made by husband and wife when they are acting as employer and employee and where their marital relationship is incidental to the conversation.

1997 Mass Super LEXIS at *6-7.

In the instant matter, Tracy Kennedy and Edward Kennedy were married at the time each worked for FMC. During this time, Edward Kennedy served as President and Shareholder of FMC and Tracy Kennedy served as the company's Administrator. In her capacity as Administrator, Tracy Kennedy reported directly to FMC shareholders, which during the relevant period were Edward Kennedy, James Kennedy, Joseph Giampa and Fred Giampa. As such, Edward Kennedy and Tracy Kennedy—for the purposes of their work at FMC—were entrenched in an employer-employee relationship.

At her deposition, Tracy Kennedy refused to answer questions regarding any conversations between her and Edward Kennedy. As Massachusetts courts have held, when two speakers are acting in their professional capacity, their marital relationship is merely

incidental to the conversation. Anderson, 1997 Mass. Super. LEXIS at *6-7. Tracy Kennedy should not be allowed to refuse to answer questions regarding conversations with Edward Kennedy about their work with FMC. Encompass is attempting to discover relevant, material evidence regarding allegations that Edward and Tracy Kennedy acted in concert to misappropriate large sums of FMC funds for their own personal use. Encompass avers that Tracy Kennedy's testimony regarding conversations with Edward Kennedy is reasonably likely to lead to the discovery of admissible evidence regarding plaintiff's attempts to pierce the corporate veil in this matter. Where Encompass is seeking to discover evidence regarding Tracy and Edward Kennedy's "business conversations," this Court should (1) find that the "marital privilege" does not apply, and (2) compel Tracy Kennedy to testify regarding these "business conversations."

## IV.   CONCLUSION

WHEREFORE, for all the foregoing reasons, plaintiff, Encompass Insurance Company of Massachusetts, respectfully requests that this Honorable Court enter an Order COMPELLING Tracy Kennedy to testify regarding her conversations with Edward Kennedy concerning FMC. The plaintiff further requests that Tracy Kennedy be compelled to testify within twenty (20) days of this Court's Order.

|  |  |
|---|---|
|  | Respectfully submitted,<br>*Encompass Insurance Company,*<br>By its attorneys,<br><br>/s/ Nathan A. Tilden<br>_____<br>Richard D. King, Jr., BBO#638142<br>Nathan A. Tilden, BBO#647076<br>Michael W. Whitcher, BBO#663451<br>SMITH & BRINK, P.C.<br>122 Quincy Shore Drive<br>Quincy, Massachusetts 02171 |
| Dated: April 11, 2007 | (617) 770-2214 |

## Certificate of Service

I, Nathan A. Tilden, hereby certify that on this 11th day of April, 2007, this document was filed through the CM/ECF and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

____/s/ Nathan A. Tilden____