UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2007 APR 12 P 1: 02

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| Encompass Insurance Company of Massachusetts, | ) ) ) |
| v. | ) ) ) |
| Joseph D. Giampa, et al. | ) |

Case No. 05-11693-RCL

## MOTION OF STEPHANIE VINAS TO QUASH
## THIRD-PARTY SUBPOENA

Pursuant to Federal Rule of Civil Procedure 45(c), Stephanie Vinas, through her undersigned counsel, moves to quash plaintiff's third party subpoena and notice this motion for hearing before the Hon. Reginald C. Lindsay. Stephanie Vinas asks this Court to quash plaintiff's subpoena because the subpoena violates her Fifth Amendment and Art. 12 rights against compulsory self-incrimination.

### STATEMENT OF FACTS

Plaintiff Encompass Insurance Company of Massachusetts (hereinafter "Encompass") has filed an Amended Complaint in this matter alleging that First Spine Clinic and Brian Culliney made illegal patient referral fees. A copy of 12 of the Amended Complaint is attached herewith as "Exhibit A." The Amended Complaint also alleges that Stephanie Vinas (hereinafter "Vinas") was "a former patient of Brian Culliney who is paid to recruit patients for First Spine Clinic." (Exhibit A.) Encompass further alleges in Paragraph 47 of the Amended Complaint that "The identity of outside employee (independent contractor) runners is not known to Encompass at this time, *with the exception of Stephanie Vinas."* (Emphasis added) (*see* Exhibit A.) In furtherance of these baseless and unsubstantiated allegations against Vinas, Encompass has issued an overbroad third-party subpoena to Stephanie Vinas (hereinafter "Vinas") requiring her to appear and give deposition testimony. (*see* copy of Subpoenas attached as "Exhibit B".) Vinas states that Encompass is misusing the subpoena power in an attempt to compel Vinas to appear and give incriminating testimony against herself is in direct violation of Vinas' Fifth Amendment and Article 12 rights. Based on the following reasons, Vinas respectfully requests that this Court quash the subpoena.

### ARGUMENT

**I. The Motion to Quash Should be Granted Because The Fifth Amendment and Article 12 of the Massachusetts Bill of Rights Protect Vinas Against Being Compelled to Appear and Give Incriminating Testimony Against Herself**

The Fifth Amendment provides in pertinent part that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." The word 'witness' in the constitutional text "limits the relevant category of compelled incriminating communications to those that are 'testimonial' in character." *US v. Hubbell*, 530 U.S. 27, 34 (2000). Testimonial evidence is that "which reveals the subject's knowledge or thoughts concerning some fact." *Commonwealth v. Brennan*, 386 Mass. at 778. Thus, the privilege "protects an accused only from being compelled to testify against himself, or otherwise provide the State with evidence of a testimonial or communicative nature." *Id.* The constitutional privilege against self-incrimination "is essentially a personal one, applying only to natural individuals". *US v. White*, 322 U.S. 694, 698 (1944.) The rationale underpinning these principles is that the Fifth Amendment's privilege against self-incrimination "is designed to prevent the use of legal process to force from the lips of the accused individual the evidence necessary to convict him or to force him to produce and authenticate any personal documents or effects that might incriminate him." *White*, 322 U.S. at 698.

Another long-standing precept of Fifth Amendment jurisprudence is that the privilege applies to any statement that might tend to incriminate the witness. The statement at issue need not directly implicate the witness as long as it "furnish[es] a link in the chain of evidence needed to prosecute the claimant for a...crime." *Hoffman v. US*, 341 U.S. 479, 486-87 (1951). Another venerable precedent holds that the privilege protects the innocent as well as the guilty. *Grunewald v. US*, 353 U.S. 391 (1957). It is a longstanding precedent that the privilege extends not only "to answers that would in themselves support a conviction" but also to "those which would furnish a link in the chain of evidence needed to prosecute the claimant." *Hoffman*, 341 at 486-87. The Court held that:

> "The privilege against self-incrimination guaranteed by the Fifth Amendment extends not only to answers that would in themselves support a conviction under a federal criminal statute but also to those which would furnish a link in the chain of evidence needed to prosecute the claimant for a federal crime ... To sustain the privilege, it need only be evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result.

*Id.* at 486-487.

Accordingly, a potential witness need only show "from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result." *Id.* Although the privilege extends to those witnesses who have "reasonable cause to apprehend danger from a direct answer," rather than to those who fear a danger of "imaginary and insubstantial character," and the inquiry on that issue is for the court, the Court has always emphasized that one of the Fifth Amendment's 'basic

functions . . . is to protect innocent men . . . who otherwise might be ensnared by ambiguous circumstances.' *Grunewald,* 353 U.S. at 421." (internal quotations omitted).

