UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ENCOMPASS INSURANCE COMPANY OF MASSACHUSETTS,<br><br>              Plaintiff,<br><br>     vs.<br><br>JOSEPH D. GIAMPA, FREDERICK T. GIAMPA, ADVANCED SPINE CENTERS, INC., d/b/a FIRST SPINE REHAB, FUTURE MANAGEMENT CORPORATION, FUTURE MANAGEMENT BUSINESS TRUST, EDWARD KENNEDY, BRIAN J. CULLINEY, D.C. and JENNIFER McCONNELL, D.C.<br><br>         Defendants. | Civil Action No.  1:05-cv-11693-RCL<br><br>***PLAINTIFF REQUESTS AN EXPEDITED HEARING*** |

## PLAINTIFF'S OPPOSITION TO MOTION OF STPEHANIE VINAS TO QUASH THIRD-PARTY SUBPOENA AND MOTION TO COMPEL DEPOSITION OF STEPHANIE VINAS

NOW COMES the plaintiff, Encompass Insurance Company of Massachusetts (hereinafter "Encompass"), and hereby submits the within memorandum in opposition to the Motion of Stephanie Vinas to Quash Third-Party Subpoena. Encompass further submits the within memorandum in support of its Motion to Compel the Deposition of Stephanie Vinas. For all the reasons that follow, Encompass respectfully requests that this Honorable Court enter an Order:

1. **DENYING** Stephanie Vinas' Motion to Quash Third-Party Subpoena; and

2. **COMPELLING** Stephanie Vinas to appear for deposition within ten (10) days of this Court's Order

## I.    INTRODUCTION

This case is brought pursuant to Title 18 U.S.C. §1962, Racketeer Influenced and Corrupt Organizations Act, Mass. Gen. Laws, ch. 93A, the Massachusetts Consumer Protection Act, and

Massachusetts common law of fraud and civil conspiracy. The defendants, acting in concert, participated in a concealed, evolving and continuous scheme and conspiracy to defraud Encompass.

The objective of defendants' fraud scheme was to illegally obtain money from the plaintiff through the submission of false medical records and bills (hereinafter "false medical documentation") in connection with alleged motor vehicle accidents. The defendants collected substantial sums of money as payment in connection with such false medical documentation referencing alleged chiropractic treatment that was never rendered and/or was unnecessary, excessive and unrelated to covered claims. The defendants successfully executed this scheme to defraud by creating and submitting such false medical documentation to Encompass and others by way of the U.S. Mail.

Encompass has pled and will prove at trial that the Future Management Corporation (hereinafter "FMC") employed an impermissible system of patient referrals in order to generate business at its various storefront medical facilities. Encompass alleges that FMC utilized "runners" to facilitate the recruitment of accident "victims" for treatment at the various FMC clinics. Encompass also alleges that Vinas was involved in the billing of treatment allegedly rendered by FMC clinics. In its Complaint, Encompass alleges that Stephanie Vinas (hereinafter "Vinas") was employed as a "runner" by defendants. See Plaintiff's Complaint at ¶ 70. Specifically, Encompass alleges that Vinas is a former patient of defendant, Brian Culliney, and was paid to recruit patients for defendants' Lowell First Spine clinic.

In its effort to develop relevant, admissible evidence regarding Vinas' role in defendants' patient referral system, Encompass noticed the deposition of Vinas. The deposition of Stephanie Vinas was noticed for April 25, 2007, at 10:00 a.m. at Smith & Brink, P.C. in Quincy,

2

Massachusetts. A copy of the Deposition Notice, Deposition Subpoena and Return of Service is annexed hereto at Exhibit A.

On April 9, 2007, Vinas, through counsel, filed a Motion to Quash Subpoena claiming that the Fifth Amendment and Article 12 of the Massachusetts Bill of Rights provides protection against compulsory self-incrimination. By her Motion, Vinas seeks to strike the deposition subpoenas and *avoid* Encompass' proper attempt at discovery.

