UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ENCOMPASS INSURANCE COMPANY OF MASSACHUSETTS, <br><br> Plaintiff, <br><br> vs. <br><br> JOSEPH D. GIAMPA, FREDERICK T. GIAMPA, ADVANCED SPINE CENTERS, INC., d/b/a FIRST SPINE REHAB, FUTURE MANAGEMENT CORPORATION, FUTURE MANAGEMENT BUSINESS TRUST, EDWARD KENNEDY, BRIAN J. CULLINEY, D.C. and JENNIFER McCONNELL, D.C. <br><br> Defendants. | Civil Action No.  1:05-cv-11693-RCL <br><br><br> ***PLAINTIFF REQUESTS AN EXPEDITED HEARING*** |

## PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

NOW COMES the plaintiff, Encompass Insurance Company of Massachusetts (hereinafter "Encompass"), pursuant to Fed. R. Civ. P. 37 and Local Rule 37.1 and respectfully requests that this Honorable Court enter an Order COMPELLING defendants, Joseph D. Giampa, Advanced Spine Centers, d/b/a First Spine Rehab, Future Management Corporation, Edward Kennedy, Brian J. Culliney, and Jennifer McConnell (hereinafter "defendants"), to (1) provide complete responses to plaintiffs' Request for Production of Documents, and (2) produce documents responsive to plaintiff's requests. As grounds for this request, plaintiff avers as follows:

1. On January 12, 2007, plaintiff served its First Request for Production of Documents upon defendants, Joseph D. Giampa, Future Management Corporation, Edward Kennedy, Brian Culliney and Jennifer McConnell.

2. On March 6, 2007, plaintiff served its First Request for Production of Documents upon defendant, Advanced Spine Centers, d/b/a First Spine Rehab.

1

3. On March 7, 2007, defendant, Edward Kennedy, served his responses to plaintiff's First Request for Production of Documents; however, Kennedy produced no documents in his response to plaintiff's request.[1] See Edward Kennedy's Response to Plaintiff's First Request for Production of Documents, annexed hereto at Exhibit A.

4. On April 20, 2007, defendant, Brian Culliney, served his responses to plaintiff's First Request for Production of Documents. In his responses, Culliney objected to nearly every request stating that: (1) the request was overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence; (2) the requests were premature; and/or (3) the documents requested were privileged. In other responses, Culliney stated that he would produce responsive, non-privileged documents; however, Culliney has produced no such documents to plaintiff. See Brian Culliney's Response to Plaintiff's First Request for Production of Documents, annexed hereto at Exhibit B.

5. Despite requesting the production of documents from Joseph D. Giampa, Future Management Corporation, and Jennifer McConnell on January 12, 2007, none of these parties have produced any responsive documents nor served a pleading response objecting to the production of the requested documents.

6. To date, plaintiff has made all reasonable efforts to secure the production of the requested documents and information. In fact, the parties have discussed this

---

[1] Notably, Kennedy's document production is the subject of a Motion to Compel currently before this Court. On April 23, 2007, this Court recognized that Edward Kennedy has failed to produce documents. Counsel for Kennedy, Attorney Matt Conroy, stated that his client would produce the requested documents within the next two (2) weeks.

matter on a weekly basis for the past four (4) weeks.  Despite plaintiff's diligent, good-faith efforts at resolving this matter, each of the above-referenced defendants have failed to produce even one single responsive document.[2]

7.  The plaintiff seeks the immediate production of all relevant, non-privileged documents whereas the defendants' failure to comply with their discovery obligations has severely prejudiced plaintiff's efforts at fully discovering the facts and circumstances surrounding the allegations set forth in its Complaint.  In addition, the defendants' failure to comply with their discovery obligations has severely hampered plaintiff's ability to conduct depositions in this matter.

8.  Based on the immediate need for the requested documents and information, plaintiff requests an expedited hearing on this matter.[3]

9.  The plaintiff hereby stipulates that it will withdraw this motion in the event the defendants comply with the instant discovery requests in advance of the hearing on this matter.

WHEREFORE, for all the foregoing reasons, plaintiff, Encompass Insurance Company, respectfully requests that this Honorable Court enter an Order **COMPELLING** defendants, Joseph D. Giampa, Advanced Spine Centers, d/b/a First Spine Rehab, Future Management Corporation, Edward Kennedy, Brian J. Culliney, and Jennifer McConnell, to provide complete and accurate responses to Encompass' Request for Production of Documents.

---

[2] With the exception of patient files which were produced as part of Advanced Spine's Rule 26 Voluntary Disclosure.
[3] The parties will be before this Court on May 7, 2007, in the event the Court deems a hearing necessary.

