UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.
1:05-CV-11693-RCL

| | |
|---|---|
| ENCOMPASS INSURANCE COMPANY OF MASSACHUSETTS | ) ) ) |
| v. | ) ) ) |
| JOSEPH D. GIAMPA, *et al* | ) |

**OPPOSITION OF REBECCA MORALES TO MOTION TO COMPEL AND REQUEST FOR SANCTIONS**

Now comes Rebecca Morales and opposes the motion to compel her deposition. She requests her attorney's fees of $1,250.00 for appearing for the deposition on 05/03/07 and for preparing and presenting this opposition.

**REASONS FOR OPPOSITION AND RELIEF REQUESTED:** Encompass filed this suit against Joseph Giampa and others making "kitchen-sink" allegations of fraud, RICO, etc. The deponent, Rebecca Morales, is not a party hereto. She worked for one of the corporate defendants. That employment terminated on or about 12/31/06. Morales currently works for Accelerated Receivables Management Solutions, LLC. Plaintiff's counsel, Mr. King, issued a *subpoena* on 01/30/07 for Morales to appear at a deposition at his office on 03/07/07 (see Pl.Ex. A). Counsel for the defendants, Mr. Conroy, apparently agreed to "accept service" of this deposition *subpoena* on Morales' behalf, though, again, Morales was no longer an employee of any of the defendants at the time. For reasons unknown to Morales or her attorney, the deposition was

postponed and rescheduled to 05/03/07 at 10:00 a.m. Morales was notified of the change and did not oppose the postponement. Morales appeared at the office of plaintiff's counsel to be deposed on 05/03/07 at 10:00 a.m. with her counsel, Mr. Gaimari. The plaintiff's counsel was unwilling to conduct the deposition at that time since he was (as stated in his present motion) in the midst of conducting another deposition at that time. Morales was not informed in advance of the cancellation of her deposition.

Plaintiff's counsel seemingly attempts to cast the blame on Mssrs. Conroy and Gaimari and on Ms. Morales for his own neglect. The deposition was noticed by Mr. King, not by Conroy, Gaimari or Morales. Plaintiff's counsel says that his office was unaware that Mr. Gaimari would be representing Morales at the deposition. Perhaps, but he was equally aware that Mr. Conroy did not "represent" her either and that she was not employed by the defendants. Plaintiff's counsel appears to be arguing that, since he did not know an attorney would be representing Ms. Morales, Morales herself was not entitled to notice of the cancellation. Since the deposition was scheduled at Mr. King's instance, it was Mr. King's obligation to take steps to notify Morales of the change in plans. King knew where Morales lived (Pl. Ex. A) and he knew where she worked (Pl. Mtn. p. 2), so a simple telephone call before 05/03/07 (or, for that matter, before 9:00 a.m. on 05/03/07) was all that was required of him. He did not call and made no effort to notify Morales that he had canceled her deposition.

For whatever reason, plaintiff's counsel references another pending case, *Safety Ins. v. Giampa,* pending in the Middlesex Superior Court. He fails to mention that a similar incident occurred in that case on 05/08/07 (5 days after the Morales episode). In that

case, Mr. King noticed the deposition of Mercedes Rosado, another former employee of the defendants. The deposition was held at King's office on 04/11/07. Mr. Gaimari represented Ms. Rosado at that deposition (see Pl. Ex. E). It was not completed on 04/11/07. King and Gaimari subsequently agreed to reconvene on 05/08/07. King's office confirmed the date by e-mail. Rosado and Gaimari appeared at Mr. King's office on 05/08/07 for the recommencement of the deposition. King was unable to conduct it as he did not have it on his "calendar" and made no arrangement for a stenographer to be there.

In short, it is plaintiff's counsel's responsibility to coordinate depositions he notices. If there are changes in plans involving non-party deponents, responsibility rests with the attorney requesting the deposition to notify all affected persons. The plaintiff's counsel neglected that responsibility, causing unwarranted inconvenience and expense to a non-party witness and her counsel. The motion should be denied. If allowed, the plaintiff should be ordered to pay the witness' attorney's fees in the sum of $1,250.00 for the failed deposition and for the preparation of this opposition.

        Rebecca Morales
        By her attorney,

        /s/ Francis A. Gaimari
        _____
        Francis A. Gaimari, Esquire (#182670)
        Fireman & Associates, LLP
        145 Rosemary Street, Suite H-2
        Needham, MA 02494
        Tel: (781)559-8812
        Date: 06/12/07

COMMONWEALTH OF MASSACHUSETTS
NORFOLK, SS.                                                      Date:  06/12/07

I certify that I have this day mailed a copy of said Opposition to the plaintiff's attorney:

Richard King, Esquire
Smith & Brink, PC
122 Quincy Shore Drive
Quincy, MA 02171

And to:

Matthew Conroy, Esq.
Belisi & Donovan, P.C.
1225 Franklin Ave., Suite 400
Garden City, NY 11530

Patrick B. Shanley, Esq.
1147 Main Street, Suite 212
Tewksbury, MA 01876

                              Signed under the pains
                              and penalties of perjury

                              /s/ Francis A. Gaimari
                              _____
                              Francis A. Gaimari

.