UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ENCOMPASS INSURANCE COMPANY OF MASSACHUSETTS,<br><br>     Plaintiff-Counterclaim Defendant,<br><br>v.<br><br>JOSEPH D. GIAMPA, FREDERICK T. GIAMPA, ADVANCED SPINE CENTERS, INC. d/b/a FIRST SPINE REHAB, FUTURE MANAGEMENT CORPORATION, FUTURE MANAGEMENT BUSINESS TRUST, EDWARD KENNEDY, BRIAN J. CULLINEY, D.C. and JENNIFER MCCONNELL, D.C.,<br><br>     Defendants. | Case No. 05-11693 RCL |

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES**

Now comes the Defendant FREDERICK T. GIAMPA (hereinafter "GIAMPA") and, pursuant to Fed.R.Civ.P. Rule 37 and Local Rule 37.1, opposes Plaintiff's Motion to Compel further answers to Interrogatories.

Plaintiff's Memorandum in Support of its Motion to Compel requests that the Court compel further answers to interrogatories numbered 2, 4, 6, 7, 8, 9, 10, 12, 13, 15 and 17.  Each interrogatory will be addressed separately as follows.

**Interrogatory # 2:**

   Please describe your understanding, in complete detail, of the Board of Chiropractic Regulations entitled "Improper Solicitations, Inducements or Referrals," codified at 233 CMR 4.12.  A copy of the Regulation is annexed hereto at Tab 1 for your convenience.

Giampa objected as follows:

Objection:  Defendant objects to this interrogatory as it is overly broad, unduly burdensome, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects as the interrogatory calls for a legal conclusion.

Giampa's understanding of the regulation in question calls for a legal conclusion.  In addition, Giampa's understanding of the regulation is clearly outside the scope of what could be deemed material to this case.  The conduct of the defendants during the period in question will determine whether the regulation was violated.  Giampa's understanding of either the existence or meaning of the regulation has no bearing on any issues on this case nor would it tend to lead to any other information.

**Interrogatory#4:**

For each of First Spine's patients listed in the spreadsheet annexed at Tab 1 of the Complaint, please state:

> (1) Name, date of birth, Social Security number and attorney of the patient;
> (2) Dates and location of service;
> (3) Names of all persons involved in patient's treatment;
> (4) Nature of patient's injuries;
> (5) Type(s) of treatment rendered to patient;
> (6) Amount billed by First Spine;
> (7) Amount paid by Encompass; and
> (8) Date payment was made by Encompass.

Giampa objected to the request as follows:

This request is objected to as it is unduly broad, burdensome and beyond the scope of discovery permitted under the Federal Rules of Civil Procedure and the Local Rules for the District of Massachusetts.  In addition all of the information is in the possession of the Plaintiffs either through the claims process or as a result of the Defendants' Response to Plaintiffs' Request for Production of Documents.

Plaintiff's request is clearly burdensome given the number of patients for whom the information is sought.  Furthermore, the Plaintiffs have all of the information sought.

The request is clearly intended to simply create unnecessary work for the defendant and his counsel.

In addition Plaintiffs, in conformity with Fed. R.Civ.P. 33 have directed the Plaintiffs to the documents produced in connection with Plaintiff's Request for Production of Documents.  The Defendants have previously produced patient files and billing files in connection with the patients referenced in Plaintiff's Complaint.

**Interrogatory # 6:**

Identify the person(s) who oversaw the (1) medical treatment, and (2) billing in connection with the patients listed in the spreadsheet annexed at Tab 1 to Complaint, and identify the person(s) most knowledgeable with respect to each category.  For each person listed, please provide: name, title, job duties, degree, license information, and length of employment with Future Management and/or First Spine.

Giampa objected and answered interrogatory # 6 as follows:

Objection:  Defendant objects to this interrogatory as it is overly broad, unduly burdensome, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

Answer:  Brian Culliney is the person most knowledgeable.  It is my understanding that the balance of the information requested has been requested from and received from Brian Culliney in this litigation.

Brian Culliney is a co-defendant in this matter.  Plaintiff is and has been fully aware since the inception of this lawsuit that Dr. Culliney was the person most knowledgeable about the chiropractic treatment being rendered at the Lowell First Spine facility.

It is disingenuous for Plaintiff to assert that it requires this information to conduct discovery.  Plaintiff has conducted the depositions of multiple employees and former employees of Future Management Corp. in this case including the three (3) clinical

assistants working at the Lowell First Spine as well as many management and staff of the billing office.

Giampa's response to the interrogatory is truthful. The balance of information requested regarding Dr. Culliney's employment information has been sought and received from Dr. Culliney himself.

**Interrogatory # 7:**

> Identify the person(s) who was responsible for (1) training chiropractors regarding treatment of patients, billing protocols, (2) training chiropractic aides; and (3) personnel, including the hiring of all chiropractic and unlicensed employees, and identify the person(s) most knowledgeable with respect to each training category.

