UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ENCOMPASS INSURANCE COMPANY OF MASSACHUSETTS, <br><br>  Plaintiff-Counterclaim Defendant, <br><br> v. <br><br> JOSEPH D. GIAMPA, FREDERICK T. GIAMPA, ADVANCED SPINE CENTERS, INC. d/b/a FIRST SPINE REHAB, FUTURE MANAGEMENT CORPORATION, FUTURE MANAGEMENT BUSINESS TRUST, EDWARD KENNEDY, BRIAN J. CULLINEY, D.C. and JENNIFER MCCONNELL, D.C., <br><br>  Defendants. | Case No. 05-11693 RCL |

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES**

Now comes the Defendant JOSEPH GIAMPA (hereinafter "GIAMPA") and, pursuant to Fed.R.Civ.P. Rule 37 and Local Rule 37.1, opposes Plaintiff's Motion to Compel further answers to Interrogatories.

Plaintiff's Memorandum in Support of its Motion to Compel requests that the Court compel further answers to interrogatories numbered 3, 4, 6, 7, 9, 12, 14, 16 and 23. Each interrogatory will be addressed separately as follows.

**Interrogatory#3:**

For each of First Spine's patients listed in the spreadsheet annexed at Tab 1 of the Complaint, please state:

    (1)    Name, date of birth, Social Security number and attorney of the patient;

    (2)    Dates and location of service;

    (3)  Names of all persons involved in patient's treatment;
    (4)  Nature of patient's injuries;
    (5)  Type(s) of treatment rendered to patient;
    (6)  Amount billed by First Spine;
    (7)  Amount paid by Encompass; and
    (8)  Date payment was made by Encompass.

Giampa objected to the request as follows:  This request is objected to as it is unduly broad, burdensome and beyond the scope of discovery permitted under the Federal Rules of Civil Procedure and the Local Rules for the District of Massachusetts.  In addition all of the information is in the possession of the Plaintiffs either through the claims process or as a result of the Defendants' Response to Plaintiffs' Request for Production of Documents.

  Plaintiff's request is clearly burdensome given the number of patients for whom the information is sought.  Furthermore, the Plaintiffs have all of the information sought.  The request is clearly intended to simply create unnecessary work for the defendant and his counsel.

  In addition Plaintiffs, in conformity with Fed. R.Civ.P. 33 have directed the Plaintiffs to the documents produced in connection with Plaintiff's Request for Production of Documents.  The Defendants have previously produced patient files and billing files in connection with the patients referenced in Plaintiff's Complaint.

**Interrogatory #4:**

Are you aware of the Rosencranz & Associates VIP card program (copy of the VIP card is annexed hereto at Tab A)?  If your answer is anything but an unqualified negative, kindly state:

    b.  what the VIP card program is;
    c.  your role in administering and/or participating in the VIP card program;
    d.  your knowledge of the role of any of the named defendants in this lawsuit in administering and/or participating in the VIP card program;
    e.  the manner in which the VIP card program was administered by Rosencranz & Associates, including in your answer the name, current address and telephone number for all persons involved in the VIP card program at Rosencranz & Associates;

    f.  how and who funded the VIP card program (i.e., was the cost of the VIP program split between Future Management and Rosencranz & Associates?); and

    g.  the approximate date upon which the VIP card program was commenced in conjunction with Rosencranz & Associates and First Spine.

Giampa objected and answered as follows:

Objection: Defendant objects to this interrogatory as it is overly broad, unduly burdensome, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

Answer: Notwithstanding the above objection, I am aware of the program but I don't know anything specific about it, I am not involved in any way with its organization, administration or participation, when it began, it's funding and Future Management has no role in the administration, participation or funding of any such program.

  This is one of several instances where the Plaintiff simply does not like the answer to the interrogatory. There has been no testimony adduced to date to suggest that Giampa had any role in the "VIP" program of Attorney Rosencraz. To the contrary, Lizette Sierra, a paralegal of Dana Rosencranz, testified at her deposition that VIP cards were mass mailed to all of their former clients each year as part of a marketing program. She indicated that she was not aware of cards ever being distributed to medical facilities.

  The answer given by Giampa is truthful and complete.

