UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ENCOMPASS INSURANCE          )
COMPANY OF MASSACHUSETTS,    )
                             )
          Plaintiff,         )
     v.                      )          CIVIL ACTION
                             )          NO.  05-11693-RCL
JOSEPH D. GIAMPA, et al.,    )
                             )
          Defendants.        )

## ORDER ON PLAINTIFF'S MOTIONS TO COMPEL

Currently pending before the court are four motions to compel answers to interrogatories (Docket Nos. 141, 145, 149 and 152), which have been filed by the plaintiff against defendants Frederick T. Giampa, Joseph D. Giampa, Advanced Spine Centers d/b/a First Spine Rehab and Future Management Corporation.[1]  By its motions, the plaintiff is seeking an order compelling each of these defendants to supplement its answers to the plaintiff's first set of interrogatories.  After consideration of the parties' submissions and their oral arguments, this court hereby ORDERS as follows:

---

[1]  While the plaintiff has stated in the motion and memorandum docketed as Docket Nos. 152 and 153 that it is seeking relief against Advanced Spine Centers d/b/a First Spine Rehab, it is clear from the courtesy copy of the memorandum that has been filed with the court, as well as from the hearing before this court on the pending motions, that those documents are directed at defendant Future Management Corporation and that the motion and memorandum identified as Docket Nos. 149 and 150 are directed at Advanced Spine Centers. Accordingly, this court construes Docket No. 152 as a motion to compel answers to interrogatories from Future Management Corporation.

1.      The plaintiff's motion to compel answers to interrogatories from defendant

Frederick T. Giampa (Docket No. 141) is ALLOWED IN PART and DENIED IN PART

as follows:

      a.      <u>Interrogatory No. 2</u>: The motion is DENIED with respect to
           Interrogatory No. 2.

      b.      <u>Interrogatory No. 4</u>: The defendant shall supplement his response to
           Interrogatory No. 4 in order to identify, to the extent possible, the
           persons requested in subpart (3).  The defendant shall further
           supplement his response, either in a written answer or by the
           production of responsive documents, in order to provide the
           information requested in subparts (7) and (8) of Interrogatory No. 4.

      c.      <u>Interrogatory No. 6</u>: The motion to compel a response to
           Interrogatory No. 6 is DENIED to the extent that it seeks
           information identifying the person(s) who oversaw medical
           treatment, but ALLOWED to the extent that it seeks information
           identifying the person(s) who oversaw billing.  The defendant shall
           supplement his response in order to provide an answer to subpart (2)
           of the Interrogatory.

      d.      <u>Interrogatory No. 7</u>: Interrogatory No. 7 shall be amended in order to
           limit the information requested therein to the Lowell clinic.  The
           defendant shall supplement his answer to provide a response with
           respect to that clinic.

      e.      <u>Interrogatory No. 8</u>: The defendant shall supplement his response to
           Interrogatory No. 8 in order to provide current contact information
           for John Klug and Kim Kong.

      f.      <u>Interrogatory No. 9</u>: The defendant shall supplement his response to
           Interrogatory No. 9 in order to provide the names and addresses of
           ADMED employees and to identify, either in a written answer or by
           the production of corporate documents, the purpose of ADMED.
           The motion to compel a description of why ADMED was
           incorporated is DENIED.

g.      <u>Interrogatory No. 10</u>: The defendant shall supplement his response to Interrogatory No. 10 in order to provide the information required by Local Rule 26.1(B)(2)(a).

h.      <u>Interrogatory No. 12</u>: The defendant shall supplement his response to Interrogatory No. 12 in order to provide an answer to subpart c of the Interrogatory.

i.      <u>Interrogatory No. 13</u>: The Interrogatory shall be amended in order to substitute the word "patient" for the word "client" and so that it is limited to the Lowell clinic. The defendant shall respond to Interrogatory No. 13 as amended.

j.      <u>Interrogatory No. 15</u>: The defendant shall supplement his response to Interrogatory No. 15 in order to identify all professional complaints, criminal actions or lawsuits. Professional complaints shall include all complaints, including those at the investigatory stage.

k.      <u>Interrogatory No. 17</u>: The defendant shall supplement his response to Interrogatory No. 17 in order to identify the effective date of the document destruction policy referenced in his answer and to provide responsive information for the entire time period from January 1, 1998 to the present.

2.      The plaintiff's motion to compel answers to interrogatories from defendant Joseph D. Giampa (Docket No. 145) is ALLOWED IN PART and DENIED IN PART as follows:

a.      The defendant shall be bound by the rulings set forth in paragraph 1 above to the extent that any of the Interrogatories propounded to Frederick Giampa is the same as an Interrogatory at issue in the plaintiff's motion to compel interrogatory responses from Joseph Giampa.

b.      <u>Interrogatory No. 4</u>: The defendant shall supplement his response to Interrogatory No. 4 in order to clarify that he has responded to the requests for information set forth in each subpart of the Interrogatory.

3

      c.     <u>Interrogatory No. 12</u>: Interrogatory No. 13 propounded to Frederick Giampa, as amended in paragraph 1(i) above, shall be substituted for Interrogatory No. 12 propounded to Joseph Giampa, and the defendant shall provide a response with respect to "patients."

      d.     <u>Interrogatory No. 14</u>: While the defendant's response to Interrogatory No. 14 is sufficient with respect to specificity, he shall supplement his answer in order to include responsive information for the time period from 1998 through 2005.

      e.     <u>Interrogatory No. 23</u>: The defendant shall amend his response in order to identify all bank accounts used by First Spine and/or Future Management with respect to the Lowell clinic throughout the time period 1998 through 2005.  The defendant shall identify, to the extent possible, the specific purpose for each account.

3.     The plaintiff's motion to compel answers to interrogatories from defendant Future Management Corporation (Docket No. 152) is ALLOWED IN PART and DENIED IN PART as follows:

      a.     <u>Interrogatory No. 4</u>: The defendant shall supplement its answer to Interrogatory No. 4 in order to provide responsive information.

      b.     <u>Interrogatory No. 11</u>: The defendant shall supplement its response to Interrogatory No. 11 in order to identify, with respect to the Lowell clinic, any policies or corporate decisions to destroy or dispose of computers, computer data or classes of documents during the time period from 1998 through 2005.

4.     The plaintiff's motion to compel answers to interrogatories from defendant Advanced Spine Centers (Docket No. 149) is ALLOWED IN PART and DENIED IN PART.  The defendant shall supplement its response to Interrogatory No. 9 in order to identify what happened to the Patient Sign-In Sheets created and maintained at the Lowell clinic.

                                        ____/ s / Judith Gail Dein_____
                                        Judith Gail Dein
DATED: August 6, 2007                   United States Magistrate Judge