UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ENCOMPASS INSURANCE COMPANY OF MASSACHUSETTS,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>JOSEPH D. GIAMPA, FREDERICK T. GIAMPA, ADVANCED SPINE CENTERS, INC., d/b/a FIRST SPINE REHAB, FUTURE MANAGEMENT CORPORATION, FUTURE MANAGEMENT BUSINESS TRUST, EDWARD KENNEDY, BRIAN J. CULLINEY, D.C. and JENNIFER McCONNELL, D.C.<br><br>　　　　　Defendants. | Civil Action No.  1:05-cv-11693-RCL |

## PLAINTIFF'S MOTION FOR CONTEMPT REGARDING TRACY KENNEDY'S FAILURE TO APPEAR FOR COURT ORDERED DEPOSITION

### I.　　INTRODUCTION

NOW COMES the defendant, Encompass Insurance Company (hereinafter "Encompass"), and respectfully requests that this Honorable Court enter an Order holding Tracy Kennedy (hereinafter "Kennedy") in contempt of this Court's June 6, 2007 Order compelling her deposition testimony.  To date, all attempts to secure Kennedy's court-ordered testimony have been unsuccessful.  As such, Encompass requests that this Court (1) find Kennedy in contempt of this Court, or in the alternative, (2) order Kennedy to appear and show cause why she should not be held in civil contempt and confined and/or fined on a daily basis until she purges herself of her contempt of this Court's June 6, 2007 Order.

### II.　　RELEVANT PROCEDURAL HISTORY

This case is brought pursuant to Title 18 U.S.C. §1962, Racketeer Influenced and Corrupt Organizations Act, Mass. Gen. Laws, ch. 93A, the Massachusetts Consumer

Protection Act, and Massachusetts common law of fraud and civil conspiracy. The defendants, acting in concert, participated in a concealed, evolving and continuous scheme and conspiracy to defraud Encompass.

The objective of defendants' fraud scheme was to illegally obtain money from the plaintiff through the submission of false medical records and bills (hereinafter "false medical documentation") in connection with alleged motor vehicle accidents. The defendants collected substantial sums of money as payment in connection with such false medical documentation referencing alleged chiropractic treatment that was never rendered and/or was unnecessary, excessive and unrelated to covered claims. The defendants successfully executed this scheme to defraud by creating and submitting such false medical documentation to Encompass and others by way of the U.S. Mail.

A portion of defendants' insurance fraud scheme involved the misuse and/or misappropriation of corporate funds by FMC principals and other employees. Upon information and belief, Edward Kennedy—as President of FMC—wrongfully siphoned corporate funds for his own personal use. During Edward Kennedy's tenure as President of FMC, his wife, Tracy Kennedy, served as Administrator. In her last year of employment with FMC, Tracy Kennedy earned approximately $263,000.00, despite having no formal training in medical billing or administration. In or around January 2005, Edward and Tracy Kennedy were terminated from the employ of FMC.

In its effort to develop relevant, admissible evidence regarding Tracy Kennedy's role in the administration and function of Future Management, Encompass noticed the deposition of

Tracy Kennedy.  The deposition of Tracy Kennedy was noticed for March 21, 2007, at 10:00 a.m. at Smith & Brink, P.C. in Quincy, Massachusetts.

On March 21, 2007, Tracy Kennedy appeared at plaintiff's counsel's office for deposition.  At deposition, Tracy Kennedy (on the advice of counsel) refused to testify regarding any communication between her and her then-husband, Edward Kennedy.  Tracy Kennedy's counsel repeatedly invoked the privilege for confidential marital communication as grounds to block plaintiff's attempts to discover relevant, material evidence regarding the allegations set forth in its Complaint.  The deposition of Tracy Kennedy was suspended because plaintiff's counsel was unable to conclude the deposition without Tracy Kennedy's testimony on relevant, material matters, including her dealings with Edward Kennedy within the context of their employment with FMC.

