Conroy & Associates
350 Old Country Road  Suite 106
Garden City, New York 11530
Tel (516) 248-2425
Fax (516) 248-2427

Matthew J. Conroy
Maria C. Diglio
Katherine L. Kurtz
Frederick J. Conroy, Of Counsel

114 Waltham Street
Lexington, MA 02421
Tel (781) 862-8060
Fax (781) 861-0812

July 29, 2008

Honorable Judith G. Dein
United States magistrate Judge
United States District Court
District of Massachusetts
1 Courthouse Way, Courtroom 15, 5th Floor
Boston, Massachusetts 02210

    Re:    **Encompass Ins. Co. v. Giampa, et al.**
            **Case No.: 05-11693**

Dear Judge Dein:

As you are aware I represent the Defendants Joseph D. Giampa, Frederick T. Giampa, Edward Kennedy, Future Management Corporation, Future Management Business Trust and Advanced Spine Centers, Inc. in the above matter. I write to address Plaintiff's counsel's correspondence dated July 28, 2008.

It appears that the Plaintiff is unsatisfied with the opportunities provided by the Court to argue its position. Plaintiff filed its original Motion for Leave to Amend on June 25, 2008. A Reply Memorandum was filed on July 21, 2008. Your Honor entertained over an hour of oral argument on this matter. Despite these three opportunities, Plaintiff still is compelled to file a three page, single spaced letter, the majority of which argues plaintiff's position on the underlying motion. I have searched the Federal Rules, the Local Rules and your honor's rules and I find no rule or authority which permits a party to unilaterally supplement their motion in this fashion.

I am essentially compelled to address the issues raised by the plaintiff in its letter concerning report and recommendation although I will resist the temptation to reargue the defendants' position on the motion.

Despite the assertions of the plaintiff to the contrary, a denial of the motion for leave may not necessarily address the legal sufficiency of the claims asserted. While I would obviously agree that the arguments advanced by the defendant relating to futility do address such issues, the arguments relating to prejudice do not.

**Honorable Judith G. Dein**
**July 29, 2008**

**Page 2**

Congress enacted the Federal Magistrates Act in 1968. The 1976 amendments to the Act conferred explicit authority upon district courts to designate magistrate judges to hear pretrial motions. *See* 28 U.S.C. § 636(b)(1). Congress placed an express limitation on this authority, however, providing that certain enumerated motions could not be *determined* by a magistrate. *See* 28 U.S.C. § 636(b)(1)(A). Such motions may be referred to a magistrate for "proposed findings of fact and recommendations for . . . disposition," but must then be returned to the district judge for final action. 28 U.S.C. § 636(b)(1)(B).

Each of the two classes of motions comes equipped with its own standard of review. If a referred motion is within the ambit of section 636(b)(1)(A) and not excepted (i.e., to be decided by the magistrate), then the district court can revise it only when a timely objection has been filed and "it has been shown that the magistrate's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). If, however, the motion is excepted from the customary operation of section 636(b)(1)(A) (i.e., to engender only a magistrate's recommendation), the district court is directed, upon the filing of a timely objection, to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The court thereafter "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

For many years, federal courts operated under the Federal Magistrates Act without any further guidance. In 1983, however, these statutory provisions were augmented by the adoption of Fed. R. Civ. P. 72. In framing the rule, the drafters used the term "nondispositive matters" to refer to all matters (including motions) that a magistrate judge can hear and determine, Fed. R. Civ. P. 72(a), and the term "dispositive motions" to refer to those motions as to which a magistrate judge can only make a recommendation rather than a ruling, Fed. R. Civ. P. 72(b). Rule 72 mirrors the standard-of-review taxonomy described in section 636(b)(1). It provides that a magistrate's order on a nondispositive motion shall be modified or set aside by the district court only if "found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). Conversely, if a party contests a magistrate's proposed findings and recommendations on a dispositive motion, the district judge must "make a de novo determination." Fed. R. Civ. P. 72(b).

The First Circuit has held that the terms dispositive and nondispositive as used in Rule 72 must be construed in harmony with the classifications limned in section 636(b)(1). *Phinney v. Wentworth Douglas Hosp.*, 199 F.3d (1st Cir. 1999), citing *In re San Juan Dupont Plaza Hotel Fire Litig.*, 994 F.2d 956, 962 (1st Cir. 1993) (construing Fed. R. Civ. P. 54(d) in light of 28 U.S.C. § 1920); *cf. Marlowe v. Bottarelli*, 938 F.2d 807, 813 (7th Cir. 1991) (acknowledging the rule that, whenever possible, courts should construe statutes and implementing regulations in *pari materia*).

