UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ENCOMPASS INSURANCE COMPANY OF MASSACHUSETTS, | ) ) ) | |
| Plaintiff, | ) | |
| v. | ) ) | CIVIL ACTION NO. 05-11693-RCL |
| JOSEPH D. GIAMPA, et al., | ) ) | |
| Defendants. | ) | |

**ORDER ON PLAINTIFF'S MOTION FOR
LEAVE TO FILE THIRD AMENDED COMPLAINT**

July 30, 2008

DEIN, U.S.M.J.

This matter is presently before the court on the "Plaintiff's Motion for Leave to File Third Amended Complaint" (Docket No. 194). By its motion, the plaintiff, Encompass Insurance Company of Massachusetts ("Encompass"), is seeking to supplement its pleadings, pursuant to Fed. R. Civ. P. 15(d), in order to allege additional racketeering acts of attempted murder, murder-for-hire and obstruction of justice under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961. The proposed claims arise from physical attacks on Encompass' lead counsel during the pendency of this litigation. By its proposed supplemental pleading, Encompass alleges that these attacks were solicited by defendant Frederick Giampa "[i]n order to protect, facilitate and maintain the fraudulent billing scheme . . . and in furtherance of the

conspiracy among all the defendants . . . ." (3rd Am. Compl. ¶ 425).  After consideration of the parties' submissions[1] and their oral arguments at a hearing on July 23, 2008, and for the reasons set forth below, the plaintiff's motion is ALLOWED.

Fed. R. Civ. P. 15(d) "gives trial courts broad discretion to permit a party to serve a supplemental pleading setting forth post-complaint transactions, occurrences or events." Walker v. United Parcel Serv., Inc., 240 F.3d 1268, 1278 (10th Cir. 2001).  See also Fed. R. Civ. P. 15(d) (providing for "supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."). "The federal practice is to liberally allow supplemental pleadings."  The Hertz Corp. v. Enterprise Rent-A-Car Co., — F. Supp. 2d —, 2008 WL 2232615, at *5 (D. Mass. June 2, 2008).  Accordingly, motions under Rule 15(d) "should be liberally granted unless good reason exists for denying leave, such as prejudice to the defendants[,]" undue delay, bad faith, dilatory motive or futility.  Walker, 240 F.3d at 1278 (quotations and citation omitted).  See also Nkihtaqmikon v. Bureau of Indian Affairs, 453 F. Supp. 2d 193, 201 (D. Me. 2006).  "Even so, such notions are addressed to the sound discretion of the trial court."  Walker, 240 F.3d at 1278 (quotations and citation omitted).

In the instant case, this court concludes that allowing Encompass to supplement its pleadings will promote the "orderly and fair administration of justice."  Nkihtaqmikon,

---

[1] This court has not considered the arguments raised by Encompass in a letter to the court dated July 28, 2008.  Encompass did not seek prior leave to file or otherwise submit additional materials in support of its motion, and its efforts to supplement its arguments by way of a letter is inappropriate.

453 F. Supp. 2d at 201. Much of the discovery which remains to be done in the existing case involves the same witnesses who would need to be questioned in connection with the new allegations. Accordingly, the plaintiff's motion is allowed.

Nothing herein is intended as a comment on the merits of Encompass' new claims or as an assessment as to whether the supplemental allegations are sufficient to state a claim. Any challenge to the sufficiency of the supplemental pleading should be raised in a motion to dismiss or, more appropriately, in a motion for summary judgment following development of the factual record. Furthermore, nothing herein shall preclude any of the parties from moving for severance of these claims at a later time or otherwise seeking to have them tried separately.

Encompass has represented that minimal additional discovery is necessary with respect to the supplemental allegations, and discovery on the plaintiff's existing claims is close to completion. By **August 13, 2008**, the parties shall file with the court a joint proposed schedule for the completion of all discovery.

### **ORDER**

For the reasons set forth herein, the "Plaintiff's Motion for Leave to File Third Amended Complaint" (Docket No. 194) is ALLOWED.

                                         / s / Judith Gail Dein
                                         Judith Gail Dein
                                         United States Magistrate Judge