UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------------------x

ENCOMPASS INSURANCE COMPANY OF　　　　　　C.A. NO
MASSACHUSETTS,　　　　　　　　　　　　　　　　05-11693 (RCL)
　　　　　　　　　Plaintiff,

v.

JOSEPH D. GIAMPA, FREDERICK T. GIAMPA,
ADVANCED SPINE CENTERS, INC. d/b/a
FIRST SPINE & REHAB, FUTURE MANAGEMENT
CORPORATION, EDWARD KENNEDY, BRIAN
CULLINEY and JENNIFER McCONNELL,

　　　　　　　　　Defendants.

---------------------------------------------------------------------------x


**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS FREDERICK T. GIAMPA, JOSEPH D. GIAMPA, EDWARD KENNEDY, FUTURE MANAGEMENT CORP. and ADVANCED SPINE CENTERS, INC.'S UNOPPOSED MOTION FOR STAY OF PROCEEDINGS**


*Matthew J. Conroy and Associates, P.C.*
*114 Waltham Street, Suite 25*
*Lexington, Massachusetts 02421*
*(781) 862-8060*

**TABLE OF CONTENTS**

Factual/Procedural Background……………..…………………………………...4

Standard of Review…………………………………………………………………6

Argument……………………………………………………………………………7

Conclusion…………………………………………………………………………..9

# **TABLE OF AUTHORITIES**

*Cases*                                                                                                    *Page*

*Arden Way Assocs. v. Boesky*, 660 F. Supp. 1494 (S.D.N.Y. 1987)                                            6

*Baxter v. Palmigiano,*
425 U.S. 308, 317-18, 47 L. Ed. 2d 810, 96 S. Ct. 1551 (1976)                                               7

*Brady v. Maryland,* 373 U.S. 83, 10 L. Ed. 2d 215, 83 S. Ct. 1194 (1963)

*Digital Equip. Corp. v. Currie Enters.*, 142 F.R.D. 8 (D. Mass. 1991)                                      6

*Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899 (9th Cir. 1989)                                     6

*Founding Church of Scientology, Etc. v. Kelley*
77 F.R.D. 378, 380 (D.C.Cir. 1977)                                                                          8

*Golden Quality Ice Cream Co. v. Deerfield Specialty*
 87 F.R.D. 53, 56 (E.D.Pa. 1980)                                                                            9

*Hewlett-Packard Co. v. Berg*, 61 F.3d 101 (1st Cir. 1995)                                                   6

*Landis v. North Am. Co.*, 299 U.S. 248, 81 L. Ed. 153, 57 S. Ct. 163 (1936)                                6

*Mainelli v. United States,* 611 F. Supp. 606 (D.R.I. 1985)                                                 7

*Marquis v. Federal Deposit Ins. Corp.,* 965 F.2d 1148 (1st Cir. 1992)                                      6

*Microfinancial, Inc. v. Holiday Premiers International, Inc.*
385 F.3d 72, 2004 U.S. App. LEXIS 20777 (1st Cir. 1994)                                                     6

*Securities & Exchange Commission v. Dresser Industries,* 628 F.2d 1374                                     7

*United States v. Percuoco,* 109 F.R.D. 565 (D. Mass. 1986)                                                 8

The Defendants, Frederick T. Giampa, Joseph D. Giampa, Edward Kennedy, Future Management Corp. and Advanced Spine Centers, Inc. (hereinafter "Defendants") submit the following Memorandum of Law in Support of their Motion for a Stay of the Proceedings. It should be noted that pursuant to Local Rule 7.1(a)(2) counsel for the Defendants has conferred with all counsel to this matter and no party to this action will oppose the motion for a stay.

### FACTUAL/PROCEDURAL BACKGROUND

Plaintiff initiated this action against defendants on August 16, 2005 with allegations that defendants engaged in a scheme to defraud Plaintiff by creating and submitting false chiropractic records and invoices. Plaintiff is seeking reimbursement for payments made to Defendants relative to those allegedly fraudulent claims.