The Fifth Amendment guarantee against testimonial compulsion, like other provisions of the Bill of Rights, "was added to the original Constitution in the conviction that too high a price may be paid even for the unhampered enforcement of the criminal law and that, in its attainment, other social objects of a free society should not be sacrificed." *Feldman v. US,* 322 U.S. 487, 489 (1944). This provision of the Amendment must be accorded liberal construction in favor of the right it was intended to secure. Counselman v. Hitchcock, 142 U.S. 547, 562 (1892); Arndstein v. McCarthy, 254 U.S. 71, 72-73 (1920). The privilege afforded not only extends to answers that would in themselves support a conviction under a federal criminal statute but likewise embraces those which would furnish a link in the chain of evidence needed to prosecute the claimant for a federal crime. *(Patricia) Blau v. US,* 340 U.S. 159 (1950).

This protection must be confined to instances where the witness has reasonable cause to apprehend danger from a direct answer. *Mason v. US,* 244 U.S. 362, 365 (1917), and cases cited. The witness is not exonerated from answering merely because he declares that in so doing he would incriminate himself. However, if the witness, upon interposing his claim, were required to prove the hazard in the sense in which a claim is usually required to be established in court, he would be compelled to surrender the very protection which the privilege is designed to guarantee. To sustain the privilege, it need only be evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result. The trial judge in appraising the claim "must be governed as much by his personal perception of the peculiarities of the case as by the facts actually in evidence." *See Taft, J., in Ex parte Irvine,* 74 F. 954, 960 (C. C. S. D. Ohio, 1896).

The individual's right to be protected against self-incrimination is given even stronger protection under Art. 12 of the Massachusetts Declaration of Rights. Accordingly, where a custodian of the records of a business corporation moved to quash a subpoena on the basis the act of producing the records requested would tend to incriminate him personally, the Court held that he properly invoked the privilege against self-incrimination secured to him by Art. 12 of the Massachusetts Declaration of Rights. *Commonwealth v. Doe,* 405 Mass. 676, 678-681 (1989.) There, the witness argued that Article 12 offered a privilege broader than that of the Fifth Amendment. The Court stated:

> "In the past, this court has recognized that the protections of Art. 12 extend beyond the safeguards afforded by the United States Constitution. *See Attorney Gen. v. Colleton,* 387 Mass. 790, 795--796 (1982). Today we hold that a custodian of corporate records may invoke his art. 12 right against self-incrimination in response to a subpoena for those corporate records when the act of production

> itself would be self-incriminating. Our decision is based on the Massachusetts State Constitution. See *Michigan v. Long*, 463 U.S. 1032, 1041 (1983)."
>
> . . .
>
> Article 12 states, in part: "No subject shall ... be compelled to accuse, or furnish evidence against himself." At the heart of this provision is the right of the subjects of this Commonwealth to be free from compelled testimonial incrimination---"the forced extraction of confessions and admissions from the lips of the accused." *Commonwealth v. Brennan*, 386 Mass. 772, 780 (1982). Article 12 applies only to evidence of a testimonial or communicative nature ..."

*Id.* at 679.

In fact, the Court has held that even the act of production, quite apart from the content of that which is produced, may itself be communicative. *Commonwealth v. Hughes*, 380 Mass. 583, *cert. denied*, 449 U.S. 900 (1980); *see US v. Doe*, 465 U.S. 605, 612 (1984). The Court held that if the witness should turn over the materials sought by the Commonwealth, he would be testifying, in effect, as to the existence and location of those materials, as well as to the control that he had over them. See *Hughes*, supra at 592. In addition, the witness would be authenticating those materials. *Id.* All this information is reflective of the knowledge, understanding, and thoughts of the witness. The Court found that, to that degree, the mere act of production was testimonial and therefore within the ambit of art. 12. *Id.*

Here, Encompass is attempting to misuse the subpoena power by attempting to compel Vinas to appear and give incriminating testimony against herself in an ongoing insurance fraud investigation. This is evidenced by an unsubstantiated allegation in the Complaint that Encompass believes that Vinas was "paid to recruit patients for the Lowell First Spine Clinic" and that "The identity of outside employee (independent contractor) runners is not known to Encompass at this time, with the exception of Stephanie Vinas. (Emphasis added.)  Also, Encompass is acting with members of the Insurance Fraud Bureau of Massachusetts and the Lowell Police Department to gather information which makes any testimony subject to criminal penalties.