## II.    STANDARD OF REVIEW

Fed. R. Civ. P. 45(d)(1) provides that a subpoena may command a person whose deposition is to be taken to produce materials which contain evidence relating to any of the matters within the scope of the examination permitted by Rule 26(b). Fed. R. Civ. P. 26(b)(1) plainly provides:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).

The sworn, oral testimony of Vinas is reasonably calculated to lead to the discovery of admissible evidence in the instant action. The instant litigation involves allegations of insurance fraud, specifically that defendants engaged in a pattern of over-utilization of treatment resulting in the submission, via the U.S. Mail, of excessive medical bills to Encompass. Included in plaintiff's Complaint are allegations that defendants employed an impermissible system of patient referrals, including the use of so-called "runners" to recruit patients for treatment at the

various FMC clinics. In discovery, Encompass has learned that Vinas was employed by FMC in its billing department.

Encompass maintains that the deposition testimony of Vinas will reveal relevant, material evidence regarding the allegations set forth in plaintiff's Complaint. The deposition testimony of defendants' own employee indicates that Vinas was employed at Future Management's corporate headquarters in Chelmsford, MA. See Deposition of Sokah Dy, Vol. II at p. 107, annexed hereto at Exhibit B. Encompass now seeks the deposition testimony of Vinas to obtain relevant, admissible evidence regarding (1) her role in the FMC patient referral scheme, and (2) her role in billing for FMC clinics.

## III.  MS. VINAS CANNOT AVOID DEPOSITION BY INVOKING THE PROTECTION OF THE FIFTH AMENDMENT AND/OR ARTICLE 12 OF THE MASSACHUSETTS BILL OF RIGHTS

In her Motion, Vinas argues that "[t]he overbroad third-party subpoena is merely a ruse by which Encompass seeks to force from Vinas' own lips the incriminating evidence Encompass needs to substantiate the baseless allegations made by Encompass against Vinas."[1] Motion to Quash at p.5. Vinas relies on a number of criminal decisions construing the protections against self-incrimination provided by the Fifth Amendment and Article 12 of the Massachusetts Bill of Rights. Nowhere in her brief does Vinas cite any authority to support her assertion that a witness may invoke her Fifth Amendment rights to *avoid* a deposition in a civil case. Encompass avers that a witness may not refuse to appear at deposition by merely invoking the Fifth Amendment. Encompass maintains that Vinas, in a civil a matter, cannot properly invoke the Fifth Amendment until a question has been posed to the witness. See National Life Ins. Co. v.

---

[1] It is difficult to discern the legal basis for the instant motion. On one hand, Vinas claims that plaintiff's subpoena is improper because it seeks information regarding "baseless" allegation. However, in the same breath, Vinas infers that compliance with Encompass' subpoena would force her to disclose potentially incriminating evidence. Encompass requests that this Honorable Court disregard this untenable argument and compel Vinas to comply with the terms of this validly issued subpoena.

4

Hartford Accident and Indem. Co., 615 F.2d 595, 596 (3rd Cir. 1980) ("a witness in a civil

proceeding may not invoke a blanket fifth amendment privilege prior to the propounding of

questions...").

 As a general matter, the proper procedure for invoking the right against self-incrimination

in connection with a deposition is for the deponent to attend the deposition, be sworn under oath,

and invoke the privilege as to those questions she cannot answer without running the risk of

incrimination. See 8 WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE, § 2018,

at 273-74. By appearing and asserting the privilege in response to specific questions, the court is

able to ascertain whether those specific questions asked entitle the witness to claim the privilege.

See Capitol Prods. Corp. v. Hernon, 457 F.2d 541 (8th Cir. 1972) (holding there is no blanket

Fifth Amendment right to refuse to answer questions in noncriminal proceedings; "[t]he privilege

must be specifically claimed on a particular question and the matter submitted to the court for its

determination as to the validity of the claim."); Doe v. Glanzer, 232 F.3d 1258 (9th Cir. 2000)

(noting in the context of a *civil deposition* the only way the privilege can be asserted "is on a

question-by-question basis, and thus as to each question posed, the witness has to decide whether

or not to raise the Fifth Amendment right."); De Antonio v. Solomon, 42 F.R.D. 320 (D. Mass.