Respectfully submitted,
*Encompass Insurance Company,*
By its attorneys,


/s/ Nathan A. Tilden
_____
Richard D. King, Jr., BBO#638142
Nathan A. Tilden, BBO#647076
Michael W. Whitcher, BBO#663451
SMITH & BRINK, P.C.
122 Quincy Shore Drive
Quincy, Massachusetts 02171
Dated:  April 25, 2007                        (617) 770-2214


## Certificate of Service

I, Nathan A. Tilden, hereby certify that on this 25th day of April, 2007, this document was filed through the CM/ECF and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

_____/s/ Nathan A. Tilden_____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ENCOMPASS INSURANCE COMPANY OF MASSACHUSETTS, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| JOSEPH D. GIAMPA, FREDERICK T. GIAMPA, ADVANCED SPINE CENTERS, INC. d/b/a FIRST SPINE REHAB, FUTURE MANAGEMENT CORPORATION, FUTURE MANAGEMENT BUSINESS TRUST, EDWARD KENNEDY, BRIAN J. CULLINEY, D.C. and JENNIFER MCCONNELL, D.C., | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

Case No. 05-11693 RCL

## DEFENDANT EDWARD KENNEDY'S RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS

1.   Any and all documents relating to your sworn assertion that James Kennedy used Kennedy Supply Corporation to enable Future Management Corporation to fraudulently borrow hundreds of thousands of dollars from various leading entities under the guise that Future Management Corporation "purchased" chiropractic equipment from Kennedy Supply.

RESPONSE

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, seeks documents covered by the attorney-client and/or attorney work-product privilege, and is not calculated to lead to the discovery of admissible evidence.

1

2.    Any and all documents relating to your sworn assertion that James Kennedy transferred money from Kennedy Supply to Future Management to pay Future Management's payment for patients referred to Future Management clinics across Massachusetts.

RESPONSE

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, seeks documents covered by the attorney-client and/or attorney work-product privilege, and is not calculated to lead to the discovery of admissible evidence. Notwithstanding, and without waiving said objection, no such non-privileged documents are in the defendant's possession, custody or control?

3.    Any and all documents relating to the marketing efforts, strategies, and protocol employed by Future Management/First Spine.

RESPONSE

No such documents are in the possession, custody or control of the defendant.

4.    Any and all documents relating to the role you played as president of Future Management in:

(a)    The treatment of patients;

(b)    Marketing of services;

(c)    Business and financial aspects of running Future Management; and

2

(d)    Providing incentives for the referral of patients

RESPONSE

Defendant objects to this request on the grounds that it is
overly broad, unduly burdensome, and not calculated to lead to
the discovery of admissible evidence.  Notwithstanding, and
without waiving said objection, no such documents are in the
defendant's possession, custody or control.

5.    All documents that are mentioned in or relate in any
way to the plaintiff's Answers to the Defendant's First Set of
Interrogatories.

RESPONSE

No such documents are in defendant's possession, custody or
control.

6.    Any and all documents or records that relate in any way
to monies (including, but not limited to bonuses) paid by any
individual, including, but not limited to employees, police
officers, insurance agents, exclusive representative producers,
runners, cappers, sources, translators, cleaners, livery sources,
independent paralegals, chasers, multi-service centers,
attorneys, insurance adjusters, or other medical providers in
connection with the referral of patients.

RESPONSE

No such document are in the defendant's possession, custody
or control.

3

7.    Any and all documents that relate in any way to payment made to any employees who worked for the plaintiff in any capacity during the period in which any of the patients alleged in plaintiffs Complaint were treated. Include in your response any checks, income tax documents including W-2 Forms, 1099 Forms, receipts, bills, or other documents related thereto.

RESPONSE

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, irrelevant, and is not calculated to lead to permissible discovery.  Notwithstanding, and without waiving said objection, no documents relating in any way to employees of Future Management or First Spine are in the defendant's possession, custody or control.

8.    A resume and list of publications authored (in whole or in part) by the defendant's expert witness(es).

RESPONSE

Defendant has not determined who, if anyone, he will retain as an expert witness in this matter.  Defendant will make his expert disclosure as required by the terms of the scheduling order entered in this matter.

9.    Any and all documents which relate in any way to Encompass claimants and/or false medical documentation created by you, First Spine or any of the other defendants

RESPONSE

4

Defendant object to this request on the grounds that it is overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and seeks privileged medical information.  Notwithstanding, and without waiving said objections, no such documents are in the defendant's possession, custody or control.

10.  Any and all reports, articles, AMA Guidelines, scholarly publications, treatises, or other documents that you intend to rely upon in the defense of this action.

RESPONSE

Defendant has not yet determined what documents he will rely upon to support his defense.  Defendant reserves the right to supplement this response prior to trial.

11.  Any and all documents which relate to and/or which you intend to use to contest, rebut or refute the findings and conclusions of Michael Frustaci, D.C., as set forth in his Affidavit filed by Encompass in support of its Motion for Attachment of Real Property and Motion for Attachment by Trustee Process.

RESPONSE

Defendant has not yet determined what documents he will rely upon to support his defense.   Defendant reserves the right to supplement this response prior to trial.

12.  Any and all documents which pertain to and/or evidence

5

the transfer by you of any assets or funds, the value of which exceeded $5,000.00, from January 1, 2005 through the present.

RESPONSE

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, interposed solely to harass and annoy the defendant, and is not calculated to lead to the discovery of admissible evidence.

13. Any and all documents which pertain to and/or evidence any assets in which you have an interest located outside the United States, the value of which exceeds $5,000.00.

RESPONSE

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, interposed solely to harass and annoy the defendant, and is not calculated to lead to the discovery of admissible evidence.