Giampa objected and answered as follows:

Objection: Defendant objects to this interrogatory as it is overly broad, unduly burdensome, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

Answer: The Chiropractors were trained by qualified persons who changed over the years. The various team leaders trained many of the chiropractors.

This interrogatory is overly burdensome. The Company has operated as many as 62 clinics across the country over the past 10 years. It is simply impossible for Giampa to ascertain the identity of each person who may have trained any particular chiropractor, aide or staff person.

Plaintiff suggests that there were 'a finite number of chiropractors working at the Lowell clinic' however the interrogatory does not limit itself to this clinic.

It is not possible to answer this interrogatory in its current form without trying to recreate each clinic over a period of 10 years. Such an endeavor is clearly more burdensome than the rules of civil procedure intend.

4

**Interrogatory # 8:**

Please identify all employees and/or independent contractors (W2, 1099 and cash) of the First Spine (Lowell) from 1998 through the present, including in your answer (1) all current contact information for each such person; and (2) each person's title, job description and salary/rate of pay.

Giampa answered and objected as follows:

Objection:  Defendant objects to this interrogatory as it is overly broad, unduly burdensome, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

Answer:  Notwithstanding the above objection, the following is a list of persons who worked in the Lowell office:

Brian Culliney
Jennifer McConnell
John Klug
Doris Ortiz
Sohka Dy
Phally Samith
Kim Kong

As I understand these individuals have either (1) been deposed, (2) are parties or (3) the payroll/personnel records have been produced in connection with Plaintiffs' Request for Production of Documents.

Brian Culliney and Jennifer McConnell are named defendants in this case.  Doris Ortiz, Sohka Dy and Phally Samith have already been deposed.  It is my understanding that the deposition of John Klug has been scheduled.  Complete payroll records have been produced in connection with the defendant's response to Plaintiff's Request for production of documents.  The last known address for Kim Kong was produced with those records.

**Interrogatory # 9:**

What is ADMED, including in your answer the names and addresses of all ADMED employees, the purpose of ADMED, the identity of all ADMED shareholders, why ADMED was incorporated, date of incorporation and all funds transferred between ADMED and Future Management Corporation.

Giampa answered and objected as follows:

Objection:  Defendant objects to this interrogatory as it is overly broad, unduly burdensome, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

Answer:  Notwithstanding the above objection, ADMED is a Massachusetts professional corporation.  I am a 50% shareholder in ADMED, Joseph D. Giampa owns the other 50%.  Admed was incorporated because it is my understating that Articles of Incorporation must be filed with the Secretary of State in Massachusetts in order to form a corporation in Massachusetts. No funds have been transferred between ADMED and Future Management.

The interrogatory in question, which has six (6) sub-parts.  Giampa truthfully answered four (4) subparts.  Giampa objects to the portion of the interrogatory seeking "the names and addresses of all ADMED employees" and "the purpose of ADMED".

ADMED was incorporated well after the inception of this lawsuit.  The claims at issue in this case pertain to a finite number of patients treated by the Lowell First Spine Clinic.  Other than the fact that ADMED is the successor billing and collection company for that clinic the existence, operation and staffing of ADMED is entirely beyond the scope of what could be deemed relevant or material to the issues or evidence in this case.

In addition the portion of the interrogatory seeking "the purpose of ADMED" is clearly ambiguous and subject to numerous interpretations.

**Interrogatory #10:**

Please identify, in complete detail, with current contact information, all persons known to you with information regarding the allegations contained in plaintiff's Second Amended Complaint, including in your answer the full name of each person, the date of birth, social security number, home address, home telephone number, business address, occupation, and business telephone, and identify the subject matter of each person's knowledge regarding the allegations contained in plaintiff's complaint.

Giampa objected as follows:

6

Objection: Defendant objects to this interrogatory as it is overly broad, unduly burdensome, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

The Plaintiff's Second Amended Complaint in this matter is 802 paragraphs and 153 pages without including the exhibits. The Plaintiff's claim that Local Rule 26.1(b)(2)(a) requires this disclosure is misplaced. This rule permits a discovery master to effectuate such an order in appropriate circumstances. It is certainly well beyond the scope of the initial disclosures required under Rule 26. To be clear, Giampa has made initial disclosures relating to its anticipated defenses. The Plaintiff is seeking to lump together their claims and Giampa's defenses to suggest to the Court that the Defendant has an obligation to disclose the identity of any information relevant to the Plaintiff's claims. This is simply not what the rule requires.

Given the length and breadth of the Plaintiff's Complaint it is simply outrageous for the Plaintiff to make such a broad request.