**Interrogatory # 6:**

Identify the person(s) who oversaw the (1) medical treatment, and (2) billing in connection with the patients listed in the spreadsheet annexed at Tab 1 to Complaint, and identify the person(s) most knowledgeable with respect to each category. For each person listed, please provide: name, title, job duties, degree, license information, and length of employment with Future Management and/or First Spine.

Giampa objected and answered interrogatory # 6 as follows:

Objection: Defendant objects to this interrogatory as it is overly broad, unduly burdensome, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

3

Case 1:05-cv-11693-RCL    Document 162    Filed 07/23/2007    Page 4 of 10

Answer:  Brian Culliney is the person most knowledgeable.  It is my understanding that the balance of the information requested has been requested from and received from Brian Culliney in this litigation.

Brian Culliney is a co-defendant in this matter.  Plaintiff is and has been fully aware since the inception of this lawsuit that Dr. Culliney was the person most knowledgeable about the chiropractic treatment being rendered at the Lowell First Spine facility.

It is disingenuous for Plaintiff to assert that it requires this information to conduct discovery.  Plaintiff has conducted the depositions of multiple employees and former employees of Future Management Corp. in this case including the three (3) clinical assistants working at the Lowell First Spine as well as many management and staff of the billing office.

Giampa's response to the interrogatory is truthful.  The balance of information requested regarding Dr. Culliney's employment information has been sought and received from Dr. Culliney himself.

**Interrogatory # 7:**

   Identify the person(s) who was responsible for (1) training chiropractors regarding treatment of patients, billing protocols, (2) training chiropractic aides; and (3) personnel, including the hiring of all chiropractic and unlicensed employees, and identify the person(s) most knowledgeable with respect to each training category.

   Giampa objected and answered as follows:

Objection:  Defendant objects to this interrogatory as it is overly broad, unduly burdensome, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

Answer:  The Chiropractors were trained by qualified persons who changed over the years.  The various team leaders trained many of the chiropractors.

4

This interrogatory is overly burdensome. The Company has operated as many as 62 clinics across the country over the past 10 years. It is simply impossible for Giampa to ascertain the identity of each person who may have trained any particular chiropractor, aide or staff person.

Plaintiff suggests that there were 'a finite number of chiropractors working at the Lowell clinic' however the interrogatory does not limit itself to this clinic.

It is not possible to answer this interrogatory in iots current form without trying to recreate each clinic over a period of 10 years. Such an endeavor is clearly more burdensome than the rules of civil procedure intend.

**Interrogatory #9:**

> Other than the named defendants and identified patients, please identify, in complete detail, with current contact information, all persons known to you with information regarding the allegations contained in plaintiff's complaint, including in your answer the full name of each person, the date of birth, social security number, home address, home telephone number, business address, occupation, and business telephone, and identify the subject matter of each person's knowledge regarding the allegations contained in plaintiff's complaint.

Giampa objected as follows:

Objection: I object to this interrogatory as overly broad and unduly burdensome.

The Plaintiff's Second Amended Complaint in this matter is 802 paragraphs and 153 pages without including the exhibits. The Plaintiff's claim that Local Rule 26.1(b)(2)(a) requires this disclosure is misplaced. This rule permits a discovery master to effectuate such an order in appropriate circumstances. It is certainly well beyond the scope of the initial disclosures required under Rule 26. To be clear, Giampa has made initial disclosures relating to its anticipated defenses. The Plaintiff is seeking to lump together their claims and Giampa's defenses to suggest to the Court that the Defendant

5

has an obligation to disclose the identity of any information relevant to the Plaintiff's claims. This is simply not what the rule requires.

Given the length and breadth of the Plaintiff's Complaint it is simply outrageous for the Plaintiff to make such a broad request.

**Interrogatory #12:**

Please identify all person(s) (including lawyers), including in your answer current contact information, who provided you, First Spine, or any other defendant referral of any personal injury and/or motor vehicle accident claims from 1998 through the present.

Giampa objected and answered as follows:

Objection: Defendant objects to this interrogatory as it is overly broad, unduly burdensome, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

Answer: I have never had a personal injury and/or motor vehicle accident claims referred to me.

This is yet another instance of Plaintiff being dissatisfied with truthful answers to inarticulate questions. Giampa is a chiropractor. He is one of the owners of Future Management Corp. which manages chiropractic facilities. Personal injury claims and motor vehicle accident claims are not handled, processed or asserted by Giampa or any of the other defendants in this matter.