On or about April 11, 2007, Encompass filed a Motion to Compel Testimony of Tracy Kennedy (Docket #s 117-118).  On June 6, 2007, this Court entered an Order compelling Tracy Kennedy to appear for deposition and testify, objecting only to specific questions.  Thereafter, Encompass served a subpoena commanding Kennedy's appearance at deposition on June 27, 2007.  See Exhibit A.  Kennedy did not appear on June 27, 2007.  See Certificate of Non-Appearance, annexed hereto at Exhibit B.  The plaintiff's counsel's attempts to contact Kennedy's counsel, Attorney Lawrence Desilets, regarding Kennedy and counsels' non-appearance were unsuccessful.  All subsequent attempts to secure Kennedy's appearance have been unsuccessful.  Based on Kennedy's (and counsels') conduct to date, Encompass has no faith that Kennedy will ever appear and provide her court-ordered testimony.

### III. TRACY KENNEDY SHOULD BE HELD IN CONTEMPT FOR HER FAILURE TO ABIDE BY THIS COURT'S JUNE 6, 2007 ORDER COMPELLING HER TESTIMONY

A complainant alleging civil contempt must prove its allegations by "clear and convincing evidence". <u>Cipes v. Mikasa, Inc.</u>, 404 F. Supp. 2d 367, 372 (D. Mass 2005) (citing <u>Accusoft Corp. v. Palo</u>, 237 F.3d 31, 47 (1st Cir. 2001)). Contempt may be found only where the order allegedly violated is "clear and unambiguous". <u>Id</u>. (citation omitted). Ambiguities are to be resolved in favor of the alleged contemnor. <u>Id.</u> A party's good-faith efforts do not insulate a defendant in a contempt action. <u>See</u> <u>Star Fin. Servs. Inc. v. AAStar Mortg. Corp.</u>, 89 F.3d 5, 14 (1st Cir. 1996). It should be noted, however, that First Circuit precedent permits a finding of contempt to be averted where diligent efforts result in substantial compliance with the underlying order. <u>Accusoft</u>, 237 F.3d at 47 (citing <u>Langton v. Johnston</u>, 928 F.2d 1206, 1220 (1st Cir. 1991). The determination of whether substantial compliance has been achieved will "depend on the circumstances of each case, including the nature of the interest at stake and the degree to which noncompliance affects that interest." <u>Fortin v. Comm'r of Mass. Dept. of Pub. Welfare</u>, 692 F.2d 790, 795 (1st Cir. 1982).

Since the entry of this Court's June 6, 2007 Order, Kennedy has refused to cooperated with Encompass' attempt to secure her testimony. Each and every attempt to confirm Kennedy's appearance (through counsel or otherwise) has been met with silence and/or inaction. Neither Kennedy nor her counsel have even attempted to comply with the June 6, 2007 Order. Kennedy's continuing refusal to appear and proffer testimony cannot be remedied through the imposition of other sanctions. <u>See</u> contra <u>Curley v. Radow</u>, 2007 U.S. Dist. LEXIS 50969, *4 (D. Mass. 2007) (citing Mass. R. Civ. P. 37(b)(2)(B) for the proposition that a disobedient *party*

may be precluded from introducing certain evidence to support their claims/defenses). Encompass suggests that Rule 37 sanctions cannot remedy Tracy Kennedy's conduct whereas she is <u>not</u> a party in the instant litigation. Fashioning a remedy allowing Kennedy's prospective testimonial evidence to be stricken from this matter would further defendants' efforts to deny Encompass' access to this relevant, discoverable witness. Accordingly, Encompass requests that Kennedy be held in contempt for her refusal to comply with this Court's Order.

### IV.     CONCLUSION

WHEREFORE, for all the foregoing reasons, plaintiff, Encompass Insurance Company of Massachusetts, respectfully requests that this Honorable Court (1) find Kennedy in contempt of this Court, or in the alternative, (2) order Kennedy to appear and show cause why she should not be held in civil contempt and confined and/or fined on a daily basis until she purges herself of her contempt of this Court's June 6, 2007 Order.