**Honorable Judith G. Dein**
**July 29, 2008**

**Page 3**

A district court may designate a magistrate judge to hear and determine any pretrial matter pending before the court with a few explicit exceptions, district court review then being limited to orders "clearly erroneous or contrary to law," 28 U.S.C. § 636(b)(1)(A). Or, a magistrate judge may be told to hear and submit proposed findings of fact and recommendations for disposition by the district judge as to motions excepted from subsection (b)(1)(A), *id.* § 636(b)(1)(B), or on virtually any matter at all, *id.* § 636(b)(3).

In this case Judge Reginald C. Lindsay referred this case on January 16, 2007 "for full pretrial case management, including all dispositive motions". See a copy of the Order attached hereto.

I respectfully request that the Court disregard the plaintiff's supplemental argument and issue and appropriate warning concerning future conduct.


Very truly yours,


/s/ Matthew J. Conroy

Matthew J. Conroy

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

## ORDER OF REFERENCE

Check if previously referred

ENCOMPASS INS. CO.

V.

JOSEPH GIAMPA, ET AL

CA/CR No. 05-11693-RCL

Criminal Category _____

In accordance with 28 U.S.C. §636 and the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, the above-entitled case is referred to Magistrate Judge Dein for the following proceedings:

(A) [✓] Referred for full pretrial case management, including all dispositive motions.

(B) [ ] Referred for full pretrial case management, not including dispositive motions:

(C) [ ] Referred for discovery purposes only.

(D) [ ] Referred for Report and Recommendation on:

( ) Motion(s) for injunctive relief
( ) Motion(s) for judgment on the pleadings
( ) Motion(s) for summary judgment
( ) Motion(s) to permit maintenance of a class action
( ) Motion(s) to suppress evidence
( ) Motion(s) to dismiss
( ) Post Conviction Proceedings[1]
See Documents Numbered: _____

(E) Case referred for events only. See Doc. No(s). _____

(F) Case referred for settlement.

(G) Service as a special master for hearing, determination and report, subject to the terms of the special order filed herewith:
( ) In accordance with Rule 53, F.R.Civ.P.
( ) In accordance with 42 U.S.C. 2000e-5(f)(5)

(H) Special Instructions: _____

1/16/07
Date

By: /s/ Lisa M. Hourihan
Deputy Clerk

(OrRef for pdf.wpd - 05/2003)

---

[1] See reverse side of order for instructions

# **INSTRUCTIONS FOR POST-CONVICTION PROCEEDINGS**

In accordance with all rules governing §2254 and §2255 cases the magistrate judge to whom this post-conviction proceeding is referred shall:

_____    Make a recommendation as to summary dismissal under Rule 4 of the Rules for §2254 and §2255 cases

_____    Appoint counsel if the interests of justice so require

_____    Order issuance of appropriate process, if necessary

_____    Hold a hearing to determine whether or not an evidentiary hearing must be held and make a recommendation to the district judge

_____    If the magistrate judge expects to recommend that an evidentiary hearing be held, the magistrate judge shall hold a pretrial conference for the purpose of narrowing the issue to be tried and submit a memo to the district judge setting forth:

    (a)    a concise summary of the ultimate facts claimed by
          (1) petitioner    (2) respondent    (3) other parties;

    (b)    the facts established by the pleadings or by stipulations of the parties which may be incorporated by reference;

    (c)    any jurisdictional questions;

    (d)    issues of law, including evidentiary questions;

    (e)    the probable length of the evidentiary hearing.

The magistrate judge may also require the parties to submit the names of witnesses whom they intend to produce, and to exhibit to one another, and submit a schedule of, exhibits which they expect to offer in evidence.

_____    As to any issue concerning which the magistrate judge does not intend to recommend an evidentiary hearing, the magistrate judge shall submit a memo which shall:

    (a)    identify the relevant portions of the record or transcript of prior proceedings;

    (b)    summarize the relevant facts;

    (c)    summarize the parties' contentions of law with appropriate citations;

    (d)    state the recommendations as to the disposition of such contentions of law, and the grounds therefore.

(Postconv.ins - 09/92)

(OrRef for pdf.wpd - 1/20/03)