On December 11, 2007, Plaintiff filed an Emergency Motion for a Conference pursuant Fed. R. Civ. P. 16. On December 13, 2007, a conference was held via telephone at which time Plaintiff's counsel, David Brink, Esq., represented to the Court that Richard King, Esq., lead counsel for the Plaintiff and a member of Attorney Brink's firm, had been attacked in a series of multiple incidents and that the Quincy Police Department and the Massachusetts State Police were conducting an investigation.

On June 25, 2008, plaintiff filed a Motion for Leave to File a Third Amended Complaint. The Third Amended Complaint contains 26 paragraphs detailing the allegations of a "murder-for-hire" plot against Mr. King. See Third Amended Complaint ¶¶425-451. These allegations serve as additional predicate acts for purposes of Plaintiff's

4

civil rico counts (Counts I, II & III) as well as a new count for Intentional Interference with advantageous business and contractual relationships relating to Encompass' contractual relationship with its former counsel (Count IX). Plaintiff's motion for leave was granted on July 30, 3008 and the Third Amended Complaint was filed on August 11, 2008.

      A hearing on Plaintiff's Motion for Leave was conducted on July 23, 2008. Present in the Courtroom at the hearing were two (2) Assistant United States Attorneys, James Dowden and Brian Kelley. During the hearing, counsel for Plaintiff stated to the Court that this matter had been referred by his office to the Federal Bureau of Investigation and the United States Attorney's Office. Counsel further stated that his office and his client were cooperating in the investigation.

**STANDARD OF REVIEW**

It is apodictic that federal courts possess the inherent power to stay proceedings for prudential reasons. *Landis v. North Am. Co.*, 299 U.S. 248, 254-55, 81 L. Ed. 153, 57 S. Ct. 163 (1936); *Marquis v. Federal Deposit Ins. Corp.*, 965 F.2d 1148, 1154-55 (1st Cir. 1992). The pendency of a parallel or related criminal proceeding can constitute such a reason. *See Hewlett-Packard Co. v. Berg*, 61 F.3d 101, 105 (1st Cir. 1995)

Five factors are typically considered in the analysis: (i) the interests of the civil plaintiff in proceeding expeditiously with the civil litigation, including the avoidance of any prejudice to the plaintiff should a delay transpire; (ii) the hardship to the defendant, including the burden placed upon him should the cases go forward in tandem; (iii) the convenience of both the civil and criminal courts; (iv) the interests of third parties; and (v) the public interest. *Microfinancial, Inc. v. Holiday Premiers International, Inc.,* 385 F.3d 72, 78; 2004 U.S. App. LEXIS 20777 (1st Cir. 1994) citing *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 903 (9th Cir. 1989); *Arden Way Assocs. v. Boesky*, 660 F. Supp. 1494, 1496-97 (S.D.N.Y. 1987); *Digital Equip. Corp. v. Currie Enters.*, 142 F.R.D. 8, 12 (D. Mass. 1991).

The First Circuit has added the good faith of the litigants (or the absence of it) and the status of the cases as additional factors to be considered. *Microfinancial* 385 F.3d at 78.

## ARGUMENT

A. <u>The balancing of factors between the hardship to the Defendant grossly outweighs the burden of maintaining the case on the Court's Docket for an additional period of time</u>

Plaintiff has not opposed this application for a stay. As such, the first factor concerning plaintiff's interest in proceeding expeditiously is obviated. Likewise the other defendants in this action have assented to this motion.

The general public and "third parties" have no apparent interest in this litigation.

The harm to the defendants is significant. The harm can be categorized into three components: (1) the infringement of the defendants' fifth amendment rights, (2) the inevitable conflict between civil and criminal discovery, and (3) strained financial resources.