Accordingly, if the Motion to Quash is not granted, any testimony Vinas may give is likely to incriminate her. Encompass is therefore misusing the subpoena power in a thinly-veiled attempt to force Vinas to appear and give testimony against herself in direction violation of both her Fifth Amendment and Art. 12 rights. However, as the Court held in *White*, 322 U.S. at 698, the rationale underpinning the Fifth Amendment's privilege against self-incrimination is to prevent "the use of legal process to force from the lips of the accused individual the evidence necessary to convict him or to force him to produce and authenticate any personal documents or effects that might incriminate him." *White*, 322 U.S. at 698. The overbroad subpoena issued by Encompass seeking to compel the deposition of Vinas in relation to a Complaint where she is identified in a baseless allegation by Encompass as the only known "independent contractor" is therefore exactly

the kind of abusive practice the constitutional guarantees of the Fifth Amendment and Art. 12 were designed to protect against.

## CONCLUSION

For all the reasons stated above, this Court should not countenance the unabashed abuse of its powers to trammel the rights of Vinas not to be compelled into appearing and giving incriminating testimony against herself in violation of her Fifth Amendment and Art. 12 rights. The overbroad third-party subpoena is merely a ruse by which Encompass seeks to force from Vinas' own lips the incriminating evidence Encompass needs to substantiate the baseless allegations made by Encompass against Vinas. Vinas is therefore a witness who has "reasonable cause to apprehend danger from a direct answer" should she be compelled to comply with the subpoena and the Fifth Amendment's 'basic functions . . . is to protect innocent men . . . who otherwise might be ensnared by ambiguous circumstances.' Both the Fifth Amendment and Art. 12 protect an individual against just the type of abusive process Encompass is attempting employ against Vinas. For all these reasons, Vinas respectfully requests that this Honorable Court grant her Motion to quash the subpoena.

Respectfully submitted,
Stephanie Vinas
By her Attorney

Dated: April 9, 2007

Patrick Shanley
255 High Street
Lowell, MA 01852
(978) 454-3322
BBO #642894

# Exhibit A

44.  In the parlance of Future Management, illegal runner referral payments were referred to as "marketing" and/or "promotion" expenses.

45.  Payment of improper patient referral fees were not documented in Future Management records.

46.  The identity of outside employee (independent contractor) runners is not known to Encompass at this time, with the exception of Stephanie Vinas.

47.  Ms. Vinas is a former patient of Brian Culliney who is paid to recruit patients for the Lowell First Spine Clinic.

48.  In addition to Ms. Vinas, other improper, unfair and deceptive referral fees were made by the defendants in the form of "marketing" and/or "promotion" payments through Future Management payroll (and off-payroll) accounts payable to employees and outsiders for referral of patients to Giampa/Kennedy clinics including the Lowell First Spine Clinic.

49.  Illegal patient referral fees were paid at a rate of $100.00 per patient.

50.  If a claimant also agreed to submit to attorney representation to pursue his/her claim, the referring party was paid an additional $100.00.

51.  The payment of runner kickbacks represents an intentionally unfair and deceptive business practice.

52.  Payment of improper referral fees by the defendants was not disclosed to Encompass.

53.  None of the chiropractic records and/or bills created by defendants and caused to be mailed via the U.S. Mail to Encompass referenced the payment of secret runner referral kickbacks.

# Exhibit B

58

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF Massachusetts

Encompass Insurance Company of Massachusetts,

V.

Joseph D. Giampa, et. al.

SUBPOENA IN A CIVIL CASE

Case Number: 05-11693 RCL

A TRUE COPY ATTEST
DAVID D. AYLES PROCESS SERVER
AND DISINTERESTED PERSON

TO: Stephanie Vinas
35 Bancroft Street
Dracut, MA 01826

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Smith & Brink, P.C., 122 Quincy Shore Drive, Quincy, MA 02171 | Wednesday, April 25, 2007 at 10:00 AM |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] | 3/19/07 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Richard D. King, Jr., 122 Quincy Shore Drive, Quincy, MA 02171
(617) 770-2214

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

¹ If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
             DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.

(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF Massachusetts

Encompass Insurance Company of Massachusetts,

v.

Joseph D. Giampa, et. al.

SUBPOENA IN A CIVIL CASE

Case Number: 05-11693 RCL

TO: Stephanie Vinas
67 Hawthorn Street
Lowell, MA 01851

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Smith & Brink, P.C., 122 Quincy Shore Drive, Quincy, MA 02171 | Wednesday, April 25, 2007 at 10:00 AM |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] | 3/19/07 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Richard D. King, Jr., 122 Quincy Shore Drive, Quincy, MA 02171
(617) 770-2214

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).