1967).

 Encompass has the right to call witnesses while expecting them to claim the Fifth

Amendment privilege against self-incrimination. Numerous other jurisdictions permit parties to

call witnesses knowing that they will invoke their Fifth Amendment privilege against self-

incrimination. See FDIC v. Fidelity and Deposit Co., 45 F.3d 969, 977-979 (5th Cir. 1995)

(refusing to adopt a rule barring a party from calling a non-party witness who had no special

relationship for the purposes of having witness exercise his Fifth Amendment right); Cerro

Gordo Charity v. Fireman's Fund Am. Life Ins. Co., 819 F.2d 1471, 1480 (8th Cir. 1987) (finding no error by allowing insurer to call a non-party witness (ex-director of the charity) for the sole purpose of having the jury hear him invoke the Fifth Amendment privilege); Brink's, Inc. v. The City of New York, 717 F.2d 700, 710 (2nd Cir. 1983) (ruling that the city could question past and present employees about their knowledge and participation in thefts and that their refusal to answer on Fifth Amendment grounds was competent and admissible evidence). The law in Massachusetts and numerous other jurisdictions supports Encompass' decision to call a non-party witness, even if that witness intends to invoke her Fifth Amendment privilege.

In Massachusetts, the invocation of the Fifth Amendment (and Article 12 under the Massachusetts Constitution) privilege by a non-party witness in the civil context may be used to draw an adverse inference against a party if a sufficient nexus between the witness and the party exists. See Lentz v. Metropolitan Prop. & Cas. Ins. Co., 437 Mass. 23, 26-28 (2002); see also Shafnacker v. Raymond James & Assoc., Inc., 425 Mass. 724 (1997) (citations omitted); Labor Relations Comm. v. Fall River Educators' Assoc., 382 Mass. 465, 471-2 (1981); Veranda Beach Club, Ltd. v. West Sur. Co., 936 F.2d 1364 (1st Cir. 1991)). This concept has been interpreted to permit an adverse inference against a corporation when its officers refuse to testify; and, in cases where an employee invokes the privilege, the adverse inference may be drawn against his or her employer. Shafnacker, 425 Mass. at 735-36 (citations omitted).

Vinas erroneously relies on criminal cases for the proposition that she can avoid Encompass' proper attempt at discovering relevant, material evidence regarding defendants' insurance fraud scheme by claiming that the entirety of her testimony is covered by her privilege against self-incrimination. Unlike criminal cases, "in a civil action, a reasonable inference adverse to a party may be drawn from the refusal of that party to testify on the grounds of self

incrimination." Labor Relations Comm., 382 Mass. at 471. The liberty interests involved in a criminal case are greater than a party's interests in a civil case seeking monetary damages. Baxter v. Palmigiano, 425 U.S. 308, 318-319 (1976).

In this case, Encompass alleges that Vinas was a voluntary participant in defendants' scheme to defraud Encompass. Vinas is a key witness with first hand knowledge of defendants' scheme. Encompass may be prevented from proving a portion of its affirmative allegations without the testimony of Vinas. Unlike prosecutors, Encompass is powerless to grant immunity to privilege invoking witnesses in order to compel their testimony. Therefore, unlike prosecutors, Encompass is powerless to overcome the severe disadvantage posed by the invocation.

In Brink's, Inc. v. City of New York, the Second Circuit Court of Appeals recognized the difficulty of establishing a bright line rule against drawing inferences from a non-party's refusal to testify in civil proceedings 717 F.2d at 708. "Congress manifested an affirmative intention not to freeze the law of privilege. Its purpose rather was to 'provide the courts with the flexibility to develop rules of privilege on a case-by-case basis,' . . . and to leave the door open to change." Trammel v. U.S., 445 U.S. 40, 47, 100 S. Ct. 906, 911 (1980) (citations omitted); see also Data General Corp. v. Grumman Systems Support Corp., 825 F. Supp. 340 (D. Mass. 1993). Further, in Aetna Cas. & Sur. Co. v. Rodco Autobody, the Court permitted an adverse inference to be drawn against a defendant where a co-defendant invoked his Fifth Amendment privilege. 138 F.R.D. 328, 339 n.22 (D.Mass 1991).