14. Any and all documents which pertain to and/or evidence the collection and subsequent transfer of accounts receivable from the date you first became aware of Encompass' investigation of you and/or First Spine from the commencement of this suit through the present.

RESPONSE

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, interposed solely to harass and annoy the defendant, and is not calculated to lead to the

6

discovery of admissible evidence.

15.  Any and all documents relating to monies paid by anyone to any third party for claim referral to First Spine in connection with an Encompass claim.

RESPONSE

No such documents are in the defendant's possession, custody or control.

16.  Any and all documents relating to monies paid by anyone to any third party for a claim referral to First Spine in connection with any motor vehicle claim.

RESPONSE

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, interposed solely to harass and annoy the defendant, and is not calculated to lead to the discovery of admissible evidence.

17.  Any and all documents relating to incentives given by First Spine to First Spine employees or to any third party for a claim referral in connection with an Encompass claim.

RESPONSE

No such documents are in the defendant's possession, custody or control.

18.  Any and all documents relating to incentives received from any third party in connection with an Encompass claim.

RESPONSE

No such documents are in defendant's possession, custody or control.

19.  Any and all documents that relate to and/or identify person(s) from whom any defendant received any claim referrals from January 1, 1996 through the present.

RESPONSE

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, interposed solely to harass and annoy the defendant, and is not calculated to lead to the discovery of admissible evidence.  Notwithstanding and without waiving said objections, no such documents are in the defendant's possession, custody or control.

20.  Any and all documents that relate to and/or identify person(s) or entities to whom any defendant referred any insurance, auto and/or legal claims from January 1, 1996 through the present.

RESPONSE

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, interposed solely to harass and annoy the defendant, and is not calculated to lead to the discovery of admissible evidence.  Notwithstanding and without waiving said objections, no such documents are in the defendant's possession, custody or control.

21.  Any and all documents relating to monies paid to any

8

person(s), including but not limited to interpreters, independent
paralegals, multi service centers or any other  individual by any
defendant in connection with the patient(s) identified in the
Complaint.

RESPONSE

No such documents are in the defendant's possession, custody
or control.

22.  Any and all documents relating to monies paid by any
person(s), including but not limited to interpreters, independent
paralegals, multi service centers or any other individual to the
defendant or any employee, or representative thereof in
connection with the patient(s) referenced in the Complaint.

RESPONSE

No such documents are in the defendant's possession, custody
or control.

23.  Any and all documents relating to any (1) professional
complaint(s) (including malpractice claims); (2) Board of
Registration of Chiropractors investigations, complaints, show
cause orders and/or consent agreements; (3) criminal actions;
and/or (4) lawsuits filed by or against you.

RESPONSE

Defendant objects to this request on the grounds that it is
overly broad, unduly burdensome, interposed solely to harass and
embarrass the defendant, seeks documents protected by the

attorney/client and/or work-product-privilege, and is not calculated to lead to the discovery of admissible evidence.

24.  Any and all documents relating to any (1) professional complaint(s) (including malpractice claims); (2) Board of Registration of Chiropractors investigations, complaints, show cause orders and/or consent agreements; (3) criminal actions; and/or (4) lawsuits filed by or against First Spine employee(s).

RESPONSE

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, interposed solely to harass and embarrass the defendant, seeks documents protected by the attorney/client privilege and\or the attorney work-product privilege, and is not calculated to lead to the discovery of admissible evidence.

25.  Any and all documents used or referred to by the defendants, First Spine or any employee thereof in the development of the fee schedules used during the period in which the patient(s) underwent treatment, testing, examination, therapy and/or physiotherapy.

RESPONSE

No such documents are in the defendant's possession, custody or control.

26.  Any and all documents relating to fee schedules used by the defendants, First Spine   or any employee thereof during the

10

period in which the patient(s) underwent treatment, testing,

examination, therapy and/or physiotherapy.

RESPONSE

No such documents are in the defendant's possession, custody

or control.

27.  Any and all documents that you rely upon to support

your claim that the prices charged by First Spine are reasonable.

RESPONSE

Defendant has not yet determined what documents he will rely

upon to support his defense.    Defendant reserves the right to

supplement this response prior to trial.

28.  Any and all documents relating to any

computers, computer programs, or e-mail used by the defendant,

First Spine.

RESPONSE

No such documents are in the defendant's possession, custody

or control.

29.  Any and all documents relating to payments made to any

employees who worked for the defendant, First Spine and/or the

clinics in any capacity during the period in which the

patients(s) underwent treatment, testing, examination, therapy

and/or physiotherapy. Include in your response any checks, income

tax documents including W-2 forms, 1099 Forms, receipts, bills,

or other documents related thereto.

RESPONSE

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, interposed solely to harass and embarrass the defendant, seeks documents protected by the attorney/client privilege, and is not calculated to lead to the discovery of admissible evidence. Notwithstanding, and without waiving said objection, no such documents are in the defendant's possession, custody or control.

30. Any and all documents relating to the document destruction policy of the defendant First Spine with regard to documents maintained in the ordinary course of business.

RESPONSE

No such documents are in the defendant's possession, custody or control.

31. Any and all documents related to anything you did to attract patients or encourage the referral of patients.

RESPONSE

No such documents are in the defendant's possession, custody or control.