**Interrogatory #12:**

1. What role, if any, did you play in:

    a. the treatment of the patient(s) identified in the plaintiff's Second Amended Complaint;
    b. the management of the defendant and/or The Treating Clinic;
    c. the financial operations of the defendant and/or The Treating Clinic; and
    d. billing in connection with the patients identified in the Second Amended Complaint.

Giampa answered and objected as follows:

Objection: Defendant objects to this interrogatory as it is overly broad, unduly burdensome, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

Answer:  Notwithstanding the foregoing objection, I played no role in the treatment of patients or corresponding billing at the Lowell clinic, nor did I have management responsibilities at the Lowell clinic.

  Giampa truthfully answered the interrogatory.  Clearly the interrogatory is seeking information regarding the treatment of patients at the Lowell clinic and/or management of the Lowell clinic.  Giampa truthfully responded that he did neither.

**Interrogatory # 13:**

  Please identify all persons, including in your answer current contact information, from who you and/or anyone working at your direction received client referrals from 1998 through the present, including in your answer all client claim information in the correspondence with the identifying referring party.

Giampa answered and objected as follows:

Objection:  Defendant objects to this interrogatory as it is overly broad, unduly burdensome, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

Answer:  Notwithstanding the foregoing objection, neither I nor anyone working at my direction have received client referrals relating to the Lowell Clinic between 1998 and the present.

  Plaintiff make reference in their motion to Attorney Rosencranz's VIP program; they also discuss the payment of referral bonuses to employees.  The request as it is written does not seek this information at all.  The interrogatory asks for the identity from whom client referrals were received.

  Plaintiff should not be permitted to interpret their ambiguous interrogatory to suit their needs.  The answer is a truthful response to the question asked.

**Interrogatory # 15:**

  2. Please state all facts pertaining to any and all professional complaints, criminal actions or lawsuits filed by or against you, First Spine (Lowell) or any treating chiropractor of the patients listed in the chart attached at Tab 1 of

> the Complaint for the period 1998 through the present, including in your answer the date of complaint, the authority, agency, and/or court in which any such complaint or lawsuit was filed, the name or names of the plaintiffs, defendants, and/or complainants, the complaint/docket number, and the status of any such complaint and/or lawsuit.

Giampa answered and objected as follows:

Objection: Defendant objects to this interrogatory as it is overly broad, unduly burdensome, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

Answer: Notwithstanding the foregoing objection, Encompass initiated a Disciplinary Complaint against me with the Massachusetts Board of Chiropractors.

Giampa identified the complaint initiated by the Plaintiff, the details of which obviously the Plaintiff has in its possession. With respect to other chiropractors working at the treating clinics, the information sought by Plaintiff is not within the scope of knowledge of this defendant. It is Giampa's understanding that this information has been requested and received independently by Plaintiff directly from Dr. Culliney. With respect to the Consent Agreement entered into in 1999, it is Giampa's understanding that the matter in question never formally became a Complaint with the Office of Prosecution and further that the consent decree did not admit to sufficient facts for a finding on the overutilization, false health care claims, or inducement./referral portions.

**Interrogatory # 16:**

> Please describe First Spine document destruction policies, including but not limited to, the destruction of any patient files (including but not limited to those patients alleged in the Complaint), including treatment record, invoices, sign-in sheets, daily sheets, travel cards, exam sheets, lists or any other document reflecting the examination, treatment, billing and dates and times in which the patients may have appeared at First Spine.

Objection:  Defendant objects to this interrogatory as it is overly broad, unduly burdensome, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

Answer:  Notwithstanding the foregoing objection, The document destruction policy is as follows:

  After the Chiropractic Regulations were amended to permit the electronic storage of records, the closed patient files which are identified as patient's who have been discharged and for whom the balance on the file is $0.00 are scanned into the system, stored offsite (fireproof box) and onsite.

The Plaintiff requested information on the policy of destruction, and the policy was stated in the answer.  Any superfluous statements by other counsel in other cases, even if it suggests that the Defendants have not followed the policy, does not suggest that there has been any destruction of documents relevant to this case.

For the foregoing reasons, the Defendant respectfully requests that the Court deny the Plaintiff's Motion to Compel.

           Respectfully submitted,

           FREDERICK T. GIAMPA
           By his attorney,


           s/s Matthew J. Conroy_____
           Matthew J. Conroy (BBO# 566928)
           BELESI & CONROY, P.C.
           114 Waltham Street
           Lexington, Massachusetts 02421
           (781) 862-8060

Dated: July 22, 2007

**CERTIFICATE OF SERVICE**

      I, Matthew J. Conroy do hereby certify that a true and accurate copy of the foregoing was served on all counsel of record by mailing a copy of the same 1st class US Mail, postage prepaid this 23d day of July 2007.

                                  s/s Matthew J. Conroy_____
                                  Matthew J. Conroy

Dated: July 23, 2007