**Interrogatory # 14:**

Describe the computer system(s) including, but not limited to, network servers, workstations, laptops and hand-held computers (including, but not limited to, personal organizers, trios, blackberries, palm pilots) used by First Spine (Lowell), Future Management Corporation and any billing company(ies) of First Spine, currently and at any time within the past six (6) years; including, but not limited to, for each such system, the facility(ies) where such equipment is kept or was used, the brand and model, the amount of memory and capacity of the hard disk(s), the make, model and capacity of any removable media or near-line storage systems, the name and version of the operating system, the name and version of network software, if

6

any, the brand and model of all peripheral devices including tape drives, external disk drives, other storage devices; and the brand and version of major software in use on the system(s) during such period (including, but not limited to, electronic mail programs, workgroup collaboration programs, scheduling software, and encryption or privacy-enhancing programs) during such period.

Giampa answered and objected as follows:

Objection: Defendant objects to this interrogatory as it is overly broad, unduly burdensome, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

Answer:    First Spine does not have a computer system.  I am unaware of the computer system used by ARMS who currently does the billing.  Future Management has a two (2) server network system (Dell) with five workstations.  There is a primary server and a scan server.  There is a backup system that has an offsite fireproof storage system and an onsight secondary storage system.  The billing is no longer done at Futuire management but during the period in question the billing software was Lytec and the email system was Microsoft Outlook.

Again, Plaintiff simply does not like the information provided.  The testimony provided

in the various depositions to date clearly indicate that there were no computers in the

chiropractic facilities.  Giampa has provided truthful answers to the rest of the question.

**Interrogatory # 16:**

Please describe First Spine/Future Management document destruction/scanning policies, including but not limited to, the destruction/scanning of any patient files (including but not limited to those patients alleged in the Complaint), including treatment records, invoices, sign-in sheets, lists or any other document reflecting the examination, treatment, billing and dates and times in which the patients may have appeared at First Spine.

Giampa answered and objected as follows:

Objection: Defendant objects to this interrogatory as it is overly broad, unduly burdensome, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

Answer:    The document destruction policy is as follows:

    After the Chiropractic Regulations were amended to permit the electronic storage of records, the closed patient files which are identified as patient's who have been

discharged and for whom the balance on the file is $0.00 are scanned into the system, stored offsite (fireproof box) and onsite.

The Plaintiff requested information on the policy of destruction, and the policy was stated in the answer. Any superfluous statements by other counsel in other cases, even if it suggests that the Defendants have not followed the policy, does not suggest that there has been any destruction of documents relevant to this case.

**Interrogatory # 23:**

What bank(s) did the defendants, First Spine and/or Future Management use in connection with the patient(s) identified in the Complaint.

Giampa answered and objected as follows:

Objection: Defendant objects to this interrogatory as it is overly broad, unduly burdensome, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

Answer: None.

Again the Plaintiff does not like the truthful answer to an inarticulate question. The medical facilities and the management company providing billing do not use bank accounts in connection with particular patients. In their Motion to Compel, the Plaintiff describes a scenario by which it is clear that these businesses must use bank accounts.

Obviously, Future Management maintains and uses bank accounts in connection with the operation of its business. Conceivably given the scope of the business across the country it may maintain hundreds of bank accounts in various states. None of this suggests that Giampa answered the question untruthfully or vaguely or with any attempt to evade.

For the foregoing reasons, the Defendant respectfully requests that the Court deny the Plaintiff's Motion to Compel.

        Respectfully submitted,

        JOSEPH D. GIAMPA
        By his attorney,


        /s/ Matthew J. Conroy_____
        Matthew J. Conroy (BBO# 566928)
        BELESI & CONROY, P.C.
        114 Waltham Street
        Lexington, Massachusetts 02421
        (781) 862-8060

Dated: July 22, 2007

## CERTIFICATE OF SERVICE

I, Matthew J. Conroy do hereby certify that a true and accurate copy of the foregoing was served on all counsel of record by mailing a copy of the same 1st class US Mail, postage prepaid this 23d day of July 2007.

s/s Matthew J. Conroy
Matthew J. Conroy

Dated: July 23, 2007