Respectfully submitted,
*Encompass Insurance Company,*
By its attorneys,

/s/ Nathan A. Tilden
_____
Richard D. King, Jr., BBO#638142
Nathan A. Tilden, BBO#647076
Michael W. Whitcher, BBO#663451
SMITH & BRINK, P.C.
122 Quincy Shore Drive
Quincy, Massachusetts 02171
(617) 770-2214

Dated: September 4, 2007

%AO88 (Rev. 12/06) Subpoena in a Civil Case

58

## Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF **Massachusetts**

Encompass Insurance Company of Massachusetts,

V.

Joseph D. Giampa, et. al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 05-11693 RCL

TO: Tracey Kennedy
1 Lakeside Terrace
Westford, MA 01824-1276

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Smith & Brink, P.C., 122 Quincy Shore Drive, Quincy, MA 02171 | Wednesday, June 27, 2007 at 10:00 AM |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] | 5/23/07 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Richard D. King, Jr., 122 Quincy Shore Drive, Quincy, MA 02171
(617) 770-2214

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

MAY 24, 2007

# RETURN OF SERVICE

*I this day summoned the within named* TRACEY KENNEDY

*to appear as within directed by delivering to*  (2) ATTEMPTS. COPY LEFT TAPED TO DOOR, SECOND COPY MAILED.

    *in hand*
**X**   *leaving at last and usual place of abode, to wit:*

*No.*    1 LAKESIDE TERRACE
*in the* WESTFORD    *District of said* MIDDLESEX    *County an attested copy of the subpoena together with* $ 58    *fees for attendance and travel*

| | | |
|---|---|---|
| *Service and travel* | 28 | *it being necessary I actually used a motor vehicle in the distance of* 35 *miles in the service of this process* |
| *Paid Witness* | 58 | |

*Barry Bernard*
_____
Process Server

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ENCOMPASS INSURANCE COMPANY )
OF MASSACHUSETTS, )
    Plaintiff-Counterclaim Defendants, )
VS. )
    )
JOSEPH D. GIAMPA, FREDERICK T. GIAMPA ) Civil Action
ADVANCED SPINE CENTERS, INC. d/b/a ) No.05-11693RCL
FIRST SPINE REHAB, FUTURE MANAGEMENT )
CORPORATION, FUTURE MANAGEMENT )
BUSINESS TRUST, EDWARD KENNEDY, BRIAN )
J. CULLINEY, D.C. and JENNIFER )
McCONNELL, D.C. )
    Defendants-Counterclaim Plaintiffs. )
    )

*************************************************************

COMMONWEALTH OF MASSACHUSETTS
MIDDLESEX, ss.                              SUPERIOR COURT DEPARTMENT
                                            CIVIL ACTION NO. 07-0679

THE SAFETY INSURANCE COMPANY, )
    Plaintiff, )
    )
VS. )
    )
JOSEPH D. GIAMPA, FREDERICK T. GIAMPA, )
EDWARD KENNEDY, JAMES KENNEDY, FUTURE )
MANAGEMENT CORPORATION, ACCIDENT PAIN )
CLINIC, INC., BACK & NECK TREATMENT )
CENTER, INC., EXCEL PHYSICAL THERAPY, )
INC., BROCKTON SPINE & REHABILITATION, )
INC., UNITED PHYSICAL THERAPY, INC., )
ADVANCED SPINE CENTERS, INC. d/b/a FIRST )
SPINE & REHABILITATION AND PHYSICAL )
REHABILITATION GROUP, )
    Defendants. )

CERTIFICATE OF NON-APPEARANCE

    I, Karen A. McGill, a Professional Court Reporter and Notary Public in and for the Commonwealth of Massachusetts, do hereby certify:

    That, on Wednesday, June 27, 2007, I appeared at the Law office of Smith & Brink, P.C., 122 Quincy Shore Drive, Second Floor, Quincy, Massachusetts, 02171, at 10:00 a.m., together with Richard D. King, Jr., Esquire, and Nathan A. Tilden, Esquire, counsels for the Plaintiffs;

    That at 10:27 a.m., the witness, Tracey Kennedy, did not appear.

    IN WITNESS WHEREOF, I have hereunto set my hand and affixed my Notarial Seal this 29th day of June, 2007.

                                    Karen A. McGill, Notary Public

*Karen A. McGill*
*Notary Public*
*My commission expires July 19, 2013*

                                    My Commission Expires:
                                    July 19, 2013.