### 1. *Fifth Amendment*

Any assertion by the defendants of their fifth amendment privileges in this matter may lead to an adverse inference by the finder of fact. Moreover, if they do not assert the privilege, the defendants risk having statements discovered in this case used against them in the criminal proceedings. Clearly in a civil case, the finder of fact may draw an adverse inference from a party's assertion of the <u>fifth amendment</u> privilege. *Baxter v. Palmigiano,* 425 U.S. 308, 317-18, 47 L. Ed. 2d 810, 96 S. Ct. 1551 (1976) (finder of fact may draw adverse inference from a party's assertion of fifth amendment privilege); *See Mainelli v. United States,* 611 F. Supp. 606, 615 (D.R.I. 1985) (risk of prejudice is high in parallel actions regarding same subject matter); *Securities & Exchange Commission v. Dresser Industries,* 628 F.2d at 1377 ("strongest case" for stay exists where party is indicted for a serious offense and must defend a civil action involving the same matter).

7

Given the identical nature of the new allegations and the pending criminal investigation, the defendants are left with the untenable "Hobson's Choice" of invoking their privilege against self incrimination and being subject to negative inferences or engaging in discovery and risking negative criminal ramifications.

2.  ***Conflicts Between Civil and Criminal Discovery***

Discovery is traditionally limited in criminal cases. The defendant is generally entitled to evidence material to his defense, exculpatory evidence under *Brady v. Maryland,* 373 U.S. 83, 10 L. Ed. 2d 215, 83 S. Ct. 1194 (1963), and its progeny, and evidence that the government intends to use at trial.

In contrast, discovery in a civil case extends to "any matter, not privileged, which is relevant to the subject matter involved in the pending action . . . ." Fed. R. Civ. P. 26(c). Information is relevant "if the information is reasonably calculated to lead to the discovery of admissible evidence."

Discovery in this case may allow the prosecution to obtain information outside the scope of discovery in the criminal proceedings. As noted by the court in *Founding Church of Scientology, Etc. v. Kelley,* 77 F.R.D. 378, 380 (D.C.Cir. 1977) a party "should not be allowed to make use of the liberal discovery procedures applicable to a civil suit to avoid the restrictions on criminal discovery . . . ."; *accord, United States v. Percuoco,* 109 F.R.D. 565, 567 (D. Mass. 1986) (federal policy preventing civil litigants from circumventing criminal discovery).

### 3. *Strained Financial Resources*

This matter has been heavily litigated for nearly three (3) years. The legal cost and expense to all parties has been significant and the looming events (expert report exchanges and depositions, 8-10 additional fact depositions, trial preparation) promise to be expensive endeavors for all parties. Likewise, the defendants are put in a position where extensive financial resources must be allocated to properly respond to the looming investigation and prosecution of very serious allegations. Although it is generally not a dispositive factor, the financial burden of proceeding in two forums may be considered in the analysis of harm to the party seeking a stay. *Golden Quality Ice Cream Co. v. Deerfield Specialty,* 87 F.R.D. 53, 56 (E.D.Pa. 1980).

## CONCLUSION

For the foregoing reasons the Defendants respectfully requests that the Court stay this matter pending resolution of the criminal investigation/prosecution.

> Respectfully submitted,
> Frederick T. Giampa
> Joseph D. Giampa
> Edward Kennedy
> Future Management Corp.
> Advanced Spine Centers, Inc.
> By counsel,
>
> _____
> Matthew J. Conroy (BBO# 566928)
> MATTHEW J. CONROY & ASSOCIATES, P.C.
> 114 Waltham Street
> Lexington, MA 02421
> (781) 862-8060

August 11, 2008

## **CERTIFICATE OF SERVICE**

      I, Matthew J. Conroy do hereby certify that a true and accurate copy of the foregoing pleading was served upon all counsel of record by ECF and 1st Class United States mail postage prepaid this 12th day of August 2008.


                                      /s/ Matthew J. Conroy_____
                                      Matthew J. Conroy