Several other jurisdictions have held a non-party's invocation of the Fifth Amendment privilege may be used to draw an adverse inference against a party in a civil suit. LiButti v. U.S., 107 F.3d 110 (2d Cir. 1997) (finding no error by instructing the jury that an inference may be

drawn against a party (sole proprietor of a business) where non-party witnesses who exercised financial and operational control over the business invoked privilege); FDIC v. Fidelity and Deposition Co., 45 F.3d 969 (5th Cir. 1995) (funding no error to permit jury to draw an adverse inference against party where non-party witnesses have collusive relationship (i.e. obtaining loans for bribes) with loan officers of the defendant); Cerro Gordo Charity v. Fireman's Fund American Fund Life Ins. Co., 819 F.2d 1471 (8th Cir. 1987) (finding no error to permit drawing of adverse inference against Charity where a former director who was not a party invoked privilege); RAD Services, Inc. v. Aetna Cas. & Sur. Co., 808 F.2d 271 (3rd Cir. 1986) (finding no reversible error where trial court permitted drawing of an adverse inference against a former employer were non-party former employees invoked privilege); Rosebud Sioux v. A&P Steel, Inc., 733 F.2d 509 (8th Cir. 1984) (holding that a non-party corporate officer's invocation of privilege may be used to draw adverse inference against corporation); Brinks, Inc. v. The City of New York, 717 F.2d 700 (2d Cir. 1983) (finding that adverse inferences may be drawn against corporation from non-party employee's claim of privilege); United States v. Dist. Council of New York City, 832 F.Supp. 644, 652 (S.D.N.Y. 1993) (holding where there is sufficient evidence of an employer/employee or co-conspirator relationship, a non-party's (i.e. local union officers or District Counsel officers) privilege invocation may be used to draw adverse inferences against a party in a civil case); E.H. Boerth Co. v. L.A.D. Properties, 882 F.R.D. 635 (D. Minn. 1979).

In this case, Encompass seeks to establish that Vinas was closely aligned with defendants in the execution of their insurance fraud scheme. Vinas has not provided any authority to support her position that she be permitted to *avoid* Encompass' discovery attempts by simply manifesting her intent to invoke her right against self-incrimination. It is well settled that a

deponent, pursuant to a valid subpoena, must appear and assert her privilege to specific questions. As such, Encompass respectfully requests that this Court compel Vinas' compliance with the instant subpoena.

## IV.    **CONCLUSION**

WHEREFORE, for all the foregoing reasons, plaintiff, Encompass Insurance Company, respectfully requests that this Court enter an Order:

1. **DENYING** Stephanie Vinas' Motion to Quash Third-Party Subpoena; and

2. **COMPELLING** Stephanie Vinas to appear for deposition within ten (10) days of this Court's Order.

Respectfully submitted,
*Encompass Insurance Company,*
By its attorneys,

/s/ Nathan A. Tilden

Richard D. King, Jr., BBO#638142
Nathan A. Tilden, BBO#647076
Michael W. Whitcher, BBO#663451
SMITH & BRINK, P.C.
122 Quincy Shore Drive
Quincy, Massachusetts 02171
(617) 770-2214

Dated:  April 12, 2007

### Certificate of Service

I, Nathan A. Tilden, hereby certify that on this 12th day of April, 2007, this document was filed through the CM/ECF and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

_____/s/ Nathan A. Tilden_____

9

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

---

ENCOMPASS INSURANCE COMPANY OF
MASSACHUSETTS,

        Plaintiff-Counterclaim Defendant,

   vs.

JOSEPH D. GIAMPA, FREDERICK T. GIAMPA,
ADVANCED SPINE CENTERS, INC. d/b/a FIRST
SPINE & REHAB, FUTURE MANAGEMENT
CORPORATION, FUTURE MANAGEMENT
BUSINESS TRUST, EDWARD KENNEDY, BRIAN J.
CULLINEY, D.C. and JENNIFER McCONNELL, D.C.