32. Any and all documents relating to Rosencranz and Associates' VIP card program.

RESPONSE

No such documents are in the defendant's possession, custody or control.

12

33.   Any and all documents relating to the person(s) who oversaw the (1) medical treatment, and (2) billing in connection with the patients listed in the spreadsheet / V ~ annexed at Tab 1 to its Complaint.

RESPONSE

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, interposed solely to harass and embarrass the defendant, seeks documents protected by the attorney/client privilege, and is not calculated to lead to the discovery of admissible evidence.  Notwithstanding, and without waiving said objection, no such documents are in the defendant's possession, custody or control.

34.   Any and all documents relating to the person(s) who were responsible for (1)  training chiropractors regarding treatment of patients, billing protocols, (2) training chiropractic aides, and (3) personnel, including the hiring of all chiropractic and unlicensed employees.

RESPONSE

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, interposed solely to harass and embarrass the defendant, seeks documents protected by the attorney/client privilege, and is not calculated to lead to the discovery of admissible evidence.  Notwithstanding, and without waiving said objections, no such documents are in the defendant's

13

possession, custody or control.

36. Any and all documents relating to false medical documentation in which you or anyone working in concert with you or at your direction and control created.

RESPONSE

No such documents are in the defendant's possession, custody or control.

37. Any and all documents relating to all facts pertaining to any and all professional complaints, criminal actions or lawsuits filed by or against you, First Spine (Lowell) or any treating chiropractor of the patients listed in the chart attached at Tab 1 of the Complaint for the period 1998 through the present, including in your answer the date of complaint, the authority, agency, and/or court in which any such complaint or lawsuit was filed, the name or names of the plaintiffs, defendants, and/or complainants, the complaint/docket number, and the status of any such complaint and/or lawsuit.

RESPONSE

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, seeks documents covered by the attorney-client and/or attorney work-product privilege, and is not calculated to lead to the discovery of admissible evidence.

38. Any and all documents relating to informational meetings/seminars that you, First Spine and/or Future Management

14

had with personal injury attorneys including, but not limited to,
the Law Offices of Mark E. Solomone, Dana M. Rosencranz,  Louis
Haskell, or John King and Associates.

RESPONSE

No such documents are in the defendant's possession, custody
or control.

39.  Any and all documents relating to the individual(s)
involved in the creation of the First Spine's/Future Management's
fee schedule.

RESPONSE

Defendant objects to this request on the grounds that it is
overly broad, unduly burdensome, interposed solely to harass and
embarrass the defendant, seeks documents protected by the
attorney/client privilege, and is not calculated to lead to the
discovery of admissible evidence.

40.  Any and all documents relating to your role in:

(a)  The treatment of the patient(s) identified in the
plaintiff's Complaint;.

(b)  The management of the plaintiff and/or treating
clinic(s); and (c) The financial operations of the plaintiff
and/or treating clinic(s).

RESPONSE

No such documents are in the defendant's possession, custody
or control.

15

41.    Any and all documents relating to the payment of incentive(s) for (1) runners and/or (2) the referral of patients.

RESPONSE

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, interposed solely to harass and annoy the defendant, and is not calculated to lead to the discovery of admissible evidence.  Notwithstanding and without waiving said objections, no such documents are in the defendant's possession, custody or control.

Edward Kennedy
By his attorney

3/6/07

Jeffrey J. Phillips, Esq.
B.B.O. #398480
Daniel Treger, Esq.
B.B.O. #562147
Phillips & Angley
One Bowdoin Square
Boston, MA 02114
Tel. No. 617-367-8787

CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing on all parties or their attorney of record this by first class mail, postage prepaid.

Date: 3/6/07

Daniel Treger, Esq.

L:\futm017\kennedy.rsp.wpd

16

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ENCOMPASS INSURANCE COMPANY OF MASSACHUSETTS, <br><br> Plaintiff, <br><br> v. <br><br> JOSEPH D. GIAMPA, FREDERICK T. GIAMPA, ADVANCED SPINE CENTERS, INC. d/b/a FIRST SPINE REHAB, FUTURE MANAGEMENT CORPORATION, FUTURE MANAGEMENT BUSINESS TRUST, EDWARD KENNEDY, BRIAN J. CULLINEY, D.C. and JENNIFER MCCONNELL, D.C., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )     Case No. 05-11693 RCL |

## BRIAN J. CULLINEY, D.C.'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rules of Civil Procedure 26 and 34 and Massachusetts Local Rule 34.1, Defendant Brian J. Culliney ("Culliney") hereby responds to Plaintiff's First Request for Production of Documents ("Request for Documents") as follows:

### GENERAL OBJECTIONS

A.    Culliney objects to each request for the production of documents to the extent that it requests documents or information prepared or procured in anticipation of litigation, or protected by the work product doctrine or any privilege, including, but not limited to, the attorney-client privilege and joint-defense privilege.

B.    Culliney objects to each request for the production of documents, including any Instructions or Definitions incorporated therein, to the extent that it purports to impose obligations or burdens upon Culliney beyond those imposed by the

Federal Rules of Civil Procedure or the Local Rules, specifically including Fed. R. Civ. P. 26 and 34 and Local Rules 26.5 and 34.1. To the extent that any request for documents seeks to impose an alternative definition of a term defined by Local Rule 26.5, Culliney will instead apply the definition sanctioned by the Local Rules.