2

1      P R O C E E D I N G S

2                              Wednesday, June 27, 2007

3                                          10:27 a.m.

4  (BY MR. KING)

5

6           (Whereupon, Exhibit No. 1, Deposition

7      Subpoena(Safety); Exhibit No. 2, Deposition

8      Subpoena(Encompass); Exhibit No. 3, Court

9      Order, were marked for identification)

10      We're on the record.  My name is Richard

11  King.  I'm here on behalf of Encompass Insurance

12  Company and Safety Insurance Company.  We're here

13  for the scheduled deposition of Tracey Kennedy.

14      This deposition was scheduled pursuant to

15  subpoenas issued by my office on or about May 23,

16  2007, which were served at Tracey Kennedy's

17  confirmed address at 1 Lakeside Terrace, Westford,

18  Massachusetts.  On or about May 24, 2007

19  subpoenas were issued in connection with both the

20  Safety and Encompass cases.  We've marked the

21  subpoena in connection with the Safety Insurance

22  Company's case as Exhibit Number 1, with proof of

23  service attached.  The subpoena in the Encompass

24  Insurance Company's federal case I have marked as

3

1  Exhibit Number 2, with return of service attached.
2  In both cases the subpoena was left at Tracey
3  Kennedy's address, which had been confirmed by her
4  under oath in the first volume of her deposition,
5  which had been previously suspended and had
6  occurred earlier this year in 2007.
7      Also, in light of issues raised during the
8  first volume of her deposition taken only in the
9  Encompass case, wherein Tracey Kennedy had through
10 counsel answered questions on the basis of her
11 purported marital privilege, we had filed a motion
12 to compel in the Encompass case with Magistrate
13 Judge Judith Dien.  Judge Dien handed a laconic
14 order on June 6, 2007 granting Encompass' motion
15 to compel the deposition of Tracey Kennedy
16 indicating, quote "the witness may assert any
17 privilege, but must do so in response to specific
18 questions." close quote.  Thereafter, within the
19 last ten days I was in court and requested further
20 clarification of Judge Dien's order with respect
21 of Tracey Kennedy's assertion of marital privilege
22 and was instructed by the Court to ask all
23 relevant questions on behalf of my clients, and it
24 listed either a responsive answer or an

4

```
 1    implication of the privilege, at which time the
 2    Court would consider a further motion to compel on
 3    a question by question basis.
 4         It is now 10:30 a.m. on June 27, 2007.  The
 5    subpoena issued to Tracey Kennedy indicated that
 6    the deposition would commence at 10:00 a.m. on
 7    this date.  She has failed to appear.  Within the
 8    last 20 minutes I attempted to contact her
 9    retained counsel, Lawrence Desiletes, D-E-S-I-L-E-
10    T-E-S, to ascertain why she has failed to appear
11    and is in violation of previously issued and
12    served subpoenas, as well as the court derivative
13    of June 6, 2007, however I received no response to
14    my call to Attorney Desiletes' office.  In
15    addition I attempted to contact Matthew Conroy who
16    represents the principal defendants in the
17    Encompass case, Joe Giampa, Fred Giampa, Ed
18    Kennedy, the Future Management Corporation, the
19    Future Management Business Trust, Advanced Spine
20    Centers doing business as First Spine &
21    Rehabilitation, to ascertain why he wasn't here
22    for this duly scheduled deposition and have not
23    received any response from his office.
24         Obviously my clients, Safety Insurance
```

5

1  Company and Encompass Insurance Company, have been
2  further prejudiced by this refusal by Ms. Kennedy
3  who was the office manager and chief bookkeeper
4  during the majority of the years that are relevant
5  to the claims at issue in this case, specifically
6  1997 through March 2004.  It is my clients'
7  position that Tracey Kennedy has material
8  information that will include and/or lead directly
9  to the discovery of admissible evidence in this
10 case.  Accordingly, we will pursue further court
11 intervention to secure Tracey Kennedy's appearance
12 at a mutually convenient date and time in the
13 future.
14
15
16
17
18
19
20
21
22
23
24