        Defendants-Counterclaim Plaintiffs.

CIVIL ACTION NO.: 05-11693 RCL

---

## NOTICE OF TAKING DEPOSITION

**To:**

| | | |
|---|---|---|
| Thomas M. Ciampa | Jeffrey J. Phillips | Matthew J. Conroy |
| Ciampa & Associates | Daniel Treger | Belesi, Donovan & Conroy, P.C. Suite 400 |
| 20 Park Plaza, Suite 804 | Phillips & Angley | 1225 Franklin Ave. |
| Boston, MA 02108 | One Bowdoin Square | Garden City, NY 11530 |
| | Boston, MA 02114 | |
| | | |
| Katherine L. Kurtz | Jay B. Kesten | |
| Belesi, Donovan & Conroy, P.C. | Seyfarth Shaw LLP | |
| 114 Waltham Street, Suite 25 | Two Seaport Lane | |
| Lexington, MA 02420 | Suite 300 | |
| | Boston, MA 02210 | |

Please take notice that at **10:00 am** on **Wednesday, April 25, 2007,** at the offices of **Smith & Brink, P.C., 122 Quincy Shore Drive, Quincy, Massachusetts 02171,** the plaintiff, Encompass Insurance Company, by its attorneys, will take the deposition upon oral examination of the witness, **Stephanie Vinas, 35 Bancroft Street, Dracut, MA 01826,** pursuant to the applicable provisions of the Federal Rules of Civil Procedure, before a Notary Public or before some other officer authorized by law to administer oaths.

The oral examination will continue from day to day until completed. You are involved to attend and cross-examine.

        The Plaintiff,
        *Encompass Insurance Company,*
        By its Attorneys,

        Richard D. King, Jr. (BBO #638142)
        Nathan A. Tilden (BBO #647076)
        SMITH & BRINK, P.C.
        122 Quincy Shore Drive
        Quincy, MA 02171
        (617) 770-2214

Dated: March 19, 2007

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

ENCOMPASS INSURANCE COMPANY OF
MASSACHUSETTS,

        Plaintiff-Counterclaim Defendant,              CIVIL ACTION NO.: 05-11693 RCL

    vs.

JOSEPH D. GIAMPA, FREDERICK T. GIAMPA,
ADVANCED SPINE CENTERS, INC. d/b/a FIRST
SPINE & REHAB, FUTURE MANAGEMENT
CORPORATION, FUTURE MANAGEMENT
BUSINESS TRUST, EDWARD KENNEDY, BRIAN J.
CULLINEY, D.C. and JENNIFER McCONNELL, D.C.

        Defendants-Counterclaim Plaintiffs.

## NOTICE OF TAKING DEPOSITION

To:

| | | |
|---|---|---|
| Thomas M. Ciampa | Jeffrey J. Phillips | Matthew J. Conroy |
| Ciampa & Associates | Daniel Treger | Belesi, Donovan & Conroy, P.C. Suite 400 |
| 20 Park Plaza, Suite 804 | Phillips & Angley | 1225 Franklin Ave. |
| Boston, MA 02108 | One Bowdoin Square | Garden City, NY 11530 |
| | Boston, MA 02114 | |
| | | |
| Katherine L. Kurtz | Jay B. Kesten | |
| Belesi, Donovan & Conroy, P.C. | Seyfarth Shaw LLP | |
| 114 Waltham Street, Suite 25 | Two Seaport Lane | |
| Lexington, MA 02420 | Suite 300 | |
| | Boston, MA 02210 | |

      Please take notice that at **10:00 am** on **Wednesday, April 25, 2007,** at the offices of **Smith & Brink, P.C., 122 Quincy Shore Drive, Quincy, Massachusetts 02171,** the plaintiff, Encompass Insurance Company, by its attorneys, will take the deposition upon oral examination of the witness, **Stephanie Vinas, 67 Hawthorn St, Lowell, MA 01851** pursuant to the applicable provisions of the Federal Rules of Civil Procedure, before a Notary Public or before some other officer authorized by law to administer oaths.

      The oral examination will continue from day to day until completed. You are involved to attend and cross-examine.