C.     Culliney objects to each request for the production of documents to the extent that it seeks documents that are not in Culliney's possession, custody or control.

D.     Culliney objects to each request for the production of documents to the extent that it seeks documents subject to confidentiality or nondisclosure protection or obligations under any legal, constitutional, contractual, or other basis. Culliney reserves all rights to withhold such documents, but will consider producing all or some of the documents, to the extent he may legally and properly do so, subject to an appropriate protective order limiting the use and the disclosure of the information therein. By producing documents absent a confidential designation, Culliney does not intend to waive, nor does he waive, any claims of confidentiality all of which are expressly reserved.

E.     Any statement herein agreeing to produce documents is not intended to be, and is not, an admission that any such documents exist.

F.     Culliney objects to Definition J on the grounds that it is vague and ambiguous, and does not describe the information sought with sufficient particularity. Accordingly, Culliney shall define "false medical documentation" as he understands the term.

2

G.    Culliney objects to Definition L on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Culliney shall define "First Spine" to mean Advanced Spine Centers, Inc. d/b/a First Spine & Rehab, located in Lowell, Massachusetts.

H.    Culliney objects to Definition N on the grounds that the term "runner" has a legal definition distinctly different than the definition provided by Plaintiff. Accordingly, Culliney will define runner as it is defined under G.L. c. 266 § 111C.

I.    Culliney objects to each and every request to the extent that it seeks premature disclosure of the identity or opinions of expert witnesses.

J.    The general objections set forth above, and the objections to specific requests set forth below, are made as to the matters which are objectionable from the face of the Request for Documents. These objections are made without prejudice or waiver of Culliney's right to object on all appropriate grounds to the production of specific documents or things hereafter, either prior to, at the time of, or after the date set for production of such documents.

Incorporating, and specifically without waiving, these general objections, Culliney responds to the numbered requests as follows:

RESPONSES

Request No. 1

All documents that are mentioned in or relate in any way to the plaintiff's Answers to the Defendant's First Set of Interrogatories.

3

Response No. 1

Culliney object to Request No. 1 on the grounds that it is overly broad, unduly

burdensome, vague and ambiguous, and not reasonably calculated to lead to the

discovery of admissible evidence.

Request  No. 2

A complete set of the medical billing and records, including but not limited to
bills, invoices, treatment notes, reports, correspondence, memoranda, electronic mail, x-
ray films, diagnostic test results, medical file jackets, and any other documents pertaining
to the treatment provided to the plaintiff's patients alleged in the Complaint.

Response No. 2

Culliney objects to Request No. 2 on the grounds that it is overly broad, unduly

burdensome, vague and ambiguous, and not reasonably calculated to lead to the

discovery of admissible evidence.  Subject to and without waiving his general and

specific objections, Culliney will produce copies of treatment records and associated bills

in his possession, custody or control which relate to the treatment of patients identified in

Exhibit 1 to Plaintiff's Second Amended Complaint.

Request  No. 3

Any and all documents or records that relate in any way to monies (including, but
not limited to bonuses) paid by any individual, including, but not limited to, employees,
police officers, insurance agents, exclusive representative producers, runners, cappers,
sources, translators, cleaners, livery sources, independent paralegals, chasers, multi-
service centers, attorneys, insurance adjusters, other medical providers in connection with
the referral of patients.

Response No. 3

Culliney objects to Request No. 3 on the grounds that it is overly broad, unduly

burdensome, vague and ambiguous, and not reasonably calculated to lead to the

discovery of admissible evidence.  Subject to and without waiving his general and

4

specific objections, Culliney will produce copies of non-privileged documents in his

possession, custody or control reflecting payments made for the referral of patients to

First Spine in connection with Encompass claims.

Request No. 4

Any and all documents that relate in any way to payment made to any employees
who worked for the plaintiff in any capacity during the periods in which any of the
patients alleged in plaintiff's Complaint were treated. Include in your response any
checks, income tax documents including W-2 Forms, 1099 Forms, receipts, bills, or other
documents related thereto.

Response No. 4

Subject to his general objections, Culliney will produce copies of non-privileged

documents in his possession, custody or control responsive to Request No. 4.

Request No. 5

A resume and list of publications authored (in whole or in part) by the defendant's
expert witness(es).

Response No. 5

Culliney objects to Request No. 5 on the grounds that it is premature. Culliney

will make the disclosures required by Fed. R. Civ. P. 26(a)(2)(B) at the time required by

Fed. R. Civ. P. 26(a)(2)(C). Further answering, Culliney has not yet selected his

expert(s).

Request No. 6

Any and all documents reflecting the names of each administrative, secretarial,
reception, non-licensed and non-medical employee employed by (or independently
contracted to) the clinic for the time periods alleged in the complaint, and stating the days
and hours worked by each person.

Response No. 6

Culliney objects to Request No. 6 on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to this matter, nor reasonably calculated to lead to the discovery of admissible evidence.

Request No. 7

Any and all documents reflecting the names of each licensed medical professional providing medical treatment at the clinic during the period alleged in the complaint.