               The Plaintiff,
               *Encompass Insurance Company,*
               By its Attorneys,

               Richard D. King, Jr. (BBO #638142)
               Nathan A. Tilden (BBO #647076)
               SMITH & BRINK, P.C.
               122 Quincy Shore Drive
               Quincy, MA 02171
Dated: March 19, 2007               (617) 770-2214

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

---

ENCOMPASS INSURANCE COMPANY OF
MASSACHUSETTS,

        Plaintiff-Counterclaim Defendant,

    vs.

JOSEPH D. GIAMPA, FREDERICK T. GIAMPA,
ADVANCED SPINE CENTERS, INC. d/b/a FIRST
SPINE & REHAB, FUTURE MANAGEMENT
CORPORATION, FUTURE MANAGEMENT
BUSINESS TRUST, EDWARD KENNEDY, BRIAN J.
CULLINEY, D.C. and JENNIFER McCONNELL, D.C.

        Defendants-Counterclaim Plaintiffs.

CIVIL ACTION NO.: 05-11693 RCL

---

### NOTICE OF TAKING DEPOSITION

**To:**

| | | |
|---|---|---|
| Thomas M. Ciampa | Jeffrey J. Phillips | Matthew J. Conroy |
| Ciampa & Associates | Daniel Treger | Belesi, Donovan & Conroy, P.C. Suite 400 |
| 20 Park Plaza, Suite 804 | Phillips & Angley | 1225 Franklin Ave. |
| Boston, MA 02108 | One Bowdoin Square | Garden City, NY 11530 |
| | Boston, MA 02114 | |
| | | |
| Katherine L. Kurtz | Jay B. Kesten | |
| Belesi, Donovan & Conroy, P.C. | Seyfarth Shaw LLP | |
| 114 Waltham Street, Suite 25 | Two Seaport Lane | |
| Lexington, MA 02420 | Suite 300 | |
| | Boston, MA 02210 | |

    Please take notice that at **10:00 am** on **Wednesday, April 25, 2007**, at the offices of **Smith & Brink, P.C., 122 Quincy Shore Drive, Quincy, Massachusetts 02171**, the plaintiff, Encompass Insurance Company, by its attorneys, will take the deposition upon oral examination of the witness, **Stephanie Vinas, 84 Leyte Road, Fitchburg, MA 01420**, pursuant to the applicable provisions of the Federal Rules of Civil Procedure, before a Notary Public or before some other officer authorized by law to administer oaths.

    The oral examination will continue from day to day until completed. You are involved to attend and cross-examine.

                        The Plaintiff,
                        *Encompass Insurance Company,*
                        By its Attorneys,

                        Richard D. King, Jr. (BBO #638142)
                        Nathan A. Tilden (BBO #647076)
                        SMITH & BRINK, P.C.
                        122 Quincy Shore Drive
                        Quincy, MA 02171

Dated: March 19, 2007
                        (617) 770-2214

58

AO88 (Rev. 12/06) Subpoena in a Civil Case

### Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF
**Massachusetts**

Encompass Insurance Company of
Massachusetts,                     V.

Joseph D. Giampa, et. al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  **05-11693 RCL**

*A TRUE COPY ATTEST*
*DAVID D. AYLES, PROCESS SERVER*
*AND DISINTERESTED PERSON*

TO:  Stephanie Vinas
     67 Hawthorn Street
     Lowell, MA 01851

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION  Smith & Brink, P.C., 122 Quincy Shore Drive, Quincy, MA 02171 | DATE AND TIME  Wednesday, April 25, 2007 at 10:00 AM |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE  3/19/07 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Richard D. King, Jr., 122 Quincy Shore Drive, Quincy, MA 02171

(617) 770-2214

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|

| SERVED | | |
|---|---|---|

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

MARCH 20, 2007

# RETURN OF SERVICE

*I this day summoned the within named* STEPHANIE VINAS

*to appear as within directed by delivering to*     (2) ATTEMPTS. COPY LEFT TAPED TO DOOR,
SECOND COPY MAILED.