Response No. 7

Culliney objects to Request No. 7 on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to this matter, nor reasonably calculated to lead to the discovery of admissible evidence.

Request No. 8

Any and all documents which relate in any way to Encompass claimants and/or false medical documentation created by you, First Spine or any of the other defendants.

Response No. 8

Culliney objects to Request No. 8 on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to this matter, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving his general and specific objections, Culliney will produce copies of treatment records and associated bills in his possession, custody or control which relate to the patients identified in Exhibit 1 to Plaintiff's Second Amended Complaint.

Request No. 9

Any and all licenses or other certificates issued to you relating to the practice of medicine or chiropractic.

Response No. 9

Subject to his general objections, Culliney will produce copies of non-privileged documents in his possession, custody or control responsive to Request No. 9.

Request No. 10

Any and all licenses or other certificates issued to any First Spine employee relating to the practice of medicine or chiropractic.

Response No. 10

Subject to his general objections, Culliney will produce copies of non-privileged documents in his possession, custody or control responsive to Request No. 10.

Request No. 11

Any and all reports, articles, AMA Guidelines, scholarly publications, treatises, or other documents that you intend to rely upon in the defense of this action.

Response No. 11

Culliney objects to Request No. 11 to the extent that it seeks documents or information protected by the work-product doctrine, or by the attorney-client or joint-defense privilege. Culliney further objects to Request No.11 on the grounds that it is premature. Culliney will make the disclosures required by Fed. R. Civ. P. 26(a)(2)(B) at the time required by Fed. R. Civ. P. 26(a)(2)(C).

Request No. 12

Any and all documents which relate to and/or which you intend to use to contest, rebut or refute the findings and conclusions of Michael Frustaci, D.C., as set forth in his Affidavit filed by Encompass in support of its Motion for Attachment of Real Property and Motion for Attachment by Trustee Process.

Response No. 12

Culliney objects to Request No. 12 on the grounds that it is overly broad and unduly burdensome, and to the extent that it seeks documents or information protected by

the work-product doctrine, or by the attorney-client or joint-defense privilege. Culliney

further objects to Request No.11 on the grounds that it is premature. Culliney will make

the disclosures required by Fed. R. Civ. P. 26(a)(2)(B) at the time required by Fed. R.

Civ. P. 26(a)(2)(C).

Request No. 13

Any and all documents which pertain to and/or evidence the transfer by you of
any assets or funds, the value of which exceeded $5,000.00, from January 1, 2005
through the present.

Response No. 13

Culliney object to Request No. 13 on the grounds that it is overly broad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence.

Request No. 14

Any and all documents which pertain to and/or evidence any assets in which you
have an interest located outside the United States, the value of which exceeds $5,000.00.

Response No. 14

Culliney object to Request No. 14 on the grounds that it is overly broad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence.

Request No. 15

Any and all documents which pertain to and/or evidence the collection and
subsequent transfer of accounts receivable from the date you first became aware of
Encompass' investigation of you and/or First Spine from the commencement of this suit
through the present.

Response No. 15

Culliney objects to Request No. 15 on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

Request No. 16

Any and all documents relating to monies paid by anyone to any third party for a claim referral to First Spine in connection with an Encompass claim.

Response No. 16

Subject to his general objections, Culliney will produce copies of non-privileged documents in his possession, custody or control responsive to Request No. 16.

Request No. 17

Any and all documents relating to monies paid by anyone to any third party for a claim referral to First Spine in connection with any motor vehicle claim.

Response No. 17

Culliney objects to Request No. 17 on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving his general and specific objections, Culliney will produce copies of non-privileged documents in his possession, custody, or control reflecting payments made for the referral of patients to First Spine in connection with Encompass claims.

Request No. 18

Any and all documents relating to incentives given by First Spine to First Spine employees or to any third party for a claim referral in connection with an Encompass claim.

Response No. 18

Subject to his general objections, Culliney will produce copies of non-privileged documents in his possession, custody or control responsive to Request No. 18.

Request No. 19

Any and all documents relating to incentives received from any third party in connection with an Encompass claim.

Response No. 19

Subject to his general objections, Culliney will produce copies of non-privileged documents in his possession, custody or control responsive to Request No. 19.

Request No. 20

Any and all documents that relate to and/or identify person(s) from whom any defendant received any claim referrals from January 1, 1996 through the present.

Response No. 20

Culliney objects to Request No. 20 on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving his general and specific objections, Culliney will produce copies of non-privileged documents in his possession, custody or control reflecting the identity of persons who, during the period of time between January 1, 1996 and the present, received payments from any defendant for the referral of patients to First Spine in connection with Encompass claims.

Request No. 21

Any and all documents that relate to/or identify person(s) or entities to whom any defendant referred any insurance, auto and/or legal claims from January 1, 1996 through the present.

Response No. 21

Culliney objects to Request No. 21 on the grounds that it is overly broad, unduly

burdensome, vague and ambiguous, and not reasonably calculated to lead to the

discovery of admissible evidence.

Request No. 22

Any and all documents relating to monies paid to any person(s), including but not
limited to interpreters, independent paralegals, multi service centers or any other
individual by any defendant in connection with the patient(s) identified in the Complaint.