    _   *in hand*
    **X**  *leaving at last and usual place of abode, to wit:*

*No.*   67 HAWTHORN STREET
*in the*  LOWELL          *District of said*  MIDDLESEX     *County an attested*
*copy of the subpoena together with*  $ 58       *fees for attendance and travel*

| | | |
|---|---|---|
| *Service and travel* | 28 | |
| *Paid Witness* | 58 | |

*it being necessary I actually used a
motor vehicle in the distance of
35    miles in the service of
this process*

_____
Process Server

58

AO88 (Rev. 12/06) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

DISTRICT OF
**Massachusetts**

Encompass Insurance Company of
Massachusetts,

      V.

**SUBPOENA IN A CIVIL CASE**

Joseph D. Giampa, et. al.

Case Number:[1]  **05-11693 RCL**

TO:  Stephanie Vinas
     35 Bancroft Street
     Dracut, MA 01826

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | **DATE AND TIME** |

☒  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION<br>Smith & Brink, P.C., 122 Quincy Shore Drive, Quincy, MA 02171 | DATE AND TIME<br>**Wednesday, April 25, 2007<br>at 10:00 AM** |
|---|---|

☐  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE<br>3/19/07 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Richard D. King, Jr., 122 Quincy Shore Drive, Quincy, MA 02171

(617) 770-2214

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

*A TRUE COPY ATTEST*
*DAVID D. AYLES, PROCESS SERVER*
*AND DISINTERESTED PERSON*

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | | PLACE | |
|---|---|---|---|---|

**SERVED**

| | | MANNER OF SERVICE |
|---|---|---|

SERVED ON (PRINT NAME)

| | | TITLE |
|---|---|---|

SERVED BY (PRINT NAME)

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                          DATE                                    SIGNATURE OF SERVER

                                                      _____
                                                             ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

MARCH 20, 2007

## RETURN OF SERVICE

*I this day summoned the within named* STEPHANIE VINAS

*to appear as within directed by delivering to* SARAH VINAS, MOTHER, 11:55 AM

**X** *in hand*
*leaving at last and usual place of abode, to wit:*

*No.* 35 BANCROFT STREET
*in the* DRACUT         *District of said* MIDDLESEX      *County an attested*
*copy of the subpoena together with* $ 58     *fees for attendance and travel*

*Service and travel*       28

*Paid Witness*            58

*it being necessary I actually used a*
*motor vehicle in the distance of*
35    *miles in the service of*
*this process*

_____
Process Server

70

AO88 (Rev. 12/06) Subpoena in a Civil Case

A TRUE COPY ATTEST
DAVID D. AYLES, PROCESS SERVER
AND DISINTERESTED PERSON

## Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF
**Massachusetts**

Encompass Insurance Company of
Massachusetts,
                    V.

Joseph D. Giampa, et. al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  05-11693 RCL

TO:  Stephanie Vinas
     84 Leyte Road
     Fitchburg, MA 01420

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION Smith & Brink, P.C., 122 Quincy Shore Drive, Quincy, MA 02171 | DATE AND TIME Wednesday, April 25, 2007 at 10:00 AM |
| --- | --- |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE 3/19/07 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Richard D. King, Jr., 122 Quincy Shore Drive, Quincy, MA 02171

(617) 770-2214

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME)                           MANNER OF SERVICE

SERVED BY (PRINT NAME)                           TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

MARCH 20, 2007

# RETURN OF SERVICE

*I this day summoned the within named* STEPHANIE VINAS

*to appear as within directed by delivering to*    (2) ATTEMPTS. COPY LEFT TAPED TO DOOR,
SECOND COPY MAILED. ADDRESS
CONFIRMED BY LAST NAME ON MAILBOX.