Response No. 22

Culliney objects to Request No. 22 on the grounds that it is overly broad, unduly

burdensome, vague and ambiguous, and not reasonably calculated to lead to the

discovery of admissible evidence. Subject to and without waiving his general and

specific objections, Culliney will produce copies of non-privileged documents in his

possession, custody or control reflecting payments made to any person for referring to

First Spine any patient identified in Plaintiff's Second Amended Complaint.

Request No. 23

Any and all documents relating to monies paid by any person(s), including but not
limited to interpreters, independent paralegals, multi service centers or any other
individual to the defendant or any employee, or representative thereof in connection with
the patient(s) referenced in the Complaint.

Response No. 23

Culliney objects to Request No. 23 on the grounds that it is overly broad, unduly

burdensome, vague and ambiguous, and not reasonably calculated to lead to the

discovery of admissible evidence. Subject to and without waiving his general and

specific objections, Culliney will produce copies of non-privileged documents in his

11

possession, custody or control reflecting payments made to Culliney in connection with

the referral of any of the patients identified in Plaintiff's Second Amended Complaint.

Request No. 24

Any and all documents relating to any (1) professional complaint(s) (including
malpractice claims); (2) Board of Registration of Chiropractors investigations,
complaints, show cause orders and/or consent agreements; (3) criminal actions; and/or
(4) lawsuits filed by or against you.

Response No. 24

Culliney objects to Request No. 24 on the grounds that it is overly broad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence.

Request No. 25

Any and all documents relating to any (1) professional complaint(s) (including
malpractice claims); (2) Board of Registration of Chiropractors investigations,
complaints, show cause orders and/or consent agreements; (3) criminal actions; and/or
(4) lawsuits filed by or against First Spine employee(s).

Response No. 25

Culliney objects to Request No. 25 on the grounds that it is overly broad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence.

Request No. 26

Any and all documents used or referred to by the defendants, First Spine or any
employee thereof in the development of the fee schedules used during the period in which
the patient(s) underwent treatment, testing, examination, therapy and/or physiotherapy.

Response No. 26

Culliney objects to Request No. 26 on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

Request No. 27

And all documents relating to fee schedules used by the defendants, First Spine or any employee thereof during the period in which the patient(s) underwent treatment, testing, examination, therapy and/or physiotherapy.

Response No. 27

Culliney objects to Request No. 27 on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

Request No. 28

Any and all documents that you rely upon to support your claim that the prices charged by First Spine are reasonable.

Response No. 28

Culliney objects to Request No. 28 on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

Request No. 29

Any and all documents relating to any computers, computer programs, or e-mail used by the defendant, First Spine.

Response No. 29

Culliney objects to Request No. 29 on the grounds that it is overly broad, unduly

burdensome, vague and ambiguous, and not reasonably calculated to lead to the

discovery of admissible evidence.

Request No. 30

Any and all documents relating to payments made to any employees who worked
for the defendant, First Spine and/or the clinics in any capacity during the period in which
the patient(s) underwent treatment, testing, examination, therapy and/or physiotherapy.
Include in your response any checks, income tax documents including W-2 forms, 1099
Forms, receipts, bills, or other documents related thereto.

Response No. 30

Culliney objects to Request No. 30 on the grounds that it is overly broad, unduly

burdensome, vague and ambiguous, and not reasonably calculated to lead to the

discovery of admissible evidence.

Request No. 31

Any and all documents relating to the document destruction policy of the
defendant, First Spine with regard to documents maintained in the ordinary course of
business.

Response No. 31

Subject to his general objections, Culliney will produce copies of non-privileged

documents in his possession, custody or control responsive to Request No. 31.

Request No. 32

Any and all documents identifying any bank and/or banking accounts used by you
during the time period when the patient(s) identified in the Complaint underwent
treatment, testing, examination, therapy and/or physiotherapy.

Response No. 32

Culliney objects to Request No. 32 on the grounds that it is overly broad, unduly

burdensome, vague and ambiguous, and not reasonably calculated to lead to the

discovery of admissible evidence.

Request No. 33

Any and all documents related to anything you did to attract patients or encourage
the referral of patients.

Response No. 33

Subject to his general objections, Culliney will produce copies of non-privileged

documents in his possession, custody or control responsive to Request No. 33.

Request No. 34

Any and all documents related to Rosencranz and Associates' VIP card program.

Response No. 34

Subject to his general objections, Culliney will produce copies of non-privileged

documents in his possession, custody or control responsive to Request No. 34.

Request No. 35

Any and all documents related to each and every individual (including but not
limited to chiropractors, chiropractic aides, receptionists, runners, etc.) who provided
treatment, physical therapy, physiotherapy, manipulations, adjustments, supportive
procedures, and/or any other type of therapy or rehabilitation to the patients listed in the
spreadsheet annexed at Tab 1 to Complaint.

Response No. 35

Culliney objects to Request No. 35 on the grounds that it is overly broad, unduly

burdensome, vague and ambiguous, and not reasonably calculated to lead to the

discovery of admissible evidence.

Request No. 36

Any and all documents related to the person(s) who oversaw the (1) medical treatment, and (2) billing in connection with the patients listed in the spreadsheet annexed at Tab 1 to Complaint.