    *in hand*

**X**    *leaving at last and usual place of abode, to wit:*

*No.*    84 LEYTE ROAD
*in the* FITCHBURG      *District of said* WORCESTER    *County an attested*
*copy of the subpoena together with*   $ 70      *fees for attendance and travel*

| | | |
|---|---|---|
| *Service and travel* | 28 | |
| *Paid Witness* | 70 | |

*it being necessary I actually used a
motor vehicle in the distance of*
55     *miles in the service of*
*this process*

_____
Process Server

Pages:  1-131
Vol. II
Exhibits: 16

## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS

ENCOMPASS INSURANCE COMPANY               )
OF MASSACHUSETTS,                         )
    Plaintiff-Counterclaim Defendants, )
                                          )
VS.                                       )
                                          )
JOSEPH D. GIAMPA, FREDERICK T. GIAMPA     )
ADVANCED SPINE CENTERS, INC. d/b/a        )
FIRST SPINE REHAB, FUTURE MANAGEMENT      )
CORPORATION, FUTURE MANAGEMENT            )
BUSINESS TRUST, EDWARD KENNEDY, BRIAN     )
J. CULLINEY, D.C. and JENNIFER            )
McCONNELL, D.C.                           )Civil Action
    Defendants-Counterclaim Plaintiffs.)No.05-11693RCL
_____   )
                                          )
JOSEPH D. GIAMPA, FREDERICK T. GIAMPA,    )
ADVANCED SPINE CENTERS, INC.              )
    Third-Party Plaintiffs                )
                                          )
VS.                                       )
                                          )
ALLSTATE INSURANCE COMPANY,               )
    Third-Party Defendant                 )
_____   )

### DEPOSITION OF SOKHA DY

       A witness called by and on behalf of the Encompass Insurance Company, taken pursuant to the Massachusetts Rules of Civil Procedure, before Jo-Anne M. Golden, a Professional Court Reporter and Notary Public within and for the Commonwealth of Massachusetts, at the Law Offices of Smith & Brink, P.C., 122 Quincy Shore Drive, Quincy, Massachusetts 02171. Commencing on Thursday, March 28, 2007 at 10:26 a.m.

1    A.    Right.

2    Q.    Can you get a referral -- can you get a bonus if

3          you bring in a child patient?  Is it the same as

4          an adult?

5    A.    I don't know.

6    Q.    Stephanie Vinas, who is that?

7    A.    (No verbal response)

8    Q.    Do you know that person Venas, Vinas?

9    A.    Venas, Vinas?

10   Q.    I'm just suggesting different pronunciations.

11         Stephanie is the first name.  Last name, V-I-N-A-

12         S, do you know that person?

13   A.    That's the girl that work at the medical building.

14   Q.    Okay have you spoken to her before?

15   A.    Yeah.

16   Q.    How do you know she works there?

17   A.    She a receptionist.  I think a couple months.

18   Q.    She's still there?

19   A.    No.

20   Q.    When was the last time you were up there to the

21         medical building in Chelmsford?

22   A.    I don't remember.

23   Q.    You remember Kim Kong?

24   A.    Yes.

131

# C E R T I F I C A T E

COMMONWEALTH OF MASSACHUSETTS

COUNTY OF NORFOLK, SS.


          I, JO-ANNE GOLDEN, a Professional Court Reporter and Notary Public in and for the Commonwealth of Massachusetts, do hereby certify that the foregoing Deposition of SOKHA DY was taken before me on March 28, 2007.  The said witness was duly sworn before the commencement of her testimony; that the said testimony was taken audiographically by myself and then transcribed under my direction.  To the best of my knowledge, the within transcript is a complete, true and accurate record of said Deposition.

          I am not connected by blood or marriage with any of the said parties, nor interested directly or indirectly in the matter in controversy.

          In witness whereof, I have hereunto set my hand and Notary Seal this 4th day of April, 2007.



          _Jo-Anne M. Golden, Notary Public_

          My Commission Expires:
          December 6, 2007


PLEASE NOTE: THE FOREGOING CERTIFICATION OF THIS TRANSCRIPT DOES NOT APPLY TO ANY REPRODUCTION OF THE SAME BY ANY MEANS UNLESS UNDER THE DIRECT CONTROL AND\OR DIRECTION OF THE CERTIFYING REPORTER.


JO-ANNE M. GOLDEN
Notary Public
My Commission Expires
December 6, 2007


_Lee & Associates * Certified Court Reporters * (781) 848-9693_