Response No. 36

Culliney objects to Request No. 36 on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

Request No. 37

Any and all documents related to the person(s) who was responsible for (1) training chiropractors regarding treatment of patients, billing protocols, (2) training chiropractic aides, and (3) personnel, including the hiring of all chiropractic and unlicensed employees.

Response No. 37

Culliney objects to Request No. 37 on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving his general and specific objections, Culliney will produce copies of non-privileged documents in his possession, custody or control reflecting who at First Spine was responsible for (1) training chiropractors regarding the treatment of patients and First Spine billing protocols, (2) training chiropractic aides, and (3) hiring personnel.

Request No. 38

Any and all documents related to false medical documentation in which you or anyone working in concert with you or at your direction and control created.

Response No. 38

Culliney objects to Request No. 38 on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving his general and specific objections, Culliney will produce copies of non-privileged documents in his possession, custody or control reflecting chiropractic treatment by Culliney in connection with the patients identified in Plaintiff's Second Amended Complaint that Culliney either never rendered, or that he rendered despite his belief at the time that it was not medically necessary.

Request No. 39

Any and all documents related to all person(s) (including employees) to whom you and/or First Spine provided any incentive for the referral of any personal injury and/or motor vehicle accident claims from 1998 through the present.

Response No. 39

Culliney objects to Request No. 39 on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving his general and specific objections, Culliney will produce copies of non-privileged documents in his possession, custody or control reflecting payments made to any person for the referral to First Spine of any personal injury or motor vehicle accident claim from 1998 through the present.

Request No. 40

Any and all documents related to all person(s) (including lawyers) to who provided you, First Spine, or any other defendant referral of any personal injury and/or motor vehicle accident claims from 1998 through the present.

17

Response No. 40

Culliney objects to Request No. 40 on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving his general and specific objections, Culliney will produce copies of non-privileged documents in his possession, custody or control reflecting payments made to any person for the referral to First Spine of any personal injury or motor vehicle accident claim from 1998 through the present.

Request No. 41

Any and all documents relating to all facts pertaining to any and all professional complaints, criminal actions or lawsuits filed by or against you, First Spine (Lowell) or any treating chiropractor of the patients listed in the chart attached at Tab 1 of the Complaint for the period 1998 through the present, including in your answer the date of complaint, the authority, agency, and/or court in which any such complaint or lawsuit was filed, the name or names of the plaintiffs, defendants, and/or complainants, the complaint/docket number, and the status of any such complaint and/or lawsuit.

Response No. 41

Culliney objects to Request No. 41 on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

Request No. 42

Any and all documents relating to informational meetings/seminars that you, First Spine and/or Future Management had with personal injury attorneys including, but not limited to, the Law Offices of Mark E. Solomone, Dana M. Rosencranz, Louis Haskell, or John King and Associates.

Response No. 42

Subject to his general objections, Culliney will produce copies of non-privileged documents in his possession, custody or control responsive to Request No. 42.

18

Request  No. 43

Any and all documents relating to your role in:

(a)    The treatment of the patient(s) identified in the plaintiff's Complaint;
(b)    The management of the plaintiff and/or treating clinic(s); and
(c)    The financial operations of the plaintiff and/or treating clinic(s).

Response No. 43

Culliney objects to Request No. 43 on the grounds that it is overly broad, unduly

burdensome, vague and ambiguous, and not reasonably calculated to lead to the

discovery of admissible evidence.

Request  No. 44

Any and all documents relating to the payment of incentive(s) for (1) runners
and/or (2) the referral of patients.

Response No. 44

Subject to his general objections, Culliney will produce copies of non-privileged

documents in his possession, custody or control responsive to Request No. 44.

Request  No. 45

Any and all documents relating to your job responsibilities as a "Team Leader" at
First Spine/Future Management Corporation, including, but not limited to:

(a)    All employees you oversaw;
(b)    What clinical decisions you oversaw;
(c)    What clinics you oversaw;
(d)    What your marketing responsibilities are/were; and
(e)    What business decision you oversaw.

Response No. 45

Culliney objects to Request No. 45 on the grounds that it is overly broad, unduly

burdensome, vague and ambiguous, and not reasonably calculated to lead to the

discovery of admissible evidence.

Request No. 46

Any and all documents relating to gift certificates (including Simon Mall gift cards and China Buffet gift certificates) you provided to any patient identified in Tab 1 to plaintiff's Complaint.

Response No. 46

Subject to his general objections, Culliney will produce copies of non-privileged

documents in his possession, custody or control responsive to Request No. 46.


Respectfully submitted,

BRIAN J. CULLINEY, D.C.

By his attorney,


_Thomas Ciampa_
Thomas M. Ciampa (BBO # 566898)
Ciampa & Associates
20 Park Plaza, Suite 804
Boston, MA 02116
(617) 742-5955

Dated:  April 20, 2007


## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of April, 2007, a true and accurate copy of the foregoing was served by email and first-class mail, postage prepaid, upon counsel of record for the plaintiff, and by first-class mail, postage prepaid, upon counsel of record for all other parties.


_Thomas Ciampa_
Thomas M. Ciampa